IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A., INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1365C<br>(Judge Braden) |

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendant submits a notice of supplemental authorities, to identify decisions issued after the final brief was filed in this case.

With respect to the appropriate Tucker Act analysis, this Court recently followed the analysis in Khan v. United States, 201 F.3d 1375 (Fed. Cir. 2000)(a case upon which we relied in our briefs), and, in so doing, relied upon a case on point decided recently by the United States Court of Appeals for the Federal Circuit. Fisher v. United States, 402 F.3d 1167, 1173-74 (Fed. Cir. 2005) (en banc)(addressing the analysis for jurisdiction and the merits, to determine whether a claim is "money-mandating"):

1. John Doe v. United States, 2005 WL 1540935, *6 (Fed. Cl., June 30, 2005))(Braden, J.)(citing Khan v. United States, 201 F.3d 1375, 1377 (Fed. Cir. 2000), and Fisher v. United States, 402 F.3d 1167, 1173-74 (Fed. Cir. 2005) (en banc);

2. Ayers v. United States, 2005 WL 1540932, *5 (Fed. Cl. 2005)(Braden, J.)(to come within jurisdictional reach of Tucker Act, plaintiff must identify constitutional provision, federal statute, independent contractual relationship,

and/or executive agency regulation that provides substantive right to money damages (citations omitted); statute or regulation is "money-mandating" if it can fairly be interpreted as mandating compensation for damages as result of breach of duties).

Further, two other cases that the Federal Circuit decided after we filed our reply brief stand for propositions pertinent here:

1. The Court looks to the "true nature" of the action to determine whether the Court possesses jurisdiction. Texas Peanut Farmers v. United States, 409 F.3d 1370, 1372 (Fed. Cir. 2005)(citations omitted; suit brought pursuant to Federal crop insurance statutes)). In Texas Peanut Farmers, the *exclusive* forum for crop insurance claims is in the appropriate Federal district courts (not the United States Court of Federal Claims). Id. Here, the true nature of the Chevron's complaint is, in essence, a challenge to the process and decisions made pursuant to the Equity Process Agreement. Thus, here, according to the terms of the Equity Process Agreement, the *exclusive* forum for Chevron's claims relating to the equity finalization process is the administrative forum; the Department of Energy Office of Hearing and Appeals (OHA) is the final decision-maker, on review of the decision from the Assistant Secretary for Fossil Energy (AFSE), and there is no right to judicial review.

2. The Court interprets the term in the Contract Disputes Act, 41 U.S.C. §§601 et seq. (CDA) -- "all" claims relating to a contract -- in an expansive manner, so that all claims relating to a CDA contract are governed by the comprehensive administrative and judicial review processes established in the CDA. See Texas Health Choice v. Office of Personnel Management, 400 F.3d 895, 899 (Fed. Cir. 2005). Similarly, here, the Court should interpret broadly the term "any" in the

Equity Process Agreement – to mean that "any" dispute, including Chevron's claim relating to the alleged ex parte communications, is governed by the comprehensive Equity Process Agreement, which provides exclusively for administrative review, and precludes judicial review of any claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 307-1011
Fa x: (202) 514-8624

July 15, 2005

CERTIFICATE OF FILING

I hereby certify that on this 15th day of July, 2005, a copy of the foregoing "Notice of SUPPLEMENTAL AUTHORITIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jane W. Vanneman