IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A., INC. | ) | |
| Plaintiff, | ) | No. 04-1365C |
| | ) | (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS REPLY TO CHEVRON'S'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS, AND ITS RESPONSE TO PLAINTIFF'S MOTION TO AMEND/CORRECT TRANSCRIPT

Introduction

Defendant respectfully requests that this Court grant it an enlargement of time of approximately twenty (20) days, to and including October 31, 2005, within which to file two pleadings: (1) its reply to Chevron's response to defendant's supplemental motion to dismiss; and, (2) its response to plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005. Our reply brief presently is due on October 11, 2005. Our brief in response to Chevron's motion to amend or correct the transcript presently is due on October 13, 2005.

Chevron does not object to the time that we propose, to October 31, 2005, to file our response to plaintiff's motion to amend/correct the transcript, or, to the time that we propose to file a reply brief (subject to the following condition). However, it is Chevron's position that the

Court may not have contemplated that the Government would file a reply brief in connection with the Rule 12(b) motion. It is Chevron's view that, if the Court wishes a reply brief, Chevron would not oppose our filing one, but neither does Chevron consent to our filing a reply brief.

Rule 7.1(c) of this Court provides that a reply brief may be filed in connection with a Rule 12 motion, and reply briefs have the practice in this Court for years. As explained below, we believe that we are entitled to a reply brief, and that, in any event, a reply brief could be of assistance to the Court in resolving the novel legal issues presented in this case. Therefore, to the extent necessary, we respectfully request that this Court permit us to file a reply brief, and an enlargement of time to October 31, 2005, within which to do so.

1. Matters Relating To This Case

This case raises novel legal issues, including those relating to the Tucker Act jurisdiction of this Court, the NAFI doctrine (non-appropriated funds doctrine), waiver of sovereign immunity by the United States, and whether the Office of Hearing and Appeals at the Department of Energy possesses jurisdiction to entertain the claim raised by Chevron. As established at the oral argument in July 2005, the case arises in a unique context, and is clearly very important not only to the Government, but to the plaintiff as well. The case involves potentially millions of dollars, particularly if Chevron is attempting to draw into question not only the Equity Process Agreement, but also the "Decoupling Agreement" involving the multi-billion dollar sale of the oil reserves, a second contract governing the ownership interests in the Elk Hills oil reserves, and a contract which involves a third party, the purchaser of the Elk Hills reserve.

In its recent lengthy brief, Chevron presented numerous arguments to which, under the briefing rules in this Court, we are entitled to respond. Chevron also cited new cases (not cited previously in briefs to this Court) and/or attempted to distinguish and/or explain other cases.

Counsel is required to review these cases and address significant ones in the Government's reply brief. Chevron also portrayed, erroneously, some of the arguments we presented in our supplemental motion to dismiss as concessions on our part, points we dispute. Given the complexities involved, counsel requires additional time to review Chevron's brief and to coordinate with the Department of Energy on various matters.

In addition, prior counsel for Chevron filed, on September 26, 2005, a motion to amend/correct the transcript of the oral argument held on July 21, 2005, in this case. Defendant's response presently is due on October 13, 2005. In our view, some of the proposed changes to the transcript are substantive, and relate to the jurisdictional and other arguments made by Chevron in its recent response brief. Therefore, we believe it would be most efficient if we are permitted to file our reply brief, and our response to the motion to correct the transcript, on or about the same date.

2. Other Responsibilities of Counsel of Record During This Time

Counsel of record has significant other case responsibilities during this time.[1] Counsel is required to prepare for, and present oral argument in, Lockheed Martin Corp. v. Defense Contract Audit Agency, No. 8:05-cv-01189-RWT (D. Md.), a case involving an important jurisdictional issue, as well as alternative, complex merits issues (briefed on cross motions for summary judgment). Oral argument is scheduled for the morning of October 12, 2005, in Greenbelt, Maryland.

In addition, counsel is required to review a recent filing by plaintiffs' counsel in connection with Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005), in which the United States Court of Appeals for the Federal Circuit remanded the case to this Court

[1] In addition, while Chevron filed its brief on September 29, 2005, counsel was out of the office from September 28 until October 4, 2005, in connection with the wedding of her daughter, and was unable to begin work on this case, and others, until October 4, 2005.

for transfer of the claims of numerous plaintiffs to the appropriate district courts (7 U.S.C. §1508(j)(2)(A) and §1506(d)). The jurisdictional issue of the appropriate district court for each plaintiff, involving dozens of peanut farmers and potentially more than one dozen districts of district courts in southern states, is also involved in the case pending in the United States District Court for the Eastern District of North Carolina, Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), the district court to which the Judicial Panel on Multidistrict Litigation (JPML) had previously transferred the claims of some of the plaintiffs. In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004).[2] On September 28, 2005, plaintiffs' counsel in these related cases filed with the JPML a "Notice and Motion for Transfer of "Tag-Along Action" To Transferee Court (EDNC)," requesting that the JPML transfer the claims of the plaintiffs named in the Court of Federal Claims suit in Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.), to the Barnhill case in the Eastern District of North Carolina. The Government's response before the JPML presently is due on October 18, 2005. These cases involve complex procedural and substantive matters. Counsel of record is counsel before the JPML, and before this Court in Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.), and is responsible for coordinating numerous matters relating to these case with various offices of the United States Attorney in the seven southern states involved.

Moreover, counsel is also counsel of record in three related cases: GHS Health Maintenance Organization, Inc. v. United States, Texas Health Choice v. United States, and Scott & White Health Plan v. United States, No. 01-517C, 05-371C, 05-963C (Fed. Cl.).

---

[2] In Barnhill, the district court recently denied plaintiffs' motion for reconsideration of a prior order in which the district court dismissed the claims of plaintiffs whose farms were located in North Carolina but outside the boundaries of the Eastern District of North Carolina, 7 U.S.C. §1508(j)(2), and denied plaintiffs' motion to transfer the claims of those plaintiffs to "an appropriate venue." Further, pending before the court in the Eastern District of North Carolina is plaintiffs' renewed motion to certify the case as a national class action

Defendant is required to produce all pertinent records from the Office of Personnel Management on or before October 24, 2005, with Joint Stipulations of Fact due November 21, 2005. Therefore, counsel is required to coordinate with the agency during this time with respect to the production of documents, and begin work on preparation of the Joint Stipulation of Facts for all three cases.

Counsel learned on October 6, 2005, that the United States Court of Appeals for the Federal Circuit has invited the Government to file a response to the petition for rehearing en banc recently filed in Members of Peanut Quota Holders Association v. United States, 421 F.3d 1423 (Fed. Cir. 2005), and counsel is counsel of record in that case. The Government's response presently is due on October 20, 2005.

Conclusion

Accordingly, defendant respectfully requests that this Court grant it an enlargement of time of approximately twenty days, to and including October 31, 2005, within which to file its reply to Chevron's response to defendant's supplemental motion to dismiss, and its response to plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/David M. Cohen
DAVID M. COHEN
Director

/s/Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 307-1011
Fa x: (202) 514-8624

OF COUNSEL:
PAUL MICHAEL, ESQ.
Department of Energy
Office of General Counsel
Washington, D.C

October 7, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2005, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS REPLY TO CHEVRON'S'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS, AND ITS RESPONSE TO PLAINTIFF'S MOTION TO AMEND/CORRECT TRANSCRIPT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Lisa R. Aiken