IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| | ) | (Judge Braden) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS REPLY TO CHEVRON'S'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS, AND ITS RESPONSE TO PLAINTIFF'S MOTION TO AMEND/CORRECT TRANSCRIPT

Introduction

Defendant respectfully requests that this Court grant it an enlargement of time of sixteen days, to and including November 16, 2005, within which to file two pleadings: (1) its reply to Chevron's response to defendant's supplemental motion to dismiss(reply brief); and, (2) its response to plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005 (response brief). Our reply brief and our response brief presently are due on October 31, 2005. This is the second request for an enlargement of time for this purpose, the first request for twenty days having been granted . Chevron consents to this motion.

1. Matters Relating To This Case

This case raises novel legal issues, including those relating to the Tucker Act jurisdiction of this Court, the NAFI doctrine (non-appropriated funds doctrine), waiver of sovereign immunity by the United States, and whether the Office of Hearing and Appeals at the Department of Energy possesses jurisdiction to entertain the claim raised by Chevron. The case arises in a unique context, is very important to both parties, and involves potentially millions of dollars, In its brief, Chevron presented numerous arguments. Chevron also cited 48 cases, including many new cases (not cited previously in briefs to this Court) and/or Chevron attempted to distinguish and/or explain other cases. Counsel is required to review the case law upon which Chevron relies, address significant ones in the Government's reply brief and conduct additional legal research on some of these issues. Chevron also portrayed, erroneously, some of the arguments we presented in our supplemental motion to dismiss as "concessions" on our part, points we dispute. Counsel has a draft of a substantial portion of the brief prepared. However, given the complexities involved, counsel requires additional time to review Chevron's brief, secure review within the office, and coordinate with the Department of Energy on various matters, before counsel will be able to file the brief.

In addition, counsel has reviewed many of the proposed transcript entries that are the subject of plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005. Some of the proposed changes to the transcript are substantive, and relate to the jurisdictional and other arguments made by Chevron in its recent response brief. Counsel requires additional time within which to consult with the agency and review these matters before counsel can take a position on plaintiff's motion.

2. Other Responsibilities of Counsel of Record

Counsel of record has significant other case responsibilities during this time, several of which arose after we filed our first motion for an enlargement of time for this purpose. Counsel's caseload at present is an unusually heavy one.

On October 12, 2005, counsel presented oral argument in, Lockheed Martin Corp. v. Defense Contract Audit Agency, No. 8:05-cv-01189-RWT (D. Md.), a case involving an important jurisdictional issue, as well as alternative, complex merits issues (briefed on cross motions for summary judgment). By decision dated October 26, 2005, the district court ruled in the Government's favor on the jurisdictional issue. Counsel is required to review the decision and consult with the agency about the implications of the decision.

Also, by decision dated October 19, 2005, this Court issued its decision on damages in Carabetta v. United States, No. 02-1134C (Fed. Cl.) . Counsel of record was not the counsel who handled the trial or briefs at the liability stage; while counsel is familiar with the record, counsel is responsible for preparing the required memorandum to the Solicitor General relating to whether to recommend appeal and/or a cross-appeal on any one of the ten major damages issues adjudicated by the Court, as well as the underlying liability issue. Carabetta v. United States, 58 Fed. Cl. 563 (2003). Counsel is required to consult with the agency, and prepare the memorandum by mid-November 2005. In addition, counsel is required to review a proposed motion that counsel for Carabetta forwarded to counsel, relating to a possible joint motion to amend the total judgment of $18,343,953. Plaintiffs' proposed motion to amend would not propose to change the total amount awarded, but would set forth with particularity the exact amounts of money owed (if any) to each of the numerous plaintiffs in the case (with both parties reserving the right to appeal). Because that motion is due by November 2, 2005 (ten days after

the judgment was issued), counsel is required this week and early next week to consult with the Government's expert and agency counsel on these matters.

Counsel is also required to prepare the Government's response to the petition for rehearing en banc filed in Members of Peanut Quota Holders Association v. United States, 421 F.3d 1423 (Fed. Cir. 2005). The Government's response, presently due on November 17, 2005.

In addition, counsel is required (once counsel receives it) to review a recent filing and motion by plaintiffs' counsel in connection with Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.). Defendant's response presently is due by November 11, 2005. See generally Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005) and In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004).[1] The jurisdictional issue of the appropriate district court for each plaintiff, involving dozens of peanut farmers and potentially more than one dozen districts of district courts in southern states, is also involved in the case pending in the United States District Court for the Eastern District of North Carolina, Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), the district court to which the Judicial Panel on Multidistrict Litigation (JPML) had previously transferred the claims of some of the plaintiffs. Counsel is frequently required to consult with various Assistant United States Attorneys and agency counsel on matters relating to Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.).

Counsel is also counsel of record in three related cases: GHS Health Maintenance Organization, Inc. v. United States, Texas Health Choice v. United States, and Scott & White

---

[1] In Barnhill, the district court recently denied plaintiffs' motion for reconsideration of a prior order in which the district court dismissed the claims of plaintiffs whose farms were located in North Carolina but outside the boundaries of the Eastern District of North Carolina, 7 U.S.C. §1508(j)(2), and denied plaintiffs' motion to transfer the claims of those plaintiffs to "an appropriate venue." Further, pending before the court in the Eastern District of North Carolina is plaintiffs' renewed motion to certify the case as a national class action

Health Plan v. United States, No. 01-517C, 05-371C, 05-963C (Fed. Cl.). Defendant was required to file the Appendix[2] in these cases by October 24, 2005. This work required substantially more time than anticipated. Further, the parties are required to file Joint Stipulations of Fact, with citations to the Appendix, by due November 21, 2005. Therefore, counsel is required to coordinate with the agency during late October and November, and, in consultation with plaintiffs' counsel in the three cases, prepare the Joint Stipulation of Facts for all three cases.[3]

Conclusion

Accordingly, defendant respectfully requests that this Court grant it an enlargement of time of sixteen days, to and including November 16, 2005, within which to file its reply to Chevron's response to defendant's supplemental motion to dismiss, and its response to plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

PAUL MICHAEL, ESQ.
Department of Energy
Office of General Counsel
Washington, D.C

[2] The filing of the Appendix, prior to filing the briefs, was required, because these cases involve the plaintiffs' challenge to a regulation promulgated by the Office of Personnel Management (OPM). Some of the documents in the Appendix were those relating to the "administrative record" involved in the promulgation of the regulation.

[3] During the week of October 24, 2005, counsel also attended one memorial service on Wednesday, October 25, and plans to attend a second memorial service on Friday, October 27, 2005.

/s/ Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 307-1011
Fa x: (202) 514-8624

October 28, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2005, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS REPLY TO CHEVRON'S'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS, AND ITS RESPONSE TO PLAINTIFF'S MOTION TO AMEND/CORRECT TRANSCRIPT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Lisa R. Aiken