IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| | ) | (Judge Braden) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO CORRECT HEARING TRANSCRIPT

Defendant files this response to plaintiff's motion to correct the hearing transcript.

Introduction

In general, we oppose plaintiff's motion. Chevron requests that the Court order changes to 47 entries in an 89-page transcript, with the 47 proposed changes contained in pages 31-85 (54 pages). While transcripts frequently contain some errors, and the parties and the Court have an interest in a perfect transcript, plaintiff's motion requires a commitment of resources by the Government, and the Court, out of proportion to the possible value received.[1]

[1] Counsel for defendant has reviewed the transcript with respect to entries reflecting the argument of counsel for defendant. While there are some minor errors, defendant will not request that the court order any changes to that part of the transcript.

Contrary to Chevron's contention, Chevron cannot "know" what Chevron's former counsel[2] "actually said at the hearing," without listening to the tape recording made by the court reporting company. And, Chevron does not contend that it listened to the tape and proposed these changes based upon the tape.

If the Court is inclined to entertain Chevron's request, many of the changes proposed are relatively non-controversial. They are not controversial because the transcript recorded the argument of counsel, not witness testimony, and most of the entries appear to be more in the nature of simple clerical errors..

Defendant's Objection To Some of Chevron's Proposed Changes

Some of the changes proposed by Chevron appear to be more in the nature of substantive changes, to render the transcript more in line with the arguments that Chevron advances. For example, several proposed changes relate to Chevron's relatively new approach in the litigation, in which Chevron attempts to argue that there was one contract in two parts – the Equity Process Agreement (EPA) and the Decoupling Agreement. It appears that Chevron argues that, if the Department of Energy (DOE) breached the EPA (process for equity finalization), the breach would constitute a per se breach of the Decoupling Agreement (termination of the 1944 Unit Plan Contract and sale of lands with oil reserves to third party).

We object to these proposed changes, because, as we explain in our reply brief (filed contemporaneously with this response), the EPA is one contract, separate and apart from the Decoupling Agreement. The EPA and the Decoupling Agreement, are not, as Chevron contends, one overall contract. And, even if there were a breach of the EPA, any such breach would not establish a breach of the Decoupling Agreement.

[2] After the hearing on July 21, 2005, and after we filed our supplemental Rule 12(b)(1) motion to dismiss, Chevron engaged new counsel of record.

Therefore, we object to the following proposed changes, because they involve matters of substance (and/or the original entry and the proposed change are unclear), and not simply clerical errors:

| Page | Line |
| --- | --- |
| 34 | 1 |
| 35 | 17 |
| 39 | 15 |
| 44 | 13 |
| 50 | 20 |
| 69 | 19-20 |
| 69 | 23 |

Ultimately, it is within this Court’s discretion whether to undertake the time-consuming process of attempting to recall what Chevron counsel “actually said” at the hearing, and whether to order the court reporting company engaged by the Court to issue a new, corrected transcript, and if so, what corrections to order.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff’s motion.

Alternatively, we respectfully request that the Court deny plaintiff’s motion with respect to the entries at the pages and lines identified above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/s David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:
PAUL MICHAEL, ESQ.
Department of Energy
Office of General Counsel
Washington, D.C

/s/Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 307-1011
Fa x: (202) 514-8624

November 16, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT HEARING TRANSCRIPT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.