IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

**NATURE OF THE DISPUTE**

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the May 19, 1997 agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 2.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the May 19, 1997 agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 3; denies the allegation contained in the second sentence of paragraph 3.

4. Denies the allegations contained in the first and second sentences of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the third sentence of paragraph 4.

5. The allegations contained in paragraph 5 constitute plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

**JURISDICTION**

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

**PARTIES**

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegations contained in paragraph 8 to the extent supported by the May 19, 1997 agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

**FACTS COMMON TO ALL CAUSES OF ACTION**

Unitization and the Unit Plan Contract

9. Admits the allegations contained in the first clause of the first sentence of paragraph 9 but denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth; denies the allegations contained in the second sentence of paragraph 9, except to admit that, typically, an agreement forming a unit specifies how the

owners are to share in production from the unit and related costs.

10. Admits the allegations contained in paragraph 10 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 12; admits the allegation contained in the second sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13.

Equity Redetermination

14. Denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Denies.

DOE's Right To Terminate the UPC

17. Admits the allegations contained in paragraph 17 to the extent supported by the Unit

Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

The May 19, 1997 Agreement

18. Admits the allegations contained in paragraph 18 to the extent supported by the legislation to which plaintiff refers; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the Unit Plan Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 to the extent that plaintiff alleges that there was a single agreement implemented in two parts; otherwise, admits the allegations contained in paragraph 24 to the extent supported by the two agreements cited, which are the

best evidence of their contents.

25. Denies the allegations contained in paragraph 25 to the extent that plaintiff alleges that there was one agreement in two parts and that the Department of Energy (DOE) wished to keep one part, the Decoupling Agreement, confidential; otherwise, admits the allegations contained in paragraph 25 to the extent supported by the two agreements cited, which are the best evidence of their contents.

26. Admits the allegations contained in paragraph 26 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the agreement and Unit Plan Contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the agreement, the 1996 protocol, and the Unit Plan Contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30; avers that the first sentence of paragraph B.4. of the 1997 Equity Process Agreement specifically provides that the reference to the "DOE field equity technical team" within that first sentence of paragraph B.4. "does not include the DOE technical staff in Washington, D.C.;" further avers that the second sentence of paragraph B.4. of the agreement reads in full, "No such communications by the ASFE with either equity team shall be on an ex parte basis."

31. Admits the allegations contained in paragraph 31 to the extent supported by the agreement and supplement to the 1996 protocol cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 31.

32. Admits the allegation contained in paragraph 32 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 that, as of February 5, 1998, "equity redetermination proceedings were ongoing" and that, subsequent to Febru-ary 5, 1998, the United States sold its interest in the Reserve to a third party; admits the remain-ing allegations contained in paragraph 33 to the extent supported by the agreement cited, which

is the best evidence of its contents; otherwise, denies the remaining allegations contained in para-graph 33.

34. The allegations contained in the first sentence of paragraph 34 are conclusions of law

to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; denies the allegations contained in the second sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth; the allegations contained in the third and fourth sentences of paragraph 34 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies the allegation contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to its truth.

36. Denies the allegations contained in the first and second sentences of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that, in July 1996, the ASFE issued Administrative Order No. 96-01; admits the allegations contained in the third, fourth, fifth, and sixth sentences of paragraph 36 to the extent supported by the protocols cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third, fourth, fifth, and sixth sentences of paragraph 36.

Subversion of Finalization Proceedings

37. Denies.

38. Denies.

39. Admits.

40. Admits.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Denies.

47. Denies the allegations contained in the first and second sentences of paragraph 47; denies the allegations contained in the third sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth; the allegations contained in the fourth sentence of paragraph 47 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Denies.

49. Denies.

50. Denies.

51. Denies.

Other Prohibited Ex Parte Communications between the Assistant Secretary and the DOE Equity Team

52. Denies.

53. Denies.

Prohibited Ex Parte Contacts Between the Assistant Secretary and the Independent Petroleum Engineer

54. Denies.

55. Denies.

Further Allegations

56. Denies.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Denies.

## FIRST CAUSE OF ACTION

### Breach of Contract

59. Defendant's responses to paragraphs 1 through 58 of the complaint are incorporated by reference.

60. Denies.

61. Denies.

62. Denies

63. Denies.

64. Denies.

65. Denies.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

66. Defendant's responses to paragraphs 1 through 65 of the complaint are incorporated by reference.

67. Admits the allegations contained in paragraph 67 to the extent supported by the Equity Process Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 67.

68. Denies

69. Denies.

70. Denies.

71. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
Trial Attorney
Office of General Counsel
Department of Energy
Washington, D.C.

JUNE 28, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.