# In the United States Court of Federal Claims

No. 04-1365
Filed July 5, 2006

| | |
|---|---|
| *********************************** | |
| | * |
| CHEVRON U.S.A., INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| *********************************** | |

**PROTECTIVE ORDER REGARDING**
**DEPOSITION OF MARY ANN MASTERSON**

The court enters this Protective Order to govern access to information disclosed during the deposition of Ms. Mary Ann Masterson, Assistant General Counsel, Department of Energy, that will commence on July 6, 2006 and be continued at a future date.

1. The Government may raise all appropriate objections, including those based on privilege. Notwithstanding such objections, including those based on privilege, Ms. Masterson will answer fully all questions asked by Plaintiff's counsel.

2. Plaintiff's outside counsel present at the deposition of Ms. Masterson will be limited to: Lawrence D. Rosenberg, Donald B. Ayer, and Louis K. Fisher, all of whom practice law with the law firm of Jones Day and are counsel of record in this case. None of the aforementioned attorneys is a registered lobbyist. Nevertheless, none will have any use information obtained during the deposition of Ms. Masterson, or communicate with members of Congress and/or their staff or with any other attorney, other than counsel of record in this case, or lobbyist about the deposition of Ms. Masterson and/or pending Senate Bill 2766, Senate Amendment 4516, and/or House Bill 5122, unless and until the court orders otherwise.

3. Plaintiff's employees present at the deposition of Ms. Masterson will be limited to: Gary Henderson, Senior Counsel, Chevron Global Gas, and Norman Stone, Elk Hills Equity Finalization Team Manager, Chevron USA, Inc., San Joaquin Valley Business Unit. Neither Mr. Henderson nor Mr. Stone is a registered lobbyist. Nevertheless, none will have any use information obtained during the deposition of Ms. Masterson, or communicate with members of Congress and/or their staff or

with any other attorney, other than counsel of record in this case, or lobbyist about the deposition of Ms. Masterson and/or pending Senate Bill 2766, Senate Amendment 4516, and/or House Bill 5122, unless and until the court orders otherwise.

4. Notwithstanding the provisions of this Protective Order, individuals referenced herein (¶¶ 2-3) may provide general legal and/or business advice to Chevron executives, employees, and attorneys, so long as that advice does not concern any information ascertained in the deposition of Ms. Masterson, unless and until the court orders otherwise.

5. The deposition transcript of Ms. Masterson is subject to this Protective Order and will be placed under seal, unless and until the court orders otherwise.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**