# PROPOSED PRETRIAL AND TRIAL SCHEDULE
# (MARCH 26, 2007 TRIAL DATE)

Chevron U.S.A. Inc. v. United States, No. 04-1365C (Fed. Cl.)

1. **Bifurcation of Liability and Damages Proceedings**

The proceedings upon liability and damages, including discovery and trial, shall be bifurcated. The issues to be resolved during the liability phase of the case include whether, as alleged, defendant breached the Equity Process Agreement between plaintiff and the Department of Energy and, if so, the effect of any *ex parte* communication in breach of the Equity Process Agreement upon either the recommendation(s) of the Independent Petroleum Engineer or the decision(s) of the Assistant Secretary for Fossil Energy, as the case may be. Should a trial of damages be necessary, the parties shall have a period of nine (9) months from the date of the Court's decision upon liability for discovery (including fact discovery and discovery of experts) with respect to damages and a trial of damages.

2. **Fact Discovery (Liability Issues)**

(a) The initial disclosures required by RCFC 26(a)(1)(A), (B), & (C) shall be served on or before August 21, 2006.

(b) All fact discovery, including, but not limited to, requests for production of documents, interrogatories, and depositions of fact witnesses shall be completed on or before February 2, 2007.

(c) Document Production Requests. Document production requests pursuant to RCFC 34 shall be served on or before September 1, 2006.

(d) Interrogatories. Plaintiff and defendant each shall be limited to fifty (50) interrogatories (including all discrete subparts). Interrogatories shall be served on or before September 1, 2006.

(e) Requests for Admission. Plaintiff and defendant each shall be limited to fifty (50) requests for admission pursuant to RCFC 36. Requests for admission shall be served on or before February 16, 2007.

(f) Depositions. Without leave of court, plaintiff and defendant each shall be limited to twenty-five (25) depositions of fact witnesses.

3. **Expert Discovery**

The parties do not intend to offer any expert witnesses upon matters relating to liability issues.

4. **Meeting of Counsel**

Plaintiff's counsel and defendant's counsel shall meet to satisfy the requirements of Appendix A, ¶ 13, including the exchange of exhibit and witness lists, on or before February 16, 2007.

5. **Dispositive Motions**

The parties do not intend to present any dispositive motions, including motions for summary judgment pursuant to RCFC 12 and/or 56.

6. **Pretrial Submissions**

Plaintiff and defendant shall file their pretrial memoranda with respect to liability issues, witness lists, exhibit lists, any motions to present substantive evidence by way of deposition testimony (other than as provided in Fed.R.Evid. 801(d)) pursuant to Appendix A, ¶¶ 14(a), 15(a), 15(b), and 16, and any other pretrial motions on or before March 9, 2007. Responses (if any) to pretrial motions shall be filed on or before Friday, March 16, 2007.

7. **Pretrial Conference**

A pretrial conference will be held in Washington, D.C., at 2:00 p.m. on Tuesday, March 20, 2007.

8. **Trial**

A trial of liability issues shall be held in Washington, D.C., beginning at 10:00 a.m. on Monday, March 26, 2007, and concluding no later than Friday, April 6, 2007.

9. **Proceedings Upon Damages Issues (If Necessary)**

Should a trial of damages be necessary, the parties shall file within fifteen (15) days of the Court's decision upon liability issues a joint report that contains a proposed schedule for: (a) fact discovery with respect to damages; (b) discovery of experts, including the disclosures required by RCFC 26(a)(2) and the depositions of any person(s) identified by plaintiff or defendant

pursuant to RCFC 26(a)(2)(A); (c) pretrial memoranda with respect to damages issues, witness lists, exhibit lists, any motions to present substantive evidence by way of deposition testimony (other than as provided in Fed.R.Evid. 801(d)) pursuant to Appendix A, ¶¶ 14(a), 15(a), 15(b), and 16, and any other pretrial motions; (d) a pretrial conference; and (e) a trial of damages. If plaintiff and defendant are not able to agree upon a schedule for proceedings with respect to damages, the joint report shall set forth the schedules proposed by plaintiff and defendant for those proceedings.