# In the United States Court of Federal Claims

No. 04-1365
Filed August 22, 2006
**TO BE PUBLISHED**

************************************
CHEVRON U.S.A., INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
************************************

Attorney Client Privilege;
Attorney-Work Product Privilege;
Deliberative Process Privilege.

**Lawrence D. Rosenburg**, Jones Day, counsel for Plaintiff

**John E. Kosloske**, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant

## MEMORANDUM OPINION AND ORDER REGARDING THE GOVERNMENT'S PRIVILEGE CLAIMS

**BRADEN, Judge**

On May 31, 2006, the court issued a Memorandum Opinion and Order in this case denying the Government's motion to dismiss the complaint, which alleges that the Department of Energy ("DOE") breached the terms of a May 19, 1997 Equity Process Agreement to finalize interests in four unitized productive zones within the Elk Hills [Oil] Reserve. *See Chevron U.S.A., Inc.* v. *United States*, 71 Fed. Cl. 236, 253-54, 263-78 (2006). The alleged breach came to the attention of Plaintiff, as a result of January 7, 2003 and February 19, 2004 Freedom of Information Act requests that yielded documents indicating that improper *ex parte* communications appeared to have occurred between the responsible DOE Assistant Secretary and/or staff and engineers on DOE's Equity Team and/or the Independent Petroleum Engineer retained by the DOE to assist in the equity finalization process. The complaint also asserted a claim for breach of the covenant of good faith and fair dealing. *Id*. at 255.

Shortly after the May 31, 2006 decision was issued, Plaintiff advised the court that legislation had been introduced in Congress to indemnify the Independent Petroleum Engineer, in the event of suit, for activities undertaken during the equity finalization process. The precise language and status of the legislation was not known, but the staff lawyer then representing the Department of Justice

advised the court that David M. Cohen, Director of the Commercial Branch of the Civil Division of the Department of Justice, was involved in drafting the legislation, who is also a counsel of record in this case. On or about June 13, 2006, the court granted Plaintiff's motion for expedited discovery to ascertain the status of the legislation and potential effect, if any, on the court's jurisdiction over the claims asserted in the complaint. On June 22, 2006, revised language was included in the John Warner National Defense Authorization Act for Fiscal Year 2007, S. 2766, 109th Cong. § 3401(2006), that appears to change the terms of the May 19, 1997 Equity Process Agreement and potentially may give rise to additional claims in this case.

On July 3, 2006, the Department of Justice asserted that the deliberative process, attorney client, and attorney-work product privileges prevented the disclosure of certain documents requested by Plaintiff. *See, e.g., Marriott Int'l Resorts, L.P.* v. *United States*, 437 F.3d 1302, 1305, 1307 (Fed. Cir. 2006) (quoting *In re Sealed Case*, 121 F.3d 729, 745 (D.C. Cir. 1997) (explaining that the deliberative process privilege is 'primarily a common law privilege' . . . [, however,] a showing of compelling need can overcome the qualified deliberative process privilege."); *In re Echostar Communications Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006) (stating that "'the attorney-client privilege protects the confidentiality of communications between an attorney and client made for the purpose of obtaining legal advice.' We recognize the privilege in order to promote full and frank communication between a client and his [or/her] attorney so that the client can make well-informed legal decisions and conform his [or/her] activities to the law.") (quoting *Genetech, Inc.* v. *Int'l Trade Comm'n*, 122 F.3d 1409, 1415 (Fed. Cir. 1997)); *see also, In re Echostar Communications Corp.*, 448 F.3d. at 1301-02 ("We recognize work-product immunity because it promotes a fair and efficient adversarial system by protecting 'the attorney's thought processes and legal recommendations' from the prying eyes of his or her opponent . . . Like the attorney-client privilege, however, the work-product privilege is not absolute . . . a party may discover [only] certain types of work product[.]") (quoting *Genetech*, 122 F.3d at 1415). On July 3, 2006, however, neither an official from the DOE, properly designated to assert the deliberative process privilege, nor the Department of Justice lawyers had reviewed the documents at issue. On July 5, 2006, at the court's request, Mr. Cohen intervened with the Department of Energy to assist in initiating the process of ascertaining whether or not deliberative process privilege should be asserted and then to oversee the process of a joint staff effort to prepare a privilege log for the benefit of the court and Plaintiff's counsel. In addition, Mr. Cohen also reviewed the documents at issue to verify the proper assertion of the relevant privileges, for which the court is grateful.[1]

