**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:04cv1365 |
| UNITED STATES, | ) | Judge Susan G. Braden |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER**

WHEREAS lawyers for the United States are scheduled to review documents produced by Netherland, Sewell & Associates, Inc. ("NSA") on October 16-17, 2006, and lawyers for and employees of Chevron are scheduled to review the same documents on October 18-19, 2006, and in light of NSA's concern that confidential business information not be disclosed to non-attorney Chevron employees, the parties hereby agree as follows:

1. Documents produced by NSA and identified by NSA as containing "confidential business information," including all copies of such documents and any documents containing any excerpts or summaries of such confidential business information may be reviewed by Chevron's attorneys in accordance with the terms of this Agreed Protective Order, but shall not be reviewed by or disclosed to any non-attorney employees or agents of Chevron unless all such confidential business information has first been redacted. As used in this Agreed Protective Order, "confidential business information" means NSA client lists, NSA, labor rate data, and similar information contained in the contracts for IPE services between NSA and the Government and related documents, including, but not limited to, contract modifications, cost proposals and invoices, and in other documents that transmit and/or contain such information. Any documents deemed by NSA to contain confidential business information shall be marked by

NSA with the word "CONFIDENTIAL" at the top or bottom of each page of the document that contains information that NSA deems to contain "confidential business information' subject to this Agreed Protective Order; provided however that documents produced electronically may be marked CONFIDENTIAL by affixing a label bearing the word "CONFIDENTIAL" to the outside of the media (a CD, for example) on which the confidential business information is contained.

2. Documents produced by NSA that do not contain confidential business information as identified by NSA may be reviewed and examined by non-attorney employees or agents of Chevron.

3. Department of Justice attorneys and their agents, including litigation consultant Navigant Consulting, Inc. and the litigation support contractor CACI, Inc., DOE attorneys and their agents, and other Government employees (hereinafter collectively called "Government Attorneys and Agents") may have unrestricted access to all documents produced by NSA, regardless of whether those documents contain confidential business information; provided that the Government Attorneys and Agents shall use any such confidential business information solely for purposes of this civil litigation and shall not disseminate or disclose any such confidential business information to any other persons or entities for any purpose whatsoever other than in accordance with the terms of this Agreed Protective Order.

4. Documents produced by NSA that contain confidential business information as designated by NSA pursuant to paragraph 1, above, shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other

writings filed with the Court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (d) deposition testimony; and (e) testimony taken at a hearing or other proceeding.

5. Notwithstanding any other provision of this Agreed Protective Order, nothing herein shall prohibit counsel for either party from disclosing a document containing NSA confidential business information to any person who was an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to this Agreed Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute a disclosure prohibited by the terms of this Agreed Protective Order.

6. All information and documents containing NSA confidential business information that are filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Agreed Protective Order. The party filing any paper which reflects, contains, or includes any NSA confidential business information shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend CONFIDENTIAL, and a statement which provides in substance: "Subject to a protective order of the Court. This should not be opened or its contents disclosed, revealed, or made public except by order of the Court." At the conclusion of this civil lawsuit, all materials filed with the Court under seal shall be kept under seal or will be returned to NSA as provided in Paragraph 9 below.

7. No person may disclose, in public or private, any information or documents designated confidential except as provided for in this Protective Order; but nothing herein shall affect the right of NSA to disclose to NSA's officers, directors, employees, consultants or experts, or to any other person, information or documents containing NSA confidential business information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle any party or its attorneys to disclose such information or documents in violation of the Agreed Protective Order.

8. This Agreed Protective Order shall not preclude NSA from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that NSA may consider appropriate. Nor shall either party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Agreed Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Agreed Protective Order in any respect. Neither party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation. On any motions challenging the designation of any documents or other record of information as containing confidential business information, the burden of justifying the designation shall lie with NSA.

9. Upon final determination of this civil lawsuit, unless otherwise agreed to in writing by NSA, each party shall assemble and return all designated material, including all copies, extracts and summaries thereof, to NSA, except that any documents or copies which contain or constitute an attorney's work product shall be destroyed rather than returned.

10. The parties and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this civil lawsuit and for no other purpose, unless and until this Protective Order is modified by further order of this court after notice to NSA and an opportunity to be heard.

11. No part of the restrictions imposed by this Agreed Protective Order may be terminated, except by order of this Court for good cause shown after notice to NSA and an opportunity to be heard. Determination of this civil lawsuit shall not automatically terminate the directives of this Agreed Protective Order.

12. The parties represent that they have consulted with counsel for NSA, and that this Agreed Protective Order is acceptable to NSA. NSA's counsel has signed this Agreed Protective Order below to indicate NSA's agreement with the terms hereof, but not as an appearance in this matter.

IT IS SO ORDERED.

SIGNED this ____ date of October, 2006.

______________________________
SUSAN G. BRADEN
Judge

Agreed to this 16th day of October, 2006:

s/Lawrence D. Rosenberg
Lawrence D. Rosenberg
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3652
Facsimile: (202) 626-1700

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

J. Robert Beatty
LOCKE LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214-740-8530
Facsimile: 214-756-8530

Attorney for:
Netherland Sewell & Associates, Inc.