# In the United States Court of Federal Claims

No. 04-1365C
Filed October 17, 2006

************************************

CHEVRON U.S.A., INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

************************************

**PROTECTIVE ORDER REGARDING CONFIDENTIAL NSA MATERIALS**

The parties' October 17, 2006 Joint Motion to Adopt Protective Order is, hereby, GRANTED. The court enters this Protective Order to govern access to information disclosed during the parties' upcoming review of documents provided by Netherland, Sewell & Associates ("NSA") between October 16-19, 2006. In order to protect NSA's confidential business information, the court, hereby, orders as follows:

1. Documents produced by NSA and identified by NSA as containing confidential business information, including all copies of such documents and any documents containing any excerpts or summaries of such confidential business information may be reviewed by Chevron's attorneys in accordance with the terms of this Protective Order, but will not be reviewed by or disclosed to any non-attorney employees or agents of Chevron unless all such confidential business information has first been redacted. As used in this Protective Order, "confidential business information" means NSA client lists, NSA labor rate data, and similar information contained in the contracts for IPE services between NSA and the Government and related documents, including, but not limited to, contract modifications, cost proposals and invoices, and in other documents that transmit and/or contain such information. Any documents deemed by NSA to contain confidential business information will be marked by NSA with the word "CONFIDENTIAL" at the top or bottom of each page of the document that contains information that NSA deems to contain confidential business information subject to this Protective Order; provided however that documents produced electronically may be marked confidential by affixing a label bearing the word "CONFIDENTIAL" to the outside of the media (*e.g.* a CD-ROM) on which the confidential business information is contained.

2. Documents produced by NSA that do not contain confidential business information as identified by NSA may be reviewed and examined by non-attorney employees or agents of Chevron.

3. Department of Justice attorneys and their agents, including litigation consultant Navigant Consulting, Inc. and litigation support contractor, CACI, Inc.; DOE attorneys and their agents; and other Government employees (collectively "Government attorneys and agents") may have unrestricted access to all documents produced by NSA, regardless of whether those documents contain confidential business information; provided that the Government attorneys and agents will use any such confidential business information solely for the purposes of this civil litigation and will not disseminate or disclose any such confidential business information to any other persons or entities for any purpose whatsoever other than in accordance with the terms of this Protective Order.

4. Documents produced by NSA that contain confidential business information as designated by NSA pursuant to paragraph 1 above, will include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writings filed with the court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (d) deposition testimony; and (e) testimony taken at a hearing or other proceeding.

5. Notwithstanding any other provision of this Protective Order, nothing herein will prohibit counsel for either party from disclosing a document containing NSA confidential business information to any person who was an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to the Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion will not constitute a disclosure prohibited by the terms of this Protective Order.

6. All information and documents containing NSA confidential business information that are filed with the court will be filed and kept by the court under seal and will be made available only to the court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes and NSA will file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend "CONFIDENTIAL", and a statement which

provides in substance: "Subject to a protective order of this court. This should not be opened or disclosed, revealed, or made public except by order of the court." At the conclusion of this lawsuit, all materials filed with the court under seal will be kept under seal or will be returned to NSA as provided in Paragraph 9 below.

7. No person may disclose, in public or private, any information or documents designated confidential except as provided in this Protective Order; but nothing herein will affect the right of NSA to disclose to NSA's officers, directors, employees, consultants or experts, or to any person, information or documents containing NSA confidential business information. Such disclosure will not waive the protections of this Protective Order and will not entitle any party or its attorneys to disclose such information or documents in violation of the Protective Order.

8. The Protective Order will not preclude NSA from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as NSA may consider appropriate. Nor will either party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. Neither party will be obligated to challenge the propriety of any confidentiality designation, and failure to do so will not preclude a subsequent attack on the propriety of such designation. On any motions challenging the designation of any documents or other record of information as containing confidential business information, the burden of justifying the designation will lie with NSA.

9. Upon final determination of this lawsuit, unless otherwise agreed to in writing by NSA, each party will assemble and return all designated material, including all copies, extracts, and summaries thereof, to NSA, except that any documents or copies which contain or constitute an attorney's work product will be destroyed rather than returned.

10. The parties and all person bound by the terms of this Protective Order will use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this lawsuit and for no other purpose, unless and until this Protective Order is modified by further order of this court after notice to NSA and an opportunity to be heard.

11. No part of the restrictions imposed by this Protective Order may be terminated, except by order of this court for good cause shown after notice to NSA and opportunity to be heard. Determination of this civil lawsuit will not automatically terminate the directives of this Protective Order.

12. The parties represent that this have consulted with counsel for NSA, and that this Protective Order is acceptable to NSA. NSA's counsel has signed the parties' October 17, 2006 Joint Motion to Adopt Protective Order to indicate NSA's agreement with the terms of this Protective Order, but not as an appearance in this matter.

13. The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify the order in the event such information is not business confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/**Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**