IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DISCOVERY ORDER**

WHEREAS discovery and other proceedings in this case will require the review of numerous documents and other information to determine whether they are protected from discovery by various privileges or other protections;

WHEREAS the parties have expressed a need to allow discovery to proceed in an expeditious and efficient manner in this case without waiver of any privilege or other protections;

It is hereby **ORDERED BY THE COURT**:

General Provisions

1. The term "Documents Produced" means all documents and/or information of any kind made available for review or produced in any manner during this litigation from a party or parties to another party or parties in response to discovery requests.

Provisions Regarding Privileged Material

2. In view of the large volume of documents that will be produced by the parties, the parties recognize that they may produce documents that could have been withheld in whole or in part upon the basis of privilege or some other protection. Therefore, any production of all or part of a document shall not constitute a waiver of any privilege or other protection as to any portion of that document, in this or in any other proceeding, provided that the producing party shall notify the receiving party, as soon as practicable, of the production of all or portions of a privileged or otherwise protected document. Such notice shall be in writing, shall be served upon counsel of record, and shall contain information sufficient to (1) identify the document, including information as necessary to locate the materials produced; (2) identify the privilege or protection alleged; and (3) explain the basis for the invocation of the privilege or protection.

3. Upon receipt of proper notice from the producing party pursuant to paragraph 2 above, the parties will attempt to reach agreement regarding the privilege or protection that may apply to the document or any portion of the document. If the parties agree that a privilege or protection applies to the document or any portion of the document, the receiving party shall return the document and any copies to the producing party (or make appropriate redactions) and shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, including but not limited to, referring to the allegedly privileged or protected material in any interrogatory, request for admission, document request, interrogatory response, interview, deposition, oral argument, trial or submission to the Court, nor will the receiving party disclose the substance of that material to any third party. If the parties do not reach agreement regarding any privilege or protection that applies to the document, the producing party must file a motion for a protective order within thirty (30) days of the date of the date of the notice required by paragraph 2 above demonstrating that there is good cause for the assertion of privilege or other protection, or else it waives the privilege or other protection with respect to the materials in issue. Pending resolution by the Court of the claim of privilege or protection, the receiving party shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, including but not limited to, referring to the allegedly privileged or protected material in any interrogatory, request for admission, document request, interrogatory response, interview, deposition, oral argument, trial or submission to the Court, nor will the receiving party disclose the substance of that material to any third party. Provided that the procedures in paragraphs 2 and 3 are followed, the initial production of a document for which privilege is subsequently asserted shall not constitute a waiver of the privilege or other protection as to any part of the document not produced or as to any other document, communication, or information, even involving the same subject matter.

4. The Court's or the receiving party's recognition of the producing party's claim of privilege shall be followed immediately by expurgation by the receiving party of the pertinent documents produced and destruction or redaction of any specific materials or language created by the receiving party from the pertinent documents produced (e.g., copies, notes, memoranda, or other material derived therefrom), to the extent that such specific materials or language addresses or repeats privileged information.

5. Nothing in this Discovery Order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

Provisions Regarding Administration of This Discovery Order

6. If plaintiff or defendant has cause to believe that a violation of this Discovery Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

7. For good cause, plaintiff or defendant may seek a modification of this Discovery Order, first by attempting to obtain written consent of the other party to such modification, and then, absent consent, by application to this Court. No part of the provisions of the Discovery Order may be modified except in accordance with this paragraph or by written stipulation executed by counsel of

record and approved by the Court. The provisions of this Discovery Order shall continue to be binding after the termination of this action unless otherwise ordered.

**SUSAN G. BRADEN**
**Judge**