IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO MODIFY PRETRIAL AND TRIAL SCHEDULE**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States (the "Government"), respectfully requests that this Court amend its August 22, 2006 Pretrial and Trial Schedule Order.[1/] The Government requests that the entire schedule, including the trial date, be adjusted and includes a proposed new schedule. In light of plaintiff, Chevron U.S.A. Inc.'s ("Chevron") discovery requests, the large volume of responsive materials that the Government is in the process of turning over, anticipated privilege disputes, and the number of depositions that need to be taken, the current schedule appears untenable.

The Government's proposed new schedule will allow the parties to complete discovery within a manageable time period and allow for additional time to prepare and present dispositive motions to the Court, potentially disposing of or narrowing certain issues and expediting the trial process. For the reasons stated more fully below, the Government respectfully requests that this Court modify the pretrial and trial schedule. At this time, Chevron opposes this application by the Government to modify the pretrial and trial schedule.

---

[1] In this motion, "Compl. ¶ ____" refers to the referenced paragraph(s) of the "Complaint" filed on August 20, 2004, and "Def. App. ____" refers to the referenced page(s) of the appendix attached to this motion.

BACKGROUND

This case involves the alleged breach by the Department of Energy ("DOE") of an agreement between Chevron and DOE, referred to by the parties as the "Equity Process Agreement," which established a process to determine the equity interests of Chevron and DOE in an oil-and-gas unit near Bakersfield, California (the "Elk Hills Field"). There are four distinct zones in the Elk Hills Field: the Dry Gas Zone, the Carneros Zone, the Shallow Oil Zone, and the Stevens Zone. A final determination of the parties' equity interests was to be made for each zone. The determination of the equity interests for each zone was to be made by the DOE Assistant Secretary for Fossil Energy ("ASFE"). The ASFE's decision in each instance was to take into consideration the recommendation of the Independent Petroleum Engineer (IPE) selected by Chevron and DOE (Netherland, Sewell & Associates, Inc. (NSAI)). See Chevron U.S.A., Inc. v. United States, 71 Fed. Cl. 236 (2006) (opinion denying Government's motion to dismiss).

Chevron's complaint contains claims for breach of the Equity Process Agreement dated May 19, 1997, between Chevron and DOE. For its first cause of action, Chevron alleges that Mary Egger, DOE's Deputy General Counsel for Technology Transfer and Procurement, and unidentified "others acting with or under her direction" engaged in *ex parte* communications prohibited by the Equity Process Agreement by "serving both as attorney for the DOE equity team and as an advisor to the Assistant Secretary decision maker." Compl. ¶ 60. Chevron also alleges that, "on information and belief," the ASFE also engaged in *ex parte* communications prohibited by the Equity Process Agreement" with the IPE and with unidentified "engineers on DOE'S equity team." Compl. ¶¶ 61, 62. For its second cause of action, Chevron alleges that "DOE has acted in bad faith in performance of the Equity Process Agreement" in breach of the

implied covenant of good faith and fair dealing. Compl. ¶¶ 67-69.

## DISCUSSION

On August 22, 2006, the Court entered a Pretrial and Trial Schedule (Scheduling Order), Def. App. 1-3, setting the trial in this matter for the week of April 30 through May 4, 2007. The Scheduling Order also sets the close of fact and expert discovery for February 16, 2007. Since the parties have served their discovery requests and the scope of discovery has become more clear, the current Scheduling Order appears impracticable.

### I. Plaintiff's Document Requests

Though the Scheduling Order was pursuant to a joint motion of the parties, the Government was unaware at that time of the breadth and nature of Chevron's forthcoming discovery requests. Chevron did not serve its first document requests and interrogatories until September 22, 2006, thirty-one days after the Court issued the Scheduling Order. (Copies of Chevron's First Request for Production of Documents and First Set of Interrogatories are appended to this motion at Def. App. 4-11 and 12-21).

