# In the United States Court of Federal Claims

No. 04-1365C
Filed: January 22, 2007

************************************
*
CHEVRON U.S.A., INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************

**PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION CONTAINED IN DOCUMENTS RELATING TO O'MELVENY & MYERS LLP**

Defendant's January 11, 2007 Motion For A Protective Order is, hereby, GRANTED. The court enters this Protective Order to govern access to confidential business information of the law firm of O'Melveny & Myers LLP ("OMM") disclosed by defendant to Chevron in response to Chevron's discovery requests to defendant. In order to protect OMM's confidential business information, the court, hereby, orders as follows:

1. Documents produced by defendant and identified by defendant as containing confidential business information of OMM, including all copies of such documents and any documents containing any excerpts or summaries of such confidential business information, may be reviewed by Chevron's representatives in this litigation, including its attorneys, in accordance with the terms of this Protective Order, but will not be used for any purpose other than this litigation and will not be disclosed to any third party or the general public. As used in this Protective Order, "confidential business information" means OMM attorney fees or billing rates and similar information contained in the contracts for legal services between OMM and the Government and related documents, including, but not limited to, contract modifications, invoices, and in other documents that transmit and/or contain such information. Any documents that contain such confidential business information will be marked by defendant with the word "CONFIDENTIAL" at the top or bottom of each page of the document that contains information; provided however that documents produced electronically may be marked confidential by affixing a label bearing the word "CONFIDENTIAL" to the outside of the media (*e.g.,* a CD-ROM) on which the confidential business information is contained.

2. Department of Justice attorneys and their agents, including litigation consultant Navigant Consulting, Inc. and litigation support contractor, CACI, Inc.; DOE attorneys and their agents; and other Government employees may have unrestricted access to all documents that contain confidential business information.

3. Documents produced by defendant that contain confidential business information as designated pursuant to paragraph 1 above, will include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writings filed with the court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (d) deposition testimony; and (e) testimony taken at a hearing or other proceeding.

4. Notwithstanding any other provision of this Protective Order, nothing herein will prohibit counsel for either party from disclosing a document containing OMM confidential business information to any person who was an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to the Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion will not constitute a disclosure prohibited by the terms of this Protective Order.

5. All information and documents containing OMM confidential business information that are filed with the court will be filed and kept by the court under seal and will be made available only to the court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes any confidential business information will file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend "CONFIDENTIAL", and a statement which provides in substance: "Subject to a protective order of this court. This should not be opened or disclosed, revealed, or made public except by order of the court." At the conclusion of this lawsuit, all materials filed with the court under seal will be kept under seal or will be returned to defendant as provided in Paragraph 8 below.

6. No person may disclose, in public or private, any information or documents designated confidential except as provided in this Protective Order; but nothing herein will affect the right of OMM to disclose to any person information or documents containing OMM confidential business information. Such disclosure will not waive the protections of this Protective Order and will not entitle any party or its attorneys to disclose such information or documents in violation of the Protective Order.

7. The Protective Order will not preclude OMM from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as OMM may consider appropriate. Nor will either party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. Neither party will be obligated to challenge the propriety of any confidentiality designation, and failure to do so will not preclude a subsequent attack on the propriety of such designation. OMM shall be afforded notice and an opportunity to be heard with respect to a challenge by any party to the designation of any documents or other record of information as containing confidential business information.

8. Upon final determination of this lawsuit, unless otherwise agreed to in writing by defendant, Chevron will assemble and return all designated material, including all copies, extracts, and summaries thereof, to defendant, except that any documents or copies which contain or constitute an attorney's work product will be destroyed rather than returned.

9. Chevron will use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this lawsuit and for no other purpose, unless and until this Protective Order is modified by further order of this court after notice to OMM and an opportunity to be heard.

10. No part of the restrictions imposed by this Protective Order may be terminated, except by order of this court for good cause shown after notice to OMM and opportunity to be heard. Determination of this civil lawsuit will not automatically terminate the directives of this Protective Order.

11. The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not business confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure. OMM shall be afforded notice and an opportunity to be heard before the court modifies the Protective Order or finds that a document does not contain confidential business information.

**IT IS SO ORDERED.**

s/**Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**