IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION
CONTAINED IN DOCUMENTS RELATING TO SI INTERNATIONAL, INC.

Pursuant to RCFC 26(c)(1),[1] defendant, the United States, respectfully requests that the Court adopt the Protective Order appended to this motion. Plaintiff, Chevron U.S.A., Inc. (Chevron), has served defendant with discovery requests that, among other things, request production of documents which contain business information deemed confidential and/or proprietary by the consulting firm SI International, Inc. (SI International), which provided consulting services to the Department of Energy (DOE) in connection with the divestment of DOE's interest in Naval Petroleum Reserve-1 (also referred to as the Elk Hills Field), an oil-and-gas unit located near Bakersfield, California, including equity finalization proceedings between Chevron and DOE. The attached Protective Order, which would govern Chevron's review of such documents, is intended to permit representatives of Chevron access to confidential business information, as defined in the Protective Order and identified by defendant, but would prohibit Chevron from using such

---

1 Rule 26(c)(1) provides that, "[u]pon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect the party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . ."

information for any purpose other than the above-captioned litigation and from disclosing such information to third parties or the general public.

Counsel for Chevron and defendant have conferred about the language of the Protective Order and Chevron agrees to the terms of the Order. Defendant's counsel provided a copy of the proposed Protective Order to James E. Daniel, Vice President and General Counsel, SI International, and he advised defendant's counsel that the Protective Order is acceptable to SI International.

## CONCLUSION

For the foregoing reasons, defendant's motion for a protective order should be granted and the Court should adopt the attached Protective Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

FEBRUARY 8, 2007

CERTIFICATE OF FILING

I hereby certify that on this 8th day of FEBRUARY, 2007, a copy of the foregoing DEFENDANT'S MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION CONTAINED IN DOCUMENTS RELATING TO SI INTERNATIONAL, INC., was sent by overnight mail to:

JAMES E. DANIEL
Vice President and General Counsel
SI International, Inc.
12012 Sunset Hills Road
Reston, VA 20190

In addition, I certify that a copy of the foregoing motion was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske