**Electronically Filed on March 15, 2007**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04cv1365 |
| vs. | ) | |
| | ) | Judge Susan G. Braden |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CHEVRON U.S.A. INC.'S MOTION TO COMPEL**

Plaintiff Chevron U.S.A. Inc. ("Chevron") respectfully moves this Court, pursuant to Fed. R. Civ. P. 7(b) and R.C.F.C. 7(b), to compel the production of four categories documents, as described below, of the documents identified in the Government's 291-page privilege log dated February 16, 2007, as supplemented on March 1, 2007. The Government contends that the deliberative process, work product, and attorney-client privileges shield each of the more than 5,000 withheld documents from disclosure. Many of the documents identified on the Government's privilege log, however, themselves embody the very *ex parte* communications that lie at the heart of Chevron's claims of breach of contract and breach of the implied duty of good faith and fair dealing by the United States Department of Energy ("DOE"). And DOE's ongoing and willful breaches of its agreements with Chevron, as reflected in the withheld documents coupled with the evidence already at hand, establish serious misconduct by the Government sufficient to overcome each of the privileges the Government asserts.

Accordingly, Chevron respectfully requests that the Court order the Government to produce all withheld documents that fall within four categories of materials that go to the heart of Chevron's claims against the Government: (1) information that evidences or describes *ex parte*

communications between DOE Deputy General Counsel for Technology Transfer and Procurement Mary Egger and her staff or other members of the DOE equity/advocacy team on the one hand and the Assistant Secretary for Fossil Energy ("ASFE") or the ASFE's staff on the other hand; (2) information that evidences or describes *ex parte* communications between Ms. Egger and her staff or other DOE personnel on the one hand and the Independent Petroleum Engineer ("IPE") or the IPE's staff on the other hand, (3) information that reflects improper *ex parte* input into ASFE or IPE determinations (including drafts of those determinations) from the DOE equity/advocacy team including Ms. Egger and her staff, and (4) drafts of the Equity Process Agreement, the Decoupling Agreement, and the ASFE Protocol and its supplements, which may provide evidence of the parties' understanding and intent in adopting the prohibitions on *ex parte* communications.

The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law and supporting exhibits.

Dated: March 15, 2007

Respectfully submitted,

/s/ Lawrence D. Rosenberg

Donald B. Ayer
Lawrence D. Rosenberg
*Counsel of Record*
Louis K. Fisher
Julia C. Ambrose
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel.: 202-879-3939
Fax: 202-626-1700

*Counsel for Chevron U.S.A. Inc.*