# EXHIBIT 2

EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., Plaintiff, | ) | No. 04-1365C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S OBJECTIONS AND RESPONSES
<u>TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Pursuant to RCFC 33, defendant, the United States, submits the following objections and responses to Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories") dated September 22, 2006. Defendant reserves the right to supplement, correct, or clarify its responses to these interrogatories as it continues to investigate and discover the facts in this case.

## GENERAL OBJECTIONS

Defendant incorporates the following general objections into each of its specific responses to Plaintiff's Interrogatories. Defendant objects to each interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or is otherwise exempt from disclosure under applicable law or any other privileges or immunity. The inadvertent disclosure of any privileged information shall not signify any intent by defendant to waive the rights to such privilege.

EXHIBIT 2

INTERROGATORY NO. 8:

Identify all individuals whom you believe represent or represented DOE in its capacity as "Owner," as that term is used in the 1996 Protocol and Supplements, and describe the extent and nature of each individual's representation.

RESPONSE:

A. Proceedings Before The Independent Petroleum Engineer

Wayne Kauffman
DOE Petroleum Engineer (retired)

Involvement: Principal point of contact for DOE EFT; all zones.

Francis Gangle
DOE Petroleum Engineer

Involvement: Principal point of contact for DOE EFT after Kauffman retired; all zones.

Helen Virginia Weyland
DOE Geologist

Involvement: Dry Gas Zone.

Mark Milliken
DOE Geologist (retired)

Involvement: Carneros Zone.

James Gruber
DOE Petroleum Engineer
(beginning approximately May 1999)

Involvement: Shallow Oil Zone.

George McJannet
DOE Geologist (retired)

Involvement: Carneros Zone.

James Murphy
Petroleum Engineer
Securities and Exchange Commission

Involvement: Stevens Zone.

Kenneth L. Schuessler
System Technology Associates/SI Project Manager (left in 2001)

Involvement: All zones.

Alan Burzlaff
Petroleum Engineer
SI International, Inc.

Involvement: All zones.

Kevin E. Beacom
Geologist
System Technology Associates/SI International, Inc.

Involvement: All zones.

Stan Obernyer
Senior Geologist
System Technology Associates/SI International, Inc.

Involvement: All zones.

Andrew L. Prestridge
Principal Engineer
System Technology Associates/SI International, Inc.

Involvement: All zones.

Greg Hueni
Petroleum Engineering Consultant
Malkewicz-Hueni Associates

Involvement: All zones.

B. Proceedings Before The Independent Legal Advisor

Mary H. Egger
DOE Deputy General Counsel for Procurement and Technology Transfer

Gregory B. Thorpe
O'Melveny & Myers

Owen Olpin
Formerly with O'Melveny & Myers

Wayne Kauffman
DOE Petroleum Engineer (retired)

Francis Gangle
DOE Petroleum Engineer

Alan Burzlaff
Petroleum Engineer
SI International, Inc.

INTERROGATORY NO. 15:

Identify all individuals who serve or served as outside or inside legal counsel for any of the groups of individuals identified in Interrogatories 1-14, and describe the extent and nature of each lawyer's responsibilities during the course of that representation, including the group or groups that each lawyer serves or served, and whether or not each lawyer was or is lead counsel for that group or groups.

RESPONSE:

Defendant objects to this interrogatory on the ground that it is unclear to the extent that it requests the defendant to identify individuals "who serve or served as outside or inside counsel" for any of the groups of individuals identified in the responses to interrogatories 1-14, and "whether or not each lawyer was or is lead counsel." It is not clear what the plaintiff means by the terms "outside counsel," "inside counsel," and "lead counsel" in the context of this case, which involves attorneys of an Executive Branch agency and lawyers from a private firm that was hired by DOE to provide legal services relative to the divestment of DOE's interest in the Elk Hills field, including but not limited to equity finalization. Subject to and without waiving that or its general objections, defendant responds to this interrogatory as follows:

Mary H. Egger
DOE Deputy General Counsel, Technology Transfer and Procurement

Responsibilities: In her capacity as a Deputy General Counsel in the DOE Office of the General Counsel, Ms. Egger provided legal guidance and advice on matters relating to the implementation of the requirements established in Title XXXIV of the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106 (1996) ("Act") concerning the sale of the Government's interests in the Elk Hills field and activities related to that objective. More specifically,

Ms. Egger provided legal advice and guidance on various actions related to the implementation of the Act, including structuring of the sale and the negotiations on the sale of the government's interests in Elk Hills to Occidental Petroleum; selection of an IPE as well as other contractors required by the Act or determined to be necessary by DOE; negotiations with the State of California regarding the Elk Hills School Lands Settlement Agreement and financial considerations and obligations arising out of the Act; and meetings and negotiations with Chevron on the implementation of the Act, including various protocols or agreements establishing procedures relating to the finalization of equity interests. Ms. Egger also represented DOE's interests in resolving legal questions the owners submitted to the ILA for resolution and providing legal guidance and advice to ASFEs in their capacity as decision makers regarding the finalization of equity interests. Ms. Egger also provided legal advice and guidance in formulating the agency's position in responding to Chevron's challenges to the ASFE's decisions in proceedings before the OHA.

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Responsibilities: In her capacity as an attorney in the Office of the Assistant General Counsel for Procurement and Financial Assistance, Ms. Cadieux provided legal advice and guidance to ASFEs, the Principal Deputy Assistant Secretary for Fossil Energy ("PDASFE"), and the Headquarters Equity Advisory Team concerning final IPE recommendations that were considered by the ASFE. This legal work included drafting assistance for some of the ASFE and PDASFE equity decisions.

Beth Ann Kelly
DOE Attorney Advisor

Responsibilities: In her capacity as an attorney in the office of the Assistant General Counsel for Procurement and Financial Assistance, Ms. Kelly provided legal guidance and advice on procurement actions related to the issuance and implementation of the contracts that were awarded to the IPE.

Ms. Kelly was also the representative from the Office of the Assistant General Counsel for Procurement and Financial Assistance for all Freedom of Information Act ("FOIA") requests concerning Elk Hills. In that capacity, she collected and reviewed documents for potential release under the requirements of FOIA.

Ms. Kelly was also a representative of the Office of the Assistant General Counsel for Procurement and Financial Assistance on the Owners Issues Group ("OIG"). In that capacity, she attended OIG sessions held in Washington, D.C. and prepared the official minutes of those meetings.

O'Melveny & Myers, LLP

Gregory B. Thorpe
Steven Soule
Lydia S. Chan
Charles Read
Arthur B. Culvahouse, Jr.
Elisabeth Wing Stone

Former O'Melveny & Myers Attorneys

Owen Olpin
Christine H. Suh
Stephanie Walter
Molly White
Cheryl Mason

Responsibilities: O'Melveny & Myers provided a variety of legal services to DOE to assist DOE in implementing the 1996 legislation's requirement relating to the sale of the Government's interest in the Elk Hills field and related matters, including but not limited to equity finalization. These services included formulation of the sales structure and drafting of related documents and providing legal advice and guidance to the DOE EFT, including assistance in the preparation and presentation of the DOE EFT's positions to the ILA and to the ASFE on final IPE recommendations, as well as to the OHA on matters appealed by Chevron. O'Melveny & Myers also provided legal support and guidance on the Decoupling Agreement, the Equity Process Agreement, and the Protocol and related Supplements concerning the equity finalization implementation process for the Elk Hills field.

INTERROGATORY NO. 17:

Identify all individuals who were in any way involved in drafting, providing input for, or communicating concerning the following:

(a) Preliminary and Final Decisions for the Dry Gas Zone (September 1997 and May 1998);

(b) Preliminary and Final Decisions for the Carneros Zone (November 1997 and May 1998);

(c) Preliminary Decision for the Shallow Oil Zone (March 1997);

(d) Preliminary and Final Decisions for the Stevens Zone (November 2001 and June 2002);

(e) Preliminary Decision for the Stevens Zone following remand (May 2006);

(f) Decision Regarding Dispute Over Data Submitted In Connection With The Equity Finalization Implementation Process For The Stevens Zone (September 1999);

and identify the decision in which each individual participated and the extent and nature of each individual's involvement. The response need not include those individuals who were involved solely through communications in which a Chevron employee or representative participated or was copied.

RESPONSE: Defendant objects to this interrogatory as vague and ambiguous insofar as it requests defendant to identify individuals "involved in any way" with "communicating concerning" the listed decisions. Subject to and without waiving that or its general objections, defendant responds to this interrogatory as follows:

(a) Preliminary Decision for the Dry Gas Zone

Drafting

Patricia Godley (decision maker)
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Providing Input For

Patricia Godley
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Arnold Smits
DOE Petroleum Engineer

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(b) Final Decision for the Dry Gas Zone

Drafting

Patricia Godley (decision maker)
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Provding Input For

Patricia Godley
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Arnold Smits
DOE Petroleum Engineer

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(c) Preliminary Decision for the Carneros Zone

Drafting

Patricia Godley (decision maker)
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Providing Input For

Patricia Godley
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Arnold Smits
DOE Petroleum Engineer

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(d) Final Decision for the Carneros Zone

Drafting

Patricia Godley (decision maker)
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Providing Input For

Patricia Godley
Former ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Louis Capitanio
DOE Petroleum Engineer

Arnold Smits
DOE Petroleum Engineer

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(e) Preliminary Decision for the Shallow Oil Zone (March 1997)

Subpart (c) of Interrogatory No. 17 asks that the Government "[i]dentify all individuals who were in any way involved in the drafting, providing input for, or communicating concerning" the "Preliminary Decision for the Shallow Oil Zone (March 1997)." The information sought by this interrogatory is beyond the scope of discovery permitted by Rule 26(b)(1) for the reasons stated herein.

Chevron's complaint contains two causes of action. The first cause of action alleges that "during the Dry Gas Zone proceedings, the Carneros Zone proceedings, and the Stevens Zone proceedings, DOE's Deputy General Counsel for Technology Transfer and Procurement [Mary H. Egger], and others acting with or under her direction, engaged in contractually prohibited communications, serving both as attorney for the DOE equity team and as an advisor to the [ASFE] decision maker," that "the [ASFE] also engaged in contractually prohibited communications with the Independent Petroleum Engineer [IPE]," that "the [ASFE] also engaged in contractually prohibited communications with engineers on DOE's equity team," and that "DOE's actions constitute a breach of the Equity Process Agreement and, in turn, the parties' two-part May 19, 1997 agreement."[3] Compl. ¶¶ 60-63. For its second cause of action, Chevron alleges that the same conduct breached the implied covenant of good faith and fair dealing contained in "the parties' two-part May 19, 1997 agreement." Compl. ¶¶ 68, 69.

The March 1997 ASFE Preliminary Decision concerning the equity redetermination for the Shallow Oil Zone (SOZ) was issued prior to the Equity Process Agreement and the Decoupling Agreement, which were executed on May 19, 1997. The Equity Process Agreement, moreover, provides that, "[u]pon the execution of the Decoupling Agreement, the ASFE will withdraw the Preliminary SOZ Redetermination Decision dated March 28, 1997"[4] and that "[n]either DOE nor Chevron, or their representatives, will use, cite or reference . . . the Preliminary SOZ Redetermination Decision . . . in any administrative or legal proceedings on any subject what-

---

[3] The complaint alleges that the "two-part May 19, 1997 agreement" consists of the Equity Process Agreement and the Decoupling Agreement. Compl. ¶¶ 24.

[4] In accordance with the Equity Process Agreement, the ASFE withdrew the Preliminary SOZ Redetermination Decision on May 22, 1997.

soever, or in the SOZ equity finalization process described herein." Equity Process Agreement, §§ A.4, A.5. Therefore, the conduct of DOE officials, including the ASFE and DOE attorneys, with respect to the ASFE's March 1997 SOZ Preliminary Decision could not have violated the Equity Process Agreement. Chevron does not allege otherwise.

Chevron's justification for this request is that the March 1997 ASFE SOZ Preliminary Decision is "specifically referenced" in the Equity Process Agreement. See Chevron's October 11th letter. In its January 29th letter, Chevron states that the March 1997 decision "is relevant to the context and course of dealings of the parties" in negotiating the Equity Process and Decoupling Agreements. Defendant disagrees that the mere reference to the March 1997 SOZ Preliminary Decision in the Equity Process Agreement is not a sufficient reason, under RCFC 26(b)(1), for Chevron to obtain discovery regarding that decision, including the process by which the decision was generated. Moreover it is unclear how drafts of an ASFE decision illustrate a "course of dealing" with regards to *negotiations* for the Equity Process Agreement, or, more importantly, how such draft decisions are relevant to Chevron's allegations of a breach of the prohibition against *ex parte* communications in the Equity Process Agreement. Chevron must demonstrate that the discovery that it seeks concerning the March 1997 SOZ Preliminary Decision is relevant to its *claims*, which, for the reasons stated above, it cannot do.

(f) Preliminary Decision for the Stevens Zone

Drafting

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Providing Input For

Robert Kripowicz (decision maker)
Former Principal Deputy Assistant Secretary for Fossil Energy

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(g) Final Decision for the Stevens Zone

Drafting

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Providing Input For

Robert Kripowicz (decision maker)
Former Principal Deputy Assistant Secretary for Fossil Energy

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(h) Preliminary Decision for the Stevens Zone upon Remand by OHA

Drafting

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Providing Input For

Jeffrey Jarrett (decision maker)
ASFE

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

(i) Decision Regarding Dispute Over Data Submitted In Connection With The Equity Finalization Implementation Process For The Stevens Zone

Drafting

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

Providing Input For

Robert Kripowicz (decision maker)
Former Principal Deputy Assistant Secretary for Fossil Energy

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Mary H. Egger
DOE Deputy General Counsel for Procurement and Technology Transfer

Communicating Concerning and Nature and Extent of Involvement

Insofar as Interrogatory No. 17 requests that defendant describe the communications concerning as well as the extent, nature, and involvement of all individuals identified by defendant above in its response to this interrogatory, Chevron may derive or ascertain the requested information from records that defendant produced for Chevron (in response to "Plaintiff's First Request for Production of Documents") in an electronic format with search capability as readily as defendant can derive or ascertain such information from those records. See RCFC 33(d).

INTERROGATORY NO. 20:

Identify all DOE employees, officials, attorneys, or representatives with whom members of the DOE "field equity technical team," the DOE "equity team," or the DOE "equity finalization team," as identified above, communicated concerning the Elk Hills Equity Redetermination and/or Finalization Process, and describe the extent, nature, and participants in each such communication. The response need not include those individuals who were involved solely in communications in which a Chevron employee or representative participated or was copied.

RESPONSE:

Wayne Kauffman and Francis Gangle

Apart from communications between and among themselves and other members of the DOE EFT, Mr. Kauffman and Mr. Gangle would have had contacts with one or more of the following "DOE employees, officials, attorneys, or representatives:"

Mary H. Egger
DOE Deputy General Counsel for Technology Transfer and Procurement

Gregory B. Thorpe
O'Melveny & Myers

Gary Latham, Ph.D.
DOE Geophysicist

Arnold Smits
DOE Petroleum Engineer

Louis Capitanio
DOE Petroleum Engineer

Insofar as this interrogatory requests that defendant describe the extent, nature, and participants in each communication between Mr. Kauffman and Mr. Gangle and any DOE employees, officials, attorneys, or representatives concerning the Elk Hills Equity Redetermination and/or

Finalization Process, Chevron may derive or ascertain that information from records that defendant has produced for Chevron (in response to "Plaintiff's First Request for Production of Documents") in an electronic format with search capability. Chevron may derive or ascertain such information from those records as readily as can defendant. See RCFC 33(d).

Alan Burzlaff

Mr. Burzlaff's record of his contacts is attached hereto at Tab B.

Insofar as this interrogatory requests that defendant describe the extent, nature, and participants in each communication between Mr. Burzlaff and one or more "DOE employees, officials, attorneys, or representatives" concerning the Elk Hills Equity Redetermination and/or Finalization Process, Chevron may derive or ascertain that information from records that defendant has produced for Chevron (in response to "Plaintiff's First Request for Production of Documents") in an electronic format with search capability. Chevron may derive or ascertain such information from those records as readily as can defendant. See RCFC 33(d).

Helen Virginia Weyland, Mark Milliken, James Gruber,
George McJannet, James Murphy, Kenneth L. Schuessler,
Kevin E. Beacom, and Greg Hueni

Apart from communications between and among themselves or situations in which they may have been in attendance at presentations made to or by the Independent Petroleum Engineer or in teleconference calls with the ASFE's Headquarters Advisory team, situations where both Chevron's and DOE's Equity Finalization Teams were also present or participated along with Chevron's EFT and Mr. Kauffman, Mr. Gangle and Mr. Burzlaff, the above-persons would not have had contacts with any "DOE employees, officials, attorneys, or representatives" concerning the "Elk Hills Equity Redetermination and/or Finalization Process."

EXHIBIT 2

Stan Obernyer and Andrew L. Prestridge

Defendants lack sufficient knowledge or information to respond to this interrogatory with respect to Mr. Obernyer and Mr. Prestridge. Investigation continues.