# EXHIBIT 1

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-7622
ldrosenberg@jonesday.com

December 6, 2006

VIA FACSIMILE AND FIRST-CLASS MAIL

John E. Kosloske, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 12052
Washington, DC 20005

Re: *Chevron U.S.A. Inc. v. United States*, No. 04-1365C (Fed. Cl.)

Dear John:

I write to follow up on our conversations from earlier this week and from last week and to respond to your letter of December 4, 2006, with respect to production of expert reports.

To begin with, I want to reiterate our concern that we proceed in as expeditious a manner as possible to complete discovery so that we can proceed to trial as scheduled, beginning on April 30, 2006. As you know, the trial schedule was the result of significant discussions and compromise involving the parties and the Court.

As we discussed last week, in addition to the NSA witnesses that we agree should be deposed, Plaintiff's rough list of likely deponents is as follows:

Mary Egger
Gina Cadieux
Beth Kelly
Gary Latham
Tony Dammer
Arnie Smits
Butch Gangle
Charles Wayne Kauffman
Alan Berzloff, DOE equity team contractor
Pat Godley, former ASFE
Robert Kripowitz, former ASFE
Carl Michael Smith, former acting ASFE
Jeff Jarrett, current ASFE
Robert Nordhaus, former General Counsel, DOE
Lee Liberman Otis, former General Counsel, DOE

Greg Thorpe, outside counsel for DOE
Edward Renwick, former Independent Legal Advisor
Kenneth Roberts, former Independent Legal Advisor

Of course this list may change, depending on the outcome of discovery. We do anticipate that several of the depositions of these individuals could be completed in half a day.

Moreover, as we have also discussed, given the progress of discovery and all that remains to be completed, we propose amending the pretrial schedule in the following ways (some of which are a bit different from what we proposed last week):

| | |
|---|---|
| Close of fact discovery – | Change from February 16 to March 16 |
| Expert reports – | Change from December 15 to January 5 |
| Rebuttal reports – | Change from January 26 to February 16 |
| Expert deposition deadline – | Change from February 16 to March 16 |
| Meeting of Counsel – | Change from February 23 to March 21 |
| Dispositive Motion deadline – | Change from February 23 to March 21 |
| Pretrial submission deadline – | Change from March 30 to April 16 |
| Pretrial responses – | Change from April 10 to April 23 |
| Pretrial conference – | Change from April 24 to April 26 |

With respect to the expert reports, there are two reasons why we would like to move the deadline to January 5 for the experts' preliminary reports. First, both Professor Hazard and Professor Breger have expressed a desire to see any relevant documents produced by the defendant in discovery and will not have a meaningful opportunity to examine such documents by the current deadline. While both experts will, in part, be basing their opinions on the allegations contained in plaintiff's complaint, they also would like to consider any evidence relevant to those allegations as part of their analyses. Second, both have scheduling issues (including out-of-town commitments over the next few weeks) that would make it very difficult to complete their preliminary reports by December 15. In light of this information, please let me know if you will object to moving the deadline for the experts' preliminary reports to January 5, 2007.

Finally, as we have also discussed, we would like to attempt to streamline the process for resolving possible privilege issues. As I noted, we are primarily concerned with the possibility

that the Government will attempt to assert privilege to withhold production of four categories of information that we believe implicate the core issues in this suit: (1) information such as drafts and comments that reflect input from members of the DOE equity team, including attorneys such as Mary Egger and her subordinates, into the preliminary and final ASFE decisions that have been issued as part of the equity finalization process; (2) communications and related information that evidence or describe ex parte communications between the ASFE and members of the DOE equity team, including attorneys such as Mary Egger; (3) communications and related information that evidence or describe ex parte communications between or among the ASFE, the DOE equity team, including attorneys such as Mary Egger, and Netherland, Sewell, and Associates, Inc.; and (4) information such as internal drafts and comments that reflect the parties' understanding and intent regarding the prohibitions on ex parte communications contained in the Equity Process Agreement, the 1996 Protocols and related documents.

While we appreciate your position that your privilege designations and decisions are based on document-by-document analyses, we believe that the discovery process could be aided by disclosure of whether the Government intends to invoke privilege with respect to materials containing any or all of these four categories of information. If so, we believe that it would be expeditious to set up a briefing schedule now to resolve such assertions of privilege. Of course, we are amenable to devising such a schedule with due regard for the equally urgent task of completing the Government's document review and production in response to Chevron's discovery requests. Please let me know as soon as possible if the Government intends to invoke privilege as described above.

Sincerely,

Lawrence D. Rosenberg

Lawrence D. Rosenberg

# EXHIBIT 2

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 04-1365C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Live Tape

(The following transcript was transcribed from digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on April 16, 2007.)

Pages: 1 through 16

Place: Washington, D.C.

Date: March 12, 2007

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHEVRON USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 04-1365C |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Live Tape

(The following transcript was transcribed from digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on April 16, 2007.)

BEFORE: HONORABLE SUSAN G. BRADEN
Judge

APPEARANCES: (via telephone)

For the Plaintiff:

LAWRENCE ROSENBERG, Esquire
DONALD AYER, Esquire
LEWIS FISHER, Esquire
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-5442

For the Defendant:

JOHN EDGAR KOSLOSKE, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., #11052
Washington, D.C. 20530

almost nothing that the government could come up with that would justify withholding it in the face of that.

And again, there may be a couple of documents here or there where the government has a particularly strong interest. We don't know, because we don't know what the documents say. And the proposal that we make would certainly allow the government the opportunity to discuss those kinds of documents.

But we're just trying to figure out a way that makes sense, that gets this process moving, and that doesn't burden the Court with having to read through 4,000 documents.

THE COURT: Yes. Well, let's see what the government suggests. I mean, what do you want them to do, other than just file a motion right now?

MR. KOSLOSKE: That's it, Your Honor. File a motion. And until we have the motion and read it, and see exactly what they're saying, I mean, we can't really -- it's very difficult to respond to.

THE COURT: Yes. Well, I'm not comfortable doing, I mean, I don't know what a preemptive ruling would be. I mean, I've never experienced that.

MR. ROSENBERG: Yes, I mean, what the position is it would just be a presumptive ruling. It