IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO VACATE THE TRIAL SCHEDULE

Defendant, the United States, pursuant to the Court's request that the parties consider a revised trial date in light of the Court's conflict with the currently scheduled trial dates during the first two weeks of October, 2007, respectfully moves to vacate the February 5, 2007 Pretrial and Trial Schedule. The current schedule, even before considering the Court's October conflict, appears untenable in light of recent developments in this matter during discovery.[1]

I. Current Status Of This Litigation

As of February 16, 2007, the Government had provided plaintiff's counsel with 17,313 documents identified as responsive to plaintiff's document requests and not protected by any applicable privilege. We had also provided Defendant's Privileged Documents Log, identifying 5,086 documents that were either being withheld in their entirety or produced in redacted form,

[1] During a conference call with the parties on April 20, 2007, the Court indicated that it had a commitment during the first week of October of which it was previously unaware, and requested that the parties confer on a revised trial date. Pursuant to the Court's request, we prepared a revised schedule and provided it to Chevron. After conferring with Chevron's counsel, we were prepared to file that new schedule until last week's phone conferences with the Court, which revealed that the proposed revised dates, including a trial from October 29-November 9, 2007, are also untenable in light of the ongoing discovery dispute.

based upon either the attorney-client, work-product, or deliberative-process privileges.[2]

In response to the Government's discovery responses and document production, on March 15, 2007, Chevron filed a Motion to Compel the production of those documents identified on the Government's Privileged Documents Log. Chevron's motion argued that those documents should be produced based upon a "government misconduct" exception to the asserted privileges. See Pl.'s Mem. In Support of Motion to Compel, p. 3-4. The basis for Chevron's "misconduct" characterization is certain communications by Mary Egger, the Department of Energy's ("DOE") Deputy General Counsel for Technology Transfer and Procurement, that Chevron believes violate paragraph B.4 of the Equity Process Agreement, which prohibits *ex parte* consultations by DOE's Assistant Secretary for Fossil Energy ("ASFE") with either the DOE field equity technical team or Chevron's equity team concerning equity redetermination-related matters. See id. at 5 (citing paragraph B.4 of the Equity Process Agreement). Chevron's argument in its Motion to Compel, however, presupposes the answer to an important threshold issue in this matter that the Court has not yet decided: whether the prohibition against *ex parte* communications in paragraph B.4 of the Equity Process Agreement applies to attorneys such as Ms. Egger. Absent such a finding, Chevron's "government misconduct" claims are without basis.

Since the completion of briefing on Chevron's Motion to Compel, the Court has embarked upon an *in camera* review of those documents that the Government has tentatively

[2] The Government made two additional document and privilege log productions to Chevron on March 1 and March 23, 2007, turning over an additional 94 documents and identifying an additional 170 documents as protected by either the attorney-client, work-product, and/or deliberative process privileges.

identified as subject to a claim of deliberative-process privilege.[3] Based upon an April 10, 2007 telephone conference with the parties, the Government's original understanding was that the Court was undertaking a review of those documents merely to make a determination of their relevance to the allegations set forth in Chevron's complaint. In a telephone conference on May 2, 2007, the Court informed the parties that, as part of its review, the Court would also make provisional determinations regarding the merits of the Government's privilege assertions for DOE's benefit in considering whether to formally invoke the deliberative process privilege. The Court confirmed its intentions to proceed in this manner during telephone conferences with the parties on May 9 and 10, 2007.

The Court's *in camera* review is understandably time consuming, not only because of the voluminous documents that need be reviewed, but also because the history of the Elk Hills equity finalization process extends back over ten years and involves a complex list of actors performing a variety of different roles. In light of the amount of time the Court's document review is likely to take, both the pretrial dates[4] and the presently-scheduled trial dates of October 1-12, 2007 are impractical and should be vacated. Given that the trial dates in this matter have already been moved once as a result of discovery complications and were in the process of being changed again, it is apparent that only after the Court's completion of its document review and a

---

[3] On April 23, 2007, the Government delivered to the Court for its *in camera* review the last of approximately 1200 documents which have tentatively been identified as subject to the deliberative-process privilege.

[4] Under the current schedule, fact discovery is set to close on June 29, 2007. Chevron has indicated, understandably, that it does not wish to begin its depositions of the Government's witnesses until the current privilege dispute is resolved. As of yet, except for the third-party depositions of the Independent Petroleum Engineer, no depositions related to the equity finalization process have been taken by either party.

resolution of the underlying discovery dispute will the parties be able to enter into a more manageable schedule that will likely need no further modification.

II. The Government's Intended Course of Proceeding

Accordingly, notwithstanding the Court's continuing *in camera* document review and the depositions that we will take of Chevron current and former employees through the month of June, the Government anticipates filing a motion pursuant to Rule 56 of the Court of Federal Claims ("RCFC") in the next few weeks addressing a number of issues, including the significant contract interpretation issue raised by Chevron in its Motion to Compel: whether Paragraph B.4 of the Equity Process Agreement applies to attorneys such as Ms. Egger. All of the issues the Government intends to raise are amenable to a resolution by dispositive motion. The Court's ruling on some or all of those issues will serve to significantly narrow the scope of this litigation as well as potentially allow for an expedited pretrial and trial schedule.

Moreover, the Court's assumption of the burden of both a relevance review as well as a preliminary assessment of the Government's privilege assertions is made insurmountably more difficult by the fact that the Court has not had an opportunity to make a ruling upon the question of whether the Equity Process Agreement's restriction on *ex parte* communications applies to the various Government attorneys whose communications appear on a number of the Government's privileged documents. By assessing the appropriateness of the Government's privilege assertions without a threshold legal determination as to the interpretation of the contract, the Court would essentially be making a presumptive ruling in Chevron's favor, which the Court explicitly stated in the May 9, 2007, status conference that it would not do. To avoid this conflicting position in the Court's document review and to facilitate the Court's assessment of the appropriateness of

the Government's privilege assertions, the Court should entertain briefing to resolve the threshold legal issue and, just as importantly, identify the roles of the numerous Government officials and contractors, Chevron employees, and other individuals whose names appear in the documents.

Chevron has represented that it is unable to respond to a rule 56 motion prior to the completion of discovery. RCFC 56(f), however, contemplates such a situation and allows a party that opposes the filing of a summary judgment motion upon the ground that it first requires discovery to file an affidavit identifying "facts essential to justify [its] opposition." See Theisen Vending Co. v. United States, 58 Fed.Cl. 194, 198 (2003) (discussing the requirements of a Rule 56(f) affidavit). Thus, Chevron may oppose our motion in accordance with the rules, and upon the filing of an appropriate affidavit, the Court may either stay proceedings upon the motion or allow limited discovery to accommodate Chevron's identified needs. Given that the parties can likely resolve a significant threshold issue with little or no further discovery, it is in the interest of both the parties and judicial economy to resolve the issues to be raised by the Government as soon as is possible.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court vacate the February 5, 2007 Revised Pretrial and Trial Schedule.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

May 17, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2007, a copy of the foregoing DEFENDANT'S MOTION TO VACATE THE TRIAL SCHEDULE was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel