# In the United States Court of Federal Claims

No. 04-1365C
Filed: May 21, 2007
**TO BE PUBLISHED**

| | | |
|---|---|---|
| CHEVRON U.S.A., INC., Plaintiff, v. THE UNITED STATES, Defendant. | * | Attorney Client Privilege; Attorney-Work Product Privilege; Deliberative Process Privilege. |

**Lawrence D. Rosenburg**, Jones Day, counsel for Plaintiff.

**John E. Kosloske**, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION REGARDING INITIAL DELIBERATIVE PROCESS PRIVILEGE DESIGNATIONS AND OTHER PRIVILEGE DESIGNATIONS

On May 31, 2006, the court issued a Memorandum Opinion and Order denying the Government's Motion to Dismiss the Complaint, which alleged that the Department of Energy ("DOE") breached the terms of a May 19, 1997 Equity Process Agreement to finalize interests in four unitized productive zones within the Elk Hills [Oil] Reserve. *See Chevron U.S.A., Inc*. v. *United States*, 71 Fed. Cl. 236, 253-54, 263-78 (2006). The alleged breach came to the attention of Plaintiff, as a result of January 7, 2003 and February 19, 2004 Freedom of Information Act requests that yielded documents indicating that improper *ex parte* communications appeared to have occurred between the responsible DOE Assistant Secretary and/or staff and engineers on DOE's Equity Team and/or the Independent Petroleum Engineer retained by the DOE to assist in the equity finalization process. The Complaint also asserted a claim for breach of the covenant of good faith and fair dealing. *Id*. at 255.

On August 22, 2006, a Scheduling Order was entered. Discovery ensued. On September 22, 2006, Plaintiff filed a First Request for Production of Documents and First Set of Interrogatories. On February 16, 2007, the Government filed Objections to Plaintiff's discovery requests, but produced a 291 page Master Log of over 5,000 documents, consisting of approximately 25,000 pages that the Department of Justice ("DOJ") and DOE staff attorneys designated as arguably subject to

the deliberative process, work product, and/or attorney-client privileges.

On March 12, 2007, the court convened a telephone conference in response to Plaintiff's concerns about the extent of the Government's privilege designations. *See* (3/12/07 TR at 2-4).

At the Government's request, Plaintiff subsequently filed a Motion to Compel ("Pl. Mot. to Compel"). Therein, Plaintiff argued that the court did not need to conduct an *in camera* review, but "presumptively" should order disclosure of four categories of documents:

1) Information that evidences or describes *ex parte* communications between Ms. Egger and her staff or other members of the DOE equity/advocacy team on the one hand and the ASFE or the ASFE's staff on the other hand;

2) Information that evidences or describes *ex parte* communication between Ms. Egger and her staff or other DOE personnel on the one hand and the IPE or the IPE's staff on the other hand;

3) Information that reflects improper *ex parte* input into ASFE or IPE determinations (including drafts of those determinations) from the DOE equity/advocacy team including Ms. Egger and her staff; and

4) Drafts of the Equity Process Agreement, the Coupling Agreement, and the ASFE Protocol and its supplements, to ascertain the parties understanding and interest in prohibiting *ex parte* communications between the equity process.

*See* Pl. Mot. to Compel at 3; *see also* Pl. Reply at 26-28.

On April 5, 2007, the Government filed an Opposition to Plaintiff's Motion to Compel ("Gov't Opp."), insisting that "[t]he customary and appropriate method of proceeding is an *in camera* review by the Court of the documents on the Government's privilege log[.]" Gov't Opp. at 50 (citing *Marriott Int'l Resorts, L.P.* v. *United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006)).

On April 10, 2007, another telephone conference of the parties was convened, where the court requested that the Government attempt to create three logs, segregated by the privilege asserted. *See* 5/16/07 TR at 20-22. In addition, the court suggested a procedure to reduce the number of documents that the Secretary of Energy's designee would have to review before filing a Declaration, by having the court make an initial assessment, without having the privilege waived. *Id*. at 25-26, 29.

On April 17, 2007, at the court's request, the Government filed three indexes, segregated by the privilege asserted. On that date and thereafter, the Government provided the court and Plaintiff with 1,137 folders containing documents identified by DOJ and DOE staff lawyers that arguably are subject to the deliberative process privilege and, in some instances also subject to the work product

and/or attorney-client privileges. Subsequently, an additional 141 folders of documents were produced.

On April 23, 2007, Plaintiff filed a Reply to the Government's April 5, 2007 Opposition.

On May 2, 2007, the court convened a telephone conference with the parties. On May 8, 2007, Plaintiff provided the court with an initial list of 110 folders that the court was requested to review first.

The court has completed a review and assessment of folders 57, 124, 130, 132, 144, 154, 159, 161, 167, 169, 178, 191, 210, 225, 239, 240, 242, 243, 253, 255, 261, 264, 265, 268, and 270, pursuant to the legal standards discussed at length in *Deseret Mgmt. Corp* v. *United States*, __ Fed. Cl. __, 2007 WL 968136 at 8-11 (Fed. Cl. March 29, 2007) *i.e.*, any document for which the deliberative process privilege is asserted must be both "pre-decisional" and "deliberative." The court's assessment is set forth in Court Appendix No. 1, which will be placed under seal.[1] After considering the court's assessment, if DOE issues a Declaration and DOJ decides formally to assert privilege, the court will proceed to balance the interests of the parties, including whether, Plaintiff has satisfied a "compelling need [that] can overcome the qualified deliberative process privilege." *Marriott*, 437 F.3d at 1307. Where the court has indicated that it will proceed to conduct a balancing of the parties' interests, if the deliberative process privilege formally is invoked, the court also has determined that the document is relevant.

As for documents that also were asserted to be subject to the work product and/or attorney-client privileges, the court's Appendix provides an assessment, pursuant to applicable legal standards. *See Deseret Mgmt*. at 4-6. (discussing attorney-client privilege); *see also id*. at 6-8 (discussing work product privilege). If the Government decides not to produce those documents, the court will issue an Order, after the parties provide any response or briefing deemed necessary. Where the court has indicated that the document is not privileged and should be produced, the court also has determined that the document is relevant.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**

---

[1] As the court's review and assessment continues, subsequent Appendices will be issued on a rolling basis, to facilitate DOE's decision to produce or execute a Declaration, requesting the approval of the Deputy Assistant Attorney General for Commercial Litigation to invoke the deliberative process privilege.