IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT OF RESPONSE
TO THE COURT'S MAY 21, 2007 FILINGS

Defendant, the United States, respectfully submits this status report in response to the Court's May 21, 2007 "Memorandum Opinion Regarding Initial Deliberative Process Privilege Designations and Other Privilege Designations - With Court Appendix No. 1" and "Court Appendix No. 1 Regarding Initial Deliberative Process Privilege and Other Privilege Designations" (collectively, "May 21, 2007 Filings"). Defendant files this response to inform the Court of our intended course of proceeding to respond to the Court's issuance of preliminary assessments of the Government's privilege assertions as it continues its *in camera* review of our documents.

Upon receipt of the Court's opinion and Appendix No. 1, we forwarded the Court's preliminary assessment of the Government's privilege assertions for 24 documents that have been tentatively identified as deliberative process privileged[1/] to the Department of Energy ("DOE") to begin a new review of the documents. In its Initial Deliberative Process Opinion, the Court states that it will issue subsequent appendices containing its preliminary assessment of the Government's privilege assertions for additional documents that have been withheld on

---

[1] For some of those 24 documents, the Government has also invoked the attorney-client and/or work-product privileges.

a "rolling" basis. Accordingly, the Government will conduct its own "rolling" review of those documents in light of the Court's preliminary recommendations to determine whether to maintain our original deliberative process privilege assertion (or any other applicable privilege asserted for each document) or to withdraw the privilege and release those documents to plaintiff's counsel. The Government's proposed course of proceeding will allow for the expeditious resolution of this ongoing privileged documents dispute and is set forth as follows:

1. Upon the filing of an appendix containing its assessments of documents for which it has completed its *in camera* review, the Department of Justice ("DOJ") will immediately forward that appendix to DOE. Within a reasonable period of time, DOE will review those documents for which the Court has provided its assessments and inform DOJ whether DOE agrees with the Court's initial determinations.

2. Where DOE agrees with the Court's determination that a document is not subject to any applicable privilege and the document relates to communications exclusively amongst DOE officials, DOJ will withdraw the privilege claims and produce that document to plaintiff's counsel.

3. Where DOE agrees with the Court's determination that a document is not subject to any applicable privilege and the document relates to a communication between DOE and DOJ or any other federal agency, DOJ will determine whether to maintain the Government's privilege assertion or withdraw the privilege claims and produce that document to plaintiff's counsel.

4. Where DOE wishes to maintain the privilege assertion despite the Court's initial assessment that a document is not privileged, DOJ will review DOE's basis for its disagreement with the tentative finding and determine whether to continue to maintain the Government's privilege assertion or withdraw the privilege claims and produce that document to plaintiff's counsel.

5. Upon the completion of the Government's internal review of those documents for which the Court has provided its preliminary assessments, DOJ will file with the Court a status report identifying those documents for which the Government is withdrawing the privilege and producing to plaintiff's counsel and those for which it intends to maintain the original

privilege assertions.[2]

Assuming that the number of documents reviewed by the Court in each subsequent appendix is similar to the number reviewed in Appendix No. 1, DOJ anticipates filing a status report, and producing to plaintiff's counsel any documents for which the privilege assertion is withdrawn in approximately 14 days of the filing of each appendix. We intend our internal process to be a reasonable and efficient means of handling this matter on the basis of the Court's "rolling" review.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

May 25, 2007

---

[2] For those documents where it intends to maintain a privilege assertion, upon the overall completion of this process, the Government will provide the Court with the necessary declaration to formally invoke the deliberative process privilege, and briefing in support of its other privilege assertions.