IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO VACATE THE TRIAL SCHEDULE

Defendant, the United States, respectfully files this reply in support of our May 17, 2007 Motion to Vacate the Trial Schedule. In Chevron's Response to Defendant's Motion to Vacate the Trial Schedule ("Response"), it requests that 1) the Court enter a new schedule with trial beginning on October 29, 2007 "at least as a placeholder - until it becomes manifestly plain that the modified schedule is unworkable," Pl.'s Response at 2, and 2) that "the Court refuse to condone the summary judgment motion that the Government proposes." Pl.'s Response at 6. It is already "manifestly plain," however, that Chevron's proposed new schedule is unworkable and a schedule that serves as nothing more than a "placeholder" is unnecessary. As for the Government's proposed motion for summary judgment, it will be uniquely helpful to the Court and the parties to dispose of the threshold issues that will be presented in that motion. Moreover, neither the current trial schedule, Chevron's proposed new schedule, nor Rule 56 of the Court of Federal Claims limits our right to file such a motion at this stage of the litigation.

I. The Trial Schedule

Chevron agrees that the schedule currently in place, which includes October 1, 2007 as the date trial would be begin, "should be modified." Pl.'s Response at 2. The new schedule that

Chevron proposes (attached to Pl.'s Response as Exhibit A), however, is equally unworkable in light of the parties continuing privileged documents dispute in this matter. On May 25, 2007, the Court completed its *in camera* review of 110 documents that the Government had tentatively identified as deliberative process privileged. Pursuant to its Status Report filed with the Court on May 25, 2007, the Government hopes to complete its internal review of those documents in light of the Court's initial assessments in approximately 14 days and notify plaintiff's counsel of those for which we intend to maintain the assertion of the deliberative process privilege by June 8, 2007.[1/] Assuming the parties can complete briefing and argument on those documents for which there is still a dispute on an accelerated schedule, it seems that the earliest the Court would be able to issue an opinion and order with regards to just the deliberative process documents is the end of June.[2/]

Deliberative process documents notwithstanding, Chevron also identified in its response an additional 553 documents designated by the Government as attorney-client and/or work-product protected for which Chevron requests this Court's *in camera* review. The Government is endeavoring to expeditiously prepare those documents for review and intends to have them before the Court as soon as possible, but no later than June 1, 2007. Assuming the Court can complete its *in camera* review of these new documents within three weeks, the Government

[1] The Government, admittedly, had not anticipated the efficiency with which the Court would complete its review of the first set of documents when proposing a 14-day turnaround, but hopes to have its internal review of all those documents for which the Court has provided its assessments completed within two weeks.

[2] The Court has indicated that it would be willing to certify its decision on the deliberative process documents for interlocutory review by the United States Court of Appeals for the Federal Circuit. Should the Government wish to file such an appeal, the trial schedule would certainly be delayed, even if the Federal Circuit ultimately decides not to consider the issue.

would likely need no less than three weeks to complete its subsequent internal review. At best, with the briefing and argument by the parties over those documents that are still in dispute, the earliest it seems that the dispute over the attorney-client and work-product designated documents will be resolved is the end of July.[3/]

Under Chevron's proposed trial schedule, expert discovery is set to close on August 3, 2007, and all discovery is set to close on August 31, 2007.[4/] Assuming that the continuing privileged documents dispute is resolved by the end of July, Chevron's experts will have three days to review any newly-disclosed documents and prepare their reports. Moreover, as we stated in our opening brief, Chevron has stated that it does not wish to take its depositions of current and former government employees and contractors until the current privileged documents dispute is resolved. In a letter dated December 6, 2006, Chevron's counsel identified 16 current and former government employees and contractors that it wished to depose. (A copy of the December 6, 2006 letter from Chevron's counsel to defendant's counsel is attached hereto as Exhibit A). Assuming that Chevron's counsel needs no time to review the documents released pursuant to the resolution of the privilege dispute prior to beginning its depositions, it has 23 business days in August in which to complete its 16 depositions. Regardless of the fact that it is doubtful Chevron would or could accomplish that, the Government simply cannot prepare its witnesses

---

[3] This, of course, does not take into account the fact that the Court has trials in two other cases scheduled for the month of July.

[4] Under the current schedule entered by the Court on February 5, 2007, discovery is set to close on June 29, 2007.

and defend all of those depositions within such a compressed time frame.[5] Moreover, given that Chevron's counsel has indicated that it may need two days for the depositions of Department of Energy employees Mary Egger, Butch Gangle, and Gary Latham, there are even fewer available days in August for the parties to complete all of their remaining depositions (as well as any other discovery that needs be conducted prior to the cutoff). The proposed discovery cutoff, without even considering the rest of the proposed schedule, is untenable.

Thus, it is already clear that, even assuming the underlying privileged documents dispute can be resolved in its entirety by the end of July, Chevron's proposed trial schedule is "plainly unworkable," and entering the schedule simply as a "placeholder" serves no purpose. As such, a more reasonable option at this stage is to refrain from entering any trial schedule until the underlying discovery dispute is completely resolved, after which the parties may agree upon a manageable schedule that likely will need no further modification.

## II. The Government's Proposed Motion for Summary Judgment

Chevron also objects to the Government's proposed summary judgment motion, calling it "improper" and requesting that "the Court refuse to condone [it]." Pl.'s Response at 6. Chevron's objection is surprising because neither the trial schedule currently in place nor the new schedule it seeks to have entered prohibits either party from filing a Rule 56 motion at this stage of the litigation.[6] More importantly, however, before being asked to make any sort of ruling on

---

[5] Given that many of the witnesses that Chevron seeks to depose are former government employees, the Government is unsure that it can even *schedule* 16 depositions over that 23-day period.

[6] Indeed, in conference calls with the parties on May 9 and 10, 2007, the Court indicated that the Government was free to file its summary judgment motion.

the propriety of a motion or a schedule for briefing, the Court should have an opportunity to at least *read* such motion.

Chevron's objection is based in part upon the fact that only limited discovery has been conducted thus far. But as we stated in our opening brief, amongst the legal issues we intend to address is the significant issue that Chevron itself raised in its Motion to Compel: whether the prohibition against *ex parte* communications in paragraph B.4 of the Equity Process Agreement applies to attorneys such as Mary Egger. The applicability of this provision is strictly an issue of contract interpretation for which no further discovery is necessary. Nonetheless, if Chevron believes it is unable to respond to the Government's motion without further discovery, it may file an affidavit pursuant to RCFC 56(f) stating such. And notwithstanding Chevron's accusation that the Government "ignores" a non-binding, six-year old unpublished district court decision "that dispens[es] with the formal requirement[s] of [a rule 56(f) affidavit]," Pl.'s Response at 4, it is well-established in this Court that a party opposing a motion for summary judgment upon the grounds that it needs discovery identify in a rule 56(f) affidavit "facts essential to justify [its] opposition." See Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003) (discussing at length the application of the rule); accord Chevron U.S.A., Inc. v. United States, 72 Fed. Cl. 817, 819 (2006) (adopting five-part test for relief under Rule 56(f) set forth in Theisen Vending); see also Brubaker Amusement Co., Inc. v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002), cert. denied, 538 U.S. 921 (2003) ("A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." (internal quotation marks omitted)).

Chevron's argument that a summary judgment motion on certain issues at this stage of the litigation is "premature" is equally unavailing. The issues the Government intends to raise are threshold issues that could serve to significantly narrow the scope of this litigation by resolving at least one significant issue in this case - the appropriateness of Mary Egger's involvement in the equity finalization process. Indeed, in its May 9, 2007 conference call with the parties, the Court expressed surprise that the Government had not filed a motion addressing the threshold issue involving Mary Egger *sooner*.

Chevron's further argument that the Government's proposed motion is improper because it seeks only to dispose of certain issues in Chevron's complaint is also without merit. See Pl.'s Response at 4-5. RCFC 56(b) specifically allows a for a defending party to move for summary judgment "as to all or any part" of a claim against it. Moreover, the Court of Federal Claims regularly considers and rules upon summary judgment motions that do not address the entirety of a party's claims. See, e.g., Cuyahoga Metropolitan Housing Authority v. United States, 65 Fed. Cl. 534 (2005) (ruling on cross-motions for partial summary judgment with respect to damages issues). The Government's proposed motion, which potentially may dispose of a number of issues and claims in this case and streamline this litigation going forward, is entirely appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

May 30, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO VACATE THE TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel