IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE IN RESPONSE TO MAY 24, 2007 TELEPHONIC CONFERENCE

Defendant, the United States, files this notice in response to the parties' May 24, 2007 telephonic conference with the Court. In that conference, the Court notified the parties as to the status of its *in camera* review of the documents identified by the Government as subject to the deliberative-process privilege and identified by Chevron's counsel as relevant. The Court also noted that one of the Government documents that it had reviewed, bates-numbered CBG011-229, was an email dated May 18, 2005 from Department of Energy ("DOE") employee Gary Latham that referred to documents which had been destroyed. The Court instructed that the Government "provide that data or information to Plaintiff's counsel by June 4 at the close of business."

The May 18, 2005 email refers to DOE administrative and financial records for Naval Petroleum Reserve No. 1 ("Elk Hills") that may have included certain pricing data related to barrels of oil from 1942 through 1998. See Declaration of Francis (Butch) Gangle, ¶5 (attached hereto as Exhibit A). DOE conducted a search for these records in response to a January 2005 decision of DOE's Office of Hearing and Appeals ("OHA"), which remanded a 2002 Principal Deputy Assistant Secretary of Fossil Energy ("PDASFE") final equity decision on the Elk Hills Stevens Zone with instructions that the ASFE use that pricing data when making its equity final-ization decision. See id. at ¶¶3-4. Chevron was similarly engaged in a search for such data after

the 2005 OHA decision. Id. at 4. After its search, DOE determined that all financial and administrative records relating to Elk Hills were destroyed between 2000 and 2002, two years after the sale of the DOE's interest in the field, and prior to the filing of Chevron's lawsuit in 2004. Id. at ¶6. In light of the destruction of those documents, the parties agreed to use alternative sources to derive the necessary pricing data. Id. at ¶9.

Prior to OHA's January 2005 instruction that the PDASFE consider such pricing data, neither that pricing data nor the Elk Hills administrative records were considered related to the equity finalization process. Id. at ¶6. The documents, moreover, are not responsive to any of Chevron's discovery requests. Regardless, because the documents have been destroyed, they are not in the possession, custody, or control of the DOE. Id. at ¶9. The Government, therefore, is unable to provide those documents or data to Chevron's counsel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

June 6, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of JUNE, 2007, a copy of the foregoing "DEFENDANT'S NOTICE IN RESPONSE TO MAY 24, 2007 TELEPHONIC CONFERENCE" and related exhibit were filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel