# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF FRANCIS (BUTCH) GANGLE

1. I am a petroleum engineer with the United States Department of Energy ("DOE"). I have been a member of the DOE Equity Finalization Team ("EFT") since approximately 1996. I became team leader around 2000.

2. Pursuant to the 1996 National Defense Authorization Act, which mandated the sale of Naval Petroleum Reserve No. 1 ("Elk Hills"), the DOE EFT is responsible for preparing and presenting the DOE's equity position to determine Chevron and the United States' equity interests in the known oil and gas zones of Elk Hills. The process for equity finalization of the parties' interest is set forth in the Agreement Regarding Equity Redetermination Process ("Equity Process Agreement"), which was signed by the parties on May 19, 1997.

3. In January 2003, pursuant to the Equity Process Agreement, Chevron appealed the DOE Principal Deputy Assistant Secretary for Fossil Energy's ("PDASFE") June 2002 decision finalizing equity participation percentages in the Stevens Zone, to DOE's Office of Hearings and Appeals ("OHA"). In 2005, OHA remanded that decision to the ASFE, with instructions that the ASFE use pricing data of barrels of oil since 1942 through the termination of the Unit Plan Contract in making its final equity determination.

4. To assist the ASFE in applying OHA's instructions upon remand, DOE and Chevron attempted to locate the pricing data from documents and resources in their possession.

5. I conducted an extensive search for any such documents which might have contained such pricing data, including DOE's old financial and administrative records for Elk Hills.

6. Based upon my search, I determined that documents containing such pricing data were destroyed between 2000 and 2002, after DOE's sale of its interests in Elk Hills and before the filing of Chevron's lawsuit. At the time of their destruction,

those Elk Hills financial and administrative records were not considered related in any way to the equity finalization process.

7. Because those documents had been destroyed, Chevron and DOE agreed to use alternative sources to arrive at the necessary pricing data.

8. Those documents are included amongst documents referenced in a May 18, 2005 email (Bates #CBG011 002299) from Gary Latham to me and others as being "marked as destroyed."

9. The documents referenced in Mr. Latham's May 18, 2005 email were destroyed prior to the filing of Chevron's lawsuit, were not responsive to any of Chevron's discovery requests, and are not in the DOE's possession, custody, or control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

June 6, 2007, Washington D.C.

FRANCIS (BUTCH) GANGLE