IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT IN RESPONSE TO COURT APPENDICES NOS. 1 AND NO. 2**

Defendant, the United States, files this status report in response to the Court's May 21, 2007 "Appendix No. 1" and May 24, 2007 "Appendix No. 2." The two appendices provide the Court's preliminary assessments for 61 documents that have been identified by the Government as subject to the deliberative process privilege (certain documents may also have been claimed attorney-client and/or work-product privileged). In this response, we indicate whether, in response to the Court's preliminary assessments, we are continuing to maintain the originally asserted privilege, either in whole or in part, or are withdrawing the asserted privilege and turning the document over to Chevron's attorneys. For those documents as to which we are withdrawing our initial privilege assertion, either in whole or in part, we will produce the document to Chevron's counsel either in its entirety or in a newly redacted form upon the completion of our internal review in light of the Court's comments. For those documents where we maintain our tentative assertion of the deliberative process privilege, either in whole or in part, we will produce the necessary agency declaration to formally invoke the privilege upon the completion of our internal review.

## I. Documents Reviewed In Court Appendix No. 1

Document No. 57[1/] (CME015 1632-34[2/])

The Government agrees with the Court's assessment that document No. 57 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 124 (CLC001 3966-89)

The Government agrees with the Court's assessment that document No. 124 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 130 (CLC001 3921-40)

The Government disagrees with the Court's assessment that, but for one paragraph, document No. 130 is not privileged. We maintain our tentative assertion of the deliberative process privilege.

Document No. 132 (CDE003 7512)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

---

[1] The "document number" for each of the documents identified herein refers to the number by which the document is identified in "Defendant's Privileged Documents Log (Deliberative Process Privilege Entries) As Produced on February 16, 2007." This privileged documents log was prepared upon the Court's request that the Government provide it with separated privileged document logs identifying those documents that the Government was withholding based upon the assertion of the attorney-client, work-product, and deliberative process privileges.

[2] This document designation refers to the bates-labeling system that the Government has assigned for all of those documents that it has produced (or withheld as privileged) in this litigation.

Document No. 144 (CME009 1890-94)

The Government agrees with the Court's determination that the 9/29/97 cover memo from Mary Egger to Pat Godley (CME009 1890) is not subject to any privilege. We further agree that the remainder of the document (CME 1891-94) is subject to the protections of the deliberative process privilege. We also maintain our attorney-client privilege assertion for this document (but for the cover memo).

Document No. 154 (CAS002 2867-72)

The Government agrees with the Court's assessment that document No. 154 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 159 (CDE003 3616)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege. We also intend to maintain our attorney-client privilege assertion for this document.

Document No. 167 (CME003 1825-27)

The Government agrees with the Court's assessment that CME003 1825 and 1827 is not privileged. We further agree that CME003 1826, but for the heading, first paragraph, author identification and date, is subject to the protections of the deliberative process privilege.

Document No. 169 (CAS005 1275-79)

The Government agrees with the Court's assessment that document No. 154 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 178 (CAS002 734-37)

The Government agrees with the Court's assessment that the fax cover page CAS002 737 is not privileged and that only the second paragraph of the letter on CAS002 734 is subject to the protections of the deliberative process privilege. We maintain both our deliberative process and attorney-client privilege assertions for CAS002 735-36.

Document No. 191 (CME016 2558-61)

The Government agrees with the Court's assessment that document No. 154 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 210 (CDE010 1793)

The Government disagrees with the Court's assessment that document No. 210 is not privileged. We maintain our tentative assertion of the deliberative process privilege.

Document No. 225 (CME016 2597-98)

The Government agrees with the Court's assessment that document No. 225 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 239 (CME016 2747-49)

The Government agrees with the Court's assessment that document No. 239 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 240 (CME016 2750-53)

The Government agrees with the Court's assessment that CME016 2750 is not privileged. We disagree with the Court's assessment, however, that CME016 2751-52 is privileged only in part. We maintain our tentative assertion of the deliberative process privilege for all of CME016 2751-52.

Document No. 242 (CFO001 1819-27)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 243 (CFO001 1828-38)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 253 (CFO001 1808-11)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 255 (CDE003 7810)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 261 (CME016 2735-39)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 264 (CLC001 2345)

The Government agrees with the Court's determination that the specified text is subject to the protections of the deliberative process privilege.

Document No. 265 (CLC001 2695-2705)

The Government agrees that the text of the third paragraph of the email in CLC001 2695 is protected by the attorney-client privilege. We further agree that the remainder of document No. 265 is subject to the protections of the deliberative process privilege.

Document No. 268 (CLC001 2715-16)

The Government agrees with the Court's determination that the sentences beginning "I believe" and "My impression" are subject to the protections of the deliberative process privilege. For the second email on CLC001 2715, we maintain our deliberative process and attorney-client assertions for the sentence in the first paragraph beginning "we may," and the entire second paragraph. We maintain our deliberative process and attorney-client privilege assertions for the email on CLC001 2716 for the paragraph beginning "one final point."

## II. Documents Reviewed In Court Appendix No. 2

Document No. 278 (CLC001 2657-68)

The Government agrees with the Court's determinations regarding the emails on CLC001 2657, and will produce a redacted version of those emails consistent with the Court's determinations. We disagree with the Court's assessments that portions of CLC001 2659-68 are not privileged. We maintain our tentative assertion of the deliberative process privilege for CLC001 2659-68. We also maintain our assertion of attorney-client privilege for CLC001 2659-68.

Document No. 281 (CLC001 2643-56)

The Government agrees with the Court's determination that CLC001 2643 is subject to the protections of the deliberative process privilege. We also maintain our attorney-client privilege assertion for CLC001 2643. The Government disagrees with the Court's assessment that portions of CLC001 2646-56 are not privileged. We maintain our tentative assertion of the deliberative process privilege for CLC001 2646-56. We also maintain our attorney-client privilege assertion for CLC001 2646-56.

Document No. 283 (CDE003 9043)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege. We further agree that this document is protected by the attorney-client privilege.

Document No. 292 (CDE013 10270)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 294 (CDE003 4074)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 298 (CDE003 9001-13)

The Government agrees that CDE003 9013 is not privileged. We disagree, however, with the Court's assessment that portions of the remainder of the document are not privileged. We maintain our tentative assertions of the deliberative process privilege for all of CLC003 9001-12.

Document No. 306 (CME014 1217-19)

The Government's assertion of deliberative process privilege for this document was inadvertent. We maintain our work-product privilege assertion for this document.

Document No. 320-32[3/] (CME013 1693-1705)

The Government agrees with the Court's assessment that these documents are not privileged and will withdraw its privilege assertions and release these documents to Chevron's counsel, but for CME013 1702 and CME013 1704, as to which we maintain our assertions of deliberative process privilege.

Document No. 337 (CME013 1676-80)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our tentative deliberative process privilege assertion for the entire document.

Document No. 339[4/] (CLC001 4511-13)

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a redacted version of the document to Chevron's counsel that so indicates. We maintain our tentative deliberative process privilege assertion for portions of this document.

---

3 Document Nos. 320-32 are individual pages of a single document that were inadvertently sorted as individual documents.

4 This document is incorrectly identified in the Government's privileged documents logs as having been prepared by Alan Burzlaff; the document was in fact prepared by Gary Latham.

<u>Document No. 344 (CME013 715-16)</u>

The Government agrees that the heading of the second email in this document is not privileged. We disagree with the Court assessment that other portions of this document are not privileged and maintains our attorney-client and work-produce privilege assertions for the remainder of this document. The deliberative process privilege was inadvertently asserted for this document.

<u>Document No. 345 (CBG004 602-04)</u>

The Government agrees with the Court's assessment that CBG004 602 is not privileged. We further agree that the remainder of the document is protected by the attorney-client and work-product privileges and will continue to assert those privileges. The deliberative process privilege was inadvertently asserted for this document.

<u>Document No. 356 (CAS002 1105)</u>

The Government agrees with the Court's determination that this document is subject to the protections of both the attorney-client and deliberative process privileges.

<u>Document No. 357 (CAS003 910)</u>

The Government agrees with the Court's determination that this document is subject to the protections of both the attorney-client and deliberative process privileges.

<u>Document No. 362 (CFO001 948-52)</u>

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a redacted version of the document to Chevron's counsel that so indicates. We maintain our tentative deliberative process privilege assertion for portions of this document.

Document No. 373[5/] (CLC001 1235-37)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 376 (CAS005 1742)

The Government agrees with the Court's assessment that document No. 376 is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 380 (CLC001 2288)

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a redacted version of the document to Chevron's counsel that so indicates. We maintain our tentative deliberative process privilege assertion for certain portions of this document.

Document No. 381 (CDE013 33270)

The Government agrees with the Court's determination that, but for the first two sentences, the document is subject to the protections of the deliberative process privilege. We disagree with the Court's assessment that the attorney-client privilege is not applicable and maintain our assertion of that privilege.

Document No. 384 (CAS005 33270)

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a redacted version of the document

---

[5] This document is incorrectly identified in the Government's privileged documents logs as having been prepared by Alan Burzlaff; the document was in fact prepared by Lou Capitanio.

to Chevron's counsel that so indicates. We maintain our tentative deliberative process privilege assertion for certain portions of this document, as well as our attorney-client and work-product privilege assertions.

Document No. 495[6/] (CAS005 1665-67)

The Government disagrees with the Court's assessment that portions of this document are not privileged, and maintains its tentative deliberative process privilege assertion over the entire document.

Document No. 497 (CFC001 1150-53)

The Government disagrees with the Court's assessment that portions of this document are not privileged, and maintains its tentative deliberative process privilege assertion over the entire document.

Document No. 511[7/] (CBG 006 3-9)

The Government agrees with the Court's assessments regarding the applicability of the deliberative process privilege to each of the pages of this document. For the email at CBG006 005, we disagree that certain portions are not subject to the attorney-client privilege, and maintain that privilege assertion. For the emails at CBG006 008-9, we disagree that certain portions are not subject to the attorney-client and work-product privileges and maintain those privilege assertions.

---

[6] This document is incorrectly identified in the Government's privileged documents logs as having been prepared by Butch Gangle; the document in fact was prepared by Gary Latham.

[7] The handwritten notes at CBG006 003 are incorrectly identified as notes taken by Mary Egger in preparation for a meeting with the Independent Petroleum Engineer; in fact, they were notes taken by Butch Gangle during a meeting between the parties to discuss accelerating the Shallow Oil Zone equity finalization schedule.

Document No. 526 (CGC007 294-323)

But for the title page, which we agree is not privileged, the Government disagrees with the Court's assessment that portions of this document are not privileged and maintains its deliberative process privilege assertion for the entire document.

Document No. 531 (CBG006 012)

But for the header of this email, the first two lines, the last sentence, and the signature, the Government disagrees that portions of this document are not privileged. We maintain our attorney-client and tentative deliberative-process privilege assertions over the remainder of the document.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

JUNE 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of JUNE, 2007, a copy of the foregoing "DEFENDANT'S STATUS REPORT IN RESPONSE TO COURT APPENDICES NOS. 1 AND NO. 2" was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel