IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT IN RESPONSE TO
COURT APPENDICES NO. 3 AND NO. 4

Defendant, the United States, files this status report in response to the Court's May 24, 2007 "Appendix No. 3" and May 25, 2007 "Appendix No. 4." The two appendices provide the Court's preliminary assessments for 47 documents that have been identified by the Government as subject to the deliberative process privilege (certain documents may also have been claimed attorney-client and/or work-product privileged). In this response we indicate whether, in light of the Court's preliminary assessments, we are maintaining the originally asserted privilege, either in whole or in part, or are withdrawing the asserted privilege and turning the document over to Chevron's attorneys. For those documents where we are withdrawing our initial privilege assertion, either in whole or in part, we will produce the document to Chevron's counsel either in its entirety or in a newly redacted form upon the completion of our internal review in light of the Court's comments. For those documents where we maintain our tentative assertion of the deliberative process privilege, either in whole or in part, we will produce the necessary agency declaration to formally invoke the privilege upon the completion of our internal review.

I. Documents Reviewed in Court Appendix No. 3

Document No. 543[1] (CAS002 940-41[2])

The Government agrees with the Court's assessment that but for the identified sentences in each of the emails, this document is subject to the protection of the deliberative process privilege, and will produce a redacted version of this document that comports with the Court's assessment.

Document No. 548 (CGC 007 144-78)

The Government disagrees with the Court's assessment that portions of this document are not privileged. We maintain our tentative deliberative process privilege assertion for this entire document (but for the cover page at CGC007 144).

Document No. 551[3] (CAS006 2920)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

---

[1] The "document number" for each of the documents identified herein refers to the number by which the document is identified in "Defendant's Privileged Documents Log (Deliberative Process Privilege Entries) As Produced on February 16, 2007." This privileged documents log was prepared upon the Court's request that the Government provide it with separated privileged document logs identifying those documents that the Government was withholding based upon the assertion of the attorney-client, work-product, and deliberative process privileges.

[2] This document designation refers to the bates-labeling system that the Government has assigned for all of those documents that it has produced (or withheld as privileged) in this litigation.

[3] This document is incorrectly identified in the Government's privileged document logs as having been prepared by Alan Burzlaff; the document was in fact prepared by a member of the DOE's Headquarters advisory staff.

Document No. 552 (CDE003 7354)

The Government disagrees with the Court's assessment that portions of this document are not privileged, and maintains its tentative deliberative process privilege assertion over the redacted text. We also maintain our attorney-client privilege assertion for this document.

Document No. 557 (CDE003 3566)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege. We also maintain our attorney-client privilege assertion for this document.

Document No. 570 (CAS003 742)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 571 (CFO001 1889-90)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 572 (CME015 1894-1928)

The Government disagrees with the Court's assessment that portions of this document are not privileged. We maintain our tentative deliberative process privilege assertion for this entire document (but for the cover page at CGC015 1894, which is duplicitive of the document no. 570, which we are producing).

Document No. 577 (CFO001 1174-81)

The Government agrees with the Court's assessment that the first three pages of this document are not privileged. We continue, however, to maintain our tentative deliberative

process privilege assertion over the remainder of this document.

Document No. 589 (CDE003 4454-55)

The Government agrees with the Court's determination that this document is subject to the protections of both the attorney-client and deliberative process privileges.

Document No. 602 (CDE007 8635-36)

The Government agrees with the Court's determination that this document is subject to the protections of both the attorney-client and deliberative process privileges.

Document No. 672 (CDE007 1247-49)

The Government agrees with the Court's determination that the redacted text on the first page of this document is subject to the protections of the deliberative process privilege.

Document No. 740 (CFE001 119-21)

The Government agrees with the Court's determination that only the sentence identified in Court Appendix No. 3 is subject to the protections of the deliberative process privilege, and will produce a redacted version of this document that comports with the Court's assessment.

Document No. 750 (CDE007 6638-39)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege. The Government also maintains its attorney-client privilege assertion for this document.

Document No. 754 (CLC001 74)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege. We further agree that this document is not attorney-client privileged, but maintain our work-product privilege assertion over this document.

Document No. 756 (CDE006 4336)

The Government's disagrees with the Court's assessment that this document is not privileged and maintains its assertions of attorney-client, work-product, and deliberative process privileges for this document.

Document No. 765 (CDE007 3353)

The Government withdraws its privilege claim for this document and will release it to Chevron's counsel.

Document No. 783 (CDE007 6766)

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a newly-redacted version of the document to Chevron's counsel that so indicates. We maintain our attorney-client and tentative deliberative process and privilege assertions for this document.

Document No. 786 (CDE007 2037)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 794 (CDE001 520-21)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our deliberative process, attorney-client, and work-product privileges over the entire document.

Document No. 800 (CDE007 2033)

The Government agrees with the Court's assessment that the first sentence of this document is not privileged. The Government further agrees with the Court's determination that

the remainder of the document is subject to the protections of the deliberative process privilege.

Document No. 809 (CDE007 15867)

The Government agrees with the Court's assessment that portions of this document are not privileged and will produce a redacted version of this document that comports with the Court's assessment. We maintain our deliberative process, attorney-client, and work-product privilege assertions over the redacted portions of this document.

Document No. 816 (CDE001 71)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 819 (CDE007 2109)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

Document No. 820 (CDE007 3428)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertions and release the document to Chevron's counsel.

II. Documents Reviewed in Court Appendix No. 4

Document No. 840 (CDE003 1602)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 841 (CDE003 1625-26)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 846 (CDE007 538-39)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative process privilege.

Document No. 850 (CDE007 1660)

The Government disagrees with the Court's determination that portions of this document are not privileged and maintain our attorney-client and tentative deliberative process privilege assertions over the entire document.

Document No. 851 (CDE007 6742)

The Government agrees in part and disagrees in part with the Court's assessment that portions of this document are not privileged and will produce a redacted version of the document to Chevron's counsel that so indicates. We maintain our attorney-client and tentative deliberative process assertions for portions of this document.

Document No. 872 (CBG011 220-71)

The Government agrees with the Court's assessment that document nos. CBG011 225, 228, 229[4], 230, 244, 245, 246, 247, 264, 265, and 270 are not privileged and will withdraw its privilege assertions and release these documents to Chevron's counsel.

The Government agrees with the Court's assessment that document nos. CBG011 248-57 are not subject to the protections of the deliberative process privilege, but we maintain our

[4] The Court noted that document no. CBG011 229 "provides details about documents that appear to have been destroyed [and] this information should be provided to Plaintiff's counsel." Court Appendix No. 4, p. 2. On June 6, 2007, we filed a Notice with the Court explaining that the documents referenced in document no. CBG011 229 did not relate to equity finalization, were destroyed prior to the filing of Chevron's lawsuit, and are no longer in the Government's possession and therefore unable to be produced.

attorney-client privilege assertion for those documents over communications involving attorneys in the Department of Energy's General Counsel's office.

The Government agrees with the Court's determination that document nos. CBG011 259, 262, 266, 267, 268, and 271 are subject to the protections of the deliberative process privilege, either in whole or in part.

Document No. 975[5] (CDE001 72-29)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our tentative deliberative process privilege assertion for the entire document.

Document No. 979 (CDE001 1019-26)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client and tentative deliberative process privilege assertions for the entire document.

Document No. 980 (CDE001 1037-44)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our tentative deliberative process privilege assertion for the entire document.

Document No. 982 (CDE001 1437-44)

The Government agrees with the Court's determination that this document is subject to the protections of the attorney-client privilege.

---

[5] This document is incorrectly identified in the Government's privileged documents logs as having been prepared by Alan Burzlaff; the document was in fact prepared by the DOE Headquarters advisory team along with DOE attorney Gena Cadieux.

Document No. 983[6] (CDE003 784-791)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our tentative deliberative process privilege assertion for the entire document.

Document No. 997 (CDE003 7913-22)

The Government agrees that the draft cover letter at CDE003 7913 is not privileged and will withdraw its privilege assertion and release this document to Chevron's counsel. The Government maintains its attorney-client and tentative deliberative-process privilege assertions over the remainder of the document.

Document No. 1002 (CDE005 22-29)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our tentative deliberative process privilege assertion for the entire document.

Document No. 1040 (CDE013 32997)

The Government agrees with the Court's assessment that this document is not privileged and will withdraw its privilege assertion and release this document to Chevron's counsel.

Document No. 1059 (CGC002 1737-44)

The Government agrees with the Court's assessment that this document is subject to the protections of the deliberative process privilege. We also maintain our attorney-client privilege assertion for this document.

---

[6] This document is incorrectly identified in the Government's privileged documents logs as having been prepared by Alan Burzlaff; the document was in fact prepared by the DOE Headquarters advisory team along with DOE attorney Gena Cadieux.

Document No. 1060 (CGC002 1737-44)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client and tentative deliberative process privilege assertion for the entire document.

Document No. 1119 (CME003 2333-34)

The Government disagrees with the Court's assessment that this document is not privileged maintains its tentative deliberative process privilege assertion for the document.

Document No. 1121 (CME015 1948-49)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client tentative deliberative process privilege assertions for the entire document.

Document No. 1123 (CME025 627-28)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client tentative deliberative process privilege assertions for the entire document.

Document No. 1126 (CME025 802-09)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client tentative deliberative process privilege assertions for the entire document.

Document No. 1127 (CME025 810-817)

The Government disagrees with the Court's assessment that portions of this document are not privileged and maintain our attorney-client tentative deliberative process privilege assertions

for the entire document.

Document No. 1135 (CLC001 4094-95)

The Government agrees with the Court's determination that this document is subject to the protections of the deliberative-process privilege.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

June 13, 2007

CERTIFICATE OF FILING

I hereby certify that on this 13th day of June, 2007, a copy of foregoing "DEFENDANT'S STATUS REPORT IN RESPONSE TO COURT APPENDICES NO. 3 AND NO. 4" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske