# In the United States Court of Federal Claims

No. 04-1365C
Filed: July 3, 2007

***********************************
*
CHEVRON U.S.A., INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
***********************************

**PROTECTIVE ORDER REGARDING INFORMATION CONTAINED IN THE PERSONNEL RECORDS OF MARY H. EGGER**

Defendant's July 3, 2007 Request For Protective Order is, hereby, GRANTED. The court enters this Protective Order to govern access by Plaintiff, Chevron U.S.A., Inc. ("Chevron"), to confidential information contained in the personnel records of Mary H. Egger, Deputy General Counsel for Technology Transfer and Procurement in the United States Department of Energy ("DOE"), disclosed by defendant to Chevron pursuant to the court's June 14, 2007 Order. In order to protect the confidential information contained in Ms. Egger's personnel records, the court hereby orders as follows:

1. The information contained in Ms. Egger's personnel records is subject to the confidentiality requirements of the Privacy Act, 5 U.S.C. § 552a. Accordingly, Ms. Egger's performance evaluations may be reviewed only by Chevron's attorneys and Jones Day legal staff assigned to this matter in accordance with the terms of this Protective Order, but will not be used for any purpose other than this litigation an shall not be given, shown, made available, discussed, or otherwise communicated to any third party or the general public. "Ms. Egger's personnel records" refers to Ms. Egger's performance evaluations and awards filed with the court by defendant in the above-captioned matter on July 3, 2007, pursuant to the court's order of June 14, 2007.

2. Department of Justice attorneys and their agents, including litigation support contractor, CACI, Inc.; DOE attorneys and their agents; and other Government employees associated with the defense of this lawsuit may have unrestricted access to Ms. Egger's personnel records.

3. All information contained in Ms. Egger's personnel records and filed with the court will be filed and kept under seal and will be made available only to the court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes any information obtained from Ms. Egger's personnel records will file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend "CONFIDENTIAL", and a statement which provides in substance: "Subject to a protective order of this court. Should not be opened or disclosed, revealed, or made public except by order of the court." At the conclusion of this lawsuit, all materials filed with the court under seal will be kept under seal or will be returned to defendant as provided in Paragraph 4 below.

4. Upon final determination of this lawsuit, unless otherwise agreed to in writing by defendant, Chevron will assemble and return all designated material, including all copies, extracts, and summaries thereof, to defendant, except that any documents or copies which contain or constitute an attorney's work product will be destroyed rather than returned.

5. Chevron will use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this lawsuit and for no other purpose, unless and until this Protective Order is modified by further order of this court.

6. No part of the restrictions imposed by this Protective Order may be terminated, except by order of this court for good cause shown. Determination of this civil lawsuit will not automatically terminate the directives of this Protective Order. The confidentiality of Ms. Egger's personnel records shall be maintained into perpetuity.

7. The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not business confidential, privileged, proprietary, or would not adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/**Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**