# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF ANUJ VOHRA

I, ANUJ VOHRA, declare as follows:

1. I am employed by the Department of Justice ("DOJ") as a Trial Attorney in the Commercial Litigation Branch. I am one of the DOJ attorneys assigned the responsibility of representing the United States in the above-captioned litigation.

2. One of my responsibilities in this litigation has been coordinating and preparing the Government's various submissions to the Court as part of the pending dispute between the parties regarding documents as to which the Government has asserted the attorney-client, work-product, and/or deliberative-process privileges. One of those submissions is "Defendant's Memorandum Of Law In Support Of Its Deliberative-Process Privilege Claims," dated September 4, 2007, in which the Government formally invoked the deliberative-process privilege with respect to 100 documents that the Government has withheld from production to the plaintiff in this case.

3. Before DOJ can formally assert the deliberative-process privilege on behalf of an interested agency (here, the Department of Energy ("DOE")), the head of the agency, or an agency official to whom the authority to invoke the privilege has been delegated, must provide a formal declaration asserting the privilege, identifying each document as to which it asserts the privilege,

and stating the basis for such assertion. In the case of litigation handled by the Commercial Litigation Branch, the agency declaration and the documents as to which the privilege is being asserted are then reviewed by the DOJ Deputy Assistant Attorney General for Commercial Litigation (or other DOJ official of equal or higher rank if the Deputy Assistant Attorney General for Commercial Litigation cannot perform the review) who approves formal invocation by the Government of the deliberative-process privilege in court as to those documents for which he believes such an assertion is appropriate.

4. The DOE official to whom the authority to assert the deliberative-process privilege upon behalf of DOE was delegated is Eric J. Fygi, the DOE Principal Deputy General Counsel. Mr. Fygi's declaration, identifying those documents as to which DOE asserted the deliberative-process privilege, and explaining the basis for those assertions, is appended to "Defendant's Memorandum Of Law In Support Of Its Deliberative-Process Privilege Claims" filed on September 4, 2007.

5. Prior to its execution, a draft of Mr. Fygi's declaration, as well as those 100 documents as to which DOE asserted the deliberative-process privilege, was reviewed by Michael F. Hertz, the DOJ Deputy Assistant Attorney General for Commercial Litigation. On August 24, 2007, Mr. Hertz approved the formal assertion in court of the deliberative-process privilege for each document identified in Mr. Fygi's draft declaration. Subsequent to that approval, on August 31, 2007, Mr. Fygi executed the declaration.

6. The process employed by the Government prior to its formal assertion of the deliberative-process privilege in its September 4, 2007 submission to the Court is identical to that used by the Government prior to its formal assertion of the deliberative-process privilege in regarding

other documents in this litigation in August 2006. The DOJ review of the documents at that time was conducted by Jonathan Cohn, then Deputy Assistant Attorney General for the Torts Branch and Office of Consumer Litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 7, 2007, in Washington, D.C.

ANUJ VOHRA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 353-0521