# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) | No. 04-1365C (Judge Braden) |

DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to RCFC 33, defendant, the United States, submits the following objections and responses to Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories") dated September 22, 2006. Defendant reserves the right to supplement, correct, or clarify its responses to these interrogatories as it continues to investigate and discover the facts in this case.

GENERAL OBJECTIONS

Defendant incorporates the following general objections into each of its specific responses to Plaintiff's Interrogatories. Defendant objects to each interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or is otherwise exempt from disclosure under applicable law or any other privileges or immunity. The inadvertent disclosure of any privileged information shall not signify any intent by defendant to waive the rights to such privilege.

INTERROGATORY NO. 15:

Identify all individuals who serve or served as outside or inside legal counsel for any of the groups of individuals identified in Interrogatories 1-14, and describe the extent and nature of each lawyer's responsibilities during the course of that representation, including the group or groups that each lawyer serves or served, and whether or not each lawyer was or is lead counsel for that group or groups.

RESPONSE:

Defendant objects to this interrogatory on the ground that it is unclear to the extent that it requests the defendant to identify individuals "who serve or served as outside or inside counsel" for any of the groups of individuals identified in the responses to interrogatories 1-14, and "whether or not each lawyer was or is lead counsel." It is not clear what the plaintiff means by the terms "outside counsel," "inside counsel," and "lead counsel" in the context of this case, which involves attorneys of an Executive Branch agency and lawyers from a private firm that was hired by DOE to provide legal services relative to the divestment of DOE's interest in the Elk Hills field, including but not limited to equity finalization. Subject to and without waiving that or its general objections, defendant responds to this interrogatory as follows:

Mary H. Egger
DOE Deputy General Counsel, Technology Transfer and Procurement

Responsibilities: In her capacity as a Deputy General Counsel in the DOE Office of the General Counsel, Ms. Egger provided legal guidance and advice on matters relating to the implementation of the requirements established in Title XXXIV of the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106 (1996) ("Act") concerning the sale of the Government's interests in the Elk Hills field and activities related to that objective. More specifically,

Ms. Egger provided legal advice and guidance on various actions related to the implementation of the Act, including structuring of the sale and the negotiations on the sale of the government's interests in Elk Hills to Occidental Petroleum; selection of an IPE as well as other contractors required by the Act or determined to be necessary by DOE; negotiations with the State of California regarding the Elk Hills School Lands Settlement Agreement and financial considerations and obligations arising out of the Act; and meetings and negotiations with Chevron on the implementation of the Act, including various protocols or agreements establishing procedures relating to the finalization of equity interests. Ms. Egger also represented DOE's interests in resolving legal questions the owners submitted to the ILA for resolution and providing legal guidance and advice to ASFEs in their capacity as decision makers regarding the finalization of equity interests. Ms. Egger also provided legal advice and guidance in formulating the agency's position in responding to Chevron's challenges to the ASFE's decisions in proceedings before the OHA.

Gena Cadieux
DOE Associate General Counsel for Source Selection and Bid Protest Litigation

Responsibilities: In her capacity as an attorney in the Office of the Assistant General Counsel for Procurement and Financial Assistance, Ms. Cadieux provided legal advice and guidance to ASFEs, the Principal Deputy Assistant Secretary for Fossil Energy ("PDASFE"), and the Headquarters Equity Advisory Team concerning final IPE recommendations that were considered by the ASFE. This legal work included drafting assistance for some of the ASFE and PDASFE equity decisions.

Beth Ann Kelly
DOE Attorney Advisor

Responsibilities: In her capacity as an attorney in the office of the Assistant General Counsel for Procurement and Financial Assistance, Ms. Kelly provided legal guidance and advice on procurement actions related to the issuance and implementation of the contracts that were awarded to the IPE.

Ms. Kelly was also the representative from the Office of the Assistant General Counsel for Procurement and Financial Assistance for all Freedom of Information Act ("FOIA") requests concerning Elk Hills. In that capacity, she collected and reviewed documents for potential release under the requirements of FOIA.

Ms. Kelly was also a representative of the Office of the Assistant General Counsel for Procurement and Financial Assistance on the Owners Issues Group ("OIG"). In that capacity, she attended OIG sessions held in Washington, D.C. and prepared the official minutes of those meetings.

O'Melveny & Myers, LLP

Gregory B. Thorpe
Steven Soule
Lydia S. Chan
Charles Read
Arthur B. Culvahouse, Jr.
Elisabeth Wing Stone

Former O'Melveny & Myers Attorneys

Owen Olpin
Christine H. Suh
Stephanie Walter
Molly White
Cheryl Mason

Responsibilities: O'Melveny & Myers provided a variety of legal services to DOE to assist DOE in implementing the 1996 legislation's requirement relating to the sale of the Government's interest in the Elk Hills field and related matters, including but not limited to equity finalization. These services included formulation of the sales structure and drafting of related documents and providing legal advice and guidance to the DOE EFT, including assistance in the preparation and presentation of the DOE EFT's positions to the ILA and to the ASFE on final IPE recommendations, as well as to the OHA on matters appealed by Chevron. O'Melveny & Myers also provided legal support and guidance on the Decoupling Agreement, the Equity Process Agreement, and the Protocol and related Supplements concerning the equity finalization implementation process for the Elk Hills field.