IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Pursuant to RCFC 26(a)(1), defendant, the United States, respectfully requests that the Court enter the Protective Order appended to this motion. Defendant has recently discovered additional documents that are responsive to plaintiff, Chevron U.S.A. Inc.'s ("Chevron") discovery requests in this matter. These documents include weekly reports prepared by employees of the United States Department of Energy's ("DOE") Office of the Assistant General Counsel for Procurement and Financial Assistance and Office of the Deputy General Counsel for Technology Transfer and Procurement.

The weekly reports we have identified summarize activities undertaken by employees in each office, and contain references to work performed by DOE personnel regarding the equity finalization process of Naval Petroleum Reserve No. 1 ("Elk Hills"). The documents therefore appear responsive to Chevron's discovery requests. Those weekly summaries also include, however, material pertaining to other unrelated activities of each office that is wholly unrelated to this litigation. Such activities include, *inter alia*, discussions and negotiations regarding the formation and termination of contracts between DOE and third parties unrelated to this litigation, bid protest and contract litigation between DOE and third parties unrelated to this litigation, performance on existing contracts between DOE and third parties unrelated to this litigation, and

discussions and negotiations of legislation and policy matters unrelated to this litigation. Those internal communications are confidential, and may also include propriety information of those third parties with which DOE conducts business unrelated to this litigation. The proposed Protective Order prevents Chevron from using or disclosing to the public or any third party such confidential information. The Protective Order does not limit Chevron's use of any material in those weekly summaries relating to Elk Hills that is relevant to its lawsuit here.

Counsel for Chevron and defendant have conferred concerning the language of the Protective Order and Chevron agrees to its terms. Therefore, defendant respectfully requests that its motion be granted and the Court adopt the attached Protective Order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

December 4, 2007

CERTIFICATE OF FILING

I hereby certify that on this 4th day of December, 2007, a copy of "DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER" and related proposed PROTECTIVE ORDER were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John E. Kosloske