# In the United States Court of Federal Claims

No. 04-1365C
Filed December 5, 2007

***********************************
*
CHEVRON U.S.A., INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
***********************************

**PROTECTIVE ORDER**

The court enters this Protective Order to govern access by Plaintiff to confidential information of the United States Department of Energy ("DOE"), disclosed by the Government to Plaintiff in response to Plaintiff's discovery requests:

1. Documents produced by defendant and identified by defendant as containing confidential information of DOE, including all copies of such documents and any documents containing any excerpts or summaries of such confidential information, may be reviewed by Plaintiff's representatives in this litigation, including its attorneys, in accordance with the terms of this Protective Order, but will not be used for any purpose other than this litigation and will not be disclosed to any third party or the general public.

2. As used in this Protective Order, "confidential information" means DOE weekly reports prepared by employees and agents of DOE's Office of the Deputy General Counsel for Technology Transfer and Procurement and DOE's Office for Procurement and Financial Assistance, describing activities of those offices that are unrelated to the equity finalization process of Naval Petroleum Reserve No. 1 ("Elk Hills"), the subject of this litigation. Such activities include, but are not limited to, discussions and negotiations regarding the formation and termination of contracts between DOE and third parties unrelated to this litigation, bid protest and contract litigation between DOE and third parties unrelated to this litigation, performance on existing contracts between DOE and third parties unrelated to this litigation, and discussions and negotiations of legislation and policy matters unrelated to this litigation. Any documents that contain such confidential information will be

marked by defendant with the word "CONFIDENTIAL" at the top or bottom of each page of the document that contains such information; provided however that documents produced electronically may be marked confidential by affixing a label bearing the word "CONFIDENTIAL" to the outside of the media (e.g., a CD-ROM) on which the confidential information is contained.

3. Documents produced by defendant that contain confidential information as designated pursuant to paragraph 1 above, will include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writings filed with the court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (d) deposition testimony; and (e) testimony taken at a hearing or other proceeding.

4. Notwithstanding any other provision of this Protective Order, nothing herein will prohibit counsel for either party from disclosing a document containing DOE confidential information to any person who was an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to the Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion will not constitute a disclosure prohibited by the terms of this Protective Order.

5. All information and documents containing DOE confidential information that are filed with the court will be filed and kept by the court under seal and will be made available only to the court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes any confidential information will file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend "CONFIDENTIAL," and a statement which provides in substance: "Subject to a protective order of this court. This should not be opened or disclosed, revealed, or made public except by order of the court." At the conclusion of this lawsuit, all materials filed with the court under seal will be kept under seal or will be returned to defendant as provided in Paragraph 8 below.

6. No person may disclose, in public or private, any information or documents designated confidential except as provided in this Protective Order; but nothing

herein will affect the right of defendant to disclose to any person information or documents containing DOE confidential information. Such disclosure will not waive the protections of this Protective Order and will not entitle any party or its attorneys to disclose such information or documents in violation of the Protective Order. Notwithstanding any other provision of this Protective Order, Plaintiff may disclose the non-confidential portions, relating to the Elk Hills equity finalization process, of documents containing confidential information, so long as Plaintiff is able to do so without disclosing any confidential portion of those documents.

8. The Protective Order will not preclude defendant from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as defendant may consider appropriate. Nor will either party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. Neither party will be obligated to challenge the propriety of any confidentiality designation, and failure to do so will not preclude a subsequent attack on the propriety of such designation. Defendant shall be afforded notice and an opportunity to be heard with respect to a challenge to the designation of any documents or other record of information as containing confidential information.

9. Upon final determination of this lawsuit, unless otherwise agreed to in writing by defendant, Plaintiff will assemble and return all designated material, including all copies, extracts, and summaries thereof, to defendant, except that any documents or copies which contain or constitute an attorney's work product will be destroyed rather than returned.

10. Plaintiff may use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this lawsuit and for no other purpose, unless and until this Protective Order is modified by further order of this court after notice to defendant and an opportunity to be heard.

11. No part of the restrictions imposed by this Protective Order may be terminated, except by order of this court for good cause shown after notice to defendant and opportunity to be heard. Determination of this civil lawsuit will not automatically terminate the directives of this Protective Order.

12. Each party may apply to the Court for further instructions, clarification, or modification of this Order. The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not confidential, privileged, proprietary, or

would not adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**