# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENT TO CLARIFY ITS AUGUST 3, 2007
MEMORANDUM OF LAW IN SUPPORT OF ITS
ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGE CLAIMS

Defendant, the United States, pursuant to the Court's August 6, 2007 email to the parties, respectfully files this Supplement To Clarify Its August 3, 2007 Memorandum Of Law In Support Of Its Attorney-Client And Work-Product Privilege Assertions ("Supplement"). In this Supplement we identify, at the Court's request, those documents for which we are maintaining our attorney-client and work-product privilege assertions subsequent to the Court's *in camera* document review. Our August 3, 2007 "Status Report In Response To Court Appendices 5-20" identifies, sorted by the appendix in which the document was reviewed, each document for which we are maintaining a privilege assertion, and the specific privilege being asserted. Our August 3, 2007 "Memorandum Of Law In Support Of [Our] Attorney-Client And Work-Product Privilege Claims" explains the bases for our privilege assertions.

I. <u>Documents Over Which We Maintain Our Work-Product Privilege Assertions</u>

| | | | |
|---|---|---|---|
| 13 | 1027 | 1583 | 4350 |
| 27 | 1057 | 1586 | 4351 |
| 65 | 1060 | 1589 | 4354 |
| 202 | 1071-77 | 1593 | 4357 |
| 570 | 1079-87 | 1596 | 4361 |
| 626 | 1090 | 1602 (275) | 4378 |
| 631 | 1108 | 1602 (283) | 4382 |
| 634 | 1123 | 1602 (288) | 4384 |
| 782 | 1142 | 1602 (289) | 4385 |
| 811 | 1145 | 1602 (367-68) | 4403 |
| 889 (1848-49) | 1154 | 1639 | 4613 |
| 889 (1851-53) | 1170 | 1666 | 4614 |
| 889 (1856) | 1237 | 1682 | 4619 |
| 889 (1877) | 1243 | 1695 | 4636 |
| 889 (1879-84) | 1255 | 1721 | 4651 |
| 889 (1888) | 1286 | 1725 | 4652 |
| 889 (1894) | 1294 | 1881 | 4655 |
| 889 (1910) | 1372 | 1884 | 4656 |
| 889 (1914) | 1373 | 1897 | 4657 |
| 889 (1941) | 1384 | 1898 | 4658 |
| 889 (1942) | 1458 | 1933 | 4659 |
| 889 (1943) | 1524 | 1944 | 4660 |
| 889 (1982-83) | 1525 | 2049 | 4667 |
| 889 (1983-84) | 1526 | 2130 | 4675 |
| 889 (1984-85) | 1530 | 2195 | 4676 |
| 889 (1985) | 1550 | 2196 | 4681 |
| 889 (2221) | 1551 | 2265 | 4688 |
| 889 (2258) | 1552 | 2319 | 4689 |
| 889 (2272-73) | 1553 | 2327 | 4690 |
| 889 (2484) | 1555 | 2391 | 4718 |
| 889 (2487) | 1556 | 2711 | 4758 |
| 889 (2488) | 1562 | 2730-42 | 4760 |
| 889 (2489) | 1563 | 2743 | 5082 |
| 952 | 1564 | 2994 | |
| 953 | 1565 | 3339 | |
| 954 | 1574 | 3512 | |
| 978 | 1575 | 4347 | |
| 993 | 1579 | 4348 | |
| 1025 | 1582 | 4349 | |

II. Documents Over Which We Maintain Our Attorney-Client Privilege Assertions[1]

| | | | |
|---|---|---|---|
| 13 | 1384 | 1826 | 2994 |
| 14 | 1390 | 1832 | 3201 |
| 27 | 1458 | 1835 | 3339 |
| 66 | 1468 | 1849 | 3423 |
| 262 | 1503 | 1881 | 3715 |
| 626 | 1518 | 1884 | 3767 |
| 631 | 1524 | 1889 | 3779 |
| 634 | 1525 | 1894 | 3820 |
| 733 | 1526 | 1897 | 4347 |
| 782 | 1529 | 1898 | 4348 |
| 953 | 1530 | 1899 | 4349 |
| 954 | 1549 | 1902 | 4350 |
| 968 | 1553 | 1905 | 4354 |
| 976 | 1555 | 2049 | 4357 |
| 978 | 1562 | 2058 | 4361 |
| 993 | 1563 | 2111 | 4382 |
| 1000 | 1564 | 2130 | 4384 |
| 1025 | 1565 | 2142 | 4385 |
| 1027 | 1574 | 2152 | 4403 |
| 1057 | 1575 | 2195 | 4636 |
| 1071-77 | 1579 | 2196 | 4651 |
| 1079-89 | 1582 | 2260 | 4652 |
| 1090 | 1586 | 2261 | 4655 |
| 1108 | 1589 | 2265 | 4656 |
| 1123 | 1593 | 2266 | 4657 |
| 1133 | 1596 | 2267 | 4658 |
| 1142 | 1602 (275) | 2319 | 4659 |
| 1145 | 1602 (283) | 2323 | 4660 |
| 1154 | 1602 (288) | 2327 | 4661 |
| 1170 | 1602 (289) | 2340 | 4676 |
| 1237 | 1602 (367-68) | 2341 | 4681 |
| 1243 | 1666 | 2351 | 4688 |
| 1255 | 1682 | 2352 | 4689 |
| 1286 | 1699 | 2356 | 4690 |
| 1294 | 1721 | 2391 | 4773 |
| 1312 | 1725 | 2392 | 4826 |
| 1356 | 1727 | 2398 | 5082 |
| 1372 | 1808 (attachment) | 2711 | |
| 1373 | 1809 | 2993 | |

[1] In our August 3, 2007 Memorandum of Law in support of our privilege assertions, we inadvertently included emails found in document 889 amongst those documents for which we are maintaining our attorney-client privilege assertions. We are maintaining only our work-product privilege assertion over those emails included in document 889.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

August 8, 2007

CERTIFICATE OF FILING

I hereby certify that on this 8th day of AUGUST, 2007, a copy of "DEFENDANT'S SUPPLEMENT TO CLARIFY ITS AUGUST 3, 2007 MEMORANDUM OF LAW IN SUPPORT OF ITS ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGE CLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske