# In the United States Court of Federal Claims

No. 04-1365C
Filed: January 31, 2008
**TO BE PLACED UNDER SEAL**

***********************************
CHEVRON U.S.A., INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
***********************************

**FINAL ORDER REGARDING DOCUMENTS THE GOVERNMENT ASSERTS ARE SUBJECT TO THE DELIBERATIVE PROCESS PRIVILEGE.**

| Documents Withheld | Ruling |
|---|---|
| 130 (CLC001 3921-40) [Dry Gas Zone] | July 23, 1997 cover memo from Patricia F. Godley (ASFE), to: Gena Cadieux; Louis Capitanio; Mary Egger; Gary Latham; and Arnold Smits requesting review and comment on an attached Draft Preliminary Decision on Final Equity for the Dry Gas Zone.<br><br>The draft Preliminary Decision was redacted in its entirety. The handwritten notes on pages 2-3, 5-12, and 14-15 of the Draft Preliminary Decision, represented as those of Gary Latham, are pre-decisional, but editorial, except for notes on pages 14-15, which are deliberative. The text of: "Section I. Background, Authority, and Procedural History;" "Section II. Implementation of the NDA Act," *i.e.*, CLC00103924-31, is factual. In addition, the text of CLC00103932-33 through "considers appropriate" is factual, including "A. NSAI's Final Recommendation;" "B. DOE Comments on NSAI's Final Recommendation;" "C. Chevron's Comments on NSAI's Final Recommendation."<br><br>The Fygi Declaration states that the redacted portion of this Draft Preliminary Decision was "prepared by the . . . ASFE and distributed by her to her advisors for review and comment." Fygi Decl. ¶ 10 at 5. Aside from the fact that the court seriously doubts |

| | |
|---|---|
| | the ASFE prepared this draft herself, more relevant is the fact that the Equity Process Agreement absolutely prohibits *ex parte* communications between the ASFE and "the DOE field equity technical team concerning equity redetermination-related matters." Compl. Ex. B.2 ¶ B.4. In this document, Ms. Egger is functioning as an attorney for the ASFE. Mr. Latham's marginal comments also evidence that he is providing technical advice to the AFSE. The Government does not contest that Mr. Latham (Geophysicist), Mr. Capitanio (Petroleum Engineer), and Mr. Smits (Petroleum Engineer) were DOE employees with technical backgrounds. If any one of them or Ms. Egger functioned as members of "the DOE field equity technical team." *See*, *e.g.*, 255, 543, 889 (CBG01101894) this document may evidence an improper *ex parte* communication.<br><br>The remainder of the text "IV Decision" and V Conclusion" is pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The court has balanced Chevron's request to have the documents in this folder disclosed in part (Sections I-III) to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 9. |
| 132 (CDE003 7512)<br>[Dry Gas Zone] | August 29, 1997 e-mail from Mary Egger to Gary Latham, Louis Capitanio, copied to Gena Cadieux re: "Dry Gas Zone Preliminary Decision."<br><br>This document is pre-decisional and deliberative, as it contains a potential recommendation re: the "Cobb revision" language in the Preliminary Decision to be presented to Patricia Godley (ASFE). The third line of the first paragraph, however, describes actions taken by Chevron that are factual and not privileged. The second redacted paragraph is pre-decisional, deliberative, and subject to the deliberative process privilege. The third paragraph is pre-decisional, but seeks to verify factual information from technical staff and is not privileged. |

| | |
|---|---|
| | This document also reflects Ms. Egger requesting the date of a meeting of the "Engineering Committee" or "Operating Committee" and is relevant to whether Mr. Latham and/or Mr. Capitanio may have functioned as members of the "DOE field equity technical team." *See*, *e.g.*, 255 543, 889(CBG01101894).<br><br>The court has balanced Chevron's request to have this document produced in part to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F. 3d at 1307; *see also* July 24, 2007 Chevron Status Report at 9. |
| 144<br>CME00901890-4<br>[Carneros Zone] | September 29, 1997 cover memo from Mary Egger to ASFE re: "Carneros Zone – Additional Inclusion of Lands," attaching a draft document prepared by Gregory B. Thorpe.<br><br>The cover memo (CME00901890) is pre-decisional, but factual and not subject to the deliberative process privilege.<br><br>The attached draft document (CME00901891-93) is pre-decisional, but only deliberative in part. Since Mr. Thorpe (O'Melveny & Meyers) was counsel to the DOE Equity Team, why did Ms. Egger, who was counsel to the ASFE receive this document. *See* May 9, 2007 TR at 16.<br><br>The text of the document CME0090191 "Ideally . . ." through CME00901893 "consultant" is pre-decisional, deliberative, and subject to the deliberative process privilege. The text on CME00901892 from "additional Carneros Formations" outline through the fourth paragraph "regarding this issue" is factual and should be sufficient to determine whether an improper *ex parte* communication may have occurred. |
| 159<br>CDE00303616 | March 9, 1998 e-mail string between Mary Egger, Gary Latham, and Dobie Langenkamp (Director, Naval Petroleum and Oil Shale Reserves) re: "Opportunity to reply to Stevens rebuttals."<br><br>The redacted portions of the March 9, 1998 12:52 p.m. e-mail from Dobie Langenkamp to Gary Latham and Mary Egger re: "Opportunity to reply to Stevens rebuttals"discussing amending the |

| | |
|---|---|
| | protocol are pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The 4:12 p.m. e-mail from Mary Egger to Gary Latham discusses *ex parte* prohibitions in the Equity Process Agreement and Ms. Egger's view of them, which are directly at issue in this case.<br><br>The court has balanced Chevron's request to have the text of these e-mails produced in their entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest to protect "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 10. |
| 161<br>CDE00306990-1 | Draft April 1998 letter from Patricia Godley [ASFE] to Mr. Carnie R. Block, Vice President, Western Basins Group, with red-line notations. This folder was not listed in the Government's September 4, 2007 Memorandum of Law in Support of Its Deliberative-Process Privilege Claims but was asserted in the Fygi Declaration. *See* Fygi Decl. at 38.<br><br>This document is pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 167 (CME003 1825–27)<br>[Stevens Zone] | April 28, 1998 fax cover sheet and memo (CME00301825) from Gary Latham to Pat Godley (ASFE)/Mary Egger (CME00301826) and confirmation fax (CME00301827) re: "Status of NSAI planning for response to comments on their provisional Stevens equity recommendation – April 28, 1998." This April 28, 1998 memo was authored by Gary Latham and is marked "Privileged and Confidential."<br><br>The memo is pre-decisional, but the heading and first paragraph are factual. The text of Item 1 "NSAI . . . on the table," is factual. The balance of the text "I wonder . . . as possible." is deliberative. The text of Item 2 is factual. The text of Item 3 is deliberative. If Gary Latham (*see*, *e.g.*, 255, 543, 889 (CBG01101894)) or Ms. Egger functioned as a member of "the DOE field equity technical team," which this document may help establish, then it also evidences an improper *ex parte* communication. |

| | |
|---|---|
| | The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 178 (CAS002 734-37) [Elk Hills] | July 27, 1998 fax cover sheet from Mary Egger to Patricia Godley (ASFE) with memo from Mary Egger and Pat Godley (ASFE) to Bob Kripowitz (PDASFE), dated July 27, 1998, together with a two page document. The Fygi Declaration asserts deliberative process privilege regarding both. *See* Fygi Decl. ¶ 13 at 14-15.<br><br>The cover sheet (CAS0020737) is pre-decisional, but the message on the cover sheet "Re: DOE Communications Protocol . . . Chevron draft," conveys factual information about an attached Chevron document and is not privileged. The balance of the message is pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The first paragraph of the July 27, 1998 memo (CAS0020734) and first paragraph of the attached draft (CAS0020735), marked "Personal and Confidential Attorney-Client Communication," conveys the fact that prior to this date Chevron and the Government had concerns about "certain aspects of communications relating to the equity finalization process." This is factual information relevant to whether improper *ex parte* communications took place and the parties' knowledge of same and should be produced. The second paragraph (CAS0020734), "The Chevron draft . . ." is pre-decisional and deliberative. The third paragraph "If you have . . . otherwise from you" is factual. The fourth bolded paragraph "Incidentally . . . timely designation." is factual. Therefore, only paragraph 2 of CAS0020734 is subject to the deliberative process privilege and the rest of CAS0020734 should be produced.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a |

| | |
|---|---|
| | compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 10.<br><br>CAS0020735-36 is a draft memorandum from O'Melveny & Meyers. If O'Melveny was counsel to the DOE Equity Team, the issue is why Ms. Egger received this document since she was counsel to the ASFE. Production of the first sentence of CAS0020735, however, should be sufficient to determine whether an improper *ex parte* communication may have occurred, without revealing any deliberative content. |
| 210 (CDE010 1793)<br>[Stevens Zone] | E-mail string, dated February 1, 1999 to and from the ASFE, James Gruber/Gary Latham copied to Mary Egger and Arnold Smits re: "Equity Legal issue-oil/gas equivalence." The Fygi Declaration asserts deliberative process privilege over redacted information in three e-mails. *See* Fygi Decl. ¶ 14 at 15-17.<br><br>The redactions on these e-mails concern communications that are pre-decisional, but the first four paragraphs are factual as they explain how Chevron calculated the technical conversion factor. The court discounts Mr. Fygi's prediction that "[r]eleasing this type of advice to the public, in general, would have a chilling effect on the willingness of a person providing such advice because it could subject that person to criticism or second-guessing." *Id.* ¶ 14 at 17. Moreover, the technical nature of this information is far removed from "frank and uninhibited [policy] advice." *Id.* The paragraph after the 2/1/99 separator is not deliberative. The paragraphs beginning "I then took . . ." and "During our last . . ." are factual, but contain some deliberative content, and are subject to the deliberative process privilege. If Mr. Latham (*see e.g.*, 255, 543, 889 (CBG01101894), Mr. James Gruber, or Ms. Egger functioned as members of the "DOE field equity technical team," however, this document evidences an improper *ex parte* contact. Moreover, this text may be relevant to why improper *ex parte* communications may have taken place, as it discusses the specific dollar amount at issue to DOE.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a |

| | |
|---|---|
| | compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 10. |
| 240 (CME016 2750-53) [Stevens Zone] | August 19, 1999 e-mail from Louis Capitanio to Robert Kripowicz (ASFE) copied to Gary Latham and Arnold Smits (CME01602750) re: "Critical Data and Decline Curves." This document is pre-decisional, but deliberative only in part. The text "In our . . . is attached" is factual.<br><br>The attached August 19, 1999 memo from Louis Capitanio to Robert Kripowicz (CMEO1602751-52) also is pre-decisional, but deliberative, only in part as it discusses technical information that Mr. Capitanio considered to be "Critical Data." The court discounts Mr. Fygi's prediction that "[r]eleasing this type of advice to the public, in general, would have a chilling effect on the willingness of a person providing such advice because it could subject that person to criticism or second-guessing." *Id.* ¶ 14 at 17. Moreover, the technical nature of this information is far removed from "frank and uninhibited [policy] advice." *Id.* All the bold text on CME01602751 is deliberative, except for "incremental production vs. accelerated production." The remainder of CME01602751 and CME01602752 is factual. If Mr. Capitanio, Gary Latham (*see e.g.*, 255, 543, 889 (CBG01101894), and/or Arnold Smits functioned as a member of the "DOE field equity technical team," however, this document evidences an improper *ex parte* contact.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 10-11. |
| 242 CFO00101819-27 | Two sets of handwritten notes – both sets are four pages in length. The first set, dated August 25, 1999, authored by Robert Kripowicz and reflects views about a meeting with the IPE (Scott Frost, Vicki Allen, and Rick Krenek), including a note about a September 8, 1999 meeting. The Fygi Declaration asserts deliberative process privilege regarding these notes. *See* Fygi Decl. ¶ 33 at 38. |

| | |
|---|---|
| | The second set of notes is not dated, but may reflect events at the August 25, 1999 meeting with NSAI on 8-25-99, regarding cut-off issue and decision." These notes are pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The notes on bullet 2 "IPE Input" on CF000101827 under the DOE heading that discuss whether data used by the IPE was "improper." The Chevron bullet 2 "Protocol" appears to be relevant to improper *ex parte* communications. The court has balanced Chevron's request to have this document produced to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need only for the notes on CF000101827 that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 11. |
| 243<br>CFO00101828-38<br>[Stevens Zone] | Handwritten notes of August 25, 1999 meeting regarding Stevens Zone Equity Data Cutoff Issue, consisting of 10 pages, represented as authored by Gena Cadieux. The Fygi Declaration asserts deliberative process privilege regarding these notes. *See* Fygi Decl. ¶ 33 at 38.<br><br>These notes are pre-decisional, deliberative, and subject to the deliberative process privilege. With respect to CF000101830, the Equity Process Agreement prohibits "equity-related communications or meetings with the Equity IPE . . . by an owner (including its agents and contractors without the participation or opportunity to participate by the other owner." *See* Compl. Ex. B ¶ A.2 incorporating Administrative Order No. 96-01 into the Equity Process Agreement.<br><br>If Chevron can establish by Affidavit that it did not have the opportunity to participate in the referenced August 25, 1999 telephone conference with the IPE, the court will reconsider this ruling, as it may evidence an improper *ex parte* communication in violation of the Equity Process Agreement. |
| 253<br>CFO00101808-11<br>[Stevens Zone] | 3 pages of typewritten "Q and A" regarding an August 31, 1999 telephone conference between "NSAI Participants" and "DOE Participants" with prepared questions re: "Stevens Zone Data Cut-Off Issue." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 38. |

| | |
|---|---|
| | This document is pre-decisional, deliberative, and subject to the deliberative process privilege. The question and answer under the "fairness of the process," however, references communications that may evidence *ex parte* communications prohibited by the Equity Process Agreement, prohibiting "oral equity-related communications or meetings with the Equity IPE . . . by an owner (including its agents and contractors without the participation or opportunity to participate by the other owner.)" *See* Compl. Ex. B ¶ A.2, incorporating Administrative Order No. 96-01 into the Equity Process Agreement.<br><br>If Chevron can establish by Affidavit that it did not have the opportunity to participate in this August 31, 1999 meeting with the IPE, the court will reconsider this ruling, as it may evidence an improper *ex parte* communication in violation of the Equity Process Agreement. |
| 255<br>CDE00307810<br>[Stevens Zone] | September 2 and 3, 1999 e-mail string re: "Decision on Stevens Zone data submission" between Mary Egger, Robert Kripowicz, and Gary Latham. The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 38.<br><br>The deleted information from the September 2, 1999 1:44 p.m. e-mail from Gary Latham to Robert Kripowicz re: "Decision on Stevens Zone data submission" is pre-decisional, deliberative, and subject to the deliberative process privilege. This document, however, evidences that Gary Latham and Arnold Smits participated by teleconference with "the equity group" and conveyed information about that group's activities to the ASFE. If "the equity group" was or included the "DOE field equity technical team" or if Mr. Latham and Mr. Smits were functioning in the latter capacity, this document evidences that an improper *ex parte* communication occurred.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |

| | |
|---|---|
| 261<br>CME01602735-39 | September 9, 1999 typewritten note to Krip (Bob Kripowicz-ASFE) from Gary L. (Latham) re: "Miscellaneous Thoughts," (CME01602736) followed by 2 pages of printed notes re: "Thoughts for your Consideration," (CME01602797-38) represented to be authored by A. Smits re: Background, Discussion of Data, and Findings." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 38.<br><br>The last sentence of the deleted text of CME01602736, a September 9, 1999 note from Gary Latham to the ASFE is pre-decisional, deliberative, and subject to the deliberative process privilege, but provides information relevant to whether Gary Latham may have functioned as a member of the "DOE field equity technical team." Likewise, the text of CME01602737-38, *i.e.*, September 9, 1999 handwritten notes of Mr. Smits at Bullet 5 also provides relevant information regarding this issue.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 264<br>CLC00102345<br>[Stevens Zone] | September 11, 1999 e-mail from Gary Latham to Robert Kripowicz (ASFE) copied to Arnold Smits, Louis Capitanio, and Mary Egger re: "NSAI critique of the Stevens shale studies by DOE and Chevron." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 38-39.<br><br>The redacted text "Arny and I . . . package for you with Arny." is pre-decisional, but provides a summary of factual information about a NSAI meeting that Arnold Smits and Gary Latham attended where Chevron was present and is relevant to whether they were functioning as members of the "DOE field equity technical team."<br><br>The court has balanced Chevron's request to have this text produced to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" |

| | |
|---|---|
| | and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.<br><br>The text beginning with "What you will read" to the end of the document, however, is deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this text. |
| 265 (CLC001 2695-2705) [Stevens Zone] | September 13, 1999 e-mails to and from Louis Capitanio and to and from Mary Egger, copied to Gary Latham and Arnold Smits, together with red-line draft of "Decision Regarding Dispute Over Data To Be Submitted Regarding Equity Finalization Implementation Process For The Stevens Zone." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 11 at 7.<br><br>The deleted text of the e-mail is pre-decisional, but the second paragraph is factual. Otherwise, CLC00102695 is not subject to the deliberative process privilege.<br><br>The attached red-line draft CLC00102697-CLC00102705 is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 268 (CLC001 2715-16) | Series of September 14, 1999 e-mails to and from Mary Egger and Louis Capitanio copied to Gary Latham, Arnold Smits, and Robert Kripowicz (ASFE) re: "New Draft." The e-mails are pre-decisional, but the content of the deleted text of the 1:50 p.m. e-mail (CLC00102715), is factual, except for the text beginning "I believe . . ." and "My impression . . .," that are deliberative. The 1:50 p.m. e-mail evidences direct communication between the IPE and Mr. Capitanio, *e.g.*, "we did not ask the IPE" and "The IPE also offered during the telecon," even though Mr. Capitanio was not designated as an "Owner." *See* Feb. 16, 2007 Gov't Resp. to Pl. Interrogatory 8 at 23-24. If Mr. Capitanio was functioning as member of the DOE field equity technical team in participating in this telephone conference and conveying information from the IPE to Mr. Kripowicz (ASFE), this may evidence an *ex parte* |

communication prohibited by the Equity Process Agreement. The situation is complicated further since Ms. Egger was the individual who requested this information.

The Fygi Declaration asserts deliberative process privilege is applicable, because: "This is the type of deliberative information that must be shared openly and frankly with the PDASFE, as well as other advisors whose responsibilities included the duty to advise. the PDASFE in this matter." Fygi Decl. ¶ 16 at 19. The issue here is not whether this is deliberative information, but whether it was obtained and used in violation of the Equity Process Agreement.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.

* * *

The deleted text of the 9:54 a.m. e-mail from Mary Egger is pre-decisional, but the content is factual, in part. Paragraph two beginning with "I believe . . .," is deliberative content and subject to the deliberative process privilege. Ms. Egger's e-mail states: "We may need to talk to the IPE again. . . on the . . . well submissions." The Government has represented to the court the names of individuals who were authorized to represent DOE before the IPE. Ms. Egger's name was not listed. This document raises issues regarding whether Ms. Egger was authorized to provide advice to a participant in the IPE process on technical matters, as well as providing advice to the ASFE. The Fygi Declaration asserts deliberative process privilege is applicable because of a "concern related to a question as to what impact the draft decision might have on the IPE's ability to fulfill its mission and continue gathering data." Fygi Decl. ¶ 16 at 19. There is no indiction in this document or elsewhere that the IPE was concerned about being able to "fulfill its mission." *Id.* The point is the IPE was independent and, in fact, had an independent legal advisor. Ms.

Egger's client was the ASFE, not the IPE. Moreover, contrary to the Fygi Declaration, the redacted text does not "attempt to address the concern that, left unresolved, could not only affect the substantive content of the [ASFE] decision but also threaten the underlying process itself – the ability of the IPE to perform its duties." *Id*. at 19-20. Instead, Ms. Egger's e-mail evidences DOE's interest in whether the IPE intended to use post-1997 data and to influence the IPE not to rely on this data, as becomes evident in the 1:50 p.m. e-mail.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.

* * *

The deleted text in the second and third paragraphs of the 4:44 p.m. e-mail from Louis Capitanio to Mary Egger is factual. This e-mail, however, states: "I have not yet seen the DOE's April 23 [1999] submittal to the IPE's . . . question." This implies that Mr. Capitanio should or thought he should receive this information, although he was not designated as a "owner" under Administrative Order 96-01. The fourth paragraph is pre-decisional, is deliberative, and subject to the deliberative process privilege. The Fygi Declaration asserts deliberative process privilege for this document again arguing the "impact of the IPE's ability to do its work[.]" *Id*. at 20. For the same reasons, the court finds the rationale unfounded.

* * *

The deleted text of the 12:22 p.m. e-mail from Mary Egger to Robert Kripowicz is factual and should be produced.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and

recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 11.

| | |
|---|---|
| 270 (CDE003 4426-28) | E-mail string, dated September 15-16, 1999. This folder was not listed in the Government's September 4, 2007 Memorandum of Law in Support of Its Deliberative-Process Privilege Claims but was asserted in the Fygi Declaration. *See* Fygi Decl. ¶ 34 at 44-45. |

The text of the September 16, 1999 2:10 p.m. e-mail (CDE00304427) from Arnold Smits to Bob Kripowicz (ASFE) re: "Proposed SOZ Schedule Change" references a "technical meeting in Bakersfield" on September 16, 1999. The factual information in this e-mail properly was produced so that Chevron may explore in what capacity Mr. Smits and others attended this meeting. The redacted text (CDE00304427-28) is pre-decisional, deliberative, and subject to the deliberative process privilege except for the text "concern NSAI . . . teleconference"which is factual. If Chevron did not participate in this technical meeting as it may evidence a potential violation of the Equity Process Agreement. The court discounts Mr. Fygi's prediction that disclosure of these "technical" communications will have a "chilling effect on the willingness of a person providing such advice because it could subject that person to criticism or second-guessing." Fygi Decl. ¶ 34 at 45.

* * *

The redacted text of a September 16, 1999 5:26 p.m. e-mail (CDE00304426) from Mary Egger to Robert Kripowicz (ASFE) re: "Proposed SOZ Schedule Change" copied to Louis Capitanio, Gary Latham, Arnold Smits, and Gena Cadieux is pre-decisional and deliberative. The deleted text, however, indicates that Ms. Egger made technical changes to a draft ASFE Decision regarding the Proposed SOZ Schedule Change. If Ms. Egger or any of the other DOE staff recipients functioned as a member of the "DOE field equity technical team," this text may evidence an improper *ex parte* contact prohibited by the Equity Process Agreement. The deleted text at issue does not provide a "recommendation" nor "brief description of the issue," contrary to the Government's representation. *See* Fygi Decl. ¶ 34 at 45. The issue is how did Ms. Egger have this information. *See also* Ruling on 268 9:54 a.m. e-mail (CLC00102715).

| | |
|---|---|
| | The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 278 (CLC001 2657-2668) [Stevens Zone] | CLC00102657 is an e-mail string to and from Mary Egger, A. Smits, G. Latham, Lou Capitanio, and Gena Cadieux re: "comments/revision." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 11 at 7.<br><br>The redacted second paragraph of the September 16, 1999, 12:35 p.m. e-mail is pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>* * *<br><br>The redacted paragraph of the 9/16/99, 10:30 a.m. e-mail is pre-decisional and contains deliberative content, except for the first four lines that are factual.<br><br>The last sentence of CLC00102657 "I've taken . . . technically correct," is pre-decisional, contains deliberative content, but this sentence shows Ms. Cadieux requesting verification of a technical issue from Ms. Egger and is relevant to whether Ms. Egger obtained this information by functioning, at any time, as a member of the "DOE field equity technical team."<br><br>The court has balanced Chevron's request to have this sentence (CLC00102657) produced to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.<br><br>* * * |

The deleted portions of the draft "Decision Regarding Dispute Over Data Submitted In Connection With The Equity Finalization Implementation Process for the Stevens Zone" (CLC00102659-68), are pre-decisional, but not all portions are deliberative. CLC00102659-63 discussing introduction and "Background" until the text "DISCUSSION" is factual, including the parenthetical comment on page 2. The remainder of the document is deliberative, except for the text on CLC00102664: "The IPE considers . . ." which is factual. The court has determined, however, that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as factual and not privileged, should be produced.

| | |
|---|---|
| 281 (CLC001 2643-2656) [Stevens Zone] | The deleted handwritten note by Louis Capitanio on CLC0102643 concerning a September 17, 1999 meeting with Robert Kripowicz, Mary Egger, and Arnold Smits is pre-decisional, deliberative, and subject to the deliberative process privilege. The Fygi Declaration asserts deliberative process privilege for this note, because it reflects "the opinions and comments of the PDASFE and its advisors." Fygi Decl. at 8-9. If Mr. Capitanio, Mr. Smits (*see* 251, 261, 264), or Ms. Egger functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication. *See also* ruling on 268 9:54 a.m. e-mail (CLC00102715). |

The court has balanced Chevron's request to have this sentence produced to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 11.

* * *

CLC00102645-48 is a draft "Decision Regarding Dispute Over Data Submitted In Connection With The Equity Finalization Implementation Process for the Stevens Zone" that is pre-decisional. The introduction and Background Sections of the text of CLC001 02645-48 are factual and the redline comments are solely editorial in nature and should be produced, together with the

| | |
|---|---|
| | text which is factual. The text of CLC00102649-56, however, contains the Discussion and Decision Sections with red line comments that are pre-decisional, deliberative, and subject to the deliberative process privilege, as the Fygi Declaration asserts. *See* Fygi Decl. ¶ 11 at 7-8. |
| 283<br>CDE00309043 | September 20, 1999 e-mail from Mary Egger to Robert Kripowicz (ASFE), Gary Latham, Louis Capitanio, Arnold Smits, and Gena Cadieux re: "ASFE data decision." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39.<br><br>The redacted text of CDE00309043 is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 292<br>CDE01310270<br>[Stevens Zone] | September 21, 1999 e-mail from Gary Latham to Robert Kripowicz, Mary Egger, Louis Capitanio, Arnold Smits re: "Stevens data cutoff decision." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39.<br><br>The redacted text of CDE01310270 is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document, however, as previously discussed, if any of the aforementioned functioned as members of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 294 (CDE003 4074) | September 22, 1999 e-mail string re: "Draft ASFE Data Decision." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39.<br><br>The redacted text of CDE003044074 is pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 298 (CDE003 9901-13)<br>[Stevens Zone] | September 23, 1999 draft cover letter (CDE00309001) re: "Decision Regarding Dispute Over Data Submitted In Connection with the Equity Finalization Implementation Process For the |

| | |
|---|---|
| | Stevens Zone" is pre-decisional, but factual. CDE00309002-05 (Introduction and Background Sections) are pre-decisional, but factual. CDE00309005 "Discussion" through CDE00309012, is pre-decisional, deliberative, and is subject to the deliberative process privilege. The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 11 at 8.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 320 - 332 (CME013 1693-1705)<br>[Stevens Zone] | 13 pages of a 2/16/00 handout re: a Stevens Zone Oil Migration Presentation, represented on the log as being prepared by Gary Latham for unidentified persons. The Fygi Declaration asserts deliberative process privilege as to the redacted portions of 329 (CME0131702) and 331 (CME0131704). See Fygi Decl. at 21. The redacted information is predecisional, but factual and relevant to the Government's causation theory. *See* 6/15/07 TR at 10.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 337 (CME013 1676-80)<br>[Stevens Zone] | "Key Questions For NSA At Stevens Final Equity Briefing For Principal Deputy ASFE (02/23/00)." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 18 at 22-23.<br><br>The redacted portions of CME01301676 are a list of questions and bullet points, represented as being prepared by Gary Latham (with unidentified handwritten notes) for a 2/23/00 final briefing of the Principal Deputy ASFE with the IPE. The redacted questions on the first page are pre-decisional, deliberative, and are subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced.<br><br>CME0130677 is a document "Materiality of Various Factors In |

| | |
|---|---|
| | The Equity Calculation" with seven bullet points that are pre-decisional, but factual in content, except for the bold text that could be construed as deliberative. Since two of the bullets were disclosed and the remainder provide factual context for CME01301679, *i.e.*, "Weighting Factor," and CME01301680, which were produced, CME01301677-78 also should be produced without the bold text. |
| 339 (CLC001 4511-13) | Three page document "Elk Hills Equity Status (March 17, 2000)," represented as being prepared by Gary Latham. The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 20 at 24-25.<br><br>This document is pre-decisional, but the first two pages are not deliberative, as they discuss primarily factual matters. The handwritten notes on CLC00104511-12 are relevant to central issues of this case, as they evidence communication between Mr. Latham and the ASFE. If Mr. Latham also functioned as a member of the "DOE field equity technical team," this document would evidence a potential prohibited *ex parte* contact. *See, e.g.*, 255, 543, 889 (CBG01101894).<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.<br><br>* * *<br><br>CLC001045113, however, is pre-decisional, deliberative, discussing the parameters of a settlement, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 356<br>CAS0021105<br>[Stevens Zone] | August 4, 2000 e-mail from Gary Latham to Robert Kripowicz and Mary Egger re: "Changes to NSAI final equity recommendation for the Stevens Zone." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39. |

| | |
|---|---|
| | This document is pre-decisional, deliberative, and subject to the deliberative process privilege. This e-mail, however, is relevant to the issue of whether Butch Gangle and/or Gary Latham functioned as a member of the "DOE field equity technical team" and references "*ex parte* communication prohibitions" at issue in this case.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 12-13 (357). |
| 357<br>CAS0030910<br>[Stevens Zone] | Two e-mails dated August 4, 2000. The August 4, 2000 1:24 p.m. e-mail is the same document as 356.<br><br>The August 4, 2000 2:24 p.m. e-mail is a reply is from Mary Egger to Gary Latham, Robert Kripowicz (ASFE) re: "Changes to NSAI final equity recommendation for the Stevens Zone." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39. The deleted text is pre-decisional, deliberative, and is subject to the deliberative process privilege. |
| 362 (CFO001 948-52) | The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 20 at 24-25. CFO001948-49, however, are duplicates of a August 10, 2000 3:37 p.m. e-mail from Gary Latham to Robert Kripowicz copied to Mary Egger re: "Possible equity discussions with Chevron's Gary Luquatte."<br><br>CFO00100950 "Equity Fact Sheet (8/10/00)" is the attachment to CFO001948-49. The redacted text in Section A of CFO00100950 is pre-decisional, but factual as the title "Equity Fact Sheet (8/10/00)" states, and should be produced. The redacted chart under Section B "History of SOZ Equity Determinations" is pre-decisional, but factual, and should be produced. The first two lines of text beginning with "Historical . . . by about 5.5 points" is factual, however the text, "but . . . equity, but" is pre-decisional, deliberative, and subject to the deliberative process privilege. The rest of the text in this paragraph beginning with "NSAI has |

| | |
|---|---|
| | recommended. . .” is factual. The redacted chart following Section C. “Recent Owner Positions on DOE Equity in the SOZ” is pre-decisional, but factual. The redacted text “Owner . . . DOE seeks.” is pre-decisional, deliberative, and subject to the deliberative process privilege. The redacted chart on CFO00100951- Section D “Equity Costs to the Government by Year (includes STA, NSAI, and outside legal)” is pre-decisional, but factual and should be produced. The text of CFO00100951 following the chart is pre-decisional but factual and should be produced. CFO00100952 appears to be a duplicate of CFO00100951, but for highlighting and a line of text before the chart, which is pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the factual portions designated as not privileged, should be produced. |
| 373<br>CLC00101235-37<br>[Shallow Oil Zone] | Three page document. The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39. CLC00101235 are handwritten notes, represented as authored by Louis Capitanio that are pre-decisional, deliberative, and subject to the deliberative process privilege. CLC00101236 is a chart, however, that is factual in content and should be produced, without the handwritten notes, which are privileged.<br><br>The handwritten notes on CLC00101237, are also privileged. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the factual portions designated are not privileged and should be produced. |
| 380 (CLC001 2288) | Handwritten notes of Louis Capitanio, dated 8/23/00, re: a telephone call from Butch Gangle to Louis Capitanio. The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 21 at 25-26. The redacted text is pre-decisional, but has only partial deliberative content. The first paragraph concerns a “Protocol Issue” and references a communication from Butch Gangle to Gary Latham, who in turn was to take copies of same to Robert Kripowicz and Mary Egger. If Mr. Gangle, Mr. Latham, or Ms. Egger functioned as a member of the “DOE field equity technical team,” this document would evidence an improper *ex parte* communication. |

| | |
|---|---|
| | The second paragraph beginning with "Gary: NSAI has said . . . and NSAI" is factual and should be produced. The third paragraph beginning with "Gary" is pre-decisional, deliberative, and is subject to the deliberative process privilege. The remainder of the document lists other potential participants, is factual, and should be produced.<br><br>The court rejects the Fygi Declaration's contention that disclosure of these notes would undermine the ability of the PDASFE and his staff to "work efficiently and effectively." Fygi Decl. ¶ 21 at 26. Likewise, the court rejects the contention that disclosure of these notes "would have a chilling effect on the willingness of a person providing such advice because it could subject that person to criticism or second-guessing." *Id*. These notes were made by Capitanio, and do not reflect the purpose was to provide advice to the PDASFE.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 381<br>CDE01333720<br>[Stevens Zone] | The August 24, 2000 e-mail from Louis Capitanio to Mary Egger copied to Gary Latham re: "Response to DOE 8/22 Stevens Equity Letter." The Fygi Declaration asserts deliberative process privilege for this document. *See* Fygi Decl. ¶ 33 at 39.<br><br>The redacted text of this e-mail is pre-decisional, but contains only partial deliberative content. The first two sentences are factual and should be produced. The balance of this document includes deliberative content, but Chevron has not established a compelling need for disclosure of this text. |
| 384 (CAS005 1712)<br>[Stevens Zone] | August 29, 2000 e-mail string. The redacted text of the 1:52 pm e-mail from Arnold Smits to Robert Kripowitz and Mary Egger re: "Request for a Conference Call" is pre-decisional, but only has partial deliberative content. The first paragraph evidencing a telephone call between Butch Gangle and Arnold Smits and two sub-headings are factual. The text of the paragraph "Both owners . . . paid." is factual. The paragraph under the second |

| | |
|---|---|
| | heading, however, is pre-decisional, deliberative, and is subject to the deliberative process privilege.<br><br>* * *<br><br>The redacted text of the 1:57 pm e-mail is pre-decisional, but factual as it evidences that Ms. Egger did not consider her role as that of "DOE EFT counsel, which previously was O'Melveny's role" The Fygi Declaration asserts deliberative process privilege for both of these documents. *See* Fygi Decl. ¶ 23 at 26-27. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced.<br><br>* * *<br><br>The redacted text of the 2:09 pm e-mail is pre-decisional, but factual, but the text "However, I . . . counsel present" is deliberative and subject to the deliberative process privilege.<br><br>* * *<br><br>The redacted text of the 2:15 pm e-mail is pre-decisional, but factual and should be produced. The text "If EFT . . . issue #1," is pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this text. |
| 495 (CAS005 1665-67) [Stevens Zone] | 3 page "Summary of [Chevron and DOE] Criticisms of the Final Equity Recommendation By NSAI for the Stevens Zone and NSAI Responses to those Criticisms" dated January 17, 2001, represented to have been prepared by Gary Latham, DOE "the head of the Headquarters technical advisory team." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 23 at 27.<br><br>This document is pre-decisional, but is largely factual and contains only partial deliberative content. On CAS00501665 under NSAI Response, the sentence beginning with "However, . . ." is deliberative. Likewise, on CAS00501667 under "NSAI Response," the sentence beginning with "However, . . ." is deliberative. In addition, the handwritten notes in the margins on CAS00501665-66 are deliberative. Otherwise all three pages |

| | |
|---|---|
| | should be produced. The Fygi Declaration states: "This document also contains the author's opinions of what impacts these issues (*i.e.*, the parties' arguments to the IPE) would have on the parties' equity interests." *Id*. Accordingly, this information is relevant to the Government's causation theory. *See* 6/15/07 TR at 10.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 497 (CFO001 1150-53) [Stevens Zone] | 4 pages, duplicate pages in folder 495. Same ruling as 495, including allowing redaction of other handwritten notes. |
| 511 (CBG006 3-9) | CBG0060003 are handwritten notes, dated February 1, 2001, represented in the log as those of Butch Gangle. The notes indicate that GL (Gary Latham), NS (Norman Stone) GH (Gary Henderson or Greg Hueni), BK (Beth Kelly or perhaps Bob Kripowicz) and GT (Greg Thorpe) were present at the meeting described.<br><br>The Fygi Declaration asserts this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 39-40. The document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document.<br><br>* * *<br><br>CBG0060004 is a chart entitled "Event Timing For Equity Process Schedule and Options as Described in the December 4, 2000 Option Paper," marked "Privileged & Confidential Predecisional Analysis – Not For Distribution" and represented as prepared by Ms. Egger. This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document.<br><br>* * * |

CBG0060005 is a January 29-30, 2001 e-mail string re: "Chevron mtg." The deleted text of the January 29, 2001 e-mail from Mary Egger to Gary Latham, Alan Burzlaff, Butch Gangle, and Greg Thorpe is pre-decisional, but factual, except for the sentence beginning with "I don't . . ." which has deliberative content. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

CBG0060006-7 two page "Draft Talking Points for the 2/1/01 Chevron Mtg. Regarding the Acceleration of the SOZ Equity Process," marked "Privileged & Confidential Attorney Client Communications," represented to have been authored by Mary Egger. This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document.

* * *

CBG0060008-9 is January 17, 2001 and January 19, 2001 e-mail string re: "Chevron's Response." The redacted text of the January 19, 2001 3:43 p.m. e-mail (CBG006008) from Alan Burzlaff to Mary Egger, Greg Thorpe, copies to Butch Gangle, Ken Schussler, and Molly White is pre-decisional, deliberative, and subject to the deliberative process privilege. This document may evidence a prohibited *ex parte* communication, if Alan Burzlaff, Mary Egger, Butch Gangle, and/or Ken Schussler had functioned or were functioning as members of the "DOE field equity technical team." A related question is in what capacity were Ms. Egger and Mr. Thorpe functioning at this juncture. *See* 384 (1:57 p.m. e-mail).

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a

| | |
|---|---|
| | compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307.<br><br>* * *<br><br>The January 19, 2001 3:43 p.m. e-mail (CBG006008) is pre-decisional, but factual and should be produced in its entirety.<br><br>* * *<br><br>The redacted text of the January 17, 2001 1:14 p.m. email (CBG0060009) is pre-decisional, but factual, other than the parenthetical "Don't . . . content.", which is deliberative and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 526 (CGC007 294-323) [Stevens Zone] | February 18, 2001 "DRAFT Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone, Naval Petroleum Reserve No. 1 (March 2001)," marked "Privileged And Confidential Pre-Decisional Analysis," without designating author or recipients. The Fygi Declaration asserts deliberative process privilege as to this entire document. *See* Fygi Decl. ¶ 12 at 10-11.<br><br>This document is pre-decisional, deliberative, and subject to the deliberative process privilege with respect to: CGC00700295 (TABLE OF CONTENTS), the red-line edits on CGC00700298, CGC00700300-01, CGC00700303-04. Beginning with red-line edits on CGC00700304 and continuing through CGC00700323, *i.e.*, "III. Preliminary Decision, Appendix I." The remainder of the document (CGC00700 296-CGC00700 304) describing: "I. Background and Authorities; and II. Implementation of the NDA Act" is factual and should be produced.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 531 (CBG006 12) | February 26, 2001 e-mail from Alan Burzlaff to Mary Egger, Gary Latham, Butch Gangle, Greg Thorpe, copied to Ken Schuessler re: "Chevron's Streamling Suggestions for SOZ Equity Process." The |

| | |
|---|---|
| | Fygi Declaration asserts "privilege for redacted portions of this email." Fygi Decl. ¶ 25 at 29.<br><br>This document is pre-decisional, however, the content is only partially deliberative. The text in lines 1-7 "We have . . . Recommendation" is deliberative and subject to the deliberative process privilege. The remainder of the text is factual and should be produced. The text under Item 2 "This Chevron . . . addition," is factual and should be produced. The text "I . . . comments." is deliberative and subject to the deliberative process privilege. The text under Item 3 "in Chevron's . . . Decision" is factual and should be produced. The text ("Although . . . list)," and "I . . . Decision)." is deliberative and subject to the deliberative process privilege. In addition, the last two lines "I am . . . call" are factual and should be produced. The Fygi Declaration asserts deliberative process privilege as to this entire document. *See* Fygi Decl. ¶25 at 29-30. This document, however, may evidence a prohibited *ex parte* communication if Alan Burzlaff, Butch Gangle, Ken Schuessler, or Gary Latham functioned as a member of the "DOE final equity technical team." The court rejects the contention that: "Releasing this type of commentary to the public would have a chilling effect on the willingness of a person to provide such advice[.]" (*see* Fygi Decl. ¶ 27 at 30), since Burzlaff characterizes his observations of Chevron's three suggestions as "stating the obvious." (CBG0060012).<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l*, 437 F.3d at 1307. |
| 543 (CAS002 940-41) | E-mail string, dated April 3 and 5, 2001.<br><br>The Fygi Declaration asserts deliberative process privilege as to this document. *See* Fygi Decl. ¶ 33 at 40. The April 3, 2001 2:34 pm e-mail from Gary Latham to Robert Kirpowicz copied to Gena Cadieux, Arnold Smits re: "NSAI procedure for estimating 26R ultimate recovery" is pre-decisional, but lines 1 and 2 are factual |

| | |
|---|---|
| | and should be produced. The remainder of the text contains recommendations about agency policy and is subject to the deliberative process privilege. |
| | * * * |
| | The April 3, 2001 3:04 pm reply is pre-decisional, deliberative, and is subject to the deliberative process privilege. If Gary Latham had knowledge of the NSAI procedure, because he was functioned as a member of the "DOE field equity technical team," the April 3, 2001 e-mail may evidence an improper *ex parte* communication in prohibited by the Equity Process Agreement. |
| | The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307. |
| | * * * |
| | The April 5, 2001 6:15 pm e-mail's first three sentences are factual and should be produced, however the balance of the e-mail is pre-decisional and contains deliberative content and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions of the April 5, 2001 e-mail designated as not privileged, should be produced. |
| 548 (CGC007 144-178) [Stevens Zone] | "DRAFT Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone, Naval Petroleum Reserve No. 1, (DOE May 2001)" marked "Privileged And Confidential Pre-decisional Analysis," without designating author or recipient. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11. |
| | This document is pre-decisional, deliberative, and subject to the deliberative process privilege with respect to: CG00700145 (TABLE OF CONTENTS), the red-line edits on CG00700153-54 |

and continuing through CGC00700177. The remainder of the document (CGC00700146-1543), however, describing: "I. Background and Authorities and II. Implementation of the NDA Act" is factual and should be produced.

The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced.

551
CAS00602920

June 6, 2001 unidentified language re: "The constant solution gas weighting methodology supported by Chevron." Represented as authored by "STA (Burzlaff et al.)" as a "member of DOE headquarters technical advisory team regarding constant solution gas weighting methodology to be used in the deliberative process leading to the ASFE Preliminary Decision." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 40.

This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not yet established a compelling need for disclosure of this document.

552 (CDE003 7354)

E-mail string, dated June 6, 2002 re: "Stevens Prelim." The Fygi Declaration asserts that the redacted text of each of these e-mails is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 26 at 30.

This document is pre-decisional, but only partially deliberative. The redacted text of the 3:57 pm e-mail from Arnold Smits to Gena Cadieux copies to Gary Latham re: "Chevron . . . (CF/BBL)" is factual and should be produced, although the rest of the sentence has deliberative content. The content of the two sentences "Under . . . barrels of oil." is factual and should be produced. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced.

* * *

The redacted text of the 4:09 pm e-mail is pre-decisional, deliberative, and is subject to the deliberative process privilege.

557 (CDE003 3566)

Redacted text of the June 26, 2001 2:14 p.m. e-mail from Gary

| | |
|---|---|
| [Stevens Zone] | Latham to Mary Egger re: "Basis for Conversion of Stevens Zone gas to oil equivalent" copied to Gena Cadieux and Arnold Smits. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 40.<br><br>This document is pre-decisional, deliberative, and subject to the deliberative process privilege. If Gary Latham, however, was functioning as a member of the "DOE final equity technical team," (*see* 255, 261, 264, 380, 495, 543, 889 (CBG01101894)). This e-mail may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307. |
| 571<br>CFO00101889-90<br>[Stevens Zone] | 2 page document. CF00101889-90 are comments on Stevens Zone draft decision submitted on 10/25/01. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 40.<br><br>These notes are pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 572 (CME015 1894-1928)<br>[Stevens Zone] | CME01501894 is the same October 23, 2001 cover memo as folder 570 which was produced. The attached November 2001 "DRAFT Preliminary Decision Finalizing Participation Percentages In Production From the Stevens Zone, Naval Petroleum Reserve No. 1," marked "Privileged And Confidential Pre-Decisional Analysis (November 2001)," without designating the author or recipient, is pre-decisional, deliberative, and subject to the deliberative process privilege with respect to: CME01501896 (TABLE OF CONTENTS) and CME0150905-CME01501928. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11.<br><br>The remainder of the document CME01501897-CME01501905, |

| | |
|---|---|
| | describing: "I. Background and Authorities; and II. Implementation of the NDA Act," however, is factual and should be produced.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 577 (CFO001 1174-1181) [Stevens Zone] | CFO00101175 is a November 9, 2001 cover memo that is pre-decisional, but factual and should be produced. The attached "Preliminary Decision Finalizing Participation Percentages Production from the Stevens Zone, Naval Petroleum Reserve No. 1 (November 2001)" is pre-decisional, deliberative, and is subject to the deliberative process privilege, with respect to CF00101177 (TABLE OF CONTENTS), Sections III and IV. The Fygi Declaration asserts that this entire document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11. The remainder of the document, Sections I. and II. are factual and should be produced. *See* 572.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 589 (CDE003 4454-55) [Stevens Zone] | E-mail string, dated December 4 and 5, 2001. The Fygi Declaration asserts that the redacted text in both e-mails is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 40.<br><br>The redacted text of the 10:09 a.m. e-mail reply to same from Mary Egger is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document.<br><br>* * *<br><br>The redacted text of the December 5, 2001 8:02 a.m. e-mail from Gary Latham to Gena Cadieux copied to Mary Egger re: "Owner comments on the Stevens Zone Preliminary Decision." is pre-decisional, deliberative, and is subject to the deliberative process privilege. |
| 602 (CDE007 8635-36) | E-mail string, dated May 13, 2002 re: "Reflections on the abandonment pressure debate." The Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. |

| | |
|---|---|
| | *See* Fygi Decl. ¶ 33 at 40.<br><br>This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 672 (CDE007 1247-49) [Stevens Zone] | E-mail string, dated March 28, 2003, March 30, 2003, September 23, 2004, September 24, 2004 re: "Stevens CF and Equity for 1942 Prices." The Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 40.<br><br>The redacted text of the 4:38 p.m. September 23, 2004 e-mail from Mary Egger to Arnold Smits and 8:18 a.m. September 24, 2004 e-mail (CDE00701247) from Arnold Smits to Mary Egger with copy to Gena Cadieux is pre-decisional, deliberative, and are subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 740 CFE00100119-21 [Stevens Zone] | May 5, 2006 cover e-mail and 2 page January 4, 2006 memo to Jeffrey Jarrett PDA (ASFE) from Gary Latham re: "Redetermination of Final Equity in the Stevens Zone of the Elk Hills Oil Field." marked "Predecisional Materials - Privileged and Confidential - For Internal Use Only." The Fygi Declaration asserts that both documents are subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The redacted text of CFE00100120 is pre-decisional, but the text "As part of . . . possible approaches" is factual and should be produced. This document states that Gary Latham and Arnold Smits were members of the "Equity Advisory Team," Louis Capitanio was "with the oil & gas R&D group," but available to spend 25% of his time on the "Equity Advisory Team." The "Equity Advisory Team," a term not referenced in the Equity Process Agreement. All of the "members,' however, were DOE employees with technical backgrounds. To the extent that members of the so-called "Equity Advisory Team" also functioned as members of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. In addition, the last sentence characterizing Ms. Egger's role in the process, is factual and should be produced. |

| | |
|---|---|
| | Assuming *arguendo*, that this information is privileged, the court has balanced Chevron's request to have this folder produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307. |
| 750<br>CDE00706638-9<br>[Stevens Zone] | February 9, 2006 memo "Gena Cadieux's Questions and Responses by the ASFE Equity Advisory Team (Latham, Smits)" regarding the "Stevens Zone post-OHA remand preliminary decision" prepared for unknown individuals. The Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 754<br>CLC00100074<br>[Stevens Zone] | February 14, 2006 handwritten notes "of a meeting of six DOE employees, including two attorneys" by unknown author re: "Stevens Equity OHA Decision" meeting reflecting attendance of J. Jarrett, G. Latham, M. Egger, G. Cadieux, A. Smits, L. Capitanio. This folder was not listed in the Government's September 4, 2007 Memorandum of Law in Support of Its Deliberative-Process Privilege Claims, but the Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>This document is pre-decisional, deliberative, subject to the deliberative process privilege. The court has balanced the competing interests of the parties and determined that Chevron has not established a compelling need for disclosure of this document. |
| 756 (CDE003 4336) | February 22, 2006 e-mail from G. Cadieux to Arnold Smits, Gary Latham copied to Mary Egger re: "Building Blocks for the decision." The Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 27 at 32-33.<br><br>The redacted text is pre-decisional, but provides procedural instructions, without deliberative content. Moreover, the reference |

| | |
|---|---|
| | to a "report of your interactions with the EFTs" is a central and relevant issue in this case.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 13. |
| 765<br>(CDE007 3354-57)<br>[Stevens Zone] | This document is a draft of options suggested by the DOE technical team and reviewed by the ASFE Advisory Team regarding the OHA remand with exhibits. The Fygi Declaration asserts that the redacted text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 27 at 32-33.<br><br>The document is pre-decisional, deliberative, and is subject to the deliberative process privilege, except for Exhibit A (CDE00703356)Figure 4 "Gas Conversion Factor Calculations, Stevens Zone" (CDE00703357), which are factual and should be produced. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 783 (CDE007 6766) | March 15, 2006 e-mail string re: "OHA Decision Piece" between Gary Latham and Gena Cadieux with cc: to Arnold Smits. The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>* * *<br><br>The text of the 12:53 pm e-mail is part factual and part deliberative content. The first four sentences are pre-decisional, but factual and should be produced.<br><br>* * *<br><br>The 1:02 pm text is factual and should be produced.<br><br>* * * |

| | |
|---|---|
| | The 1:23 pm text is in part factual and part deliberative. The first sentence is factual and should be produced. The second, third, and fourth sentences contain deliberative content. The fifth, sixth, and seventh sentences are factual and should be produced.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 794 (CDE001 520-21) | March 27, 2006 Draft Section III.C. of ASFE Stevens Zone Proceeding was prepared by Gena Cadieux. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 28 at 33-34.<br><br>CDE00100520 is pre-decisional, deliberative, and is subject to the deliberative process privilege. CDE00100521 is pre-decisional, but the first line of text and chart "DOE Equity" are factual and should be produced. The remainder of the document contains deliberative content, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 800 (CDE007 2033) | March 28, 2006 e-mail from Gary Latham to Gena Cadieux with cc: to Arnold Smits re: "Revised Section III.A." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The redacted text of the e-mail is pre-decisional, but the first sentence is factual and should be produced. The remainder of the document contains deliberative content and is subject to the deliberative process privilege.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 809 (CDE007 15865) | March 27, 2006, April 4-5, 2006 e-mail string. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The text of the April 4, 2006 11:01 a.m. e-mail (CDE00715865) from Gena Cadieux to Arnold Smits copied to Gary Latham re: |

| | |
|---|---|
| | "Section III C Text Rewrite.doc." is pre-decisional, deliberative, and subject to the deliberative process privilege.<br><br>The text of the April 5, 2006 10:38 a.m. e-mail is pre-decisional, but factual and should be produced. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 816 (CDE001 72-80) | (CDE00100072-79). *See* 975. CDE00100080 is a draft letter to Norm Stone (Chevron) and Francis ("Butch") Gangle transmitting the Preliminary Decision Finalization Participation Percentages in Production from Stevens Zone." The document is pre-decisional, but factual and should be produced. The document is also relevant to the issue of whether Mr. Gangle functioned as a member of the "DOE final equity technical team." |
| 819 (CDE00702109-18) | May 17, 2006 2:50 p.m. e-mail from Arnold Smits to Mary Egger copied to Gena Cadieux and Gary Latham re: "Draft Preliminary Decision Finalizing Participation Percentages in Production" with two attachments. The text of the e-mail (CDE00702109) is pre-decisional but factual and should be produced. The attachments (CDE00702110-18) contain a draft letter to Norm Stone (Chevron) and Butch Gangle transmitting the Preliminary Decision Finalization Participation Percentages in Production from Stevens Zone." The document is pre-decisional, but factual and should be produced. *See* 816. The redline edits by Mary Egger on CDE00702116 are also factual and should be produced. |
| 820 (CDE00703428-29; CDE0073354-57) | May 18, 2006 9:19 a.m. e-mail from Mary Egger to Arnold Smits copied to Gena Cadieux and Gary Latham re: "Draft Preliminary Decision Finalizing Participation Percentages in Production" with two attachments. The text of the e-mail (CDE00703428) is pre-decisional but factual and should be produced. The first attachment (CDE00703429) is a draft letter to Norm Stone (Chevron) and Butch Gangle transmitting the Preliminary Decision Finalization Participation Percentages in Production from Stevens Zone." The document is pre-decisional, but factual and should be produced. *See* 816. Additionally, the redline edit is grammatical and factual and should be produced. The second attachment CDE0073354-57 is the same as 765. |
| 840 (CDE003 1602) [Elk Hills] | June 9, 2006 e-mail string re: "Financial risks associated with the Elk Hills equity finalization process." The Fygi Declaration asserts |

| | |
|---|---|
| | that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The redacted text of the June 9, 2006 9:32 a.m. e-mail to Mary Egger from Gary Latham and Arnold Smits is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 841 (CDE003 1625-26) | June 9, 2006 2 page e-mail string re: "Financial risks associated with the Elk Hills equity finalization process." The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The redacted text of the June 9, 2006 9:31 a.m. e-mail from Mary Egger to Gary Latham copied to Arnold Smits and June 9, 2006 9:55 a.m. e-mail from Gary Latham to Mary Egger is pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 846 (CDE007 538-39) | June 9, 2006 2 page e-mail string re: "Financial risks associated with the Elk Hills equity finalization process." The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The redacted text of the six e-mails among Mary Egger, Gary Latham, and Arnold Smits is pre-decisional, deliberative, and subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 850 (CDE007 1660) | June 9, 2006 e-mail from Gary Latham to Mary Egger copied to Arnold Smits re: "Revised Equity Scenarios 6-8-06." The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 29 at 34-35. The redacted text is pre-decisional, but the text is factual and does not contain any deliberative content and should be produced. The redacted e-mail text has nothing to do with "potential outcomes to both parties under various assumptions." Fygi Decl. ¶ 29 at 34. |

| | |
|---|---|
| 851 (CDE007 6742) | June 9, 2006 e-mail string. The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 41.<br><br>The deleted text of the 1:42 pm e-mail from Gary Latham to Mary Egger re: "Additional data for the equity scenarios" copied to Arnold Smits is pre-decisional, but factual and should be produced.<br><br>* * *<br><br>The deleted text of the 2:40 pm e-mail from Mary Egger to Gary Latham copied to Arnold Smits, marked privileged and confidential, is pre-decisional and the first two paragraphs and the fourth paragraph include deliberative content, but the chart at paragraph 3 is factual and should be produced. The fifth paragraph is factual and should be produced.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 872 (CBG011 220-271) | This folder contains 51 pages of e-mails. The Fygi Declaration asserts that the redacted e-mail text is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 42 (CBD011259, 262, 266, 268, 271).<br><br>Redacted text of a February 1, 2005 e-mail (CBG01100259) from Gary Latham to Butch Gangle re: "Proposed Discussions with Norm (Stone at Chevron) about implementing the OHA decision."<br><br>The redacted text is pre-decisional, deliberative, and is subject to the deliberative process privilege. The document, however, shows a communication between Gary Latham and Butch Gangle regarding Ms. Egger's role in implementing the OHA decision. If Mr. Gangle or Gary Latham functioned as a member of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication in violation of the Equity Process agreement.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and |

recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 13-14.

* * *

The redacted text of a series of e-mails dating June 9-10, 2004 between Gary Latham and Butch Gangle re: "Elk Hill product delivery summaries" (CBG01100262) is pre-decisional, but factual in part and deliberative in part.

* * *

The redacted text of the 5:32 pm e-mail is factual and should be produced.

* * *

The redacted text of the 7:06 am e-mail is pre-decisional but factual, other than the sentence "You might recall. . ." which contains deliberative content and is subject to the deliberative process privilege.

* * *

The redacted text of the 3:11 p.m. e-mail is pre-decisional but factual and should be produced. In addition, if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 12-14.

The redacted text of a February 12, 2004 e-mail (CBG01100266) from Arnold Smits to Butch Gangle re: "Your Equity Percentage Chart" is pre-decisional, but the first paragraph contains deliberate content. The second paragraph "Source . . ." is factual and should be produced. The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. In addition, if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307; *see also* July 24, 2007 Chevron Status Report at 13-14.

The redacted text of a January 28, 2000 e-mail from Gary Latham to Butch Gangle (CBG01100268) is pre-decisional, deliberative, and is subject to the deliberative process privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307. *See, e.g.*, July 24, 2007 Chevron Status Report at 13-14.

The redacted text of a May 3, 2002 e-mail from Arnold Smits to Butch Gangle, copied to Gary Latham, Louis Capitanio, and Gary Halcomb re: Chevron SOZ numbers" (CBG01100271) is pre-decisional, but content is factual as it requests verification of

| | |
|---|---|
| | Chevron SOZ Equity Numbers. In addition, if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against DOE's competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307. *See, e.g.*, July 24, 2007 Chevron Status Report at 13-14. |
| 975 (CDE001 72-79)<br>[Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11.<br><br>This document is undated. The log represents that the author was Alan Burzlaff, a Petroleum Engineer on the DOE Equity Finalization Team. The document may be pre-decisional, but the content of CDE0010072–78 describing: "I. Background; II. Process to Implementation and OHA Order; and III. Issues Pertinent to Preliminary Decisions," is factual and should be produced. (CDE00100072-78) The balance of the document describing IV. Preliminary Decisions and Rationale (CDE00100078-79), is pre-decisional, deliberative, and is subject to the deliberative process privilege. If Mr. Burzlaff functioned as a member of the "DOE field equity technical team" this document may reflect an improper *ex parte* contact with the ASFE. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |

| | |
|---|---|
| 979 (CDE001 1019-26) [Stevens Zone] | Another draft "Preliminary Decision, Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11.<br><br>This document is undated. The log represents that the author was Gena Cadieux. The document may be pre-decisional, but the content of CDE00101019-25 describing: I. Background; "II. Process to Implement the OHA Order; and III. Issues Pertinent to Preliminary Decision" is factual and should be produced, except for the comments and edits on CDE00101023 that contain deliberative content, the balance of the document describing: "III. Preliminary Decisions and Rationale" is pre-decisional, contains deliberative content, and is subject to the deliberative process privilege.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 980 (CDE001 1037-44) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 11.<br><br>This document is undated. The log represents that the author was Gena Cadieux. The document may be pre-decisional, but the content of CDE00101037-43, describing: "I. Background; II. Process to Implement the OHA Order, and III. Issues Pertinent to Preliminary Decision" is factual and should be produced. The balance of the document describing: "IV Preliminary Decisions and Rationale" is pre-decisional, contains deliberative content, and is subject to the deliberative process privilege.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |

| | |
|---|---|
| 983 (CDE003 784-791) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." This document is undated and has no author designation. The log represents that the author was Alan Burzlaff. Same ruling as 975. |
| 993 (CDE003 4348-49) [Stevens Zone] | Undated document "Stevens Zone Protocol Issue." This folder was not listed in the Government's September 4, 2007 Memorandum of Law in Support of Its Deliberative-Process Privilege Claims but was asserted in the Fygi Declaration. *See* Fygi Decl. at 45-46. Same ruling as 1121. |
| 997 (CDE003-7913-7922) [Stevens Zone] | Draft cover letter transmitting an undated draft "Decision Regarding Dispute Over Data Submitted In Connection with the Equity Finalization Implementation Process For the Stevens Zone." The Fygi Declaration asserts that these documents are subject to the deliberative process privilege. *See* Fygi Decl. ¶ 11 at 8.<br><br>Both documents are pre-decisional, but the draft cover letter is factual and should be produced as it does not contain deliberative content. Likewise CDE00307914-17 to "Discussion" is factual and should be produced. The remainder of the document (CDE001307917-22) contains deliberative content and is subject to the deliberative process privilege.<br><br>The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 1002 (CDE005 22-29) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 12.<br><br>This document is undated. The log represents that the authors were "unnamed DOE attorneys." The document (CDE0050022-28) may be pre-decisional, but the content is fact and should be produced. CDE00500028-29 ("IV. Preliminary Decision and Rationale") contains deliberative content and is subject to the deliberative process privilege. |

| | |
|---|---|
| | The court has determined that Chevron has not established a compelling need for disclosure of this entire document, however, the portions designated as not privileged, should be produced. |
| 1059 (CGC002 1734-1736) | Undated and unidentified 3 pages (page 8 and two page 5) from a draft DOE document with handwritten and other comments, allegedly made by Mary Egger. The Fygi Declaration asserts that these pages are subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 42.<br><br>These pages appear to be pre-decisional, deliberative, and are subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 1060 (CGC002 1737-44) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 12.<br><br>This document is undated. The log represents that the author was Mary Egger. The document may be pre-decisional, but CDC00202737-43 to "IV. Preliminary Decision and Rationale" is factual and should be produced as it does not contain deliberative content, but for the edits on page CGC00201741. |
| 1119 (CME003 2333-34) [Carneros Reservoir] | 2 page document, dated January 1992 "Carneros Reservoir." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 30 at 35.<br><br>The log represents that this document was attached to a 4/9/97 note from Lou Capitanio to Pat Godley, Mary Egger, and Gary Latham and was authored by Capitanio.<br><br>The document is pre-decisional, but appears largely to be factual and includes statements from the public domain. There is no evidence that this document was prepared for any "decision-maker." Given the technical nature of the text, the court discounts the Fygi representation that "[r]eleasing this type of advice to the public, in general, would have a chilling effect on the willingness of a person providing such advice because it could subject that |

| | |
|---|---|
| | person to criticism or second-guessing." Fygi Decl. ¶ 30 at 35. This document is not subject to the deliberative process privilege and should be produced. |
| 1121 (CME015 1948-49) [Stevens Zone] | Two page document "Stevens Zone Protocol Issue." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 31 at 36.<br><br>The log represents that this document was authored by Mary Egger "for advice to the ASFE and transmitt[ed] on 9-7-00." This document is pre-decisional, but contains both factual and deliberative content. The first two paragraphs are factual and should be produced. Assuming *arguendo* that the balance of the document contains deliberative content, the handwritten note on CME01501948 and Pro Comment on Alternative 2 "Eliminates . . . by EPTs" is highly relevant to *ex parte* communication allegations.<br><br>The court has balanced Chevron's request to have this document produced in its entirety to establish a potential breach of the Equity Process Agreement against the competing interest of protecting "agency officials, deliberative, advisory opinions and recommendations" and determined that Chevron has established a compelling need that outweighs the harm to the Government. *See Senate of Puerto Rico,* 823 F.2d at 585; *see also Marriot Int'l.*, 437 F.3d at 1307; *see also* July 24, 2006 Chevron Status Report at 14. |
| 1123 (CME025 627-28) [Stevens Zone] | Duplicate of 1121, without handwritten note. Same ruling as 1121. |
| 1126 (CME025 802-09) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve" undated with red-line edits represented as being from Ms. Egger and the "HQ team." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 12.<br><br>The document is pre-decisional, contains deliberative content, and is subject to the deliberative process privilege. To the extent this document contains factual information, other documents that should be produced contain that information, such as folder 980. Therefore, there is no need for this document to be produced. |

| | |
|---|---|
| 1127 (CME025 810-17) [Stevens Zone] | Another draft "Preliminary Decision Finalizing Participation Percentages In Production From The Stevens Zone Naval Petroleum Reserve No. 1" undated with red-line edits represented as being from Mary Egger. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 12 at 12.<br><br>The document is pre-decisional, contains deliberative content, is subject to the deliberative process privilege. To the extent this document contains factual information, other documents that should be produced contain that information, such as folder 980. Therefore, there is no need for this document to be produced. |
| 1135 (CLC001 4094-95) [DGZ Carneros Equity Review] | "DGZ/Carneros Equity Review," dated April 7, 1997, with handwritten notes and notation "Privileged and Confidential," represented to have been made by Louis Capitanio. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 33 at 42.<br><br>The redacted text is pre-decisional, deliberative, and is subject to the deliberative process privilege. The chart under "<u>CARNEROS OPTION SUMMARY</u>" and reference to including a handwritten note "Record not complete . . . for later argument" and a "side agreement," may be relevant to establishing proper *ex parte* communications. Chevron, however, has not established a "compelling need" for this document. |
| 1472 (CDE013 32979-87) [Stevens Zone] | Undated draft cover letter (CDE01332979) transmitting another draft "Decision Regarding Dispute Over Data To Be Submitted Regarding Equity Finalization Implementation Process For the Stevens Zone," with red-line edits. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47.<br><br>The draft cover letter is pre-decisional, but factual and not privileged and should be produced. The attached document (CDE01332980-87). The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47.<br><br>This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. To the extent that CDE01332980-83 contains factual content it should be produced. |

| | |
|---|---|
| 1486 (CLC001 2657-668) | The redacted text of the 9/16/99 10:30 a.m. e-mail (CLC00102657) from Gena Cadieux to Mary Egger re: "comments/revision of draft decision" is pre-decisional, deliberative, and subject to the deliberative process privilege. The redacted text of the 9/16/99 12:35 p.m. e-mail from Lou Capitanio to Mary Egger copied to Arnold Smits and Gary Latham is pre-decisional, deliberative, and is subject to the deliberative process privilege. Undated draft cover letter (CLC00102658) and draft decision (CLC00102659-68). Same ruling as 1472. |
| 1497 (CDE013 33271-82) [Stevens Zone] | 9/20/99 draft cover letter (CDE01333271) and another draft "Decision Regarding Dispute Over Data." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47. Same ruling as 1472. |
| 1505 (CDE013 33161-172) [Stevens Zone] | 9/20/99 draft cover letter and draft decision. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47. Same ruling as 1472. |
| 1507 (CDE003 9030-42) [Stevens Zone] | A different 9/20/99 draft cover letter and draft "Decision Regarding Dispute Over Data" with red-line edits. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47. Same ruling as 1472. |
| 2286 (CDE007 17619-21) (CDE007 17623-25) [Stevens Zone] | This document contains the comments of Gary Latham on a 5/31 draft of the "Stevens Final Decision." The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 36 at 47.<br><br>This document is pre-decisional, deliberative, and subject to the deliberative process privilege. If Mr. Latham, however, functioned as a member of the "DOE filed equity technical team," however, this document may evidence an *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 3801 (CDE00100403) | A draft of options suggested by the DOE technical team and reviewed by the ASFE advisory team regarding the OHA remand with exhibits. *See* 765. |
| 3819 (CDE00100395) | "Draft-3/26/06 (GVL) "III A. Gaps in the Data 3/26/06)." This document is pre-decisional but factual and should be produced. |
| 3946 (CDE005 30) | (CDE00500030) Same ruling as 816 (CDE00100080). |

| | |
|---|---|
| 3954 (CDE007 3389-96) [Stevens Zone] | (CDE00703389-96) is similar to 816 (CDE00100072-79). A draft "Preliminary Decision Finalizing Participation Percentages in Production From the Stevens Zone Naval Petroleum Reserve Numbered 1" with red-line edits. The Fygi Declaration asserts that this document is subject to the deliberative process privilege. *See* Fygi Decl. ¶ 37 at 50.<br><br>This document is pre-decisional, deliberative, and is subject to the deliberative process privilege. The court has determined that Chevron has not established a compelling need for disclosure of this document. |
| 3956 (CDE007 3407-14) | A different draft of 3954. Same ruling as 3954. |
| 3964 (CDE007-3380-87) | Same document as 3954. Same ruling as 3954. |
| 3970 (CDE007-3556-63) | Another draft of 3954, without red-line edits. Same ruling as 3954. |
| 3978 (CDE007 3547-54) | Another draft of 3954, without red-line edits. Same ruling as 3954. |

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**