# In the United States Court of Federal Claims

No. 04-1365C
Filed: January 31, 2008
**TO BE PLACED UNDER SEAL**

*************************************
CHEVRON U.S.A., INC., *

Plaintiff, *

v. *

THE UNITED STATES, *

Defendant. *
*************************************

## FINAL ORDER REGARDING DOCUMENTS THE GOVERNMENT ASSERTS ARE SUBJECT TO THE WORK PRODUCT PRIVILEGE

| Documents Withheld | Ruling |
|---|---|
| 13 | October 20, 1999 fax cover sheet from Butch Gangle to "DOE SOZ Equity Team" copied to Mary Egger, Greg Thorpe, Alan Burzlaff re: "EHEC Minutes - 1956 Objection."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, however, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual not subject to the attorney work-product privilege. Assuming *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source and if any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. |
| 27 | October 3, 2000 fax cover sheet from Butch Gangle to Mary Egger forwarding a redacted May 19, 1981 letter to Chevron from Barton House, Department of Energy ("DOE") Acting Assistant Secretary. |

| | |
|---|---|
| | Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Assuming *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source. |
| 65 | This document (CME009-00447), prepared by Systems Technology Associates ("STA"), titled "Elk Hills Field: Decoupling of Sale and Equity Finalization Financial Adjustment Calculation for Equity Decoupling Option B-2: Oil Equivalent Reserves (Oil and Gas only) from DOE Reserve Report (10/1/95)," marked "Privileged Confidential," is a factual spreadsheet.<br><br>This document, faxed from 805-325-0038, as page six of a larger document on April 7, 1997, is relevant to the issues in this case, because the log indicates this document was located in Ms. Egger's files. If STA's employees functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Chevron has demonstrated a "substantial need" for this document or that "undue hardship" exists as this data cannot be obtained from another source. *See, e.g.*, July 24, 2007 Chevron Report at 14. |
| 202 | This document (CME01602590-96) is a copy of the final version of Administrative Order No. 96-01, signed by Patricia Fry Godley on July 8, 1996, together with "Attachment 1 - Documentation To Be Submitted Prior to Final Presentations, Dry Gas Zone, Carneros Zone, and Stevens Zone."<br><br>This document subsequently was faxed from O'Melveny & Myers on July 7, 1998 to an unknown designation, as part of a larger 30 page transmittal. The document is in the public domain and not subject to the attorney work-product privilege. |

| | |
|---|---|
| 570 | February 28, 1997 cover fax sheet from Alan Burzlaff to Wayne Kauffman, with a comment that the attached memo to the Independent Petroleum Engineer ("IPE") is "edited based on comments from DOE Engineers," reflects no attorney thought process nor conveys any information that could be construed as privileged. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.<br><br>The February 27, 1997 memo attached from Alan Burzlaff to the IPE (Richard Krenek) re: "NSAI Request for Background Information on Well 454-19R," in response to the IPE's February 20, 1997 request to Butch Gangle re: "NSAI [IPE] Request For Background Information on Well 454-19R" (with handwritten notes "Draft 2"). Burzlaff, as a DOE consultant, was a representative of DOE, but Burzlaff was not designated as an "owner" authorized to represent DOE with the IPE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual/technical in nature and is not subject to the attorney work-product privilege. |
| 626 | March 25, 1997 cover sheets (CBG0020883-85) from Mary Egger to Owen Olpin, Wayne Kauffman, Ken Schuessler, Alan Burzlaff, and Gary Latham requesting comments on draft letter (CBG0020884) authored by Mary Egger to "the Equity IPE" re: "Legal Issues for Stevens Zone Equity Finalization." The March 25, 1997 cover sheets (CBG0020883-85) are factual and not privileged. The attached draft letter to the IPE contains attorney thought process and is subject to the attorney work-product privilege.<br><br>If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |

| | |
|---|---|
| 631 | Fax cover sheet (COM00600009) from Greg Thorpe to Mary Egger, Wayne Kauffman, Alan Burzlaff, and Owen Olpin. This document contains no attorney thought process, is factual, and not subject to the attorney work-product privilege.<br><br>March 31, 1997 (COM00600012-13) is a draft of 626, with edits made by Greg Thorpe forwarded to Mary Egger, Wayne Kauffman, Alan Burzlaff, and Owen Olpin marked as "Personal & Confidential Attorney-Client Communication." The edits made by Greg Thorpe contain attorney thought process and are subject to the attorney work-product privilege.<br><br>If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.<br><br>COM00600014 is an attachment to the March 31, 1997 draft letter titled "Chevron's Statement of Potential Legal Issues" was prepared by Chevron and is not privileged. |
| 634 | April 1, 1997 fax cover sheet (COM00602479) from Greg Thorpe to Mary Egger. The cover sheet contains no attorney thought process, is factual, and not subject to the attorney work-product privilege.<br><br>April 1, 1997 draft of 626 (COM00602481-2) with handwritten edits by Mr. Thorpe contains attorney thought process and is subject to the attorney work-product privilege. Attachment 1 (COM00602483) is titled "alt 1" "Department of Energy's Description of Potential Stevens Zone Legal Issues" and Attachment 2 (COM00602484) is titled "Alt 2." The attachments contain attorney thought process and are subject to the attorney work-product privilege. |
| 782 | February 24, 1999 fax cover sheet from Alan Burzlaff to Greg Thorpe, Mary Egger, Wayne Kauffman, and Butch Gangle, forwarding transcripts of Stevens Zone June/July 1997 presentations. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, |

tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege as it relates to Stevens Zone presentations made by both parties in June/July 1997.

The more relevant issue to this case is whether any of the recipients functioned as members of the "DOE field equity technical team." If so, the header of the fax cover sheet (CME0102240), which was produced, may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. The transcript pages already were provided to Chevron with edits, so any privilege regarding the edits has been waived.

811 This file contains several documents, pages of which were withheld by the Government, because of markings on certain pages. The log represents that Butch Gangle was the author but does not address specifically the comments and markings, which may have been made by Mary Egger. The markings on: CME01101932-33, 35, 40, and 46 (editorial notes), 50-55 (brackets around Norme J. Hyne, Ph.D. definitions from a public document *Dictionary of Petroleum Exploration, Drilling, & Production*), and 2003 (editorial notes) do not reflect any attorney thought process. The markings on 62 (math calculation), 63 (notation in bracket around text), and 66 (underlining) contain attorney thought process and are subject to the attorney work-product privilege. As to 62, 63, 66, Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists because this data cannot be obtained from another source.

889 (1848-49) E-mail string. The redacted text of the August 5, 1999 3:25 p.m. e-mail from Mary Egger to Alan Burzlaff, Butch Gangle, Greg Thorpe, Ken Schuessler and Owen Olpin re: "Disappointing News" contains attorney thought process and is subject to the attorney work-product privilege.

Redacted text of the August 26, 1999 e-mail from Mary Egger to Butch Gangle re: "Carneros Brief." Although the content is factual it arguably could be construed to contain attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence

an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1851) Redacted text of the July 20, 1999 1:06 p.m. e-mail from Alan Burzlaff to Butch Gangle re: "Questions for NSAI on Wednesday" reflects no attorney thought process, nor conveys any information, to an attorney, that could be construed as subject to the attorney work-product privilege.

* * *

(1852) Redacted text of the July 20, 1999 e-mail from Butch Gangle to Alan Burzlaff re: "Questions for NSAI on Wednesday" reflects no attorney thought process nor conveys any information to an attorney that could be construed as subject to the attorney work-product privilege.

* * *

(1853) Redacted text of the July 14, 1999 2:02 p.m. e-mail from Alan Burzlaff to Greg Thorpe re: "NSAI Bombshell." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists because this data cannot be obtained from another source.

* * *

(1856) Redacted text of the May 25, 1999 3:41 p.m. e-mail from Mary Egger to Greg Thorpe copied to Alan Burzlaff, Ken Schuessler, Wayne Kauffman, and Butch Gangle re:

"SOZ Amendment." The attached text contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication, prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this request, without disclosure of the text.

* * *

(1856) Redacted text of the June 2, 1999 12:00 p.m. e-mail from Mary Egger to Greg Thorpe copied to Alan Burzlaff, Christine Suh, Butch Gangle, Ken Schuessler, and Wayne Kauffman re: "Draft response to Chevron." The text contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication, prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this request, without disclosure of the text.

* * *

(1877) Redacted text of the September 15, 1999 1:34 p.m. e-mail memo from Greg Thorpe to Mary Egger, Butch Gangle, Alan Burzlaff, and Ken Schuessler re: "ILA Letter" contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1879-84) Redacted text of the September 13, 1999 e-mail from Butch Gangle to Mary Egger copied to Greg Thorpe re:

"ILA Call." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1888) Redacted text of the August 20, 1999 6:23 p.m. e-mail from Mary Egger to Greg Thorpe, Butch Gangle, Alan Burzlaff, Ken Schuessler, with cc: to Christine Suh re: "telecom 8/31" arguably could be construed as attorney thought process and is subject to the attorney work-product privilege.

Redacted text of the August 30, 1999 7:58 a.m. e-mail from Greg Thorpe to Mary Egger, Butch Gangle, Alan Burzlaff, and Ken Schuessler copied to Christine Suh re: "Telecon 8/31" contains attorney thought process that is strategic in nature and is subject to the attorney work-product privilege.

* * *

The text of the September 1, 1999 9:15 p.m. reply from Butch Gangle re: same. Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, however, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

Chevron, however, has not demonstrated a "substantial need" for this document and that this data cannot readily be obtained from another source.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1894) Redacted text of the August 27, 1999 8:35 a.m. e-mail from Butch Gangle to Mary Egger and Greg Thorpe re: " FW telecom 8/31" copied to Alan Burzlaff, Ken Schuessler and Gary Holcomb. Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual, as it reports on an August 26, 1999 telephone call from Norm Stone (Chevron) and is not subject to the attorney work-product privilege. Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an undue hardship exists, because this information cannot readily be obtained from another source, and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 21.

The Government has represented that only certain individuals were authorized to represent DOE as an owner with the IPE. *See* Gov't Resp. to Pl. Int. 8 at 23-24. This document evidences that Gary Latham may have been serving in this capacity with the IPE, at the direction of Ms. Egger.

* * *

In addition, if any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

Since this document may evidence two potential violations of the Equity Process Agreement, the court has determined that Chevron has established a substantial need for this document and the relevant information cannot readily be obtained from another source. *See, e.g.*, July 24, 2007 Chevron Report at 21.

* * *

(1910) Redacted text of the August 6, 1999 9:06 p.m. e-mail from Alan Burzlaff to Mary Egger, Greg Thorpe, Owen Olpin, Christine Suh, Ken Schuessler, and Butch Gangle re: "IRA Conversion Guidance." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

Redacted text of the August 7, 1999 7:44 a.m. e-mail from Butch Gangle in response to Alan Burzlaff, Christine Suh, Butch Gangle, Greg Thorpe, Ken Schuessler, and Owen Olpin re: "Disappointing News." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1914) Redacted text of the August 5, 1999 12:25 p.m. e-mail from Mary Egger to Alan Burzlaff, Christine Suh, Butch Gangle, Greg Thorpe, Ken Schuessler, and Owen Olpin re: "Disappointing news" contains attorney thought process and is subject to the work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. The text "I'm most interested . . . affect is" is directly relevant to whether any of the recipients of this memo were serving as members of the "DOE field equity team." Therefore, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists because this information cannot be readily obtained from another source.

Redacted text of the August 5, 1999 6:45 p.m. reply from Butch Gangle to Alan Burzlaff re: same copied to same recipients as 12:25 p.m. e-mail. Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, however, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. In addition, the text "The evidence is manifest . . . not a PE" is directly relevant to the issues in this case. Therefore, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source.

* * *

(1941) Redacted text of the July 8, 1999 9:06 a.m. e-mail from Butch Gangle to Alan Burzlaff copied to Greg Thorpe and Mary Egger re: "Equity Issues." Butch Gangle was a DOE engineer, not supervised by Ms. Egger nor outside counsel, and the content is factual. Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information cannot readily be obtained from another source.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence

an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1941) Redacted text of the July 8, 1999 2:21 p.m. e-mail reply from Alan Burzlaff re: same. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1942-1943) Redacted text of the July 2, 1999 12:51 p.m. e-mail from Greg Thorpe to Ken Meeks copied to Butch Gangle, Mary Egger, Alan Burzlaff, Ken Schuessler, Owen Olpin, and Christine Suh re: "Equity Issues" contains attorney thought process and is subject to the work product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(1943) Redacted text of the July 8, 1999 12:06 p.m. e-mail from Butch Gangle to Alan Burzlaff copied to Greg Thorpe and Mary Egger re: "Equity Issues." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it reports on a technical discussion with Ken Meeks earlier in the day of July 8, 1999 and is not subject to the attorney work-

product privilege. Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information cannot be obtained from another source, and if any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

(1982-top 1983) Redacted text of the July 21, 1998 9:51 a.m. e-mail from Wayne Kaufman to Mary Egger copied to Butch Gangle, Jim Murphy, Greg Thorpe, and Jay Williams re: "CUSA Proposed Communications Protocol draft."

In this document, Kauffman provides the factual views of the "DOE EFT" re: the present protocol. Assuming, *arguendo,* that this document is subject to the attorney work-product privilege, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 21-22.

* * *

(1983-top 1984) Same ruling as (1982-top 1983).

* * *

(1984-top 1985) Redacted text of the July 20, 1998 11:17 a.m. e-mail from Alan Burzlaff to Wayne Kauffman copied to Ken Schuessler, Kevin Beacon, and Butch Gangle re: "CUSA Proposed Communication Protocol" to "express concern about *ex parte communications*," the central issue in this case.

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any

mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege. Assuming, *arguendo*, that this document is subject to the attorney work-product privilege, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 22.

* * *

(1985) Redacted text of the July 15, 1998 7:56 p.m. e-mail from Alan Burzlaff to Butch Gangle copied to Carl T. Price, Jim Murphy, Jeff Sands, Ken Schuessler, Wayne Kauffman, and Ira Kornreich re: "Format of NSAI Deliverables." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

* * *

(2221) Redacted text of the March 8, 2000 1:14 a.m. e-mail from Butch Gangle to Mary Egger copied to Greg Thorpe and Alan Burzlaff re: "Stevens Final Equity Recommendation."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any

mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as to the first three paragraphs.

As to the last paragraph, however, Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

* * *

(2258) Redacted text of the February 23, 2000 3:16 p.m. e-mail from Butch Gangle to Mary Egger re: "Of all surprises."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, however, does not reveal any mental process, plans, strategies, tactics, or impressions, but is a factual report regarding the (February) 7, 2000 SOZ Interim Meeting, and communication of same to Gary Latham. Assuming *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 24 (re. 1666).

* * *

(2272-73) Redacted text of the February 17, 2000 10:04 p.m. e-mail from Butch Gangle to Mary Egger re: "SOZ 7th Interim Meeting Today." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization

Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege. Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

* * *

(2484) Redacted text of the October 6, 1999 5:16 p.m. e-mail from Greg Thorpe does not request nor convey legal advice nor reflect attorney thought process, and is subject neither to the attorney-client nor work product privileges. The deleted text of the 10/08/99 2:29 p.m. e-mail does not request nor convey legal advice nor reflect attorney thought process, and is subject neither to the attorney-client nor work product privilege, except for "esp . . . matters" which contains attorney thought process and is subject to the work product privilege.

* * *

(2486-87) Redacted text of the 10/1/99 5:01 a.m. e-mail from Butch Gangle to Mary Egger, Greg Thorpe, Alan Burzlaff, and Gary Holcomb. The first two paragraphs and last paragraph are not subject to any privilege. The remainder of the document neither requests nor conveys legal advice, does not reflect attorney thought process, and is subject neither to the attorney-client nor work product privilege. The text, however, is pre-decisional, contains deliberative content, and is subject to the deliberative process privilege.

* * *

(2488-top 2489) Same as (2487).

* * *

(2489) Redacted text of the 9/28/99 5:34 p.m. e-mail from Greg Thorpe conveys legal advice and is subject to the attorney-client privilege. The 9/28/99 12:19 p.m. e-mail from Butch Gangle does not request or convey legal advice, reflect attorney thought process, and is subject neither to the attorney-client nor work product privilege. The text, however, is pre-

decisional, contains deliberative content, and is subject to the deliberative process privilege, except for the first three sentences, which are factual and should be disclosed.

952 Redacted text of the May 6, 1998 cover fax (CAS00501280-83) from Wayne Kauffman to Gary Latham copied to Mary Egger, Owen Olpin, and Greg Thorpe re: "For 10 a.m. (Pacific) time conference."

Kauffman was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

The attached May 6, 1998 memo (CAS00501281) from Alan Burzlaff to Wayne Kauffman re: "Stevens Zone Equity Finalization Potential 'Capture' Analysis Legal Issue," referencing an April 30, 1998 letter from Chevron's counsel, Cynthia Giumarra, to Ms. Egger.

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual, as the memo concludes: "There is no need to issue supplemental legal guidance to the IPE concerning a technical issue," and is not subject to the attorney work-product privilege. Assuming, *arguendo*, this memo is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. *See, e.g.*, July 24, 2007 Chevron Report at 22.

The factual/technical attachments re: "Capture Analysis," "NSAI Equity Spreadsheet," "315 Shale Summary (2pgsX15)," "Equity Analysis Endpoints C Shale," and "Equity Analysis Endpoints D Shale," contain factual/technical content, contain no attorney work-product, and are not privileged; however, the handwritten comments and markings on CAS000501284-88 (NSAI spreadsheets and presentation slides) may be withheld.

953 Same ruling as 952.

954 Same ruling as 952.

978 "Technical Issues for Discussion" (CBG0030310), is an attachment to a June 4, 1998 letter from Mary Egger to Cynthia Giumarra, Assistant General Counsel, Chevron, and is not privileged.

E-mail string (CBG0030311-15). The redacted text of the June 4, 1998 12:07 p.m. e-mail (CBG0030315) from Alan Burzlaff to Mary Egger re: "Proposed Letter to CUSA 6/4/98." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

Redacted text of the June 4, 1998 11:01 a.m. reply e-mail (CBG0030315) from Mary Egger to Greg Thorpe, Wayne Kauffman and Ken Schuessler re: same contains attorney thought process and is subject to the attorney work-product privilege.

* * *

Text of the June 4, 1998 12:13 p.m. e-mail (CBG0030314) from Alan Burzlaff to Mary Egger copied to Ken Schuessler, Greg Thorpe, and Wayne Kauffman re: "Proposed Letter to CUSA 6/4/98." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit

has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

Text of the June 4, 1998 12:28 p.m. e-mail (CGB0030312) from Wayne Kauffman to Mary Egger re: "Proposed Letter to CUSA 6/4/98." Kauffman was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege. Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

Redacted text of the June 4, 1998 2:14 p.m. e-mail (CBG0030311) from Greg Thorpe to Alan Burzlaff, Mary Egger, Ken Schuessler, and Wayne Kauffman re: "Proposed Letter to CUSA 6/4/98" contains attorney thought process and is subject to the attorney work-product privilege.

* * *

June 4, 1998 letter draft (CBG030317) from Mary Egger to Ms. Giumarra (Chevron) copied to Greg Thorpe, Own Olpin, Wayne Kauffman, and Alan Burzlaff re: "Stevens Zone Equity – For discussion purposes only" contains attorney thought process and is subject to the attorney work-product privilege.

(CBG030318) Same ruling as CBG030317.

* * *

E-mail string. (CBG0030319-21) June 4, 1998 9:58 a.m. e-mail (CBG0030321) from Wayne Kauffman to Mary Egger copied to Alan Burzlaff and Greg Thorpe re: "Draft letter to CUSA." Kauffman was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified

as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

* * *

June 4, 1998 10:19 a.m. reply (CBG0030320) from Mary Egger re: "Draft letter to CUSA" contains attorney thought process and is subject to the attorney work-product privilege.

* * *

June 4, 1998 12:07 p.m. e-mail (CBG0030316) from Alan Burzlaff to Mary Egger re: "Proposed letter to CUSA 6/4/98." Same ruling as 978 above.

* * *

June 4, 1998 10:16 a.m. e-mail (CBG0030319) from Mary Egger to Alan Burzlaff re: "Proposed Letter to CUSA 6/4/98" contains attorney thought process and is subject to the attorney work-product privilege.

Draft June 4, 1998 memo with handwritten notes (CBG0030323) from ABB (Alan Burzlaff) marked June 18, 1998 re: "Possible Instruction Letter Paragraph" re: capture issue. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

* * *

(CBG003025-27) Draft letter to Ms. Cynthia H. Giumarra (Chevron) re: "Stevens Zone Equity – For discussion purposes

only" is the same text as CBG0030317 with handwritten note "Draft – For Review/Comment," and is subject to the attorney work-product privilege.

* * *

(CBG0030329) Edits to CBG0030325 from Greg Thorpe to Mary Egger, Alan Burzlaff, Ken Schuessler, and Wayne Kauffman re: "Possible Instruction Letter Paragraph (new language in bold)" contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

(CBG0030330) is a June 30, 1998 memo from Alan Burzlaff to Mary Egger/Greg Thorpe re: oil migration issue. Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

993 January 25, 1998 e-mail from Mary Egger to Greg Thorpe re: "Draft Comments." contains attorney thought process and is subject to the attorney work-product privilege.

1025 August 3, 1998 4:11 p.m. e-mail from Alan Burzlaff to Greg Thorpe, Wayne Kauffman, Mary Egger copied to Jim Murphy, Butch Gangle, and Ken Schuessler re: "Equity Finalization Data Cutoff Dates." Burzlaff, as a DOE consultant, was a representative of DOE. The text, although prepared in connection with the Stevens Zone Equity Finalization Process, however, does not reveal any mental process, plans, strategies,

tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

| | |
|---|---|
| 1027 | Same ruling as 1025. |
| 1057 | Redacted text of the September 22, 1998 memo from Alan Burzlaff to Wayne Kauffman copied to Mary Egger, Ken Schuessler, and Jim Murphy re: "Shallow Oil Zone (SOZ) Equity Finalization Proposed Cutoff Date" copied to Mary Egger, Ken Schuessler and Jim Murphy.<br><br>The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, because it is a factual description of the September 15, 1998 SOZ interim meeting of the "DOE and Chevron Equity Finalization Teams" and the IPE. The memo is not subject to the attorney work-product privilege, nor are: Attachment 1 (SOZ Equity Finalization Data Cutoff Data – handout at meeting); Attachment 2 (NSAI minutes of July 9-10, 1996 meeting (Page 3)); Attachment 3 (August 2, 1996 letter from DOE to Chevron); Attachment 4 (August 15, 1986 letter from Chevron to Wayne Kauffman re: Production Database); Attachment 5 (Stevens Zone - Chevron Presentation Slide 24 Reservoir "Current WOC Data"); Attachment 6 (Chevron Response to NSAI Provisional Stevens Zone Recommendation - March 1988); Attachment 7 (Page 2 of the May 19, 1997 Agreement Regarding Equity Redetermination Process); Attachment 8 (File memo, dated May 15, 1997, by Gary Latham re: May 13, 1997 "Discussions with Chevron and NSA on process ground rules for SOZ equity finalization" stamped "Privileged Confidential, Highly Sensitive," including comment on the following topics: "Potential Areas of Agreement that would reduce the scope of NSAI's tasks," "Sand Counting Techniques," "Data Cutoff," and "Tentative Schedule"). Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source. |
| 1060 | Same ruling as 1057. |
| 1071 | 1071 to 1077, 1079 to 1087, and 1090 are individual pages from 1090, a 20 page presentation prepared by Systems |

| | |
|---|---|
| | Technology Associates, Inc. re: "Potential Stevens Zone Legal Issue 'Use of Capture Methodology' - September 30, 1998 Briefing." Although 1090 contains the caption "Attorney Client Communication-Privileged and Confidential," the document contains no thought process as it is technical/factual in nature, and is not subject to the attorney work-product privilege. |
| 1072 | Same ruling as 1071. |
| 1073 | Same ruling as 1071. |
| 1074 | Same ruling as 1071. |
| 1075 | Same ruling as 1071. |
| 1076 | Same ruling as 1071. |
| 1077 | Same ruling as 1071. |
| 1079 | Same ruling as 1071. |
| 1080 | Same ruling as 1071. |
| 1081 | Same ruling as 1071. |
| 1082 | Same ruling as 1071. |
| 1083 | Same ruling as 1071. |
| 1084 | Same ruling as 1071. |
| 1085 | Same ruling as 1071. |
| 1086 | Same ruling as 1071. |
| 1087 | Same ruling as 1071. |
| 1090 | September 30, 1998 Systems Technology Associates, Inc. Briefing, "Potential Stevens Zone Legal Issue - Use of Capture methodology." Five slides in this presentation arguably could be construed to be subject to the attorney work-product privilege: CME01302117 ("Legal Issue on Use of Capture"); CME01302132 ("What Are Chevron's Issues"); CME01302134 ("What are Merits of Chevron's Legal Arguments"); CME01302135 ("Stevens Zone Legal Issue"); CME01302136 ("NSAI Shale Methodology"). The Government's log, however, does not represent that these slides were prepared by or presented to an attorney. |

These five slides were prepared in connection with the Stevens Zone Equity Finalization Process and contain a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, only these five slides are subject to the attorney work-product privilege.

1108 October 22-23, 1998 e-mail string. October 22, 1998 6:27 p.m. e-mail (CSI0040688) from Alan Burzlaff "To all" re: "Revised Equity Data Cutoff Date Proposal." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process, but contains factual information about the cutoff date for NSAI. Accordingly, this text is not subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

October 23, 1998 8:55 a.m. memo (CSI0040687-88) from Mary Egger to Greg Thorpe, Ken Schuessler, Wayne Kauffman, and Alan Burzlaff copied to Butch Gangle and Jim Murphy re: "Revised Equity Cutoff Date Proposal" contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

October 23, 1998 8:32 a.m. e-mail (CSI0040687) from Ken Schuessler to Mary Egger, Greg Thorpe, Wayne Kauffman, Alan Burzlaff copied to Butch Gangle and Jim Murphy re: "Revised Equity Data Cutoff Date Proposal." Schuessler, as a DOE consultant, was a representative of DOE. The redacted

text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. In addition, the Schuessler memo regarding the Stevens Zone has a factual statement relevant to the Government's causation theory: "Despite Chevron . . . the DOE." *See* 6/15/07 TR at 10. Assuming, *arguendo*, this statement is subject to the attorney work-product privilege, Chevron, however, has not demonstrated a "substantial need" for this statement and that "undue hardship" exists, because this information can be obtained from another source.

1123 October 28-29, 1998 e-mail string. The October 28, 1998 7:58 p.m. e-mail (CDE00304103) from Alan Burzlaff "to all" re: "DOE Proposed Materiality Question for NSAI." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

October 29, 1998 6:21 a.m. e-mail (CDE00304102) from Mary Egger to Ken Schuessler, Greg Thorpe, Wayne Kauffman, and Alan Burzlaff copied to Jim Murphy and Butch Gangle re: "DOE Proposed Materiality Question for NSAI," contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

October 29, 1998 10:15 a.m. e-mail (CDE00304102) from Butch Gangle to Mary Egger re: same. Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege. Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1142 November 19, 1998 4:21 a.m. e-mail from Alan Burzlaff to Greg Thorpe re: "Item 1Writeup for Stevens Zone Capture Legal Issue" describes the fact that Mr. Burzlaff prepared a "write-up of item 1 for the subject Capture legal issue." The "write-up" is not included. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1145 November 23, 1998 fax cover sheet from Greg Thorpe and Stephanie Walter to Alan Burzlaff, Butch Gangle, Mary Egger, and Owen Olpin attaching a "redraft of technical review," *i.e.,* November 23, 1998 System Technology Associates' "Description of the IPE's 31S Shale Methodology." The edits on this document contain attorney thought process and are subject to the attorney work-product privilege. An undated version of underlying text, however, is discussed at 1133.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1154 December 1, 1998 fax cover sheet from Greg Thorpe to Ken Schuessler, Alan Burzlaff, Mary Egger, Owen Olpin, and Wayne Kauffman forwarding "Revised draft of 'technical' piece." The attached document is re-named "Netherland Sewell's 31S Shale Methodology." The edits on this document contain attorney thought process and are subject to the attorney work-product privilege. An undated version of underlying text is discussed at 1133.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1170 December 7, 1998 memo from Butch Gangle to Greg Thorpe and Mary Egger copied to Wayne Kauffman, Alan Burzlaff, Ken Schuessler re: "NSAI EFT Conference Call on December 7, 1998." Gangle was a DOE engineer and a representative of

DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, since this memo reports on an "Equity Finalization Team teleconference" where Chevron participated.

If any of the above-named, however, functioned as a member of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1237 February 3, 1999 7:51 p.m. e-mail (CDE00307577-78) from Alan Burzlaff to Mary Egger and Greg Thorpe re: "BTU Legal Issue Internal Briefing."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process, in part, and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text, in part, is subject to the attorney work-product privilege.

The first paragraph, however, is factual, relevant to the Government's causation theory, and does not reveal any mental process, plans, strategies, tactics or impressions and is not subject to the attorney work-product privilege. *See* 6/15/07 TR at 10.

Assuming, *arguendo*, this paragraph is privileged, Chevron has demonstrated a "substantial need" for the first paragraph and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the above-named, however, functioned as a member of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 22.

| | |
|---|---|
| 1243 | February 16, 1999 memo (CSI0031233) from Greg Thorpe to Mary Egger, Wayne Kauffman, Butch Gangle, Alan Burzlaff, and Ken Schuessler with cc: to Christine Suh and Owen Olpin re: "Value Weighing." The memo contains attorney thought process and is subject to the attorney work-product privilege, however, the attachment "Table III- Results of Operations For Oil and Gas Producing Activities" is from the Chevron Corp. 1998 Annual Report, is in the public domain, and is not privileged, without the notation.<br><br>In addition, if any of the above-named, however, functioned as a member of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. |
| 1255 | March 5-6, 1999 e-mail string. March 5, 1999 4:59 p.m. e-mail from Alan Burzlaff to Mary Egger copied to Butch Gangle, Ken Schuessler, Gary Holcomb, Wayne Kaufman, Greg Thorpe regarding "Chevron's Data Cutoff Proposal dated March 5." Burzlaff, as a DOE consultant, was a representative of DOE. The text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.<br><br>If any of the above-named, however, functioned as a member of the "DOE field equity technical team" this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.<br><br>* * *<br><br>March 6, 1999 e-mail from Ken Schuessler to Alan Burzlaff regarding "Chevron's Data Cutoff Proposal dated March 5." Burzlaff, as a DOE consultant, was a representative of DOE. The text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual |

information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

1286 April 15, 1999 e-mail string. The redacted text of the April 15, 1999 3:30 p.m. e-mail re: "Final Draft of Technical Report being faxed" (CDE00312417) from Alan Burzlaff "To all" reports on the fact that Alan Burzlaff worked on a draft "Technical Report," but the report itself was not included. Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the April 15, 1999 5:21 p.m. e-mail re: "Final Draft of Technical Report being faxed" (CDE00312417) from Mary Egger to Alan Burzlaff re: "Final Draft of Technical Report being Faxed" contains attorney thought process and is subject to the attorney work–product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1294 Redacted text of April 21, 1999 memo (CME01102353-55) from Alan Burzlaff to Greg Thorpe, Mary Egger, Wayne Kauffman, Butch Gangle, Ken Schuessler, Owen Olpin, and Christine Suh, re: "Analysis of Chevron's Equitable Claim."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)).

Table 1 "Hypothetical Equity Percentage Participation v. Stevens Zone Fixed Sale Equity" likewise could be construed as attorney work-product. Table 2 (CME01102354) "Impact of Equity Percentage Participation on the Final Adjustments for Historical Unit Production by the Equity Decoupling Agreement," however, is factual and relevant to the Government's causation theory. *See* 6/15/07 TR at 10.

In addition, if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text, other than Table 2, and factual explanation on 02354 that follows.

CME01102355, however, arguably could be construed under governing precedent as subject to the attorney work-product privilege. Accordingly, this text is subject to the attorney work-product privilege. Chevron, however, has not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

1372 E-mail string dated July 20, 1999. Redacted text of a July 20, 1999 7:02 a.m. e-mail (CBG0031080-81) from Butch Gangle to Alan Burzlaff, Ken Schuessler, Gary Holcomb, James Gruber re: "Questions for NSAI on Wednesday."

Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains factual information that does not appear to have been communicated to any attorney. Assuming, *arguendo*, this document is

privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source.

Accordingly, this text is not subject to the attorney work-product privilege.

* * *

July 20, 1999 10:07 a.m. e-mail from Alan Burzlaff to Butch Gangle, Ken Schuessler, Gary Holcomb, and James Gruber copied to Mary Egger and Greg Thorpe re: "Questions for NSAI on Wednesday."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the July 20, 1999 12:06 p.m. e-mail from Greg Thorpe to Alan Burzlaff, Butch Gangle, Ken Schuessler, Gary Holcomb, and James Gruber copied to Mary Egger re: "Questions for NSAI on Wednesday" contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

| | |
|---|---|
| 1373 | *See* 1372 re: July 20, 1999 7:02 a.m. e-mail and July 20, 1999 1:06 p.m. e-mail.<br><br>Redacted text of the July 20, 1999 5:58 p.m. e-mail (CDE00304407) from Mary Egger to Butch Gangle, Ken Schuessler, Gary Holcomb, James Gruber, and Alan Burzlaff copied to Greg Thorpe re: "Questions for NSAI on Wednesday"contains attorney thought process and is subject to the attorney work-product privilege.<br><br>If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 1384 | July 23-26, 1999 e-mail string.<br><br>Redacted text of the July 23, 1999 8:49 a.m. e-mail (CDE00304417-18) from Alan Burzlaff to Greg Thorpe, Christine Suh copied to Mary Egger, Ken Schuessler, and Butch Gangle re: "Comments on Cutoff Date Brief." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.<br><br>* * *<br><br>Redacted text of the July 23, 1999 1:23 p.m. reply (CDE00304417) from Greg Thorpe to Alan Burzlaff conveys |

attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the July 23, 1999 12:44 p.m. e-mail (CDE00304416-17) from Mary Egger to Alan Burzlaff, Greg Thorpe, Christine Suh, Ken Schuessler, and Butch Gangle re: "Comments on Cutoff Date Brief" conveys attorney thought process and is subject to the attorney work-product privilege. Ms. Egger's memo, however, directly discusses the issue in this case, *i.e.*, the parties compliance with the Equity Process Agreement. Therefore, Chevron has demonstrated a "substantial need" for these two sentences and that an "undue hardship" exists, because this information cannot readily be obtained from another source.

* * *

July 25, 1999 1:43 p.m. e-mail (CDE00304416) from Greg Thorpe to Mary Egger, Alan Burzlaff, and Christine Suh copied to Ken Schuessler and Butch Gangle contains attorney thought process and is subject to the attorney work-product privilege.

* * *

Redacted text of the July 26, 1999 11:20 a.m. e-mail (CDE00304416) from Alan Burzlaff to Greg Thorpe re: "Comments on Cutoff Data Brief."
Burzlaff, as a DOE consultant, was a representative of DOE.

The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing

Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

The July 26, 1999 12:23 p.m. e-mail (CDE00304416) from Mary Egger in reply to Greg Thorpe, Christine Suh, Alan Burzlaff, Ken Schuessler, and Butch Gangle re: "Comments on Cutoff Data Brief" contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned individuals functioned as members of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1458 September 10, 1999 e-mail string. Redacted text of the September 10, 1999 8:22 a.m. e-mail (CDE00307147-48) from Butch Gangle to Greg Thorpe (O'Melveny & Myers) re: "9/9/99 Meeting with NSAI & Chevron." Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the September 10, 1999 9:49 a.m. e-mail (CDE00307147) from Mary Egger to Greg Thorpe and Butch Gangle copied to Alan Burzlaff, Ken Schuessler, and Gary Holcomb in reply contains attorney thought process and is subject to the attorney work-product privilege, however, two factual sentences are directly relevant to the issues in this case. "We need . . . next week," and "Let me know . . . call today." Moreover, if any of the recipients of this communication functioned as members of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Therefore, Chevron has demonstrated a "substantial need" for this these two sentences and that an "undue hardship" exists, because this information cannot readily be obtained from another source.

1524 September 28, 1999 e-mail string. Redacted text of the September 28, 1999 12:19 p.m. e-mail (CDE00303219) from Butch Gangle to Mary Egger and Greg Thorpe re: "Draft: Chevron Stevens Pricing Data."

Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard.

* * *

September 28, 1999 reply (CDE00303219) from Greg Thorpe to same contains a factual statement and is not subject to the attorney work-product privilege.

* * *

Redacted text of the September 28, 1999 6:23 p.m. reply (CDE00303219) from Mary Egger to Butch Gangle and Greg Thorpe copied to Christine Suh and Alan Burzlaff re: "Draft Chevron Stevens Pricing Data" contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1525 September 27-28, 1999 e-mail string.

(CDE00303556) September 27, 1999 3:56 p.m. e-mail from Butch Gangle to Mary Egger and Greg Thorpe regarding "Chevron's Stevens Price Data."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it reports on the fact that Butch Gangle received price data from Chevron and that is being analyzed by STA. Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

September 24, 1999 10:34 p.m. reply e-mail (CDE00303556) re: same from Greg Thorpe contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an

improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

September 28, 1999 10:02 a.m. e-mail memo from Mary Egger to Butch Gangle and Greg Thorpe re: same contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1526 September 29, 1999 e-mail string. The September 29, 1999 8:27 a.m. e-mail (CDE00307909-10) from Butch Gangle to Mary Egger and Alan Burzlaff re: "Pricing Ratios."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it repeats price ratio calculations performed by Alan Burzlaff in the first three paragraphs. As for paragraphs 4-7, the redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

September 29, 1999 11:29 a.m. e-mail (CDE00307909) from Mary Egger to Butch Gangle copied to Greg Thorpe re: "Pricing Ratio's" contains attorney thought process and is subject to the attorney work-product privilege. If any of the recipients, however, functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1530 Redacted text of the October 1, 1999 8:01 a.m. e-mail (CME01301270-71) from Butch Gangle to Mary Egger, Greg Thorpe, Alan Burzlaff, and Gary Holcomb re: "Norm's Final Firm Offer."

Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1550 October 20, 1999 fax transmittal memo (COM002-01289) from Butch Gangle to DOE Equity SOZ Team with cc: to Mary Egger, Greg Thorpe, and Alan Burzlaff re: "EHEC Minutes-1956 Objection."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it discusses a letter in the public domain to Standard Oil (Chevron's predecessor), and the minute keeping practice of the EHEC from 1979 on. Chevron, however, has

not demonstrated a "substantial need" for this document and that "undue hardship" exists, because this information can be obtained from another source.

1551 October 29, 1999 fax transmittal memo (COM002-01293) from Butch Gangle to DOE Equity SOZ Team with cc: to Mary Egger, Greg Thorpe, and Alan Burzlaff regarding "SOZ Conversion Research."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it describes 1956 letters in the public domain about price data for oil, gas, and gasoline for purposes of evaluating oil and gas reserves at NPR-1. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1552 October 20, 1999 fax memo (CSI0060187) from Butch Gangle to DOE Equity SOZ Team with cc: to Mary Egger, Greg Thorpe, and Alan Burzlaff regarding "Carneros EHEC Record dated 6/9/76." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it discusses the record from the EHEC Geology and Reservoir Subcommittees.

The 2-page attachment is a June 9, 1976 final and signed Addendum and Modification of Reservoir Engineering and Correlation Subcommittees Report on 2 9R Carneros Zone with Table, in the public domain, and not subject to any privilege.

1553 October 20-21, 1999 e-mail string. Redacted text of the October 21, 1999 11:35 a.m. e-mail (CDE00302715) from

Butch Gangle to Mary Egger re: "Gas Plants inlet and outlet streams gas analysis. Elk Hill."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual, as it reports only that Alan Burzlaff received Chevron data and of the discovery of "a great deal of materials in [DOE's] warehouse and out at Elk Hills" and not subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

Redacted text of the October 21, 1999 4:50 p.m. e-mail (CDE00302715) from Mary Egger to Greg Thorpe and Butch Gangle copied to Alan Burzlaff, Gary Holcomb re: "Gas Plants inlet & outlet streams gas analysis, Elk" does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual, as it only reports on a revised NSAI schedule and is not subject to the attorney work-product privilege.

1555 October 22, 1999 memo from Greg Thorpe and Christine Suh to Mary Egger, Butch Gangle, Alan Burzlaff, Ken Schuessler, and Owen Olpin re: "Current Price." This document conveys attorney thought process and is subject to the attorney work-product privilege.

If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

1556 October 26, 1999 fax memo from Butch Gangle to "DOE Equity Team" copied to Mary Egger, Greg Thorpe, and Alan Burzlaff re: "Carneros MER (1/12/93)."

Gangle was a DOE engineer and a representative of DOE. The text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it summarizes an attached July 12, 1993 memo from Chevron to the Director of Naval Petroleum Reserves and circumstances surrounding its production, and is not subject to the attorney work-product privilege.

1562 October 28, 1999 fax cover sheet (CBG0030584) from Alan Burzlaff to Greg Thorpe, Christine Suh, Mary Egger, Butch Gangle, and Ken Schuessler, attaching a October 27, 1999 memo (CBG0030585-86) to F.J. Gangle from Alan Burzlaff (signed) and copied to Greg Thorpe, Mary Egger, Ken Schuessler, and Christine Suh re: "Appropriate 'Current Price' Time Period, Stevens Zone Conversion Factor Issue."

The memo (CBG0030585-86) is an analysis of "the current price period from DOE's perspective." Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

The attachments CBG0030587-92, however, are factual charts/graphs. In particular, CBG0030590 is information from the U.S. Energy Information Administration in the public domain. Neither attachment is subject to the attorney work-product privilege.

1563 Unsigned draft of October 27, 1999 Burzlaff memo. *See* ruling on folder 1562.

| | |
|---|---|
| 1564 | Signed copy of October 27, 1999 Burzlaff memo. *See* ruling on folder 1562. |
| 1565 | Signed copy of October 29, 1999 Burzlaff memo. *See* ruling on folder 1562. |
| 1574 | Redacted text of the November 1, 1999 4:58 p.m. e-mail from Alan Burzlaff to Mary Egger copied to Butch Gangle, Greg Thorpe and Christine Suh and re: "1942 Prices."<br><br>This document does not reveal any mental process, strategy, tactics or impressions but is information from a Standard Oil May 23, 1941 oil price bulletin and the 1957 SOZ Redetermination and therefore is not subject to the attorney work-product privilege. |
| 1575 | November 2, 1999 fax cover sheet (CME01102064) from Alan Burzlaff to Greg Thorpe/Christine Suh, Mary Egger, and Butch Gangle. The fax cover sheet comment does not reveal any mental impressions but is factual and not subject to the attorney work-product privilege. The four attached charts, *i.e.*, Oil Price History (West Texas Intermediate Crude), Oil Price History:1996-1998 (same), Natural Gas Price History (Henry Hub Location), Natural Gas Price History: 1996-1998 (same) (CME01102065-68) are factual data that also is not privileged. |
| 1579 | November 4, 1999 memo (CME01401124-27) from Alan Burzlaff to Butch Gangle Reference to a NSAI letter to Butch Gangle and Norm Stone (Chevron) dated October 27, 1999 Subject: "Stevens Zone Gas Conversion Guidelines" copied to Ken Schuessler (CME0141124-35).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header |

should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

A November 5, 1999 fax cover sheet (CME04120) from Butch Gangle to Mary Egger forwarding a November 5, 1999 letter (CME0401122-23) from Butch Gangle to Richard Krenek, IPE indicating that the November 4, 1999 memo was sent to the IPE copied to Chevron, with no prior input from Ms. Egger. Therefore, this document (CME01401124-27) is not privileged.

1582 November 18, 1999 e-mail string.

November 15, 1999 6:13 p.m. e-mail (CME0112053-54) from Alan Burzlaff to Greg Thorpe, Mary Egger, Christine Suh copied to Butch Gangle, Ken Schuessler, and Gary Holcomb re: "Prices in Chevron Current Price Brief to ILA."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. The comparative charts on 2053-54, however, are factual and not privileged. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

The November 16, 1999 2:01 p.m. response from Greg Thorpe contains attorney thought process and is subject to the attorney work-product privilege.

November 16, 1999 9:11 p.m. e-mail (CME01102052) from Alan Burzlaff to Greg Thorpe copied to Mary Egger, Owen Olpin, Francis Gangle, and Kenneth Schuessler.

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

The comparative chart, however, is factual and is not privileged.

* * *

November 18, 1999 2:53 p.m. e-mail (CME01102051) from Butch Gangle to Mary Egger, Greg Thorpe, Alan Burzlaff copied to Gary Holcomb re: "NSAI Conversion Methodology Meeting in Bakersfield." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it reports on a November 18, 1999 meeting with IPE and is not subject to the attorney work-product privilege.

* * *

The author of the handwritten note on CME01102050 is not identified, but the content is factual and is not privileged.

| | |
|---|---|
| 1583 | Redacted text of the November 18, 1999 2:53 p.m. e-mail (CDE0030759) from Butch Gangle to "everyone" re: "NSAI Conversion Methodology Meeting in Bakersfield."<br><br>Gangle was a DOE engineer and a representative of DOE. The first section of redacted text "This . . . me," although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual, relevant to the Government's causation theory, and is not subject to the attorney work-product privilege. *See* 6/15/07 TR at 10.<br><br>The second section of redacted text "but . . . view" is subject to the attorney work-product privilege. |
| 1586 | November 22, 1999 fax cover sheet (CSI0020020) from Alan Burzlaff to Greg Thorpe, Christine Suh, Mary Egger, and Butch Gangle transmitting "Plots of conversion factor results (based on NSAI methodology) for varying price window," with 2 pages of charts (CSI0020021-22).<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The fax cover sheet and attached charts, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege. |
| 1589 | Redacted text of the November 23, 1999 11:53 a.m. e-mail from Mary Egger to Alan Burzlaff, Butch Gangle, Greg Thorpe re: "Voicemail from Gary Henderson [Counsel for Chevron]" conveys attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 1593 | November 30, 1999 memo from Alan Burzlaff to Butch Gangle, Greg Thorpe, and Mary Egger re: "Gas Conversion Factor Methodology, Analysis of Impact on NSAI Stevens |

| | |
|---|---|
| | Zone Provisional Equity Recommendation," (CSI0020411) copied to Ken Schuessler forwarding 5 charts (CSI0020412-16).<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The text, except for the sentence in the second paragraph "For our . . . recommendation," although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege, although these documents are marked "privileged and confidential," they factually graphically depict a range of "possible equity outcomes related to the proposed price-based gas conversion factors methodologies presented by [the IPE]." The first sentence in the second paragraph "For our. . . recommendation." is subject to the attorney work-product privilege. |
| 1596 | The source for CME01102034-36 is listed as NPR I Product Revenues (DOE share), BPOI Monthly Status Report and are in the public domain. The other factual charts (CME01102037-39) also are factual and not privileged, without the notations alleged to have been made by Ms. Egger on CME01102038 that contain attorney thought process and are subject to the attorney work-product privilege. |
| 1602 | E-mail string. Redacted text of the November 15, 1999 6:13 p.m. e-mail (CBG01100275) from Alan Burzlaff to Greg Thorpe, Mary Egger, Christine Suh copied to Butch Gangle, Ken Schuessler, and Gary Holcomb re: "Prices in Chevron Current Price Brief to ILA."<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is a factual explanation of California Border Gas prices and Stevens Posting oil prices that appear in Chevron's Current Price Brief and are not subject to the attorney work-product privilege. In addition, the attached three charts are factual and not privileged. |

* * *

Redacted text of the November 16, 1999 5:01 p.m. e-mail (CBG01100275) from Greg Thorpe to Alan Burzlaff copied to Christine Suh, Own Olpin, Mary Egger and Butch Gangle re: same contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the November 24, 1999 11:43 a.m. e-mail (CBG01100283) from Greg Thorpe to Alan Burzlaff and Butch Gangle and copied to Gary Holcomb, Greg Thorpe, and Mary Egger re: "Final Draft Version of DOE EFT Response On Gas Conversion Equations" contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the December 13, 1999 12:34 p.m. e-mail (CBG01100288) from Alan Burzlaff to Greg Thorpe copied to Mary Egger and Butch Gangle re: "Price Window for Stevens Zone Settlement Agreement." Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual as it re-states the "current price" window agreed to with Chevron and the gas conversion factors and is not subject to the attorney work-product privilege.

* * *

(CBG01100289) is the same document as (CBG01100288).

* * *

Redacted text of the November 18, 1999 11:53 a.m. e-mail (CBG01100367-68) from Butch Gangle to Mary Egger, Greg Thorpe, and Alan Burzlaff copied to Gary Holcomb re: "NSAI conversion methodology meeting in Bakersfield."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual, as it reports on a November 18, 1999 NSAI meeting at which Chevron was present, and is not subject to the attorney work-product privilege.

* * *

Redacted text of the November 19, 1999 11:05 a.m. e-mail (CBG01100367) from Greg Thorpe to Butch Gangle, Mary Egger and Alan Burzlaff copied to Gary Holcomb re: "NSAI conversion methodology." This document contains attorney thought process and is subject to the attorney work-product privilege; however, the first sentence "Thank you . . . we thought" is factual and relevant to the Government's causation theory. *See* 6/15/07 TR at 10. Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for the first sentence, and that an "undue hardship" exists, because this information cannot readily be obtained from another source. If any of the aforementioned, however, functioned as members of the "DOE field equity team," the first sentence may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

1639 February 9, 2000 Elk Hills Equity Status Summary (CME00800116). The log represents that this document, marked "Privileged & Confidential" was prepared by Butch Gangle (DOE DFT) for unknown recipients.

Gangle was a DOE engineer and a representative of DOE. The chart, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it states factual results of certain past and existing positions. Moreover, the document is relevant to the Government's causation theory. *See* 6/15/07 TR at 10. Therefore, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

1666 Same ruling as 889 (2258).

1682 March 22-23, 2000 e-mail string. Redacted text of the March 22, 2000 6:31 p.m. e-mail (CDE00307246-47) from Greg Thorpe to Mary Egger, Butch Gangle, Alan Burzlaff, Ken Schuessler, Christine Suh and Owen Olpin re: "letter to krenek." The e-mail contains attorney thought process. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

March 23, 2004 5:44 a.m. e-mail from Mary Egger to Greg Thorpe, Butch Gangle, Alan Burzlaff, Ken Schuessler, Owen Olpin, and Christine Suh re: "letter to krenek."

The e-mail contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

Redacted text of the March 22, 2000 7:34 a.m. e-mail (CDE00307246) from Alan Burzlaff to Mary Egger, Greg Thorpe, Butch Gangle, Ken Schuessler, Owen Olpin, and Christine Suh re: "letter to krenek."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual since it reports the "estimated recoverable oil that Chevron is claiming" and is not subject to the attorney work-product privilege.

* * *

Redacted text of the March 23, 2000 10:38 a.m. e-mail reply from Greg Thorpe to Mary Egger, Alan Burzlaff, Greg Thorpe, Butch Gangle, Ken Schuessler, Owen Olpin, and Christine Suh contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

March 23, 2000 1:39 p.m. e-mail reply from Mary Egger to Greg Thorpe, Alan Burzlaff, Greg Thorpe, Butch Gangle, Ken Schuessler, Owen Olpin, and Christine Suh arguably contains attorney work-product and is subject to the attorney work-product privilege.

If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

| | |
|---|---|
| 1695 | Redacted text of the April 10, 2000 4:48 a.m. e-mail (CDE0037455-56) from Butch Gangle to Mary Egger/Greg Thorpe re: "DOE SOZ Presentations Start Today."<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 1721 | May 19, 2000 5:47 p.m. e-mail from A. Burzlaff to Greg Thorpe copied to Butch Gangle, Ken Schuessler, and Mary Egger re: "Verification of Capture Analysis in CUSA SOZ Equity Case" together with attachments (CSI0041053-54).<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |

| | |
|---|---|
| | CSI0041055-61 are Chevron documents and are not subject to any privilege. CSI0041062-63 allegedly are handwritten notes of A. Burzlaff, but are factual in nature and not privileged. |
| 1725 | The text of CBG0040615-16 is a draft letter re: "1994 SOZ Reports" with handwritten notes from Mary Egger to Greg Thorpe, Butch Gangle, and Alan Burzlaff. CBG004615 was produced, so whatever privilege attached was waived.<br><br>CBG0040616 contains attorney thought process and is subject to the attorney work-product privilege. |
| 1881 | Redacted text of the October 10, 2000 fax cover sheet (CME01300526) from Butch Gangle to "DOE Equity Legal Team" copied to Mary Egger, Greg Thorpe, Alan Burzlaff, and Owen Olpin re: "In reply to question on Bowers Memo (6/10/76)."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it discusses various attachments from 1976 proceedings and is not subject to the attorney work-product privilege.<br><br>Attached April 17, 1976 memo (CME01300527) from R.F. Schlecht re: "Section 7 R Evaluation-Godsey-Earlougher, Inc." with attachment, to 17 recipients who were asked to provide a technical review of the Godsey-Earlougher evaluation is not privileged.<br><br>CME01300528 is March 31, 1976 comparative analysis of Section 7R Reserves that is factual. CME01300529 is the first page of a document prepared by Godsey-Earlougher, Inc. "Department of Navy Petroleum and Oil Shale Reserves-Evaluation of Stevens Sand Reservoir . . . as of March 1, 1976." Neither document is privileged.<br><br>Redacted text of CME01300530-31, a letter to George G. Dowd, Captain JAGG, USN from an engineering firm, "Godsley-Earlougher, Inc." is not privileged. |

CME01300532-34 is a report "Oil In Place Determination Section 7R, Tule Elk Oil Field, Kern County, California" by Richard L. Whiting, Consulting, Petroleum, Natural Gas and Geological Engineers, P.O. Drawer B, College Station, Texas 77841 is not privileged.

1884 Same ruling as 1881.

1897 E-mail string. Redacted text of the October 12, 2000 1:11 p.m. e-mail (CME02202219) from Greg Thorpe to Alan Burzlaff copied to Butch Gangle re: "soz" contains attorney thought process and is subject to the attorney work-product privilege.

* * *

Redacted text of the October 12, 2000 3:18 p.m. e-mail from Alan Burzlaff to Greg Thorpe copied to Butch Gangle, Mary Egger and M. White.

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

* * *

The redacted text of the October 12, 2000 6:34 p.m. e-mail from Greg Thorpe to Alan Burzlaff copied to Mary Egger, Butch Gangle, Owen Olpin and Molly White contains attorney thought process and is subject to the attorney work-product privilege.

If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

| | |
|---|---|
| 1898 | October 12, 2000 fax cover sheet (CSI0041005) from Alan Burzlaff to Greg Thorpe/Molly White, Mary Egger, Butch Gangle, Own Olpin, with text, and forwarding two pages of charts re: USOZ Sections, prepared by Doug Hess (CSI0041006-07) and two pages of unidentified text re: same (CSI0041008-09) .<br><br>If any of the aforementioned functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 1933 | November 13, 2000 handwritten notes of Butch Gangle of a telephone call with Robert Kripowicz re: "SOZ Schedule."<br><br>Gangle was a DOE engineer, and a representative of DOE. The text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 1944 | November 15, 2000 fax cover sheet from Gary Latham to Butch Gangle with note forwarding Option Paper. |

Latham was a DOE engineer and a representative of DOE. The fax cover sheet and attached note, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege.

| | |
|---|---|
| 2049 | January 19, 2001 12:32 p.m. e-mail from Alan Burzlaff to Mary Egger and Greg Thorpe copied to Ken Schuessler, Butch Gangle, and Molly White re: "Chevron's response."<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 2130 | Redacted text of the May 3, 2001 8:08 a.m. e-mail (CDE00304468) from Butch Gangle to Mary Egger re: "SOZ Equity Update Report."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, as it reports on a April 16, 2001 meeting in Golden with STA, a meeting on April 17, 2001 with DOE engineers in Bakersfield, where Greg Thorpe was noted in attendance and a follow-on "regularly scheduled conference call" with IPE "to discuss . . . progress on the SOZ equity finalization."<br><br>Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and |

| | |
|---|---|
| | that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. |
| 2195 | Power point slide presentation prepared by Butch Gangle and presented on November 6, 2001 to DOE Equity Process Team.<br><br>The majority of this document (CBG01204105-19, 21) are technical bullets or graphs re: "Shallow Oil Zone, DOE Modeling Effort, NSAI Modeling Effort, IPE (NSAI) Interim Deliverables, Streamlining The Equity Process." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege, except for CBG01204120 "Legal Issues."<br><br>Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. |
| 2196 | The November 7, 2001 12:38 a.m. e-mail (CME01300346) from Alan Burzlaff to Mary Egger copied to Butch Gangle and Ken Schuessler.<br><br>Burzlaff, as a DOE consultant, was a representative of DOE. The text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual as it confirms that Ms. Egger was present at the November 6, 2001 meeting. Her role at that meeting is central to the issues before the court. Therefore, the document is not subject to the attorney work-product privilege. |

Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

2265 May 1, 2002 e-mail string. Redacted text of the first four paragraphs of the May 1, 2002 12:54 p.m. e-mail (CDE00304343-44) from Alan Burzlaff to Butch Gangle copied to Kevin Beacon and Ken Schuessler re: "SOZ Equity Interim Deliverable Process."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, except for the text in the third paragraph "obviously . . . NSAI," although prepared in connection with the Stevens Zone Equity Finalization Process does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual as it reports on an April 30, 2002 meeting with the IPE and Chevron and is not subject to the attorney work-product privilege. As for the text (CDE00304344) "1. Any future . . . May 31st (simulation), respectively," Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual and is not subject to the attorney work-product privilege.

* * *

The redacted text of the May 1, 2002 10:58 a.m. e-mail (CDE00304342-43) from Butch Gangle to Mary Egger and Greg Thorpe copied to Alan Burzlaff and Ken Schuessler re: "SOZ Equity Interim Deliverable Process." Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it discusses the April 30, 2002 meeting with the IPE and

| | |
|---|---|
| | Chevron and is not subject to the attorney work-product privilege. |
| 2319 | Redacted text of the August 27, 2002 1:31 p.m. e-mail (CDE00307651) from Butch Gangle to Mary Egger re: "Heads Up."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it repeats Burzlaff's report on the IPE's preliminary USOZ simulation model for the period 1919-1997 and is not subject to the attorney work-product privilege.<br><br>Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. |
| 2327 | October 3, 2002 e-mail string. The redacted text of the October 3, 2002 7:34 a.m. e-mail (CDE00304247-48) from Butch Gangle to Mary Egger copied to Alan Burzlaff and Ken Schuessler re: "Somewhat Good News."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it summarizes an October 1, 2002 public meeting at which the NSAI announced a provisional recommendation and is not subject to the attorney work-product privilege. This document is also relevant to the Government's causation theory. *See* 6/15/07 TR at 10.<br><br>Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field |

equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

Redacted text of the October 3, 2002 9:08 a.m. e-mail from Mary Egger to Butch Gangle copied to Alan Burzlaff and Ken Schuessler re: same arguably could be construed to contain attorney thought process, however, the text "NSAI didn't . . . direction!!" is a statement of fact and relevant to the Government's causation theory. *See* 6/15/07 TR at 10. Assuming, *arguendo*, this text is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. *See, e.g.*, July 24, 2007 Chevron Status Report at 24-25.

2391 Redacted text of the January 13, 2003 12:17 p.m. e-mail (CDE00301506) from Butch Gangle to Alan Burzlaff copied to Mary Egger re: "Petrophysics Questions."

Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.

If any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

2711 May 28, 2003 e-mail string. Redacted text of the May 28,

2003 5:05 a.m. e-mail (CBG0071194-95) from Butch Gangle to Mary Egger and Alan Burzlaff re: "SOZ Comments Due Tomorrow."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it discusses scheduling matters re: NSAI SOZ Provisional Recommendations and is not subject to the attorney work-product privilege. Assuming, *arguendo*, this document is privileged Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

* * *

Redacted text of the May 28, 2003 10:37 a.m. e-mail from Alan Burzlaff to Butch Gangle re: "SOZ Comments Due Tomorrow."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but rather is factual as it relates to a May 27, 2003 telephone conference in which Chevron participated and scheduling re: SOZ comments and is not subject to the attorney work-product privilege.

*Assuming,* arguendo, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

| | |
|---|---|
| 2730 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown.<br><br>Although the author of 2730-2743 is not known, the court will give the Government the benefit of the doubt that these documents are subject to the attorney work-product privilege. |
| 2731 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2732 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2733 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2734 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2735 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2736 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2737 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2738 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional |

| | |
|---|---|
| | Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2739 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2740 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2741 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2742 | May 29, 2003 draft outline and partial text of "Response to Netherland Sewell & Associates, Inc. Provisional Recommendation of Equity Participation for the Shallow Oil Zone." The author of this document is unknown. *See* 2730. |
| 2743 | Undated and author unknown draft "DOE Response to NSAI Provisional Recommendation of Equity Participation for the Shallow Oil Zone." *See* 2730. |
| 2994 | Redacted text of the July 21, 1998 9:51 a.m. e-mail (CBG0090110-11) from Wayne Kauffman to Mary Egger copied to Butch Gangle, Jim Murphy, Greg Thorpe, and Jay Williams re: "CUSA Proposed Communications Protocol draft."<br><br>This document states the fact "DOE EFT supports the present Protocol," implying that Mr. Kauffman is a member of same. Moreover, it evidences the fact that the existing protocol is a matter of dispute between the parties and is not privileged.<br><br>Assuming, *arguendo*, this document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity |

Process Agreement. *See, e.g.*, July 24, 2007 Chevron Report at 29.

The July 21, 1998 9:57 a.m. message flag and status are not privileged.

3339 November 15, 2004 3:36 p.m. e-mail from Butch Gangle to Gena Cadieux copied to Alan Burzlaff, Greg Thorpe re: "Stevens CF Update."

Gangle was a DOE engineer and a representative of DOE. The redacted text, except for the last paragraph on CDE00104606 "So as . . . that is not," although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it responds to a technical question from Ms. Cadieux and is not subject to the attorney work-product privilege.

Assuming, *arguendo*, this entire document is privileged, Chevron has demonstrated a "substantial need" for this document and that an "undue hardship" exists, because this information cannot readily be obtained from another source, and if any of the recipients functioned as a member of the "DOE field equity technical team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. The document is also relevant to the Government's causation theory. *See* 6/15/07 TR at 10.

3512 E-mail string. September 1, 2005 11:06 am e-mail from Gary Latham to Butch Gangle, Norman Stone, Alan Burzlaff is not subject to any privilege since it was sent to Chevron.

* * *

The September 6, 2005 7:08 pm e-mail from Alan Burzlaff to Butch Gangle copied to Richard Seader re: "OHA Implementation by PDASFE" discussing a "Latham whitepaper."

Burzlaff, as a DOE consultant, was a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court

| | |
|---|---|
| | of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege.<br><br>If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text. |
| 4347 | October 17, 2006 "Draft DOE Equity Finalization Team Comments On Accuracy of OHA Conversion Factor Calculation Case No. TEA-0001." The log states the author was "DOE EFT and counsel." The document contains attorney thought process and is subject to the attorney work-product privilege. |
| 4348 | October 17, 2006 Draft.002 of document 4347. Same ruling as 4347. |
| 4349 | October 17, 2006 Draft.002 of document 4347, with red-line edits, which the log alleges were made by unnamed members of the "EFT staff." Same ruling as 4347. |
| 4350 | October 17, 2006 "Draft DOE Equity Finalization Team [Technical] Comments On Accuracy of OHA Conversion Factor Calculation Case No. TEA-0001." Same ruling as 4347. |
| 4351 | October 17, 2006 "Revised Timeline and Records Sequence to Chevron OHA Appeal," authored by Butch Gangle.<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is a factual chart (without comment) "Revised Timeline and Records Sequence to Chevron OHA Appeal" and is not subject to the attorney work-product privilege. |
| 4354 | Undated "DOE Written Rebuttal of CUSA Report and Presentation on the Shallow Oil Zone Detailed Outline," with staff assignments designated, but no author designated in log. |

The factual content of the headers with the staff designation should be sufficient for Chevron's purposes, without revealing the subheaders that arguably contain attorney thought process. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement.

4357 Redacted text is of a draft October 17, 2006 letter to Richard Krenek from Butch Gamble copied to Norm Stone, Gary Latham, Alan Burzlaff and blind-copied to Mary Egger and Greg Thorpe.

Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals for the Federal Circuit has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is not subject to the attorney work-product privilege, since it was forwarded to Norm Stone (Chevron).

4361 January 22, 1999 "DOE Technical Response to Chevron Technical Report on Capture Methodology," with red-line edits. The log states the author as "DOE EFT (Gangle et al.)" and arguably is subject to the attorney work-product privilege.

4378 Same ruling as document 4348.

4382 October 17, 2006 fax from Butch Gangle to DOE Equity Team copied to Mary Egger, Greg Thorpe, and Alan Burzlaff re: "Carneros EHEC Record Dated 6/1976."

Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it describes the attached record from EHEC Geology and Reservoir Subcommittee with maps and is not subject to the attorney work-product privilege.

| | |
|---|---|
| 4384 | Redacted text of the October 17, 2006 fax cover sheet from Butch Gangle to "DOE Equity Team" copied to Mary Egger, Greg Thorpe and Alan Burzlaff re: "Carneros MER (1/12/93)" is identical to the fax cover sheet in 1556, except for the date.<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it forwards a Chevron MER response dated January 12, 1993 and is not subject to the attorney work-product privilege. |
| 4385 | Redacted text of a October 17, 2006 fax cover sheet. This document is the same as the fax cover sheet in 14 from Butch Gangle to the "DOE Equity Team," re: "SOZ Conversion Research" copied to Mary Egger, Greg Thorpe and Alan Burzlaff.<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual and is not subject to the attorney work-product privilege. |
| 4403 | Redacted text of a October 17, 2006 memo from Butch Gangle to "DOE SOZ Equity Legal Team" re: "Inclusion under UPC Sec. 15(b) vs. A&S agreement Sec. 4(d) Part II."<br><br>Gangle was a DOE engineer and a representative of DOE. The redacted text, although prepared in connection with the Stevens Zone Equity Finalization Process, does not reveal any mental process, plans, strategies, tactics, or impressions, but is factual as it forwards old correspondence from the Acting Secretary of the Navy to the U.S. Attorney General and is not subject to the attorney work-product privilege. |
| 4613 | Undated document that appears to be a draft letter/comments from the DOE EFT to the IPE re the Shallow Oil Zone, with no author designation and is not privileged. |
| 4614 | Same ruling as 4613. |

| | |
|---|---|
| 4619 | Draft portion of DOE EFT filing to be made with the ASFE, with red-line edits re: "Use of Data beyond the Cutoff (March 1, 1997)" re: the Stevens equity process with no author designation and is not privileged. |
| 4636 | Draft portion of DOE EFT document re: "4.16 USOZ Reserves" authored by "DOE EFT (Gangle et al.)" arguably is subject to the attorney work-product privilege. |
| 4651 | Draft partial DOE "Response to [NSAI] Provisional Recommendation of Equity Participation For the Stevens Zone,"with edits. This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4652 | Draft (different than 4651) DOE "Response to [NSAI] Provisional Recommendation of Equity Participation For the Stevens Zone," with edits. This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4655 | Draft portion of DOE EFT document re: "4.1 Issue 1: High Abandonment Pressures." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens |

| | |
|---|---|
| | Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4656 | Draft portion of DOE EFT document re: "4.11 Issue 11: Water Saturations form Oil Base Core." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4657 | Draft portion of DOE EFT document re: "4.12 Issue 12: Sand Counting Using Mud Logs." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4658 | Draft portion of DOE EFT document re: "4.2 Issue 2: Oil Migration, 26R Sand to 31S C/D Shales." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court |

| | |
|---|---|
| | of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4659 | Draft portion of DOE EFT document re: "4.7 Issue 7:26 R Net Sand Thickness." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4660 | Draft portion of DOE EFT document re: "4.8 Issue 8: W31S Reserves." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4667 | Draft DOE "Assessment Final Stevens Equity Recommendation" re: DOE EFT assessment of IPE final Stevens Equity Recommendation. This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel |

| | |
|---|---|
| | deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4675 | Draft document "31 Shales Pool Abandonment Pressure, N/A and C/D Shales Migration, Section 31S Total Oil Contribution for NA Shale Interval, C/D Shale Migration Solution Gas" with edits. This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4676 | Draft document, "31S Shales Pool Abandonment Pressure," with edits. This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4681 | "Comments on CUSA's Rebuttal to NSAI's Provisional Stevens Equity Report Material Balance Water Influx." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court |

| | |
|---|---|
| | of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4688 | Draft portion of DOE EFT document re: "4.9 Issue 9: T&N Sands Reserves." This document was represented to be authored by DOE EFT (Gangle et al.).<br><br>Gangle was a DOE engineer, and a representative of DOE. The redacted text was prepared in connection with the Stevens Zone Equity Finalization Process and contains a mix of factual information and communication that the United States Court of Appeals has identified as "relevant to the advice-of-counsel deference." *In Re Echostar Communications Corp.*, 448 F.3d 1294, 1301 (2006) (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, this text is subject to the attorney work-product privilege. |
| 4689 | Same ruling as 4651. |
| 4690 | Same ruling as 4652. |
| 4718 | Draft "Section 1.1 4.2 Previous SOZ Equity Determinations," with red-line edits. Unknown author. This undated document with no author identified, does not contain attorney thought process. |
| 4758 | "Background Information for *Chevron USA* v. *United States*, filed in United States Court of Federal Claims," August 20, 2004, marked "Attorney Work Product" was represented to be authored by STA (Burzlaff, et al.) and the content is entirely factual and not subject to the attorney work-product privilege. |
| 4760 | Undated draft letter to Norm Stone and Francis Gangle from Jeffrey Jarrett, ASFE re: "Preliminary Decision Finalizing Elk Hills Zone Equity." This document contains attorney thought process and is subject to the attorney work-product privilege. |
| 5082 | May 29, 1998 memo from Alan Burzlaff and Ken Schuessler to Mary Egger re: "Proposed Joint [Technical] Instruction to NSAI," with hand edits made by Greg Thorpe contains attorney thought process and is subject to the attorney work-product privilege. If any of the aforementioned, however, functioned as members of the "DOE field equity team," this |

document may evidence an improper *ex parte* communication prohibited by the Equity Process Agreement. Disclosure of the header should be sufficient for Chevron's need in this regard, without disclosure of the text.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**