No. 04-1365C
(Judge Braden)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CHEVRON U.S.A. INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO COMPEL

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

FEBRUARY 1, 2008

## TABLE OF CONTENTS

DEFENDANT'S MOTION TO COMPEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. The Government's Discovery Requests.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. Chevron's Responses To The Government's Discovery Requests. . . . . . . . . . . . . 5

A. Chevron's Objections To Interrogatory No. 26. . . . . . . . . . . . . . . . . . . . . 6

B. Chevron's Objections To The Document Request Related To Interrogatory No. 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C. Chevron's Qualified Responses To The Government's Discovery Requests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. Consultation Between Government And Chevron Counsel Regarding Chevron's Responses To The Government's Discovery Requests. . . . . . . . . . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. Chevron's Untimely Objections To Interrogatory No. 26 And The Related Document Production Request Are Waived... . . . . . . . . . . . . . . . 8

II. Assuming For The Sake Of Argument That Chevron's Untimely Objections Are Not Waived, The Objections Nevertheless Are Without Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

A. Chevron's Objection That Interrogatory No. 26 Seeks A Legal Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B. Chevron's Objection That The Government's Discovery Requests Are Premature. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

C. Chevron's Objection That Interrogatory No. 26 And The Related Document Production Request Seek Information And Documents In The Custody Or Control Of The Government . . . . . . . . . . . . . . . . . . . 22

D. Chevron's Blanket Privilege Objections. . . . . . . . . . . . . . . . . . . . . . . . . 23

## TABLE OF CONTENTS (CONT'D)

III. Chevron's Unsworn, Qualified Response To Interrogatory No. 26 Incorporating By Reference Other Discovery Responses And Litigation Materials Is Insufficient. . . . . 26

CONCLUSION. . . . . 28

## TABLE OF AUTHORITIES

## CASES

AAB Joint Venture v. United States,
75 Fed. Cl. 448 (2007). .......... 9

Anaya v. CBS Broadcasting Inc.,
2007 WL 2219458 (D. N.M. 2007). .......... 19

Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co.,
61 F.R.D. 115 (N.D. Ga. 1972). .......... 27

Ayers v. Continental Casualty Co.,
240 F.R.D. 216 (N.D. W.Va. 2007). .......... 9, 11, 25

B. Braun Medical Inc. v. Abbott Laboratories,
155 F.R.D. 525 (E.D. Pa. 1994). .......... 16, 20

Burton Mechanical Contractors, Inc. v. Foreman,
148 F.R.D. 230 (N.D. Ind. 1992). .......... 23

Byrd v. Reno,
1998 WL 429676 (D.D.C. 1998). .......... 9, 10

Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,
175 F.R.D. 646 (C.D. Cal. 1997). .......... 19, 20, 21

Carlson v. Freightliner LLC,
226 F.R.D. 343 (D. Neb. 2004). .......... 11

Chevron U.S.A., Inc. v. United States,
71 Fed. Cl. 236 (2006). .......... 3

Continental Illinois National Bank & Trust Co. v. Caton,
136 F.R.D. 682 (D. Kan. 1991). .......... 16, 27

In re Convergent Technologies Securities Litigation,
108 F.R.D. 328 (N.D. Cal. 1985). .......... 20

Cornell Research Foundation, Inc. v. Hewlitt Packard Co.,
223 F.R.D. 55 (N.D. N.Y. 2003). .......... 17, 19

## TABLE OF AUTHORITIES (CONT'D)

## CASES (CONT'D)

Davidson v. Goord,
215 F.R.D. 73 (W.D. N.Y. 2003)....................................................................... 22, 27

Dipietro v. Jefferson Bank,
144 F.R.D. 279 (E.D. Pa. 1992)............................................................................ 26

Eureka Financial Corp. v. Hartford Accident and Indemnity Co.,
136 F.R.D. 179 (E.D. Cal. 1991). .......................................................................... 25

Exxon Research and Engineering Co. v. United States,
44 Fed. Cl. 597 (1999). ........................................................................................... 9

Fort Washington Resources, Inc. v. Tannen,
153 F.R.D. 78 (E.D. Pa. 1994)............................................................................... 22

Hansel v. Shell Oil Corp.,
169 F.R.D. 303 (E.D. Pa. 1996)............................................................................. 26

Horace Mann Insurance Co. v. Nationwide Mutual Insurance Co.,
238 F.R.D. 536 (D. Conn. 2006)................................................................ 10, 11, 12, 25

Jayne H. Lee, Inc. v. Flagstaff Industries Corp.,
173 F.R.D. 651 (D. Md. 1997)................................................................................ 11

Johnson v. Kraft Foods North America, Inc.,
236 F.R.D. 535 (D. Kan. 2006)................................................................ 16, 19, 24, 27

Kendrick v. Sullivan,
125 F.R.D. 1 (D.D.C. 1989)........................................................................... 15, 16

Krewson v. City of Quincy,
120 F.R.D. 6 (D. Mass. 1988)................................................................................ 10

Land Ocean Logistics, Inc. v. Aqua Gulf Corp.,
181 F.R.D. 229 (W.D. N.Y. 1998)........................................................................... 10

M.L.C. Inc. v. North American Phillips Corp.,
109 F.R.D. 134 (S.D. N.Y. 1986). .......................................................................... 22

## TABLE OF AUTHORITIES (CONT'D)

## CASES (CONT'D)

Martin v. Easton Publishing Co.,
85 F.R.D. 312 (E.D. Pa. 1980). .......... 27

McCarthy v. Paine Webber Group, Inc.,
168 F.R.D. 448 (D. Conn. 1996). .......... 16

O'Brien v. International Brotherhood of Electrical Workers,
443 F.Supp. 1182 (N.D. Ga. 1977). .......... 14

O'Connor v. Boeing North American, Inc.,
185 F.R.D. 272 (C.D. Cal. 1999). .......... 16

In re One Bancorp Securities Litigation,
134 F.R.D. 4 (D. Me. 1991). .......... 19

Pham v. Hartford Fire Insurance Co.,
193 F.R.D. 659 (D. Colo. 2000). .......... 11, 12, 25

Ramirez v. County of Los Angeles,
231 F.R.D. 407 (C.D. Cal. 2005) .......... 25

Roberts v. Heim,
130 F.R.D. 424 (N.D. Cal. 1989). .......... 17

Scaife v. Boenne,
191 F.R.D. 590 (N.D. Ind. 2000). .......... 27

Smith v. Conway Organization, Inc.,
154 F.R.D. 73 (S.D. N.Y. 1994). .......... 10

Smith v. Logansport Community School Corp.,
139 F.R.D. 637 (N.D. Ind. 1991). .......... 27

Sonnino v. University of Kansas Hospital Authority,
221 F.R.D. 661 (D. Kan. 2004). .......... 24

Starlight International, Inc. v. Herlihy,
181 F.R.D. 494 (D. Kan. 1998). .......... 24

## TABLE OF AUTHORITIES (CONT'D)

## CASES (CONT'D)

Titre v. S.W. Bach & Co.,
2005 WL 1692508 (S.D. Fla. 2005).................................................................... 19

Union Pacific Railroad Co. v. Larkin,
229 F.R.D. 240 (D. N.M. 2005)......................................................................... 27

United Oil Co., Inc. v. Parts Associates, Inc.,
227 F.R.D. 404 (D. Md. 2005)........................................................................... 27

United States ex rel. O'Connell v. Chapman University,
___ F.R.D. ___, 2007 WL 1982198 (C.D. Cal. 2007)..................................................... 18

United States v. 58.16 Acres of Land, More or Less,
66 F.R.D. 570 (E.D. Ill. 1975). ...................................................................... 9, 11

United States v. Maryland and Virginia Milk Producers Ass'n, Inc.,
22 F.R.D. 300 (D.D.C. 1958)........................................................................ 13, 15

Weiner v. Bache Halsey Stuart, Inc.,
76 F.R.D. 624 (S.D. Fla. 1977)......................................................................... 23

Weiss v. National Westminster Bank, PLC,
242 F.R.D. 33 (E.D. N.Y. 2007).................................................................... 17, 19

Westhemeco Ltd. v. New Hampshire Insurance Co.,
82 F.R.D. 702 (S.D. N.Y. 1979). ..................................................................... 23

Wheeler v. United States,
11 F.3d 156 (Fed. Cir. 1993)............................................................................. 9

Young v. United States,
149 F.R.D. 199 (S.D. Cal. 1993). ................................................................ 10, 11

## MISCELLANEOUS

Rules of the Court of Federal Claims:

RCFC 26 ............................................................................................................. 9

RCFC 26(a)(5) .................................................................................................. 12

**MISCELLANEOUS (CONT'D)**

Rules of the Court of Federal Claims (cont'd):

RCFC 26(a)(5)(A) .................... 6, 7, 25

RCFC 26(d) .................... 17

RCFC 26(e)(2) .................... 18, 29

RCFC 33(b)(1) .................... 26, 27

RCFC 33(b)(3) .................... 8, 9

RCFC 33(b)(4) .................... 9, 10

RCFC 33(b)(5) .................... 1

RCFC 34(b) .................... 1, 10

RCFC 37 .................... 9

RCFC 37(a)(2)(B) .................... 1

RCFC 37(a)(3) .................... 1

Federal Rules of Civil Procedure:

Fed.R.Civ.P. 26 .................... 9

Fed.R.Civ.P. 26(a)(5) .................... 12, 25

Fed.R.Civ.P. 33 .................... 27

Fed.R.Civ.P. 33(b)(3) .................... 9, 10

Fed.R.Civ.P. 33(b)(4) .................... 9, 10

Fed.R.Civ.P. 37 .................... 9

**MISCELLANEOUS (CONT'D)**

Treatises:

7 Moore's Federal Practice § 33.103 (3d ed. 2007) ....................................................................27

7 Moore's Federal Practice § 34.12[5][a] (3d ed. 2007)............................................................ 23

# INDEX TO DEFENDANT'S APPENDIX


**Document** **Page**

Transcript of October 16, 2007 Telephone Conference .................................................... 1

Letter dated June 20, 2007 from defendant's counsel to plaintiff's counsel ..................... 7

"Defendant's Fourth Set of Interrogatories" dated June 20, 2007 .................................... 8

"Defendant's Third Request for Production of Documents" dated June 20, 2007 .......... 17

Letter dated August 29, 2007 from defendant's counsel to plaintiff's counsel ............... 26

Letter dated September 6, 2007 from plaintiff's counsel to defendant's counsel ............ 27

"Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories" dated September 6, 2007 ........................................................................ 29

"Plaintiff's Objections and Responses to Defendant's Third Request for Production of Documents" dated September 6, 2007 ........................................................... 33

Letter dated October 29, 2007 from defendant's counsel to plaintiff's counsel ............. 36

Portions of Revised and Corrected Copy of Transcript of June 14, 2007 Telephone Conference ............................................................ 38

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL

Pursuant to RCFC 33(b)(5),[1/] RCFC 34(b),[2/] and RCFC 37(a)(2)(B),[3/] defendant, the United States, respectfully applies for an order by the Court compelling plaintiff, Chevron U.S.A. Inc. ("Chevron") to answer separately and fully under oath Interrogatory No. 26 contained in "Defendant's Fourth Set of Interrogatories" dated June 20, 2007, and produce for defendant's examination and/or copying documents responsive to the related document production request contained in "Defendant's Third Request for Production of Documents" dated June 20, 2007. As demonstrated below, prior to filing this application, defendant's counsel in good faith conferred or attempted to confer with Chevron's counsel in an effort to secure the information and material

---

[1] Rule 33(b)(5) provides that "[t]he party submitting the interrogatories may move for an order under RCFC 37(a) with respect to any objection to or other failure to answer the interrogatory."

[2] Rule 34(b) provides, in relevant part, that "[t]he party submitting the [document production] request may move for an order under RCFC 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as required."

[3] Rule 37(a)(2)(B) provides, in relevant part, that "[a] party . . . may apply for an order compelling . . . discovery as follows: . . . If . . . a party fails to answer an interrogatory submitted under RCFC 33, or if a party, in response to a request for inspection submitted under RCFC 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request." For purposes of this rule, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." RCFC 37(a)(3).

sought by these discovery requests without court action. This application would have been filed sooner but for the Court's directive, during an October 16, 2007 telephone conference regarding the Government's motion *in limine* to exclude from the trial of this action Chevron's designated trial experts, that the Government not file any further motions until the Court's resolution of the pending privileged documents dispute between the parties.[4/]

## BACKGROUND

### I. Nature Of The Case

This case involves the alleged breach by the Department of Energy ("DOE") of an agreement between Chevron and DOE, referred to by the parties as the Equity Process Agreement, which established a process to determine the equity interests of Chevron and DOE in an oil-and-gas unit near Bakersfield, California, known as the Elk Hills Field. There are four distinct zones in the Elk Hills Field: the Dry Gas Zone, the Carneros Zone, the Shallow Oil Zone, and the Stevens Zone. A final determination of the parties' equity interests was to be made for each zone. The determination of the equity interests for each zone was to be made by the DOE Assistant Secretary for Fossil Energy ("ASFE"). The ASFE's decision in each instance was to take

[4] During the October 16, 2007 telephone conference regarding the Government's motion *in limine*, the Court noted that it had received that motion and stated: "I just thought I would call . . . because we received the government's motion [*in limine*] relating to the two expert witnesses. Maybe it's my fault, but I thought I was clear the last time that I wasn't going to entertain any more motions until we can finish what I've got on my plate right now and the privileged documents. So I didn't want anybody to be spending any additional time writing motions or answering them until we can get through that process." Tr. 2(18-24), Def. App. 2. Later during the telephone conference, the Court stated: "It was my inclination that [the Government's motion *in limine*] might be an effort to kind of cluss up the ability to finish what I've got on my plate right now, and I'm not going to allow that to take place. So I'm going to go ahead and stay [that motion] for a response until we finish dealing with the other documents, the other motions, that I have here on privilege. I'll return as improvidently filed anything else that the government decides to file." Tr. 3(23-25)-4(1-6), Def. App. 3-4.

into consideration the recommendation of the Independent Petroleum Engineer ("IPE") selected by Chevron and DOE (Netherland, Sewell & Associates, Inc. ("NSAI")). See Chevron U.S.A., Inc. v. United States, 71 Fed. Cl. 236 (2006) (opinion denying Government's motion to dismiss).

The complaint filed by Chevron in August 2004 contains claims for breach of the Equity Process Agreement between Chevron and DOE. Chevron avers that, during the Dry Gas Zone, Carneros Zone, and Stevens Zone proceedings, Mary Egger, DOE's Deputy General Counsel for Technology Transfer and Procurement, and "others acting with or under her direction" "engaged in contractually prohibited communications, serving both as attorney for the DOE equity team and as an advisor to the Assistant Secretary decision maker." Compl. ¶ 60. Chevron further alleges that the ASFE "also engaged in contractually prohibited communications" with the IPE and that the ASFE "also engaged in contractually prohibited communications with "engineers on DOE's equity team." Compl. ¶¶ 61, 62. According to Chevron, such communications breached the Equity Process Agreement and, "in turn," an alleged two-part agreement between Chevron and DOE consisting of the Equity Process Agreement and an agreement referred to by the parties as the Decoupling Agreement. Compl. ¶¶ 24, 25, 63.

II. The Government's Discovery Requests

On June 20, 2007, the Government served Chevron with "Defendant's Fourth Set of Interrogatories" and "Defendant's Third Request for Production of Documents." Def. App. 8-25. In these discovery requests the Government asked that Chevron "[i]dentify each communication that Chevron contends breached the Equity Process Agreement," see Interrogatory No. 26, Def. App. 14, and that Chevron "produce any written communication(s) identified by Chevron in response to Interrogatory No. 26 . . . ." Def. App. 24.

In the definitions and instructions accompanying Interrogatory No. 26, the Government defined "communication" for purposes of that discovery request as "the expression of any statement, question, command, idea, knowledge, information, or other matter, whether by speech, writing, sign, or otherwise." Def. App. 9. The definitions and instructions further provided that the term "identify" in reference to a "communication" meant "to state the nature of the communication (for example, letter, telephone conversation, private meeting, advertisement) and, to the extent that the communication was recorded in writing or stored electronically, to identify the pertinent document or documents and, to the extent that the communication was not written, to identify the person or persons involved in the communication, and to state, to the extent known, the place, date, and method of communication, and the author or maker and addressee of each statement, question, or remark, and the substance of each such statement, question, or remark." Def. App. 4, 6.

The occasion for these discovery requests was the Court's denial of "Defendant's Motion for Clarification of the Scope of Bifurcated Proceedings" dated June 12, 2007. In that motion, the Government requested that the Court clarify the scope of the bifurcated proceedings in this case so as to make clear that the issues to be resolved during the liability phase included not only the issue of whether defendant breached the Equity Process Agreement between Chevron and DOE as alleged, but the effect, if any, of any *ex parte* communication that may be determined to have violated the Equity Process Agreement. In its June 14, 2007 Order, the Court denied the motion "[f]or the reasons discussed in the June 14, 2007 telephone discovery conference." During that telephone conference, the Court made clear that any issue of the influence of an alleged improper *ex parte* communication upon either a recommendation of the IPE or a deci-

sion of the ASFE is reserved for the second or damages phase of this bifurcated litigation. See Tr. 2(18-20), 4(7-15), 8(6-25)-9(1-4), 20(19-20), Def. App. 40, 41, 42-43, 44.

In Interrogatories Nos. 9-18 contained in "Defendant's First Set of Interrogatories" dated September 8, 2006, the Government sought information for any *ex parte* communications that Chevron contends "influenced" recommendations of the IPE or decisions of the ASFE. In view of the Court's disposition of the Government's motion for clarification of the scope of the bifurcated proceedings, discussed above, the Government advised Chevron on June 20, 2007, that Interrogatories Nos. 9-18 (to which Chevron had objected) were withdrawn and that we reserved our right to pursue that discovery during the damages phase of this case. See June 20, 2007 letter from defendant's counsel to Chevron's counsel, Def. App. 7. In place of Interrogatories Nos. 9-18, the Government substituted Interrogatory No. 26 contained in "Defendant's Fourth Set of Interrogatories" and the related document production request contained in "Defendant's Third Request for Production of Documents." These discovery requests were served upon Chevron's counsel on June 20, 2007. Id.; see Def. App. 16, 25.

III. Chevron's Responses To The Government's Discovery Requests

On August 29, 2007, having not received a response by Chevron to Interrogatory No. 26 or the related document request, defendant's counsel sent a letter to Chevron's counsel advising Chevron's counsel of that fact and requesting that Chevron's counsel advise defendant's counsel of "a specific date by which [Chevron] proposes to respond to these discovery requests." Def. App. 26. On September 6, 2007, Chevron's counsel sent a letter to defendant's counsel that enclosed "objections and responses" to the Government's discovery requests. Def. App. 27-35.

A. Chevron's Objections To Interrogatory No. 26

In "Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories," Chevron leveled four objections at Interrogatory No. 26. First, Chevron objected to Interrogatory No. 26 upon the ground that "it seeks a legal conclusion on the interpretation of a contract rather than a discoverable fact." Def. App. 29. Second, Chevron objected to this interrogatory "as premature because it seeks information that is the subject of ongoing and incomplete discovery in this case." Def. App. 29-30. Third, Chevron objected to this interrogatory upon the ground that it "seeks information that is already in the custody and control of [the Government]." Def. App. 30. Lastly, Chevron objected to Interrogatory No. 26 "to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise protected from disclosure under applicable law or any other evidentiary privileges or immunity from protection." Id. This last objection was not accompanied by any of the information required by RCFC 26(a)(5)(A).[5/]

B. Chevron's Objections To The Document Request Related To Interrogatory No. 26

In "Plaintiff's Objections and Responses to Defendant's Third Request for Production of Documents," Chevron also objected to the Government's document request related to Interrogatory No. 26 upon several grounds. First, Chevron objected to this document request "as premature because it seeks information that is the subject of ongoing and incomplete discovery

[5] Rule 26(a)(5)(A) provides that, "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

in this case." Def. App. 33. Second, Chevron objected to the document production request "to the extent it seeks documents that are not in the custody and/or control of [Chevron], but rather in the custody and/or control of [the Government]." Id. Lastly, Chevron objected to the document request to the extent that it "seeks documents that are protected by the attorney-client privilege, the work-product doctrine, or are otherwise protected from disclosure under applicable law or any other evidentiary privileges or immunity from production." Def. App. 33-34. This last objection was not accompanied by any of the information required by RCFC 26(a)(5)(A). See *supra* note 5.

C. Chevron's Qualified Responses To The Government's Discovery Requests

In addition to the objections described above, Chevron made the following qualified response to Interrogatory No. 26:

> Subject to and without waiving its objections, [Chevron] incorporates herein by reference the following discovery responses and briefs, which identify communications evidencing the government's breach of the Equity Process Agreement: Pl.'s Objs. and Resps. to Def.'s Interrogatories (Oct. 23, 2006), Interrog. Response Nos. 6, 7, 16, 17, 18[[6/]]; Chevron's Memorandum of Law in Support of Motion to Compel (March 15, 2007), Chevron's Status Report Regarding Disputed Documents (July 24, 2007); Motion of Chevron USA Inc. to Stay or Continue OHA Appeal (Aug. 24, 2007).[[7/]]

Def. App. 31. Chevron also made the following qualified response to the related document production request:

[6] This is a reference to Chevron's qualified responses to the Government's Interrogatories Nos. 6, 7, 16, 17, and 18 contained in "Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories" dated October 24, 2006.

[7] This is a reference to a document filed by Chevron in a proceeding before the DOE Office of Hearings and Appeals: "Motion of Chevron USA Inc. to Stay or Continue Appeal" dated August 24, 2007.

> Subject to and without waiving its objections, [Chevron] responds that it already has produced all documents identified in its response to Interrogatory No. 26 to the extent that such documents are in Chevron's possession.

Def. App. 34.

IV. Consultation Between Government And Chevron Counsel Regarding Chevron's Responses To The Government's Discovery Requests

Not satisfied with Chevron's responses to Interrogatory No. 26 and the related document production request, defendant's counsel contacted Chevron's counsel to discuss the matter. The parties explored a possible resolution, which, on October 29, 2007, defendant's counsel summarized in a letter to Chevron's counsel as follows:

> In our recent discussions, if I understood you correctly, you indicated that plaintiff would respond to Interrogatory No. 26 and the related document production request if the date for plaintiff's responses to these discovery requests were deferred until after plaintiff has taken its depositions of present and former DOE officials and employees. You also stated that plaintiff would be agreeable to furnishing the Government with responses to these discovery requests 30 days prior to the commencement of the trial upon liability issues, which presently is scheduled to begin on February 4, 2008. We would need to have the information solicited by these discovery requests no later than 30 days before the date upon which the Government's pretrial submissions are due, however. Please advise whether plaintiff would agree to settling its objections to Interrogatory No. 26 and the related document production request upon that basis.

Def. App. 37. As of the time of filing this application for relief, defendant's counsel has not received any response from Chevron to this correspondence.

## ARGUMENT

I. Chevron's Untimely Objections To Interrogatory No. 26 And The Related Document Production Request Are Waived

RCFC 33(b)(3) states, in relevant part, that "[t]he party upon whom the interrogatories

have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories."[8] RCFC 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity" and that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."[9] Thus, "the failure to raise an objection within the time period allowed by the Rules will result in a waiver of the objection unless the party seeking to raise the objection can show good cause for the failure." Ayers v. Continental Casualty Co., 240 F.R.D. 216, 222 (N.D. W.Va. 2007) (construing Fed.R.Civ.P. 33(b)(4)[10]); accord Byrd v. Reno, 1998 WL 429676 (D.D.C. 1998), at 4 ("Without a showing of good cause, defendant's failure to respond to the interrogatories ordinarily compels the conclusion that the untimely objection is waived."); see also United States v. 58.16 Acres of Land, More or Less, 66 F.R.D. 570, 572 (E.D. Ill. 1975) ("Generally, in the absence of an extension of time or for good cause, the failure to object to interrogatories within the time fixed by the rule, constitutes a waiver of any objection.").

---

[8] RCFC 33(b)(3) further provides that "[a] longer or shorter time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to RCFC 29," but there is no such directive by the Court or stipulation in this case.

[9] RCFC 33(b)(3) & (4) mirror Fed.R.Civ.P. 33(b)(3) & (4). The 2002 Rules Committee Note, Rules of the United States Court of Federal Claims, states that "interpretation of the [Rules of the Court of Federal Claims] will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure." In applying its rules, this Court "examines the general federal law interpreting the corresponding Federal Rule of Civil Procedure as persuasive." Wheeler v. United States, 11 F.3d 156, 157n.1 (Fed. Cir. 1993); accord Exxon Research and Engineering Co. v. United States, 44 Fed. Cl. 597, 599 (1999); see also AAB Joint Venture v. United States, 75 Fed. Cl. 448, 450 n.2 (2007) (noting that interpretation of Fed.R.Civ.P. 26 and 27 "informs the Court's analysis" of the counterpart RCFC 26 and 37).

[10] Unless otherwise stated, references herein to the Federal Rules of Civil Procedure are to the version of those rules in effect immediately prior to December 1, 2007.

RCFC 34(b) provides, in relevant part, that "[t]he party upon whom the [document production] request is served shall serve a written response within 30 days after the service of the request." Rule 34(b) does not contain an automatic waiver provision for untimely objections similar to that contained in Rule 33(b)(4). "Despite the absence of such a provision for untimely objections as found in Rule 33(b)(4), courts have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of various discovery mechanisms." Horace Mann Insurance Co. v. Nationwide Mutual Insurance Co., 238 F.R.D. 536, 538 (D. Conn. 2006). See, e.g., Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 237 (W.D. N.Y. 1998); Byrd, 1998 WL 429676, at 4; Smith v. Conway Organization, Inc., 154 F.R.D. 73, 76 (S.D. N.Y. 1994); Young v. United States, 149 F.R.D. 199, 206 (S.D. Cal. 1993); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988).

The Government's discovery requests containing Interrogatory No. 26 and the related document production request were served upon Chevron's counsel on June 20, 2007. See Def. App. 7, 16, 25. Chevron did not apply to the Court for, much less obtain, either a protective order regarding those discovery requests or an extension of time within which to respond to them. The responses to the Government's discovery requests, therefore, were due on July 23, 2007. Chevron, however, did not respond to the discovery requests until September 6, 2007, 45 days after the July 20, 2007 deadline for responding to them fixed by Rules 33(b)(3) and 34(b). Chevron's objections to the Government's discovery requests contained in its responses are thus untimely.

Chevron, moreover, cannot establish good cause for its failure to object in a timely manner to Interrogatory No. 26 and the related document production request. The objections were

first served upon the Government 78 days after the discovery was served and 45 days after the July 20, 2007 due date for the responses, and then only in response to a written inquiry by defendant's counsel. This is not a case of a relatively short tardiness. Compare Young, 149 F.R.D. at 206 ("However, in this case due to the plaintiff's relatively short tardiness, the court would not find a waiver of the privilege if the request exceeded the bounds of fair discovery by seeking a document clearly privileged under the law."), with Pham v. Hartford Fire Insurance Co., 193 F.R.D. 659, 662 (D. Colo. 2000) (objections to discovery requests waived where first asserted 38 days after response date permitted by federal rules). No explanation or attempt to articulate good cause for the delay has been offered by Chevron. This appears to be a case of simple neglect.

The courts are not of one mind as to the treatment that should be accorded untimely objections that are based upon evidentiary privileges such as, for example, the attorney-client privilege, or the work-product doctrine. See Ayers, 240 F.R.D. at 222 (recognizing division of authority among the courts). Some courts apply the waiver rule as strictly in this situation as for tardy objections based upon other grounds. See, e.g., Horace Mann, 238 F.R.D. at 538 ("A party who fails to file timely objections waives all objections, including those based on privilege or work product."); 58.16 Acres of Land, More or Less, 66 F.R.D. at 572 ("Even an objection that the information sought is privileged, is waived by failure to make it within the proper time limits.").

Other courts have found that the untimely assertion of privilege results in a waiver in only some circumstances. See, e.g., Carlson v. Freightliner LLC, 226 F.R.D. 343, 363 (D. Neb. 2004); Pham, 193 F.R.D. at 662; Jayne H. Lee, Inc. v. Flagstaff Industries Corp., 173 F.R.D. 651,

657 (D. Md. 1997). But even courts that have not applied waiver strictly in the privilege context have held that untimely privileged-based objections are waived where, as in the present case, the objections are not accompanied by a log that contains the information required by Rule 26(a)(5). See, e.g., Horace Mann, 238 F.R.D. at 538 ("[I]n light of the untimeliness of plaintiff's objections and the fact that the tardy response did not include a privilege log the court finds that all of plaintiff's objections are waived."); Pham, 193 F.R.D. at 662 ("[Defendant's] objection was not timely. Even when made, however, it failed to satisfy the requirements of Rule 26(a)(5). To the contrary, [defendant's] boilerplate objection fails to identify the lawyers for [defendant] involved in the conversations, the people present during the conversation, and a description of the nature of the communication sufficient to enable plaintiffs to assess the applicability of the claimed privilege.").

All of Chevron's untimely objections to Interrogatory No. 26 and the related document request, including any privilege-based objections, therefore, should be deemed waived.

## II. Assuming For The Sake Of Argument That Chevron's Untimely Objections Are Not Waived, The Objections Nevertheless Are Without Merit

### A. Chevron's Objection That Interrogatory No. 26 Seeks A Legal Conclusion

Interrogatory No. 26 requests that Chevron identify each communication that it contends breached the Equity Process Agreement and the related document request asks that Chevron produce any written communication(s) identified by it in response to Interrogatory No. 26. See Def. App. 14, 24. Chevron has objected to this discovery request upon the ground that it seeks a legal conclusion on the interpretation of a contract rather than a discoverable fact. We disagree.

RCFC 33(c) provides, in pertinent part, that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ." The Advisory Committee Notes accompanying the 1970 amendment to the Federal Rules of Civil Procedure that adopted an identical provision states that, "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." 48 F.R.D. 487, 524 (1970). "On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case." Id.

For an example of an interrogatory that involved legal issues unrelated to the facts of the case, the Advisory Committee cited United States v. Maryland and Virginia Milk Producers Ass'n, Inc., 22 F.R.D. 300 (D.D.C. 1958), where the court sustained an objection to an interrogatory that asked: "On what ground or grounds does the plaintiff rely to support its contention that the defendant is not a cooperative association of persons engaged in the production of milk within the meaning of Section 1 of the Capper-Volstead Act, 7 U.S.C. [A. §] 291?" Id. at 301. The court ruled that this interrogatory was improper because it was "argumentative in character" in that it sought "a detailed statement from the plaintiff of not only its factual contentions, but also of its legal position in respect to the defense to which it refers." Id. "To answer it," the court continued, "would be, in effect, to submit a skeletonized brief on the facts and the law." Id. at 302. "It is not the purpose of discovery to ascertain what arguments the opposing party intends to use in support of his contentions." Id.

The decision in O'Brien v. International Brotherhood of Electrical Workers, 443 F.Supp. 1182 (N.D. Ga. 1977), illustrates the distinction between permissible contention interrogatories that relate to the application of law to fact and impermissible contention interrogatories that extend to issues of pure law. The case involved an action by a union member pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 et seq., against a local union and its parent international union. The plaintiff alleged that the union's action of fining and temporarily suspending him from local union activities, based upon charges that the plaintiff had distributed information allegedly detrimental to the union, interfered with his exercise of the rights of free speech and assembly. Id. at 1184.

In O'Brien, the court dealt with two "contention" interrogatories authored by the plaintiff. The court compelled a response to the first interrogatory, but refused to compel an answer to the second one. The first interrogatory asked the defendant to explain why certain of plaintiff's acts, detailed elsewhere in the interrogatories, were illegal. 443 F.Supp. at 1187. The court found that this interrogatory was permissible because it sought "an application of law to the central facts of the case." Id. The second interrogatory asked the defendant to state why certain provisions of the union constitution upon which the defendant relied were not "deprived of force and effect" by Federal labor laws. Id. The court refused to require the defendant to answer the second interrogatory because it sought "pure legal conclusions which are related not to the facts, but to the law of the case." Id. This is not the case here.

The Government's Interrogatory No. 26 is a permissible contention interrogatory that relates to the application of law to fact, not an impermissible contention interrogatory involving pure legal conclusions unrelated to the facts of this case. Interrogatory No. 26 is not an abstract

inquiry into Chevron's legal theories divorced from facts. This interrogatory does not inquire in a vacuum into Chevron's interpretation of the Equity Process Agreement. Far from that, Interrogatory No. 26 asks Chevron to identify the communications (i.e., *facts*) that it contends breached the Equity Process Agreement. The answer to this interrogatory involves nothing more than an application of law to the central facts of the case. Unlike the interrogatory that the court found offensive in Maryland & Virginia Milk Producers discussed above, Interrogatory No. 26 does not require that Chevron answer by, in effect, submitting a "skeletonized brief" on the facts and law of its claims.

Kendrick v. Sullivan, 125 F.R.D. 1 (D.D.C. 1989), cited by Chevron in support of its objection to Interrogatory No. 26, does not suggest a different result. In Kendrick, the court found permissible interrogatories which asked the plaintiffs to identify participants in the grant program of the Adolescent Family Life Act, 42 U.S.C. § 300z et seq. ("AFLA"), that plaintiffs contended had operated or were operating unlawfully. The interrogatories also asked plaintiffs to identify those portions of Department of Health and Human Services guidelines for AFLA grantees that the plaintiffs regarded as unlawful and to describe the nature of the purported illegality. See 125 F.R.D. at 4. These interrogatories are of the same type as the Government's Interrogatory No. 26 in the present case, which asks Chevron to identify the communications that it contends violated the Equity Process Agreement. By contrast, the Kendrick court ruled impermissible an interrogatory that attempted to discover the plaintiffs' argument as to whether, if any AFLA grants were found to be unlawful, the entire statute must be stricken as unconstitutional and an interrogatory that asked whether, in the plaintiffs' view, AFLA could lawfully be administered if religious organizations are excluded as grantees. Id. Those interrogatories,

the court found, constituted impermissible discovery as to legal arguments. Id. Kendrick does not support Chevron's objection to Interrogatory No. 26. Rather, it undermines Chevron's objection. Chevron's objection to Interrogatory No. 26 upon the ground that it seeks a legal conclusion on the interpretation of a contract rather than a discoverable fact, therefore, is without merit.

B. Chevron's Objection That The Government's Discovery Requests Are Premature

As noted above, Interrogatory No. 26 requests that Chevron identify each communication that it contends breached the Equity Process Agreement and the related document request asks that Chevron produce any written communication(s) identified by it in response to Interrogatory No. 26. See Def. App. 14, 24. Chevron objects to these discovery requests upon the ground that they are premature because they seek "information that is the subject of ongoing and incomplete discovery in this case." Def. App. 29-30, 33.

Rule 33(c) expressly authorizes contention interrogatories such as Interrogatory No. 26. O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 281 (C.D. Cal. 1999); accord Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535 (D. Kan. 2006) (contention interrogatories "may be used to narrow and define the issues for trial" and "may enable the propounding party to determine the proof required to rebut the responding party's position"); Continental Illinois National Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor.").[11/]

[11] "A contention interrogatory ask[s] a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." B. Braun Medical Inc. v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994); see also McCarthy v. Paine Webber Group, Inc.,

A contention interrogatory (as Interrogatory No. 26 is) "must be specific, intelligible, and narrowly tailored for the case." Roberts v. Heim, 130 F.R.D. 424, 427 (N.D. Cal. 1989).

Regarding the timing and sequence of discovery, RCFC 26(d) provides that, "[u]nless the court upon motion, for the convenience of the parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." However, insofar as contention interrogatories such as Interrogatory No. 26 are concerned, RCFC 33(c) provides that "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."

We disagree that these discovery requests are premature or that Chevron's responses to them should be postponed until Chevron has completed all of the discovery that Chevron intends to pursue in this litigation, including depositions. A "court, in its discretion, may order responses to contention interrogatories, even in the early stages of discovery, where responses would assist in clarifying [a party's] allegations and identifying witnesses without imposing undue burdens on the responding party." Weiss v. National Westminster Bank, PLC, 242 F.R.D. 33, 64 (E.D. N.Y. 2007) (declining to impose blanket rule that contention interrogatories are inappropriate until the parties have completed, or are close to completing, discovery). The wisdom and timing of using contention interrogatories depends upon the circumstances of the particular case. Cornell Research Foundation, Inc. v. Hewlitt Packard Co., 223 F.R.D. 55, 67 (N.D. N.Y. 2003) (conclu-

---

168 F.R.D. 448, 450 (D. Conn. 1996) (Contention interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts.").

ding that responses to plaintiff's contention interrogatories relating to affirmative defense should not be postponed where fundamental fairness dictated that defendant flesh out the contentions associated with its defense in sufficient detail to allow plaintiff to conduct meaningful discovery concerning the defense).

Interrogatory No. 26 goes to the heart of Chevron's claims. The interrogatory requests that Chevron "identify" the allegedly "contractually prohibited communications" by Ms. Egger and "others acting with or under her direction," by the ASFE with the IPE, and by the ASFE with "engineers on DOE's equity team" that are the subject of the complaint in this case. See Compl. ¶¶ 60-62. The Government needs this information in order to complete its own discovery and to prepare for the liability trial in this case. In response to Chevron's broad discovery requests, we have produced more than 18,000 documents (90,000 pages) relating to the Elk Hills equity finalization process, the bulk of which had been produced by February 2007. Chevron has completed discovery of the IPE, including document production and depositions of three current employees and one former employee of NSAI. In fairness to the Government, Chevron should be required to answer Interrogatory No. 26 now, instead of at some indeterminate time in the future, with such information as Chevron currently possesses, and Chevron should supplement its answer to reflect any new information developed as its discovery progresses. See RCFC 26(e)(2).[12/]

Courts have not hesitated to require a party to answer contention interrogatories before the completion of discovery by the responding party in similar circumstances. See, e.g., United

[12] Rule 26(e)(2) provides that a party "is under a duty to seasonably amend a prior response to" an interrogatory "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

States ex rel. O'Connell v. Chapman University, ___ F.R.D. ___, 2007 WL 1982198 (C.D. Cal. 2007), at 3; Weiss, 242 F.R.D. at 65; Johnson, 236 F.R.D. at 544-45; Cornell, 223 F.R.D. at 66-67; Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 651-52 (C.D. Cal. 1997); In re One Bancorp Securities Litigation, 134 F.R.D. 4, 7-8 (D. Me. 1991); see also Anaya v. CBS Broadcasting Inc., 2007 WL 2219458 (D. N.M. 2007) ("While the Court does not wish to pronounce a rigid rule for all cases, and there may be cases in which delay of contention interrogatories is appropriate, as a general matter, unless the parties can agree to postpone contention interrogatories until later in the case, the Court will generally side with the principle that early disclosure, with supplementation later, best promotes the policies of the federal discovery rules."); Titre v. S.W. Bach & Co., 2005 WL 1692508 (S.D. Fla. 2005) ("Defendant should have responded to the [contention] interrogatory by informing [p]laintiff of the [FLSA overtime exemptions] (and the facts supporting those exemptions) on which it *currently* intends to rely and then seasonably supplementing its response at a later date, rather than simply refusing to provide a substantive answer to the [i]nterrogatory. In the Court's view, a response with later supplementation is the preferred course of action.").

For example, in Kraft Foods, the defendant employer in an employment discrimination suit propounded interrogatories to the plaintiff that requested information about the contention in the complaint that he and others were treated less favorably than similarly-situated white employees, including a description of how plaintiff and others were similarly situated. 236 F.R.D. at 544. The plaintiff objected that the contention interrogatories were premature, asserting that he could not provide the level of detail requested by the defendant in answering them because he had not obtained sufficient discovery from the defendant. Id. The court, however, concluded

that answers to the interrogatories should not be postponed:

> [T]he Court finds no persuasive reason for deferring answers to [the defendant's contention interrogatories]. Because of the simplicity of notice pleading, [p]laintiff should provide as much information as possible regarding his claims without delay and as early as required. Defendants are entitled to know the factual basis of plaintiff's allegations. Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [d]efendants. Plaintiff must be aware of some of the specific facts upon which the allegations in his [c]omplaint are based, otherwise he would not have made the allegations in the first place. For this reason, the Court finds that the contention interrogatories here are not premature and [p]laintiff shall be required to fully answer them.

Id. at 544-45 (footnotes and internal quotation marks omitted). Similarly here, the Government is "entitled to know the factual basis of plaintiff's allegations."

Some courts have found contention interrogatories premature where no significant discovery has taken place. See, e.g., In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 348 (N.D. Cal. 1985) (forcing plaintiffs to answer defendant's contention interrogatories prior to substantial completion of defendant's document production would not serve any interest protected by Federal Rules of Civil Procedure). Other courts have expressed a concern that early contention interrogatories may require a party to articulate prematurely theories of its case which have not yet been fully developed, without the benefit of pretrial discovery. See, e.g., B. Brown Medical, 155 F.R.D. at 527.

Neither of these concerns about contention interrogatories applies here. *First*, as noted above, the Government's document production is substantially complete and Chevron has completed its discovery of the IPE (NSAI). At any rate, as the court in Lockheed Saunders remarked, "if the concern in answering a contention interrogatory before discovery has been completed, or

even substantially done, is that the answer to the interrogatory may limit the party's proof at trial, that concern is misplaced in that, among other things, the trial court may permit the withdrawal or amendment of an answer to an interrogatory." 175 F.R.D. at 651.

*Second*, compelling Chevron to answer Interrogatory No. 26 without further delay will not require that Chevron articulate prematurely the theories of its case because it does not seek such information. It only requires that Chevron identify the communications by Ms. Egger or the ASFE which, in the complaint, Chevron avers breached the Equity Process Agreement. See Compl. ¶¶ 60-62. The theories of Chevron's case, moreover, are fully developed. Chevron has been trumpeting them from the outset of the case at every opportunity, either in pretrial filings or during telephone conferences with the Court. As a matter of fact, in its July 24, 2007 "Status Report Regarding Disputed Documents," Chevron asserted that "the evidence already in hand" is sufficient "to establish liability or recover as reliance damages the millions of dollars spent by Chevron to participate in equity finalization proceedings under [the Equity Process Agreement]." Status Report at 8-9.[13/] The notion that Interrogatory No. 26 is premature is also belied by the fact that Chevron responded (albeit in a defective and improper manner, as discussed below) to the interrogatory by purporting to incorporate by reference certain "discovery responses and briefs, which identify communications evidencing the government's breach of the Equity Process Agreement." Def. App. 31. Chevron's objection to Interrogatory No. 26 as premature, therefore, is, without merit.

---

[13] Chevron's counsel expressed a similar sentiment during the December 14, 2006 conference in chambers between the Court and counsel for the parties in response to an inquiry by the Court as to whether Chevron could establish the Government's liability to Chevron upon its claims if it had to do so without benefit of the documents that are the subject of the Government's privilege claims in this case.

C. Chevron's Objection That Interrogatory No. 26 And The Related Document Production Request Seek Information And Documents In The Custody Or Control Of The Government

As noted above, Interrogatory No. 26 requests that Chevron identify each communication that it contends breached the Equity Process Agreement and the related document request asks that Chevron produce any written communication(s) identified by it in response to Interrogatory No. 26. See Def. App. 14, 24. Chevron objects to these discovery requests upon the ground that they seek information or documents in the control or custody of the Government. See Def. App. 30, 33.

Chevron's objections are not well-taken. To begin with, Interrogatory No. 26 requests that Chevron identify each communication that *it* contends breached the Equity Process Agreement. The Government is not clairvoyant and, under the modern discovery rules, is not relegated to guesswork about the specifics of Chevron's claim. Though the Government may have knowledge of communications, we do not know the particular communications that *Chevron contends* breached the Equity Process Agreement. It is that information to which Interrogatory No. 26 is directed. The related document production request similarly is pegged to Chevron's breach-of-contract contentions.

It is, moreover, well-established that "[a] requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party." Davidson v. Goord, 215 F.R.D. 73, 77 (W.D. N.Y. 2003); accord Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."); M.L.C. Inc. v. North American

Phillips Corp., 109 F.R.D. 134, 139 (S.D. N.Y. 1986) ("Even if true, an adversary's knowledge of the existence of documents is not a defense for a party's failure to produce these documents."); Westhemeco Ltd. v. New Hampshire Insurance Co., 82 F.R.D. 702, 710 (S.D. N.Y. 1979) ("Even though the documents which form the basis of the defense may be within plaintiff's knowledge in that plaintiff was in possession of them, this does not block plaintiff's request that defendant identify them."). As the court in Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624, 625 (S.D. Fla. 1977), observed, "it is clear by now that the former equity restrictions on discovery of information already within the knowledge of the moving party could hardly apply to discovery under the federal rules, since the purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues." (internal quotation marks omitted).[14/]

Therefore, Chevron's objections to Interrogatory No. 26 and the related document request upon the ground that they seek information or documents in the custody or control of the Government are devoid of merit.

D. Chevron's Blanket Privilege Objections

As noted above, Interrogatory No. 26 requests that Chevron identify each communication that it contends breached the Equity Process Agreement and the related document request asks that Chevron produce any written communication(s) identified by it in response to Interrogatory No. 26. See Def. App. 14, 24. Chevron objects to these discovery requests "to the extent" that they seek information or documents protected by the attorney-client privilege, the work-product

[14] See also 7 Moore's Federal Practice § 34.12[5][a] (3d ed. 2007); ("It is generally no objection that a party seeking discovery may already have knowledge of the matters inquired into, and this principle applies to the production of documents and things under Rule 34."); Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 236 (N.D. Ind. 1992) (citing Moore's Federal Practice).

doctrine, or are otherwise protected from disclosure under applicable law or any other evidentiary privileges or immunity from production. Def. App. 30, 33-34. There are several problems with these blanket privilege objections.

To begin with, courts have disapproved the practice of asserting a general objection "to the extent" that it may apply to particular discovery requests. See Johnson, 236 F.R.D. at 538; Sonnino v. University of Kansas Hospital Authority, 221 F.R.D. 661, 666-67 (D. Kan. 2004); Starlight International, Inc. v. Herlihy, 181 F.R.D. 494, 497 (D. Kan. 1998). Such an objection is viewed as a mere hypothetical or contingent possibility without any meaningful effort by the objecting party to demonstrate the application of any such theoretical objection to a discovery request. Sonnino, 221 F.R.D. at 667. Courts either have deemed this type of objection waived or declined to consider it as an objection. Id. For example, in Sonnino, the court held that "a general objection which objects to a discovery request 'to the extent' that it asks the responding party to provide documents or information protected by the attorney-client privilege or work product immunity is tantamount to asserting no objection at all." Id. "In other words such a general objection does not preserve the attorney-client privilege or work product immunity." Id.

Chevrons' blanket privilege objections to Interrogatory No. 26 and the related document request, moreover, are disingenuous. Interrogatory No. 26 asks Chevron to identify the communications that Chevron contends breached the Equity Process Agreement. It is difficult to imagine how a communication by a DOE official allegedly in violation of the Equity Process Agreement could constitute the work-product of Chevron or its attorneys or a confidential communication with a Chevron attorney seeking legal advice or services.

Aside from that problem, in making these blanket privilege objections, Chevron has not complied with RCFC 26(a)(5)(A), which, as noted above, provides that, "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Under Rule 26(a)(5), "a party who withholds discovery materials because of a claim of privilege or work product protection must notify the other party that it is withholding material" and "[t]he party who withholds discovery materials must provide sufficient information (*i.e.*, a privilege log) to enable the other party to evaluate the applicability of the privilege or protection." Ramirez v. County of Los Angeles, 231 F.R.D. 407, 410 (C.D. Cal. 2005).[15] Chevron's blanket privilege objections are not accompanied by a privilege log containing the information required by Rule 26(a)(5). Chevron's privilege objections to Interrogatory No. 26 and the related document production request, therefore, should be deemed waived. See, e.g., Ayers, 240 F.R.D. at 226; Horace Mann, 238 F.R.D. at 538; Pham, 193 F.R.D. at 662.

Accordingly, Chevron's objections to Interrogatory No. 26 and the related document request "to the extent" that they seek information or documents in the custody or control of the Government are devoid of merit.

---

[15] See Eureka Financial Corp. v. Hartford Accident and Indemnity Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991) ("Whether a responding party states a general objection to an entire discovery document on the basis of privilege, or generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper. This fact should no longer be 'news' to a responding party.").

III. Chevron's Unsworn, Qualified Response To Interrogatory No. 26 Incorporating By Reference Other Discovery Responses And Litigation Materials Is Insufficient

As noted above, Interrogatory No. 26 requests that Chevron identify each communication that it contends breached the Equity Process Agreement and the related document request asks that Chevron produce any written communication(s) identified by it in response to Interrogatory No. 26. See Def. App. 14, 24. In addition to its objections to these discovery requests discussed above, Chevron made the following qualified response to Interrogatory No. 26:

> Subject to and without waiving its objections, [Chevron] incorporates herein by reference the following discovery responses and briefs, which identify communications evidencing the government's breach of the Equity Process Agreement: Pl.'s Objs. and Resps. to Def.'s Interrogatories (Oct. 23, 2006), Interrog. Response Nos. 6, 7, 16, 17, 18; Chevron's Memorandum of Law in Support of Motion to Compel (March 15, 2007), Chevron's Status Report Regarding Disputed Documents (July 24, 2007); Motion of Chevron USA Inc. to Stay or Continue OHA Appeal (Aug. 24, 2007).

Def. App. 31.

RCFC 33(b)(1) provides that "[e]ach interrogatory shall be answered *separately and fully in writing under oath*, unless objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." (Emphasis added.) "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996).

The "general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents." Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992). "Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other doc-

uments, or other interrogatories, at least when a reference to another interrogatory makes it difficult to ascertain if the original interrogatory has been answered completely without a detailed comparison of answers." 7 Moore's Federal Practice, § 33.103 (3d ed. 2007), at 33-71 (footnotes omitted); see also Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citing Moore's Federal Practice ); Smith v. Logansport Community School Corp., 139 F.R.D. 637, 650 (N.D. Ind. 1991) (same).[16/] A party may not merely refer another party to documents hoping the other party will be able to glean the requested information from them. Kraft Foods, 236 F.R.D. at 545.

Chevron's qualified answer to Interrogatory No. 26 violates Rule 33(b)(1) in at least two respects. *First*, the response is not under oath. *Second*, the response is not complete in itself. It does not respond to Interrogatory No. 26 separately and fully, but rather incorporates by reference other documents, including discovery-related motions filed by Chevron in this litigation, a motion to stay filed by Chevron in a separate proceeding pending before the DOE Office of Hearings and Appeals, and Chevron's October 2006 responses to the Government's Interrogatories Nos. 6, 7, 16, 17, and 18.

---

[16] See also Union Pacific Railroad Co. v. Larkin, 229 F.R.D. 240, 243 (D. N.M. 2005) ("Interrogatory responses that refer to depositions are not complete and not in compliance with [Rule 33]."); United Oil Co., Inc. v. Parts Associates, Inc., 227 F.R.D. 404, 419 (D. Md. 2005) ("As a general matter, . . . the plaintiff's answers to interrogatories through reference to certain boxes of files of documents is inadequate under Rule 33."); Davidson, 215 F.R.D. at 77 ("As answers to interrogatories pursuant to Fed.R.Civ.P. 33(a) must be in a form suitable for use at trial, it is insufficient to answer by merely referencing allegations of a pleading."); Continental Illinois National Bank, 136 F.R.D. at 686 ("Incorporation by reference to a deposition is not a responsive answer" to an interrogatory.); Martin v. Easton Publishing Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980) ("Incorporation by reference to a deposition is not a responsive answer" to an interrogatory."); Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co., 61 F.R.D. 115, 120 (N.D. Ga. 1972) ("Defendant is correct in stating that incorporation by reference of the allegations in a pleading is not a responsive and sufficient answer to an interrogatory.").

Chevron's qualified answer to Interrogatory No. 26 is a classic example of an evasive response by a party to an interrogatory. None of the documents referred to in Chevron's response purports or otherwise appears to be a complete identification of the communications that, based upon the information available to Chevron as of the date of Chevron's response (September 6, 2007), Chevron contends breached the Equity Process Agreement. For example, Chevron's responses to the Government's Interrogatories Nos. 6, 7, 16, 17, and 18, which were served on October 24, 2006, before the production of any documents by the Government in this litigation, refer to a total of about 20 documents. Between October 2006 and March 2007, however, the Government produced for Chevron more than 18,000 documents (90,000 pages) relating to the Elk Hills equity finalization process in response to Chevron's discovery requests. Chevron's October 24, 2006 discovery responses do not reflect the extent to which Chevron contends that any of the subsequently-produced materials by the Government constitute communications which allegedly breached the Equity Process Agreement. Nor does Chevron suggest in its response to Interrogatory No. 26 that the referenced documents, though incomplete in and of themselves, contain in the aggregate a comprehensive identification of all of the communications that Chevron contends breached the Equity Process Agreement, based upon the information available to Chevron as of September 6, 2007, the date of Chevron's response to Interrogatory No. 26.

## CONCLUSION

For the foregoing reasons, defendant's motion to compel should be granted and the Court should order that plaintiff answer separately and fully under oath Interrogatory No. 26 contained in "Defendant's Fourth Set of Interrogatories" dated June 20, 2007, and produce for defendant's examination and/or copying all documents responsive to the related document production request

contained in "Defendant's Third Request for Production of Documents" dated June 20, 2007, and that Chevron seasonably amend its responses to these discovery requests, as required by RCFC 26(e)(2).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-1438
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

FEBRUARY 1, 2008

CERTIFICATE OF FILING

I hereby certify that on this 1st day of FEBRUARY, 2008, a copy of "DEFENDANT'S MOTION TO COMPEL" and related appendix were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske