No. 04-1365
(Judge Braden)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CHEVRON U.S.A. INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION FOR RECONSIDERATION

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

February 13, 2008

TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . ii

DEFENDANT'S MOTION FOR RECONSIDERATION. . . . . . . . . . 1

DISCUSSION. . . . . . . . . . 1

I. THE COURT HAS AUTHORITY TO RECONSIDER ITS OPINION. . . . . . . . . 1

II. THE COURT ERRED IN CONCLUDING THAT THE GOVERNMENT INTENDED TO ASSERT THE ATTORNEY-CLIENT PRIVILEGE OVER DOCUMENTS EITHER CREATED BY OR PROVIDED TO CHEVRON . . . . 2

A. Documents Prepared By Or Produced To Chevron Were Withheld By The Government Under The Work-Product Doctrine . . . . . . . . . . 2

B. Documents Specifically Identified By The Court . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . 11

## TABLE OF AUTHORITIES

### CASES

In re Allen,
106 F.3d 582 (4th Cir. 1997)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.,
242 F.R.D. 139 (D.D.C. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

In re Grand Jury Subpoenas,
959 F.2d 1158 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Paalan v. United States,
58 Fed. Cl. 99 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Shelton v. American Motors Corp.,
805 F.2d 1323 (8th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sporck v. Peil,
759 F.2d 312 (3d Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Yuba Natural Resources, Inc. v. United States,
904 F.2d 1577 (Fed. Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court reconsider certain findings made in its January 31, 2008 "Memorandum Opinion And Order Regarding Privilege Assertions Made By The United States" ("Opinion").

DISCUSSION

I. THE COURT HAS AUTHORITY TO RECONSIDER ITS OPINION

RCFC 59(a)(1) authorizes this Court to reconsider prior rulings. Specifically, "reconsideration may be granted to . . . any of the parties and on . . . part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1). The Court has discretion to decide whether to grant reconsideration. Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Paalan v. United States, 58 Fed. Cl. 99, 105 (2003). Reconsideration of a determination is confined to those situations where the Court's decision is based "upon manifest error of law [] or mistake of fact." Paalan, 58 Fed. Cl. at 105 (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)). Respectfully, the Court's opinion contains fundamental factual

errors regarding the Government's assertion of the attorney-client privilege and therefore warrants reconsideration.

## II. THE COURT ERRED IN CONCLUDING THAT THE GOVERNMENT INTENDED TO ASSERT THE ATTORNEY-CLIENT PRIVILEGE OVER DOCUMENTS EITHER CREATED BY OR PROVIDED TO CHEVRON

In its opinion, the Court states that the Government asserted the attorney-client privilege over "14 documents that were authored by or were received by [plaintiff, Chevron U.S.A. Inc. ("Chevron")]" (as referred to by the Court, "Chevron documents"). Opinion p. 34. But other than for two documents where we inadvertently failed to assert the work-product privilege *in addition* to the attorney-client privilege, the Court's decision misconstrues the basis for the Government's privilege assertions with respect to Chevron documents. We properly withheld those documents as work-product protected. Moreover, the Court erred in identifying a number of documents it believes were improperly withheld because the documents either 1) contain no material that was either authored or received by Chevron; or 2) were not withheld from Chevron during the Government's document production in this litigation.

### A. Documents Prepared By Or Produced To Chevron Were Withheld By The Government Under The Work-Product Doctrine

In its initial review of documents over which the Government had asserted privilege last summer, the Court expressed concern over the fact that we had withheld certain documents that were prepared by Chevron. See, e.g., June 8, 2007 Court Appendix No. 7, document no. 1556 (stating that the Government's assertion of privilege over "Chevron's own documents" was "very troubling"). In express response to the Court's concerns regarding such documents, we explained in both our August 3, 2007 and September 14, 2007 filings in support of our attorney-

client and work-product privilege claims that we asserted the work-product privilege over documents prepared by Chevron where those documents were reviewed or used by DOE's Equity Finalization Team during the equity finalization process. See "Defendant's Memorandum of Law In Support Of Its Attorney-Client And Work-Product Privilege Claims," dated August 3, 2007 ("Def. Mem."), at 18-19; "Defendant's Reply In Support Of Its Attorney-Client And Work-Product Privilege Claims," dated September 14, 2007 ("Def. Reply"), at 13-16; see also "Defendant's Filing In Response To The Court's December 19, 2007 Request," dated December 19, 2007 ("Def. December 19, 2007 Filing"), at 1-2 (referring the Court, in light of concerns it raised in a telephonic conference regarding the Government's assertion of privilege over Chevron documents, to our August 3, 2007 and September 14, 2007 filings).

Both the parties and the Court have recognized that the equity finalization process is "litigation" for purposes of the work-product doctrine. We noted that producing Chevron documents utilized by the DOE EFT and DOE attorneys during the equity finalization process, which presumably are already in Chevron's possession and generally not individually responsive to Chevron's document requests in this litigation, "would immediately reveal part of the thought-process by the DOE EFT, specifically defeating the protection intended by the work-product doctrine." Def. Mem. 19. Moreover, we asserted privilege over a document authored or received by Chevron only when it was attached to correspondence between DOE EFT members and/or DOE attorneys as part of the equity finalization process. Our assertion of the work-product privilege over such documents is appropriate in light of the Third Circuit's decision in Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985). As we explained in our September 14, 2007 Reply Brief, the Third Circuit in Sporck held that documents already produced during discovery could

nonetheless be withheld under the work-product doctrine where an attorney's selection of specific documents from the larger universe of documents that had been produced would reflect an attorney's impressions of the case - specifically those documents he considered important. Id. at 315. The Sporck court noted that in a case "involving extensive document discovery, the process of selection and distillation is often more important that pure legal research." Id. The court's decision in Sporck has been widely adopted. See, e.g., In re Allen, 106 F.3d 582, 608 (4th Cir. 1997); In re Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir. 1992); Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987); Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth., 242 F.R.D. 139, 142-43 (D.D.C. 2007). The rationale set forth in Sporck is appropriate here. The equity finalization process involved (and continues to involve) an extensive amount of documents from which the DOE EFT selected those it believed were specifically important. To reveal *which* documents it believed were specifically relevant would reveal the DOE EFT's thought process. The Court's January 31, 2008 Opinion did not address the Government's arguments regarding the propriety of our assertion of the work-product privilege over Chevron documents, or why Sporck is not applicable here.

In none of the briefing during this privilege dispute did the Government *ever* state that it was asserting the attorney-client privilege over documents that were prepared or received by Chevron. Instead, we explained that documents prepared by or provided to Chevron are subject to the work-product privilege if they were considered by the DOE EFT as part of the equity finalization process. See Def. Mem. at 18-19; Def. Reply at 13-16. The confusion in the Court's Opinion, then, appears to arise from the fact that the Government asserted *both* the attorney-

client and work-product privilege over collections of documents that were transmitted amongst the DOE EFT and DOE attorneys during the equity finalization process. These collections of documents sometimes included Chevron documents within them. But where that was the case, only the letters transmitting Chevron documents were subject to the attorney-client privilege; the entire collection however, was subject to the work-product doctrine.[1] The Government's privilege log for such documents asserts both the attorney-client and work-product privileges, but unfortunately cannot indicate how the privileges are designated amongst the various pages of the withheld documents. Nonetheless, in light of the Government's repeated explanation in its filings that directly responded to the Court's concerns, the Court's characterization of the Government's privilege assertions over Chevron documents as "a complete disregard for its duty of candor to the court," Opinion p. 34, is without basis.

B. Documents Specifically Identified By The Court

The Court has identified a number of documents "that were authored by or were received by Chevron" for which it believes the Government improperly asserted the attorney-client privilege in an "apparent disregard of applicable precedent." Opinion p. 34. As explained above, the Government does not assert the attorney-client privilege over Chevron documents. Instead, other than for two documents (identified below) where we inadvertently did not assert the work-product privilege in addition to the attorney client privilege, we assert only the work-product privilege over Chevron documents, based upon the rationale set forth in Sporck and its progeny.

---

[1] As we explain below, this analysis also applies to two documents, Nos. 1727 and 1889, over which we asserted the attorney-client privilege, but inadvertently failed to also assert the work-product privilege.

Our assertion of the attorney-client privilege is only over the communications or transmittal letters created by members of the DOE EFT and DOE attorneys.

Notwithstanding our proper assertion of the work-product privilege, for a number of the documents which the Court identified as improperly withheld, the Opinion incorrectly states that 1) the document contains material that was either authored by or produced to Chevron, where it does not; or 2) the Chevron documents were withheld from Chevron, when in fact they were not. In those instances, the documents obviously do not reflect improper privilege assertions by the Government. We review each document identified by the Court as improperly withheld in turn:

Document No. 27 - This document was created by a member of DOE's EFT as part of the equity finalization process, and over which we asserted both the attorney-client and work-product privileges. The documents withheld that were authored by Chevron were appropriately withheld as work-product under the Sporck rationale described above.[2]

Document No. 631 - This document was created by an attorney for the DOE as part of the equity finalization process, and over which we asserted both the attorney-client and work-product doctrine. The specific page over which the Court expresses a concern, COM006 0014, is a Chevron document that was considered by a DOE attorney and DOE EFT members as part of the equity finalization process, and was appropriately withheld as work-product under the Sporck rationale described above.

Document No. 968 - It is not clear to us which document the Court reviewed when referring to No. 968. Document No. 968 corresponds to bates numbers CBG003 153-54. See

[2] The first page of this document, a facsimile cover page transmitting the documents that were originally created by Chevron, is the only page over which we intended to assert the attorney-client privilege.

Def. December 19, 2007 Filing, at Ex. C. The Court, however, specifically identified bates number CBG003 184 in its opinion as improperly withheld. CBG003 184 was never withheld as privileged by the Government and was produced to plaintiff's counsel on or about January 17, 2007. Assuming the Court was referring to bates number CBG003 154, that document is a May 6, 1998 letter from O. Jay Williams, Director, Naval Petroleum Reserve No. 1, to Don Romine of Occidental of Elk Hills. CBG003 154 is not a document that was originally authored by or sent to Chevron. More importantly, CBG003 154 was not withheld from Chevron during the Government's document production. When producing Document No. 968 to Chevron, the Government redacted only a portion of the facsimile transmittal page, CBG003 153, that preceded the May 6, 1998 letter, as attorney-client protected. (A copy of Document No. 968, as it was produced to Chevron, is attached hereto as Exhibit A).

Document No. 978 - This document contains a series of correspondence and emails in June of 1998, some for which we asserted both the attorney-client and work-product privileges. Included amongst this correspondence is a June 4, 1998 facsimile cover letter and accompanying letter from Mary H. Egger at DOE to Chevron attorney Cynthia Giumarra. This June 4, 1998 letter was not withheld from Chevron during the Government's document production. An attachment to that June 4, 1998 letter, entitled "Technical Issues for Discussion" was inadvertently withheld as privileged, and was produced to Chevron's counsel on February 12, 2008.[3] The remainder of the pages of document number 978 are internal correspondence and

---

[3] This is the only document amongst those identified in the Court's Opinion that we agree was incorrectly withheld.

emails between DOE EFT members and DOE attorneys, including drafts of the June 4, 1998 letter, and were appropriately withheld as privileged.

Document No. 1057 - This is a document that was created by a DOE EFT member as part of the equity finalization process, over which we asserted both the attorney-client and work-product privileges. The Court indicates that Government's assertion of privilege over attachments 3, 4, and 6 to this document was improper. Opinion p. 34. Attachments 3 and 4 are documents that were sent to and from Chevron; attachment 6 is a summary of a Chevron response to an NSAI preliminary recommendation. The Government did not assert privilege over these attachments in their entirety. Instead, we redacted only portions of these attachments where DOE EFT members had either made notes or indicated sections of the attachments that they believed were of specific importance as part of the equity finalization process. These notes are clearly work product, and were appropriately redacted from the Government's document production.

Document No. 1243 - This document was created by an attorney for DOE as part of the equity finalization process, over which we asserted both the attorney-client and work-product privileges. The specific page over which the Court expresses a concern, Table III (CSI003 1234),was created by Chevron and considered by a DOE attorney and DOE EFT members as part of the equity finalization process. As such, Table III was appropriately withheld as work-product under the Sporck rationale described above.

Document No. 1390 - The Court identifies pages CME016 2658-63, a series of correspondence between the parties and the independent petroleum engineer related to an equity finalization dispute, as documents that were improperly withheld as privileged. We did not

assert privilege over those documents. We asserted the attorney-client privilege over only CME016 2657, a cover memorandum from an attorney representing DOE that transmitted the documents the Court specifically identified. (A copy of Document No. 1390, as it was produced to Chevron, is attached hereto as Exhibit B).

Document No. 819 - The Court's opinion refers to a document with a bates range of CDE007 021010-18. The Government is unclear to which document the Court refers. None of the documents within our production match the bates range the Court has identified, and we did not identify Document No. 819 as one over which we maintained our attorney-client privilege assertion. See Defendant's December 19, 2007 Filing, at Ex. C. Nor was Document No. 819 reviewed or ruled upon in the Court's January 31, 2008 "Final Order Regarding Documents The Government Asserts Are Subject To The Attorney-Client Privilege." Therefore we are unable to adequately address the Court's assertion that this document was improperly withheld as attorney-client privileged.[4]

---

[4] Document No. 819 in the Government's April 11, 2007 Separated Deliberative Process Log corresponds to bates number CDE007 2109, an internal DOE email transmitting a draft ASFE preliminary decision on the Stevens Zone. The attachments to Document No. 819 correspond to bates numbers CDE007 2110-2118, a draft transmittal letter to the owner equity team leaders and the actual draft decision. We asserted the deliberative process privilege over the attachments. Though these bates numbers do not correspond exactly to the bates range identified in the Court's Opinion (CDE007 021010-18), they appear be the pages to which the Court was referring. The Court reviewed Document 819 on our deliberative process log (CDE007 2109) in its May 24, 2007 Court Appendix No. 3, and stated that it did not believe the document was privileged. We agreed with the Court's assessment, and agreed to release this document to Chevron's counsel. See Defendant's June 13, 2007 Status Report In Response To Court Appendices No. 3 And No. 4, at 6. The Court reviewed the attachments to deliberative process document no. 819 (CDE007 2110-18) in its July 12, 2007 Court Appendix No. 20, and indicated that the factual portions of the draft decision should be produced. We disagreed with the Court's determination and maintained our assertion of the deliberative process privilege over CDE007 2110-18 in its entirety. See Defendant's August 3, 2007 Status Report In Response To (continued...)

Document No. 1549 - The Court identifies pages CME011 835-36, a report on a meeting from 1976, as documents that were improperly withheld as privileged. We did not assert privilege over CME011 835-36. We asserted the attorney-client privilege over only CME011 834, a cover memorandum from a DOE EFT member that transmitted the documents specifically identified by the Court. (A copy of Document No. 1549, as it was produced to Chevron, is attached hereto as Exhibit C).

Document No. 1553 - The Government is unclear as to why the Court identified this document as one that indicates an improper assertion of the attorney-client privilege over Chevron documents. This document contains internal emails between DOE EFT members and DOE attorneys regarding the equity finalization process over which we asserted the attorney-client and work-product privileges. No communications in this document were authored or received by Chevron.

Document No. 1721 - This document was created by a DOE EFT member and transmitted to other EFT members and DOE attorneys as part of the equity finalization process, over which we asserted both the attorney-client and work-product privileges. The documents over which the Court expresses a concern, CSI004 1055-61, were considered by a DOE attorney and DOE EFT members as part of the equity finalization process, and appropriately withheld as work-product under the Sporck rationale described above.

---

[4](...continued)
Court Appendices Nos. 5-20, at 12. We did not, however, assert the attorney-client privilege over any portion of CDE007 2110-18, and neither the draft transmittal letter nor the draft ASFE decision were documents authored or received by Chevron. Therefore the documents at bates range CDE007 2110-18, if these are the documents to which the Court was referring in its Opinion, do not indicate an improper assertion of the attorney-client privilege over Chevron documents.

Document No. 1727 - This document was created by a DOE EFT member as part of the equity finalization process for which we asserted the attorney-client privilege. The specific page the Court identifies as improperly withheld, CBG004 579, is a letter that was sent from DOE to Chevron in 1979. That letter was considered by the DOE EFT as part of the equity finalization process, and is therefore work product under the Sporck rationale described above. Therefore the Government erred not in withholding this document, but only in not asserting the work-product privilege over it as well.

Document No. 1889 - This document was created by a DOE EFT member as part of the equity finalization process for which we asserted the attorney-client privilege. The Court identified four pages, CBG005 1007-1010, as improperly withheld. Only two of these pages, however, CBG005 1007-08, were created by Chevron. Those two pages were considered by the DOE EFT as part of the equity finalization process, and constitute work product under the Sporck rationale described above. Therefore the Government erred not in withholding these documents, but only in not asserting the work-product privilege over them as well.

CONCLUSION

For the reasons outlined above and in light of the Government's August 3, 2007 and September 14, 2007 filings explaining the bases for our assertions of privilege over documents that were either authored by or produced to Chevron, we respectfully request that the Court reconsider those findings it made in its January 31, 2008 opinion relating to the Government's assertion of privilege over those documents.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

February 13, 2008

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of February, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Anuj Vohra