# EXHIBIT B

O'MELVENY & MYERS LLP

**MEMORANDUM** VIA AIRBORNE EXPRESS

TO: Mary Egger, Butch Gangle, Alan Burzlaff, Ken Schuessler and Owen Olpin
COPY TO: Greg Thorpe
FROM: Christine Suh
DATE: July 29, 1999
SUBJECT: **Stevens Zone Data Cutoff Date Dispute**

Enclosed is a copy of the DOE EFT's position paper regarding the Stevens Zone Data Cutoff Date Dispute, together with a spiral bound of the referenced exhibits. [redacted]

Best regards,

C.H.S.

LA3:894335.1

Copy

Chevron

May 20, 1998

Chevron U.S.A. Production Company
[illegible] California Avenue
Bakersfield, CA [illegible]
Post Office Box 1[illegible]
Bakersfield, CA 93302

Carole R. [illegible]
Vice President
Western [illegible] Group
Phone No. [illegible] [illegible] 4444
Fax No. [illegible] [illegible] [illegible]

Via Facsimile and
Airborne Express Mail

The Honorable Patricia F. Godley
Assistant Secretary for Fossil Energy
United States Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

Dear Ms. Godley:

I am writing to provide you with Chevron's views on your letter of May 13, 1998.

At the outset, I should make two points about the procedure that has been followed here concerning your consideration of the request in the April 7, 1998 letter from the DOE equity team and your failure to consult with Chevron on this matter at the time you were consulting about it with the DOE equity team. First, Chevron believes that the DOE equity team should have provided it with a copy of the April 7, 1998 letter at the time it was sent to you. Indeed, the DOE equity team should not have corresponded directly with you in an *ex parte* fashion and you should not have accepted the correspondence. Instead, the request should have been sent to the IPE and Chevron's equity team for review and discussion. This is the procedure that Chevron followed when it submitted its April 15, 1998 letter to NSAI outlining its data needs for the final report. Second, Chevron believes you should have consulted with it about the substance of the April 7 request before considering it and purporting to exercise authority, which Chevron does not believe you have, to grant it. Providing Chevron a copy of the request more than three weeks after it was received and inviting Chevron's comments only after you have determined to grant the request is inconsistent with both the express terms of the Equity Process Agreement and fundamental concepts of fairness. The head start that the DOE equity team has had in preparing an additional submission and the extra burden Chevron carries in addressing you on a subject where your mind has already been made up are seriously prejudicial to Chevron.

With regard to the substance of your letter, you have asked whether Chevron objects to your granting a request from the DOE equity team that both equity teams be allowed to submit to NSAI comments on the other party's comments to NSAI on NSAI's provisional recommendation. Chevron does object. Chevron believes that the question of what submissions the parties may make to NSAI concerning its provisional recommendation was

JUL-23-1999 11:07 805 325 4178 97% P.02

settled in the Equity Process Agreement. Moreover, it believes that the procedure agreed upon by the parties provides for the development of a full and complete record. Chevron does not believe the record will be improved by allowing the parties to make the additional submissions the DOE equity team has proposed, while preparation of such submissions would place a substantial burden on them.

With regard to the first point, I note with great concern the suggestion in your letter that the same statutory authority upon which you relied to enter into the Equity Process Agreement also empowers you to alter unilaterally the procedure set forth specifically in the agreement. Chevron understands that pursuant to the National Defense Authorization Act of 1996, to which you refer, you had authority to establish procedures for the equity finalization process. It also understands, however, that you used that authority in reaching agreement with Chevron as to what those procedures would be. Chevron believes you are no less bound by the agreement you entered into than Chevron is. You chose to exercise your authority in a certain way and, having embodied that choice in an agreement, are bound by it.

Chevron is equally concerned by your statement that in granting the request of the DOE equity team you would merely "establish procedures for matters not addressed in" the Equity Process Agreement. Section B.1 of the agreement explicitly and precisely addresses the question of what submissions the parties may make to NSAI after review of the provisional recommendation. In agreeing to Section B.1 the parties carefully considered both the number and the nature of those submissions. They specified that the submissions should be focused on NSAI's work, not each other's. They limited the submissions to one each, so as not to burden the parties unnecessarily or delay the process. The DOE equity team now proposes -- and you have indicated that you agree -- that a second set of submissions is desirable and not unduly burdensome. But the parties have already determined otherwise.

Moreover, the parties decided rightly.

The preparation of the IPE's provisional recommendation marks a new stage in the equity finalization process. The focus of the proceeding shifts from the parties' presentations to NSAI's work. The range of issues is more narrowly defined, and the burden on the parties correspondingly reduced. The adversarial nature of the proceeding has come to an end, and the parties now address themselves not to each other's work, but to NSAI's.

The proposal of the DOE equity team for another round of adversarial comments would invite the proliferation and expansion of issues in the case at the very stage of the process when it was intended by the parties that these would be narrowed and refined. In addition, the

preparation of another round of comments would impose a significant burden on the parties. Chevron estimates that the preparation of comments on the DOE equity team's comments would require it to review and analyze much supporting material that has not yet been made available to it. This effort together with the drafting of the comments could consume 90-120 days for the Chevron equity team. Nor would this likely be the end, as one or the other of the owners would doubtless wish to submit comments on the comments made on its comments and so on. Finally, the benefit to NSAI of receiving these comments would appear to be minimal. There is no reason to believe that NSAI is unable to assess without further assistance the merits of the comments the parties have made on its recommendation. In fact, by its letter of April 27, 1998, NSAI advised you that it wanted specific additional information from the parties that would be helpful to it in preparing its final recommendation. NSAI did not request and, evidently, felt that it did not need any additional information on the comments submitted by the parties.

For all these reasons, Chevron objects to the request of the DOE equity team. If NSAI, nonetheless, believes that there is some benefit to be derived from additional discussion by the parties prior to putting together its final recommendation, Chevron suggests that the equity teams meet with NSAI and together consider what course they wish to follow

Sincerely,

Carnie R. Block

TOTAL P.04

Department of Energy
Washington, DC 20585

BY FAX

May 22, 1998

Mr. Richard F. Krenek II
Netherland, Sewell & Associates, Inc.
4500 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4754

Mr. Charles W. Kauffman
U.S. Department of Energy
1601 New Stine Road, Suite 240
Bakersfield, California 93309

Mr. Norm D. Stone
Chevron U.S.A. Production Co.
4900 California Avenue
Bakersfield, California 93309

Re: Stevens Zone Equity

Gentlemen:

As you know, by letter dated May 1, 1998, I approved the DOE equity team's request that DOE and Chevron be allowed to submit comments on each other's response to the provisional Stevens Zone equity recommendation of Netherland, Sewell and Associates, Inc. (NSAI). By letters dated May 7, 1998 and May 20, 1998, Chevron objected to either party's submitting additional comments, and suggested that the equity teams meet with NSAI and together consider what course to follow.

Chevron's suggestion is reasonable. Therefore, I am asking Gary Latham to set up a meeting between NSAI and the DOE and Chevron equity teams, to determine whether additional comments would be helpful to NSAI in reaching its final equity recommendation and, if so, what the scope of such comments should be. Such meeting should be arranged to occur either in

person or by conference call in a manner that expedites a decision on this matter. I will accept NSAI's recommendation as to whether additional comments should be submitted, as well as the scope of, and deadline for, the submission of any such comments.

Very truly yours,

Patricia Godley

Patricia Fry Godley
Assistant Secretary
for Fossil Energy

cc: Mr. Carnie R. Block
Chevron U.S.A. Production Co.

Mr. Gary Latham
U.S. Department of Energy

NETHERLAND, SEWELL & ASSOCIATES, INC.

INTERNATIONAL PETROLEUM CONSULTANTS
ENGINEERING, GEOLOGY, GEOPHYSICS

May 26, 1998

Ms. Patricia Fry Godley
Assistant Secretary for Fossil Energy
U.S. Department of Energy
Office Symbol: FE-1
1000 Independence Avenue, S.W.
Washington, DC 20585

Re: DE-AC01-96FE64353
Stevens Zone Additional Comments

Dear Ms. Godley:

We appreciate the opportunity, as outlined in your letter dated May 22, 1998, to provide you with a recommendation on whether the owner equity teams should be allowed to submit written comments on each other's response to the Netherland, Sewell & Associates, Inc. provisional Stevens Zone equity recommendation. After weighing the possible impact on the Stevens Zone final equity recommendation schedule and the effect such comments would have on our work, we recommend that the owners not be allowed to submit those comments.

We do, however, appreciate the timely responses by both owners to our Stevens Zone questions and additional log requests earlier this month. Their continued support in this manner will be critical to arriving at our Stevens Zone final equity recommendation as currently scheduled.

Very truly yours,

P. Scott Frost

PSF:VLA

cc: Gary V. Latham
Norman D. Stone
Charles W. Kauffman

4500 Thanksgiving Tower • 1601 Elm Street • Dallas, Texas 75201-4754 • (214) 969-5401 • Fax (214) 969-5411
4500 Three Allen Center • 333 Clay Street • Houston, Texas 77002-4103 • (713) 654-4950 • Fax (713) 654-4951
Telex: 4881579 • Cable: NEASHNTL