IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS REQUEST FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COURT'S JANUARY 31, 2008 ORDER

Defendant, the United States, respectfully files this reply in support of its March 13, 2008 request for an additional three weeks within which to notify the Court of the Government's intent regarding certification for interlocutory appeal of the Court's January 31, 2008 privilege decision, and in response to plaintiff Chevron U.S.A. Inc.'s ("Chevron") March 17, 2008 filing in opposition to that request ("Response"). Chevron argues that "the Government has not adequately justified its apparent delay in presenting a recommendation to the Solicitor General." Response at 1.

The Court's January 31, 2008 privilege opinion is 38 pages long, and includes nearly 180 pages in the three appendices that provide the Court's rulings for the individual documents it reviewed *in camera* as part of this privilege dispute. The Court's substantial decision discusses at length the privileges the Government asserted, as well as their applicability to the specific issues in dispute in this litigation. Our initial review of the Court's decision required not only an analysis of the Court's rulings, but also identification of potential issues for appeal, and whether such an appeal was appropriate at this juncture. Moreover, our recommendation to the Office of the Solicitor General was contingent upon the concurrence of our client agency, the United States

Department of Energy ("DOE"), which conducted its own independent review of the Court's privilege decision. As we explained in our motion, subsequent to receiving DOE's concurrence, our recommendation required the review and approval of the Appellate Section of the Department of Justice's Civil Division, the Deputy Assistant Attorney General, and the office of the Assistant Attorney General before the approval and forwarding of the recommendation by the Acting Assistant Attorney General. Notwithstanding our explanation of the various levels of review within the Civil Division required prior to a recommendation being forwarded to the Department of Justice's Office of the Solicitor General, Chevron argues that we have provided "no justification" for our request for additional time to provide the Court with the Government's position regarding certification. It is unclear what other justification we could have provided.

The Court's privilege decision and our recommendation of appeal are currently under consideration by the Office of the Solicitor General, which has specifically requested an additional three weeks in which to complete its own independent review. Though Chevron states that it "does not wish to unduly burden the Office of the Solicitor General in its review of these issues," Response at 1, it requests that this Court issue an order that would essentially admonish the Solicitor General's Office to "hurry up." This despite the fact that Chevron has identified no harm that will result from this short extension of time, nor can it. At this point in the litigation, there is no schedule in place for discovery, nor any dates for the trial on liability.

Chevron characterizes the Government's request for a three-week extension as an "apparent lack of urgency in complying with the Court's orders." Response at 2. Ostensibly as an example to support this characterization, Chevron states that "after the Court provided tentative rulings on a document-by-document basis, the Government took *several more months* to

respond to those rulings." Response at 1 (emphasis supplied). This is simply untrue. The Court issued "Appendix No. 20," its final appendix containing its tentative ruling on the Government's privilege assertions, on July 12, 2007. Pursuant to the Court's July 19, 2007 Scheduling Order, the Government filed its "Status Report In Response To Court Appendices 5-20," on August 3, 2007, 22 days after the issuance of Court Appendix No. 20. Indeed, approximately two months after the filing of that status report, on October 4, 2007, the Government filed its reply brief in support of its deliberative-process privilege assertions, and the discovery dispute was fully briefed by the parties.[1] Chevron's statement, then, that it took the Government "several more months" to respond to the Court's privilege rulings is a misrepresentation of the procedural history of this dispute. Chevron's claim of an "apparent lack of urgency" by the Government in complying with this Court's orders is wholly without basis.

The Government has sufficiently justified its request for a modest enlargement of time in which to provide its views regarding certification of the Court's January 31, 2008 privilege decision, and Chevron has identified no harm that will result from such an enlargement. We therefore respectfully request that our motion be granted.

[1] During the briefing on the Government's privilege assertions subsequent to the Court's *in camera* review of selected documents which we withheld as privileged, on September 4, 2007, we requested an enlargement of time, of one week, in which to file our reply brief in support of our attorney-client and work-product privilege assertions. We requested no other enlargements during the briefing subsequent to the Court's *in camera* review.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ John E. Kosloske by Anuj Vohra
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

March 17, 2008

CERTIFICATE OF FILING

I hereby certify that on March 17, 2008, a copy of the foregoing "Defendant's Reply In Support Of Its Request For An Enlargement Of Time In Which To Respond To The Court's January 31, 2008 Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Anuj Vohra