**Filed Electronically on March 18, 2008**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04cv1365 |
| vs. | ) | |
| | ) | Judge Susan G. Braden |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CHEVRON'S RESPONSE TO THE COURT'S JANUARY 31, 2008 ORDERS**

Pursuant to the Court's Memorandum Opinion and Orders of January 31, 2008, Plaintiff Chevron U.S.A. Inc. ("Chevron") hereby gives notice that it does not intend to seek interlocutory review of those Orders.

In the Memorandum Opinion and Orders, the Court "order[ed] the Government to produce [certain] documents previously withheld on the bases of assertions of the deliberative process, attorney-client, and/or attorney work product privileges." Mem. Op. at 38. The Court also ordered the parties "to provide their views as to whether they intend to request the court to certify the Memorandum Opinion and Orders for interlocutory appeal on or before March 18, 2008." *Id.* Finally, the Court ordered that "[i]f the Government decides not to request certification, production of the documents withheld on the basis of privilege should occur on that date." *Id.*

Chevron does not intend to request certification of the Court's Orders. Certification of an order for interlocutory appeal is warranted only where the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Although courts have discretion to certify an

issue for interlocutory appeal, interlocutory appeals are rarely allowed. . . . [T]he movant bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Judicial Watch, Inc. v. National Energy Policy Development Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (internal quotation marks omitted). This "admittedly high standard," *id.* at 24, is not met here.

In Chevron's view, there is no substantial ground for difference of opinion on any of the questions of law that formed the basis for the Court's privilege rulings. Rather, the Court carefully reviewed hundreds of documents and either sustained or rejected the Government's privilege assertions based on an application of settled privilege rules to each document. In particular, where documents evidenced serious misconduct by the Government, the Court appropriately applied the rule that the attorney-client privilege and/or the work product doctrine cannot be used to shield such documents from disclosure. Chevron is not aware of any judicial decision upholding assertions of attorney-client privilege and/or work product protection in similar circumstances of serious attorney misconduct and compelling need for disclosure.

Because there is no substantial argument that any of the Court's rulings is wrong as a matter of law, Chevron's position is that the Orders should not be certified for interlocutory review.

Dated: March 18, 2008

Respectfully submitted,

/s/ Lawrence D. Rosenberg

Donald B. Ayer
Lawrence D. Rosenberg
*Counsel of Record*
Michael S. Fried
Louis K. Fisher
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel.: 202-879-3939
Fax: 202-626-1700

*Counsel for Chevron U.S.A. Inc.*