IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365 |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF COMPLIANCE WITH THE COURT'S JANUARY 31, 2008 ORDERS

Defendant, the United States, respectfully files this notice of compliance with the Court's January 31, 2008 "Memorandum Opinion And Orders Regarding United States Privilege Assertions" ("January 31, 2008 Orders"). The January 31, 2008 Orders directed the parties "to provide their views as to whether they intend to request the court to certify the Memorandum Opinion and Orders for interlocutory appeal on or before March 18, 2008." On March 13, 2008, the Government requested an additional three weeks, until April 8, 2008, within which to provide its views regarding certification. The Court granted our motion on March 18, 2008.

I. The Government Has Been Authorized To Seek Interlocutory Appeal Of The Court's January 31, 2008 Orders

As set forth in our March 13, 2008 request for an enlargement of time, the Department of Justice attorneys handling this matter recommended to the Solicitor General an interlocutory appeal of certain specific legal issues addressed in the January 31, 2008 Orders. On April 7, 2008, the Solicitor General authorized the Government to pursue interlocutory appeal of the following legal issues:

1. Whether the Court erred in applying the "crime/fraud" exception to the attorney-client privilege over privileged Government documents, where the conduct that serves as the basis for the application of the exception is an alleged breach of contract.

2. Whether the Court erred in ruling that the work-product privilege does not apply to factual material.

3. Whether the Court erred in determining that the deliberative process privilege does not apply to factual material in draft decisions.

In light of the Solicitor General's authorization, we respectfully request that the Court modify its January 31, 2008 Orders to include the express findings required by 28 U.S.C. § 1292(d)(2), and to certify them for interlocutory appeal. Plaintiff, Chevron U.S.A. Inc. ("Chevron"), has already represented that it does not intend to seek interlocutory appeal of the Court's January 31, 2008 Orders. See "Chevron's Response To The Court's January 31, 2008 Orders," dated March 18, 2008.

## II. The Government Has Worked Diligently To Comply With The Instructions Set Forth In The Court's January 31, 2008 Orders

As we explained in our March 13, 2008 motion for an enlargement of time, the attorneys assigned to this matter, as well as officials at every level within the United States Department of Justice necessary to prepare a recommendation of appeal to the Solicitor General were fully engaged in reaching a decision regarding a request for certification, as contemplated in the Court's January 31, 2008 Orders.[1] Thus, the Government applied all of the necessary resources to ensure our compliance with the Court's direction. We therefore respectfully request that the January 31, 2008 Orders be certified for interlocutory appeal. Alternatively, should the Court so

[1] The client agency in this matter, the United States Department of Energy, independently reviewed the Court's January 31, 2008 Orders and provided its concurrence with our recommendation of interlocutory appeal.

require, we respectfully request that prior to the certification of its January 31, 2008 Orders, the Court enter a schedule so that the parties may brief the propriety of interlocutory appeal. The Court discussed the possibility of entering such a schedule in its telephonic status conference with the parties on February 13, 2008.

III. The Government's March 28, 2008 Notice Of Appeal

On March 28, 2008, the Government filed a Notice of Appeal of the Court's January 31, 2008 Memorandum Opinion and Orders. That notice of appeal was not intended to indicate that the Government was no longer pursuing certification of the January 31, 2008 Orders by the Court for interlocutory appeal. Instead, the Government believed a protective notice of appeal was necessary to allow the Solicitor General's Office to undertake a review of all available options for appellate review of the Court's January 31, 2008 Orders. In our March 13, 2008 motion for an enlargement of time, we notified the Court that our recommendation for appeal was pending before the Solicitor General's Office. After receiving our recommendation, the Solicitor General's Office requested additional time to complete its review. So as to avoid a situation where an avenue of appeal approved by the Solicitor General would be precluded by the tolling of the time in which to file under the Federal Rules of Appellate Procedure, we filed a notice of appeal on March 28, 2008. Because the Solicitor General could authorize other appellate options in addition to appeal pursuant to 28 U.S.C. § 1292(d)(2) envisioned by the Court, we were obligated to ensure compliance with all such procedural requirements necessary to permit the filing of an appeal pursuant to any means ultimately authorized.

Accordingly, the purpose of the notice of appeal was simply to preserve the Government's ability pursue other available avenues of appeal of the Court's January 31 Orders,

specifically, appeal pursuant to 28 U.S.C. § 1295(a)(3), under the collateral order doctrine. Under the collateral order doctrine, the Court's January 31 Order would be treated as a final judgment for purposes of appeal and pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(B), a notice of appeal was required to be filed no later than March 31, 2008. For that reason, the Government filed a protective notice of appeal on March 28, 2008. That notice of appeal was entirely unrelated to the Government's consideration of whether to request certification of the Court's January 31, 2008 Orders pursuant to 28 U.S.C. §1292(d). Nonetheless, the Court issued a Memorandum Opinion and Order on April 4, 2008 ("April 4 Order") which states that in light of our notice of appeal, "the Government's March 13, 2008 request for additional time to consider certification is now moot." Because the March 28, 2008 notice of appeal was wholly unrelated to the Government's consideration regarding certification of the January 31, 2008 Orders, it could not have mooted those considerations. Moreover, a ruling that the Government's consideration of certification is "now moot" defeats the purpose of all the work done by the Government in order to fully comply with the Court's direction in its January 31, 2008 Orders, and renders the time the parties have devoted to this question wasted. This is simply unnecessary. The March 28, 2008 notice of appeal does not preclude the Government from requesting certification of the Court's January 31, 2008 Orders, nor the Court from considering such a request.

IV. The Government's February 13, 2008 Motion For Reconsideration Does Not Render The March 28, 2008 Notice Of Appeal Premature

In its April 4, 2008 Order, the Court cited without comment two Supreme Court cases, Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 60 (1982) and Stone v. Immi-

gration and Naturalization Service, 514 U.S. 386, 396-97 (1995), that stand in part for the proposition that a notice of an appeal of a judgment filed after a motion for reconsideration of that same judgment is premature and shall have no effect pending the trial court's ruling on the reconsideration motion. Indeed, FRAP 4(a)(4)(A)(iv) states that where a party has filed a motion to amend a judgment under Fed. R. Civ. P. 59, the time in which to file an appeal of that judgment begins only upon the entry of the order disposing of that motion. It is unclear, however, whether that rule, and the Supreme Court rulings cited by the Court in its April 4, 2008 Order, apply in the instant matter for two reasons. First, the Court in Griggs reviewed the effect of a motion for reconsideration on the appealibility of a *final* judgment of the trial court,[2] and the language of FRAP 4(a) refers to a "judgment," not an interlocutory order. The January 31, 2008 Orders, of course, are not final judgments. Second, the legal issues the Government identified for certification by this Court and interlocutory appellate review are entirely separate from the issue we raised in our February 13, 2008 motion for reconsideration.

The Government's motion for reconsideration dealt with a single legal issue – whether documents either prepared by or in Chevron's possession could properly be withheld as privileged work-product consistent with the Third Circuit's ruling on the "selection and compilation" of documents in Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985). That motion for reconsideration also noted that for a number of specific documents, we believed the Court had erred in failing

[2] The Supreme Court in Stone cited to the Griggs decision in considering the effect of a motion for reconsideration filed in an administrative proceeding before the Board of Immigration Appeals on the time limit for filing a petition for judicial review of the Board's findings. 514 U.S. at 396-97.

to consider the Sporck doctrine when reviewing our privilege assertions. But those issues are wholly unrelated to the issues for which the Government now seeks interlocutory appeal, and even if the Court were to grant our motion for reconsideration, it would not result in a modification of the January 31, 2008 Orders in a way that would render appellate review of the issues identified above unnecessary. In light of these considerations, the Government's filing of a Notice of Appeal on March 28, 2008 was appropriate and not premature.

Assuming, however, that the Government's notice of appeal was "a nullity," Griggs, 459 U.S. at 403, in light of our motion for reconsideration, it could not possibly have rendered our request for additional time in which to consider certification "moot," because of course the notice would then have had no effect.

V. The Court Should Vacate The Requirement That The Government Produce All Privileged Documents

In its April 4, 2008 Order, the Court directs the Government "to produce forthwith, *all documents withheld to date as privileged*, but for those subject to the Government's February 13, 2008 Motion For Reconsideration." (Emphasis supplied). The Court's direction as written is problematic for a number of reasons. First, the Government has withheld nearly 5,000 documents (more than 22,000 pages) as privileged in this litigation. The vast majority of these documents have not been reviewed *in camera* by the Court, and therefore to order their production prior to ruling on the propriety of our privilege assertions over them would be severely prejudicial to the Government's interests not only in this lawsuit, but also in the ongoing Elk Hills equity finalization process. Moreover, the express language of the Court's April 4, 2008 Order requires the Government to disclose documents withheld as privileged even where the Court

*agreed* with our privilege assertions, and so stated in its January 31, 2008 rulings. Such could not have been the intended result of the Court's direction. Finally, the Court's April 4, 2008 Order requires the production of privileged documents that Chevron *has not even requested*. The ongoing privilege dispute began after Chevron filed a Motion to Compel on March 15, 2007, in which it requested that the Government be required to disclose all documents that fell within four Chevron-created categories of documents for which Chevron believed "presumptive disclosure" was appropriate. See Chevron's "Memorandum of Law In Support Of Motion To Compel," p. 36-39. Those categories, however, did not include *every* document on the Government's February 16, 2007 Privileged Documents Log. As such the Court's April 4, 2008 Order is overbroad in its direction that the Government release all documents that have been withheld as privileged thus far. In light of these concerns, as well as the Government's intent to pursue interlocutory appeal of the Court's January 31, 2008 Orders, the Government respectfully requests that the Court vacate the portion of its April 4, 2008 Order directing the Government to produce all documents withheld as privileged.

The Government also respectfully requests that any Order of the Court requiring the disclosure of documents be stayed until the United States Court of Appeals for the Federal Circuit has had an opportunity to consider an interlocutory appeal by the Government of the January 31, 2008 Orders. Given that the Government has worked diligently since the issuance of the January 31, 2008 Orders to comply with the Court's direction, the Court should limit the very broad scope of its April 4, 2008 Order to permit the appeal process contemplated in the January 31, 2008 Orders to take place.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
LESLIE OHTA
ANUJ VOHRA
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-1438
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

PAUL T. MICHAEL
ADA L. MITRANI
Trial Attorneys
Office of General Counsel
Department of Energy
Washington, D.C.

APRIL 8, 2008

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 8th day of APRIL, 2008, a copy of the foregoing "DEFENDANT'S NOTICE OF COMPLIANCE WITH THE COURT'S JANUARY 31, 2008 ORDERS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John E. Kosloske