# EXHIBIT A

# UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 23 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON, USA | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1365 |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on May 22, 2007.)

Pages: 1 through 50

Place: Washington, D.C.

Date: May 9, 2007

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHEVRON, USA<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1365 |

Wednesday,
May 9, 2007

Room 702
National Courts Building
717 Madison Place NW
Washington, D.C.

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on May 22, 2007.)

BEFORE: HONORABLE SUSAN G. BRADEN
JUDGE

APPEARANCES:

For the Plaintiff:

LAWRENCE DAVID ROSENBERG, Esquire
DONALD AYER, Esquire
LEWIS FISHER, Esquire
JULIA AMBROSE, Esquire
DEBORAH FLAMEN, Esquire
Jones, Day

APPEARANCES (CONT'D)

For the Defendant:

JOHN EDGAR KOSLOSKE, Esquire
JOHN KINNER, Esquire
ANUJ VOHRA, Esquire
U.S. Department of Justice

P R O C E E D I N G S

(4:02 p.m.)

THE CLERK: Good afternoon. This is Matt Spengler, Judge Braden's law clerk. I'm here with Judge Braden. If we could start by having each party on the call state their name and the party they represent. This call is being digitally recorded.

MR. ROSENBERG: It's Lawrence Rosenberg for Plaintiff Chevron and with me are Donald Ayer, Lewis Fisher, Julia Ambrose, and Deborah Flamen.

MR. KOSLOSKE: John Kosloske, Department of Justice representing the United States. With me are John Kinner and Anuj Vohra.

THE COURT: Good afternoon. It's Judge Braden. I wanted to let you know that before we get too far afield in this, I had started last night to go through some of the first entries in Chevron's designation, just to do timing, how long it would take me to do things. And I ran into another issue. I'm sorry taking your time up on this, but here's the situation. I have gone back to review the complaint. If the complaint -- and it's not been amended, as I gathered -- but the complaint basically says that the equity process agreement, it cites from that, requires that there should be no communications concerning equity redetermination related matters by the ASFE with either

under the covenant of good faith and fair dealing, under the basic principles of fairness and legal ethics, what she was doing was clearly inappropriate and would be a breach of the covenant of good faith and fair dealing.

And this is why I think this is kind of complicated. It's hard for us --

THE COURT: Well, I know it's complicated, that's why we're having this discussion.

MR. ROSENBERG: Yes. It's hard for us in a brief before discovery to set out all of the arguments that we would make in a summary judgment brief after discovery or a trial, because we haven't developed all of the evidence, and that includes the fact evidence, but it also includes our expert evidence.

THE COURT: I mean, I -- you know, you file your motion for summary judgment, but I don't see this as a summary judgement, because you're not going to have facts that you agree upon and they've not had sufficient discovery to do that. What I think does make sense is for me to make a prima facie determination based on the documents that they have and if there is some that you have that shows she wasn't, that you want to throw into the mix here, that's fine, but see if I can make that determination at the time I make the deliberate process privilege, issue that decision and order. And probably it makes sense for that -- when I

do that ruling, to certify that to the Federal Circuit under the statute that you just read, because of the nature of the question that we're into here. And I think the Federal Circuit will appreciate that, rather than me just going forward in the litigation and having the documents -- now, I know that's going to mess things up on our schedule, but I don't see that it's in anybody's interest for us to go through this effort for me to find them reversed, in large part, because they don't -- that the documents should have been produced, you see.

MR. KOSLOSKE: If we went forward with a summary judgment briefing on this issue, on this contract interpretation issue, Your Honor, you may suspect --

THE COURT: But, I don't have to get to this contract interpretation issue just yet, because we don't have all the documents.

MR. KOSLOSKE: In our view, you don't need all the documents, but at least --

THE COURT: There is nothing in the contract that gives me -- there is no way I can tell by the words of the contract whether this woman was a member of the team or not. Her name isn't in the contract. It doesn't say she's part of the team. She's not excluded in the contract.

MR. KOSLOSKE: But, we believe that we can demonstrate that to you --

MR. ROSENBERG: -- against government misconduct.

THE COURT: Right.

MR. ROSENBERG: If it's not privileged at a threshold level, is that really necessary for --

THE COURT: Well, they might assert a privilege. I suspect they're going to on some of these documents.

MR. ROSENBERG: Well, they may try to raise it, but -- let's say you don't certify it. They've got to decide whether to try to seek an appeal either through mandamus or through some other argument they can make.

THE COURT: Right.

MR. ROSENBERG: That's going to have to get approved by the Solicitor General.

THE COURT: Right.

MR. ROSENBERG: And I've got to tell you, I'm not at all confident, maybe Mr. Kosloske is, that the Solicitor General would authorize an appeal.

THE COURT: Well, see, I think rather than making -- getting it to that level --

MR. ROSENBERG: Yes.

THE COURT: -- it is better, from my perspective, in relationship with the Circuit, to present it myself. And if they don't care, then they'll let us know. Do you see what I'm saying?

MR. ROSENBERG: Yes.

THE COURT: And if they do, then they'll let us know that too, and we'll both be better off going into this process.

MR. ROSENBERG: Yes. I mean, obviously, the other concern we have, and it's timing, is --

THE COURT: I know.

MR. ROSENBERG: -- how long that would take and it could be a very substantial -- I mean --

THE COURT: I can't help that. I've got to think about what is the right thing to do on the holistic problem about privileged documents, period. Our Circuit does not have a lot of law, nor is there really a tremendous amount of law out there to begin with on deliberative process privilege. My instinct, I know that at least Judge Dyke has talked about it in our Inns of Court, concern about privileged documents on both sides in litigation being misused, overused. And I suspect that is an issue that has been discussed, at some level, at the Circuit, just generally; not about cases from our Court, but just generally. It has been my experience in the last couple of years in cases where I asked to see the documents, not just with the government, I'm talking about the other side, on attorney-client privileged documents, at best 20 percent of the documents are privileged, maybe 30 percent. Now, I don't think people are doing it to be -- not playing fair.

I think just the nature of the business now is such that people are making those value judgment with not a lot of understanding about the case, as a whole, or litigation, or they're trying to be very careful, so they over designate. And most judges don't look at the documents. I've looked at the opinions that were done by two of the judges in our Circuit, I mean, they looked at three or four documents a piece. I mean, they did not do what we're doing here.

Now, this is a serious issue. There is a lot of money at stake. If Ms. Edgar was acting outside of her box, that is something that is significant. I think the government will want to fight that to the nail, as long as they can, and I suspect your client will, too. So, I think -- you know, I don't have a reputation for sitting still. I like to move forward, but I'm thinking out loud now with both of you about what may make some sense. If we do it that way, then the government will have a chance to make its argument to the Circuit on the privileged documents that they feel strongly about. Now, maybe they'll convince them on some, maybe they won't. But, that time, I think, is well spent in this litigation.

MR. ROSENBERG: Your Honor, it's Larry Rosenberg. Are you contemplating certifying just the deliberative process or the attorney-client and work product --

THE COURT: Well, I think we're going to have to

going to issue any orders. I'm going to keep plunging away on my list here and try to see if I can get another three done before I leave tonight.

MR. ROSENBERG: We would certainly --

THE COURT: I can't do --

MR. ROSENBERG: -- consult with our client and get their perspective on this.

THE COURT: Yes.

MR. ROSENBERG: I'm sure Mr. Kosloske would like to consult with his client. The other issue I did want to just mention, I hate to keep bringing this up, but I'm not sure how available I'm going to be over the next few days.

THE COURT: Well, I don't think I'm going to need you.

MR. ROSENBERG: Okay. My wife was having some contractions last night, although they have seemed to have abated so far today.

THE COURT: Well, Mr. Ayer can take over, one of your other colleagues there. I'm quite confident, because -- really, what I'm trying to do is figure out how the Appellate Court is going to look -- this is a pivotal ruling, this privilege issue in this particular case. This is not a small thing. And I'm trying to figure out how to best present it, that advances the litigation in a rational way, but giving the Circuit an opportunity to correct course

before we do anything that would cause some problems. And I do that not just because of the case, itself, but also really out of respect for the government. This deliberative process issue is an important one. There is not a lot of case law overall about it. I was very thankful and satisfied with the first exercise we went through on this. I thought it worked out well. And if we can kind of keep on that course, I think we might be able to get this resolved in the appropriate way.

But from the government's counsel perspective, you can file your motion for summary judgment, but they're going to say you've got contested facts and you're right back where you are and you would have wasted time.

MR. KOSLOSKE: Well, but at least --

THE COURT: But if it were so important, you would have done it by now. I mean, with all due respect, if this is such a critical issue, you would have certainly strategically filed that motion by now. It's not going to hurt you from filing summary judgment after we get past the privileged document issues. You have plenty of time to do that.

All right. So why don't we do this? Matt is going to get married this weekend and he's have a honeymoon. So, hand me the calendar and let me see what we're doing. I am going to be at the ALI in San Francisco on Sunday,

Monday, Tuesday, and flying back to D.C. on Wednesday. So, we can either talk on Friday or the 16th. But, in any event, I won't get an order done until I get back in town, probably the 16th or 17th. But, I will continue to work through the documents while I'm in town, as many as I can do each day.

MR. ROSENBERG: Okay. You're contemplating having another call when you get back to town?

THE COURT: No. You call me when you're ready to talk.

MR. ROSENBERG: Okay.

THE COURT: And you can talk to Mr. Kosloske. I think what I am exploring is the right thing to do here, which is a show cause, then to fold that into -- the answer to that question into the privileged document issue and then -- privileged document issues and then certify that opinion and see what happens.

In the meantime, I know we've got another certification that's been up there for a while. I'll find out if that's been ruled on or not. They tend not to like them from what I've seen. But, I do think it's appropriate for me to ask. I do not want to be in a position of having the government file writ. I think that sends the wrong message, from my perspective, to the Circuit. So, I will tee the issue up for them myself.