**EXHIBIT D**

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1365C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on April 15, 2008.)

Pages: 1 through 21

Place: Washington, D.C.

Date: April 14, 2008

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1365C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on April 15, 2008.)

BEFORE: THE HONORABLE SUSAN G. BRADEN
JUDGE

APPEARANCES:

For the Plaintiff:

LAWRENCE D. ROSENBERG, Esquire
DONALD AYER, Esquire
MICHAEL FRIED, Esquire
Jones Day
Washington, D.C.

For the Defendant:

JOHN KOSLOSKE, Esquire
JOHN KENNER, Esquire
ENISH BORA, Esquire
U.S. Department of Justice

P R O C E E D I N G S

(2:44 p.m.)

THE CLERK: Counsel, this is Joe Whitehead, Judge Braden's law clerk. We're going to go ahead and get started. If you could please state your name and the party you represent to begin with? Thank you.

MR. ROSENBERG: It's Lawrence Rosenberg of Jones Day, Washington, D.C., and with me are Donald Ayer and Michael Fried.

MR. KOSLOSKE: This is John Kosloske with the Department of Justice, and with me are John Kenner and Enish Bora.

THE COURT: Good afternoon. This is Judge Braden. I understand somebody wanted a telephone conference.

MR. ROSENBERG: Yes, Your Honor. I believe it was the Plaintiff. We wanted to discuss briefly where we are to see if it makes sense to set up any briefing schedules or things of that nature.

THE COURT: Well, where are we?

MR. ROSENBERG: Well, I guess in our view, the government has filed the responsive documents last week, which indicate that they are in fact going to seek certification of your privilege ruling, that the notice of appeal that they filed was apparently only a

reviewable by the Federal Circuit.

THE COURT: Right. But I'm not going to have a chance to do that since they want to do a mandamus first.

MR. ROSENBERG: Right. Well, a mandamus is a different story.

THE COURT: Right.

MR. ROSENBERG: And in our view, of course, and we'll express this in whatever pleading it makes sense to express this in, but our view is that the Court has very carefully gone through the documents and did not in any sort of antiseptic way say, you know, this legal issue means that these documents gets produced, but quite the contrary, the Court as far as we can see went through document by document and looked at exactly what those documents said and then looked at the controlling law and made very careful decisions as to whether that stuff should be produced.

And in our view, the issues that the government has set forth really aren't even raised by those documents. There's not a clear cut situation where it was either, well, gee, the crime fraud is going to apply in a contract case or not. It was the crime fraud exception should apply as to this document because this particular document shows significant

evidence of misconduct.

And so, in our view, you know, there really isn't a substantial ground for difference of opinion on any of that stuff. Obviously that's a decision, Your Honor, that you get to make, but we really don't believe there is a basis for that ground of certification, and that's something that the parties I'm sure will argue about. But given the care with which the Court went through its analysis, we really believe that there is not a substantial ground for difference of opinion on any of that stuff.

THE COURT: Well, I'm not going to have a chance to rule on that because they're going to file this with this mandamus. So that's going to be the first thing. I don't know what's going to happen with that.

MR. KOSLOSKE: Your Honor, John Kosloske. I think perhaps there's a misunderstanding on the timing of the mandamus.

THE COURT: Well, I'm not going to do anything until the mandamus is dealt with. I'm not going to interfere with anything. If you want to file a mandamus Friday, then you need to do that. I cannot get to the motion to reconsider in four days. I have commitments in other cases. So you'll have to just