On August 11, 2006, the Department of Justice provided the court with the documents asserted to be privileged, together with a privilege log, Memorandum of Law, and supporting Declaration from DOE's Deputy General Counsel. On August 11, 2006, the court reviewed each

---

[1] Mr. Cohen identified a Memorandum issued by the Assistant Attorney General for the Civil Division that requires that a claim of deliberative process privilege must be approved by the Deputy Assistant Attorney General before a formal assertion of privilege is made. *See* July 10, 2006 Defendant's Status Report at 2. The court was informed that after Mr. Cohen reviewed the documents at issue, a subsequent review was undertaken by the Deputy Assistant Attorney General.

of the 137 documents *in camera*. *See Marriott Int'l*, 437 F.3d at 1307. ("[A] trial court may conduct in-camera review of documents under this qualified branch of the executive privilege doctrine."). On August 14, 2006, the court convened a conference to advise the parties that the court reviewed the documents and was prepared to rule, as soon as the Government revised the privilege log to include the titles of the government employees listed and identify the author of several handwritten notes for which privilege was asserted. On August 14, and 15, 2006, the court dictated a transcript indicating the court's initial ruling regarding each of these documents. On August 16, 2006, the Government provided the court and Plaintiff with a revised privilege log. On August 17, 2006, Plaintiff filed a Response to the United States' Memorandum In Support of Privilege Claims.

On August 17, 2006, a conference was convened to advise the parties that the court was providing the Department of Justice with a copy of the August 14-15, 2006 transcripts, so that the documents could be prepared for production. The court also advised the parties that, on the whole, the court's rulings sustained the Government's assertion of the privileges, with only a few exceptions. In addition, the parties were advised that the court *sua sponte* designated some information as privileged, although privilege was not asserted.[2] The court also advised Plaintiffs that the court did not review any documents that evidenced government misconduct that would negate the privileges asserted at this juncture. *See In re Sealed Case*, 121 F.3d at 746 (recognizing that "[t]he [deliberative process] privilege disappears altogether when there is any reason to believe Government misconduct occurred."). On the other hand, if S. 2766 or legislation that retroactively changes the terms and conditions of the May 19, 1997 Equity Process Agreement to the detriment of Plaintiff is enacted, the court will reconsider the viability of the rulings issued herein, in light of the Government's obligation to comply with the covenant of good faith and fair dealing. *Id.*; *see also P&B Marina* v. *Longrande*, 136 F.R.D. 50, 59 (E.D.N.Y. 1991) (distinguishing documents prepared by attorneys in connection with anticipated litigation from those prepared by lobbyists "toward non-litigation means that could achieve the same results in lieu of litigation.")

No privilege should be lightly asserted, particularly by the Government. In this case, the personal attention of Mr. Cohen and the Deputy Attorney General to this matter enabled the court to conduct a prompt and orderly *in camera* review as anticipated by the United States Court of Appeals for the Federal Circuit in *Marriott Int'l*. As a result of this effort, the Plaintiff should be assured that the privileges were appropriate. But, as the *Marriott* court recognized – the deliberative process privilege is not absolute nor should it retain that status in perpetuity.

Therefore, the documents proffered to the court on August 11, 2006, will be produced to Plaintiff, pursuant to the rulings issued in the attached August 14-15, 2006 transcripts, as edited by the court to conform to the Department of Justice's August 22, 2006 letter, all of which are attached

---

[2] On August 22, 2006, the Government advised the court of the additional information that the Government agreed should be subject to privilege. Accordingly, the court has made the appropriate redactions to the August 14-15, 2006 transcript rulings.

as exhibits to this Memorandum Opinion and Order and placed under seal with the Clerk of the Court, together with the documents at issue.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**

Attachment: August 14-15, 2006 Transcripts, Placed Under Seal

Two Volumes Un-Redacted Version of
Documents 1-137, produced to Judge
Braden on August 11, 2006, Placed Under Seal