The scope of Chevron's discovery requests is quite broad and necessarily resulted in an enormous amount of responsive material, requesting identification of communications and seeking production of documents relative to all aspects of the continuing Elk Hills equity finalization process dating back 10 years to the beginning of that process in 1996. See, e.g., Chevron's First Request for Production of Documents, No. 2 ("All documents relating in any way to the Elk Hills Equity Redetermination and/or Finalization Process[2/] that were drafted *or reviewed* by the

[2] For purposes of its discovery requests, Chevron defines "Elk Hills Equity Redetermination and/or Finalization Process" broadly to mean "all actions taken by Chevron or DOE pursuant to or subsequent to passage of the 1996 Legislation . . . in an effort to resolve the dispute between

AFSE, Gary Latham, Mary Egger, or Mary Egger's subordinates.") (emphasis supplied), Def. App. 8; Chevron's First Set of Interrogatories, No. 18 ("Identify all DOE employees, officials, attorneys, or representatives with whom the AFSE, members of his or her staff, his or her counsel, including without limitation Mary Egger, Gena Cadieux, or members of the DOE technical staff in Washington, D.C., communicated concerning the Elk Hills Redetermination and/or Finalization Process, and *describe the extent, nature, and participants in each communication*.") (emphasis supplied), Def. App. 18.

The Government was unable to locate and compile all of the potentially responsive documents, whose pages number in excess of 230,000, until the end of October 2006. In light of the large number of responsive documents, the Government has had to scan the documents the documents into an electronic database for document management purposes and create a computer program to allow for an electronic privilege review.[3] As a result, the documents were not available for review for privileged information until mid-November 2006.

Defendant's counsel and numerous DOE attorneys currently are reviewing the documents contained in the database for, among other things, privileged information prior to their production to Chevron's attorneys. As this lawsuit is essentially about a continuing litigation - i.e., the process established by DOE and Chevron for finalizing the equity interests of the parties in the Elk

---

the parties as to their respective ownership rights in the commercially productive hydrocarbons found in the Elk Hills Reserve, including but not limited to proceedings before the ASFE regarding the Dry Gas Zone, the Carneros Zone, the Shallow Oil Zone, and the Stevens Zone." Def. App. 5, 13.

[3] In addition to scanned images of hard copy materials, the document database contains about 80,000 pages of electronic e-mail data obtained from DOE's email system and 35,000 pages of electronic non-email data obtained from personal computers.

Hills Field - and the principal targets of Chevron's claims are DOE attorneys, many of the identified responsive documents were created by or sent to DOE attorneys and are subject to one or all of the attorney-client, work-product, and deliberative process privileges. The reviewing attorneys must therefore identify and designate each applicable privilege, as well as make any necessary redactions. And, of course, Department of Justice (DOJ) attorneys assigned to this case must conduct a second level of review appropriate under the circumstances to ensure that documents are being properly identified with all applicable privileges, and that no privileged documents are being inadvertently produced.

As of December 7, 2006, 11,437 documents (73,819 pages), or 32% of the 230,000 pages of material that needs to be reviewed, had been reviewed for applicable privileges, confidential material subject to the Court's November 2, 2006 Protective Order, and responsiveness to Chevron's discovery requests. Given the volume of material that remains to be reviewed and the current rate of review, it is unlikely that the Government will be able to produce the entire universe of documents to Chevron's attorneys far in advance of the currently scheduled February 16, 2007 discovery cutoff. Moreover, in light of the continuing privilege review, the Government's attorneys have been unable as yet to devote a significant part of their time to review those documents produced by Chevron, meeting with potential witnesses, or preparation of case strategy. A new discovery cutoff will allow the Government to complete the review of its documents prior to production and at the same time afford both parties additional time to adequately prepare for trial.

II. Privilege Disputes

To the extent Chevron intends to challenge the Government's assertion of the deliberative process privilege as a basis for not producing certain documents, such a dispute is likely to be

drawn out and will consume a significant amount of time and energy, as this Court is well-aware. Upon a challenge by Chevron, documents which have been tentatively identified by DOJ and/or DOE attorneys as subject to a claim of deliberative process privilege must be reviewed personally by the Secretary of Energy or an appropriate DOE designee who must then prepare an affidavit or declaration indicating what information is privileged and the reasons necessary for maintaining the confidentiality. See Marriott International Resorts, L.P. v. United States, 437 F.3d 1302, 1308 (Fed. Cir. 2006). Such a review necessarily requires an individual review of each document by the DOE official. Prior to the production of the DOE declaration to the Court, DOJ conducts its own independent review to determine whether the privilege has been appropriately asserted. Once defendant has asserted the privilege, plaintiff must make a showing of "compelling need" to overcome the privilege. Id. at 1307. The Court can then make a determination as to the interests of the parties by conducting an in-camera review of those documents identified as privileged. Id.

Thus far, 1,400 responsive documents (about 6,700 pages) have been identified as subject to a claim of one or more privileges. More than 800 of those documents have been identified as documents subject to a claim of deliberative process privilege. Given the large volume of documents yet to be reviewed, these numbers will certainly increase. With such a large amount of documents, the likelihood that any privilege disputes can be resolved in their entirety prior to the current February 16, 2007 discovery cutoff is remote.

III. Depositions

Chevron has identified 16 current or former DOE officials that it wishes to depose in this matter, as well as the two persons who acted as Independent Legal Advisors during the Elk Hills equity finalization process. The Government has identified at least 11 persons that it wishes to

depose, not including the two expert witnesses Chevron recently designated, many of whom are former Chevron employees who do not reside in the Washington, D.C. area and will have to be deposed at various locations in the United States. The parties have also agreed as to the necessity of taking the depositions of three employees of NSAI, the IPE for the Elk Hills equity finalization process. None of these 30 depositions has yet been conducted,[4/] and, for the most part, they cannot be taken prior to defendant's document production.

Even assuming for the sake of argument that the Government could complete its production by the middle of January 2007, that leaves the parties approximately 30 days under the present pretrial schedule within which to resolve privilege disputes and complete thirty depositions at various locations throughout the United States. Completing the depositions within the current time frame, thus, is practically impossible. The Government's proposed schedule provides the parties to adequately prepare and conduct the depositions within a reasonable time frame.

IV. Proposed Pretrial and Trial Schedule

In light of these reasons, the Government proposes the revised pretrial and trial schedule as follows:[5/]

| | Current Schedule | Revised Schedule |
|---|---|---|
| Expert Reports: | December 15, 2006 | March 2, 2007 |
| Rebuttal Reports: | January 26, 2007 | April 2, 2007 |
| Discovery Cutoff (Fact and Expert): | February 16, 2007 | May 25, 2007 |

---

[4] Chevron took a number of depositions of DOE employees this past summer concerning proposed legislation regarding the IPE. However the parties have not taken any depositions relating to Chevron's allegations of a breach of the Equity Process Agreement that form the basis of this lawsuit.

[5] The Government represents that it will complete its production of documents responsive to Chevron's first request for production of documents and provide Chevron with responses to its first request for production of documents and first set of interrogatories by February 2, 2007.

| | | |
|---|---|---|
| Dispositive Motion Deadline: | February 23, 2007 | July 16, 2007 |
| Meeting of Counsel: | February 23, 2007 | August 20, 2007 |
| Pretrial Submission Deadline: | March 30, 2007 | October 1, 2007 |
| Pretrial Response Deadline: | April 10, 2007 | October 15, 2007 |
| Pretrial Conference: | April 24, 2007 | October 23, 2007 |
| Trial: | April 30, 2007 | November 5, 2007[6/] |

## CONCLUSION

For the foregoing reasons, defendant's motion to modify the pretrial and trial schedule should be granted and the Court should adopt the modified pretrial and trial schedule set forth above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

DECEMBER 12, 2006

[6] The Government proposes that the trial of liability issues be scheduled for two weeks, ending on November 16, 2007, instead of the one week set aside for trial under the schedule presently in effect.

CERTIFICATE OF FILING

I hereby certify that on this 12th day of December, 2006, a copy of foregoing "DEFENDANT'S MOTION TO MODIFY PRETRIAL AND TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske