**Filed Electronically on June 17, 2008**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04cv1365 |
| vs. | ) | |
| | ) | Judge Susan G. Braden |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CHEVRON'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART</u>**

Donald B. Ayer
Lawrence D. Rosenberg
*Counsel of Record*
Michael S. Fried
Louis K. Fisher
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel.: 202-879-3939
Fax: 202-626-1700

Dated: June 17, 2008

*Counsel for Chevron U.S.A. Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................1

ARGUMENT ................................................................................................................1

I. THE COMPLAINT DOES NOT REQUEST DECLARATORY RELIEF, BUT RATHER ORDINARY FINDINGS ATTENDANT TO A CONTRACT ACTION, WHICH ARE PLAINLY WITHIN THE COURT'S AUTHORITY .................................1

II. THE GOVERNMENT OFFERS NO BASIS FOR A MOTION TO DISMISS, BECAUSE IT DOES NOT CONTEST THE COURT'S JURISDICTION OVER ANY CLAIM IN THE CASE ..........................................................................................5

III. THE GOVERNMENT'S DILATORY AND WASTEFUL CONDUCT IN BRINGING THIS MOTION IS IMPROPER ....................................................10

CONCLUSION ............................................................................................................12

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*American Capital Corp. v. United States*, 63 Fed. Cl. 637 (2005) ....................4

*Asher v. Reliance Insurance Co.*, 308 F. Supp. 847 (N.D. Cal. 1970) ....................8

*Austin v. United States*, 206 Cl. Ct. 719 (1975), *abrogation recognized by Claude E. Atkins Enters., Inc. v. United States*, 15 Ct. Cl. 644 (1988) ....................9

*Brown v. United States*, 105 F.3d 621 (Fed. Cir. 1997)....................9

*In re Caddo Parish-Villas S., Ltd.*, 174 F.3d 624 (5th Cir. 1999) ....................3

*Chevron U.S.A., Inc. v. United States*, 71 Fed. Cl. 236 (2006)....................5, 8, 11

*Computer Prods. Int'l, Inc. v. United States*, 26 Ct. Cl. 518 (1992) ....................11

*Corcoran v. Royal Development Co.*, 121 F.2d 957 (2d Cir. 1941) ....................2

*Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549 (3d Cir. 1983) ....................8

*DiLuigi v. Kafkalas*, 437 F. Supp. 863 (M.D. Pa. 1977), *vacated on other grounds*, 584 F.2d 22 (3d Cir. 1978)....................11

*Ford v. Lane*, 714 F. Supp. 310 (N.D. Ill. 1989) ....................2

*Gentry v. United States*, 212 Ct. Cl. 1, 546 F.2d 343 (1976)....................5

*James v. Caldera*, 159 F.3d 573 (Fed. Cir. 1998)....................5, 10

*Kline v. Cisneros*, 76 F.3d 1236 (D.C. Cir. 1996) ....................7, 8

*Lary v. United States Postal Serv.*, 472 F.3d 1363 (Fed. Cir. 2006) ....................4

*Lutz v. United States Postal Serv.*, 485 F.3d 1377 (Fed. Cir. 2007) ....................4

*Moden v. United States*, 404 F.3d 1335 (Fed. Cir. 2005) ....................7

*Morris v. United States*, 33 Fed. Cl. 733 (1995)....................6, 7, 8

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) ....................3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Pauley Petroleum Inc. v. United States*, 219 Ct. Cl. 24, 591 F.2d 1308 (1979) ............................10

*Smith v. Argent Mortgage Co.*, 447 F. Supp. 2d 1194 (D. Colo. 2006).........................................8

*Stone Forest Industries, Inc. v. United States*, 973 F.2d 1548 (Fed. Cir. 1992).............................4

*United States v. Ken Maritime Associates, Ltd.*, 697 F. Supp. 400 (W.D. Okla. 1987) ................11

*United States v. King*, 395 U.S. 1 (1969)..........................................................................................9

*United States v. Winstar*, 518 U.S. 839 (1996)..................................................................................4

*Westfed Holdings, Inc. v. United States*, 407 F.3d 1352 (Fed. Cir. 2005)......................................4

*Wheeler v. United States*, 3 Cl. Ct. 686 (1983)...................................................................................5

**STATUTES**

28 U.S.C. § 1346(a)(2)..........................................................................................................7

28 U.S.C. § 1491(a) ...........................................................................................................6, 8

28 U.S.C. § 2201..................................................................................................................9

## INTRODUCTION

Plaintiff Chevron U.S.A. Inc. ("Chevron") opposes the government's motion to dismiss, in part, Chevron's complaint. While the government's motion is unclear, it appears to argue that two sentences within different claims of the Complaint requesting findings that the government's breaches were material should be dismissed because they purportedly seek "declaratory relief." As shown in Part I, however, the Complaint does not seek any declaratory relief, but rather merely seeks ordinary factfinding in the course of adjudicating Chevron's damages claim. In any event, as shown in Part II, the government's argument is not the proper subject of a motion to dismiss on jurisdictional grounds, because it merely attacks the availability of a particular remedy without attacking the Court's jurisdiction over any claim in the case. Finally, Part III shows that the government's dilatory conduct in bringing this motion for the first time years after the close of jurisdictional briefing was plainly improper.

## ARGUMENT

### I. THE COMPLAINT DOES NOT REQUEST DECLARATORY RELIEF, BUT RATHER ORDINARY FINDINGS ATTENDANT TO A CONTRACT ACTION, WHICH ARE PLAINLY WITHIN THE COURT'S AUTHORITY

The government's entire argument hinges on the notion that Chevron's Complaint seeks declaratory relief in addition to contract damages. This notion is patently erroneous. The Complaint's prayer for relief contains no request for declaratory relief. Instead, the government emphasizes the Complaint's statements that Chevron "is entitled to a finding that DOE has materially breached the Equity Process Agreement, and, in turn, the parties' two-part May 19, 1997 agreement" and "has materially breached the implied covenant of good faith and fair dealing with respect to the parties' two-part May 19, 1997 agreement." Compl. ¶¶ 64, 70. These statements, however, do not somehow request declaratory relief that is absent from the Complaint's prayer. Each of these statements is immediately followed by a statement that

Chevron is "entitled to an award of damages in an amount to be determined at trial to compensate Chevron[] for the expenses, effort, and time it invested in proceedings tainted through ex parte communications." *Id.* Plainly, in the two sentences upon which the government bases its entire motion, Chevron is asking the Court not to enter declaratory relief, but rather to make findings in the course of adjudicating Chevron's damages claims. Such findings are squarely within this Court's jurisdiction.

There is an obvious distinction between "declaratory" relief and a finding made in the course of awarding some *other* type of relief. As Judge Learned Hand explained:

> The parties and the judge speak of this as an action for a "declaratory judgment" under Sec. 400 of Title 28, U.S.C.A. and it is true that Sec. 400(1) includes cases where some immediate relief is asked in addition to a "declaration" of rights. . . . But it is absurd to speak of a judgment as "declaratory" in so far as it "declares" no more than is necessary to sustain the immediate relief prayed, for in that sense every action is for a "declaratory judgment." A court cannot grant any relief whatever except as it finds, and by finding "declares," that the plaintiff has those rights on which the remedy must be based.

*Corcoran v. Royal Development Co.*, 121 F.2d 957, 958-59 (2d Cir. 1941). Indeed, this distinction is recognized even when the plaintiff himself characterizes his request as one for declaratory relief. *See, e.g.*, *Ford v. Lane*, 714 F. Supp. 310, 314 (N.D. Ill. 1989) (request for "a declaration that the defendants' past conduct . . . violated the law" was "not a declaratory judgment in the technical sense of that term, but merely the type of declaration that is required in any suit for damages"). The government's motion, therefore, should be denied for the simple reason that it seeks dismissal of a declaratory-relief request that does not exist.

The government appears to argue that Chevron is requesting declaratory relief because "[a] finding by the Court of 'material' breach in this case . . . is not a prerequisite to the award of" reliance damages for breach of contract. Gov. Br. at 14. This argument is unavailing for several reasons:

*First*, as explained above, it is clear from the face of the Complaint that Chevron only is requesting findings attendant to an award of contract damages. Thus, a finding of "material" breach is permissible without regard to whether it is a strict legal "prerequisite" to any award of damages.

*Second*, if the Court were to make findings of "materiality" where those findings were not strictly necessary to an award of damages, then the findings merely would constitute permissible elaboration on its ruling, not impermissible declaratory relief. If the government's contrary argument were correct, then it could use a Rule 12(b)(1) motion in every case to preclude the Court from making any statements not absolutely essential to its award of monetary relief. But, of course, this Court, like others, routinely issues decisions making ordinary findings of fact attendant to cases properly before it, whether or not strictly essential to an element of the claim. *See generally, e.g.*, *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 80-81 (1982) (noting that judicial factfinding is one of the "traditionally judicial functions"); *In re Caddo Parish-Villas S., Ltd.*, 174 F.3d 624, 628 (5th Cir. 1999) (noting that judicial functions include "mak[ing] findings of fact and . . . apply[ing] existing law to those facts").

*Third*, there is no basis – especially not at this stage of the litigation – for the government's suggestion that a finding of materiality would have no place in a decision awarding Chevron its contract damages. The government argues at length, and correctly, at pages 8 to 14 of its brief, that the materiality of the government's breach is not a formal element that Chevron must establish as part of its case on liability. Plainly, however, the scope, severity, and materiality of the government's breaches will be directly relevant to Chevron's damages theory, which claims that the government's conduct has tainted the entirety of the contracted equity finalization procedure, entitling it to reimbursement of its expenditures made in the course of that process. Courts

routinely make such findings in contract cases of all kinds. *See, e.g., United States v. Winstar*, 518 U.S. 839, 857 (1996) (finding that "[t]he impact [of the government's breach] was swift and severe"); *Am. Capital Corp. v. United States*, 63 Fed. Cl. 637, 640 (2005) (Braden, J.) (same).; *Lary v. United States Postal Serv.*, 472 F.3d 1363, 1368 (Fed. Cir. 2006) ("[T]he government's delay here cost [plaintiff] retirement benefits which he had no way of recouping. The breach was clearly material."). Indeed, the government has made clear its intention to argue that Chevron, notwithstanding its substantial expenditures in reliance on the parties' contract, has not been injured by the government's breaches. *See, e.g.*, *Westfed Holdings, Inc. v. United States*, 407 F.3d 1352, 1369-70 (Fed. Cir. 2005) (describing defendant's burden of proof after plaintiff establishes breach of contract and amounts spent in reliance on contract). In taking any such position, the government necessarily would be seeking to make arguments about materiality – that is, "the nature and effect of the violation." *Stone Forest Indus., Inc. v. United States*, 973 F.2d 1548, 1551 (Fed. Cir. 1992); *see also, e.g.*, *Lutz v. United States Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007) (noting that material breach "relates to a matter of vital importance, or goes to the essence of the contract" (internal quotation marks omitted)). Chevron, of course, vigorously disputes the government's position on Chevron's injury and amount of damages. In all events, the government's breaches were in fact highly material and pervasive, violating the most fundamental underpinnings of the equity finalization process and extending to many crucial aspects of that process. Accordingly, the government's suggestion that materiality is irrelevant to the case is completely unsupportable in light of its repeatedly expressed position on these points.

In short, the government's contention that Chevron's request for a judicial determination of materiality should be dismissed for lack of jurisdiction fails because Chevron's request is not for declaratory relief at all. Instead, Chevron simply asks the Court to make a finding of materiality in

this case, as it would in many other contract cases, in the ordinary course of entering a contract damages award.[1]

## II. THE GOVERNMENT OFFERS NO BASIS FOR A MOTION TO DISMISS, BECAUSE IT DOES NOT CONTEST THE COURT'S JURISDICTION OVER ANY CLAIM IN THE CASE

Even if Chevron were seeking declaratory relief beyond this Court's authority, the government's Rule 12(b)(1) motion would be meritless. The Court indisputably has jurisdiction over Chevron's breach-of-contract claims and has the authority to award the damages that Chevron requests. Any request for additional relief that is beyond the Court's authority simply could be denied at the time of the decision and, thus, would not implicate the Court's jurisdiction.

Jurisdiction in this breach of contract case is predicated on the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Chevron U.S.A., Inc. v. United States*, 71 Fed. Cl. 236, 255 (2006) (denying government's previous Rule 12(b)(1) motion). That statute confers upon this Court "jurisdiction

[1] For similar reasons, even if Chevron were seeking declaratory relief, the Court would have authority to grant such relief in this case. The government argues that, "[u]nless explicitly authorized by law, declaratory relief in a Tucker Act suit is permitted only where it is tied and subordinate to a monetary award." Gov. Br. at 10 (internal quotation marks omitted). Even accepting this standard, the Court would have authority to enter a declaration of material breach (if such a declaration were being requested) because it would be "tied and subordinate to a monetary award," for the same reasons as those stated above. None of the "tied and subordinate to a monetary award" cases cited by the government support its contrary argument. In fact, none of those cases involved a breach of contract at all, much less any discussion of the circumstances in which a finding as to the breach's materiality may be appropriate. In several of the cases upon which the Government relies, moreover, this Court held that it *did* have jurisdiction to make the findings being sought by the plaintiff. *See Gentry v. United States*, 212 Ct. Cl. 1, 7-8, 546 F.2d 343, 345-46 (1976) (court had jurisdiction to rule that portion of statute was unconstitutional); *Wheeler v. United States*, 3 Cl. Ct. 686, 688 (1983) (court had jurisdiction to rule on correct interpretation of statute in light of constitutional requirements). To illustrate where declaratory relief is *not* "tied and subordinate to" a monetary award, the Government discusses *James v. Caldera*, 159 F.3d 573 (Fed. Cir. 1998). In *James*, however, it was quite clear that declaratory relief "would [have been] *entirely unrelated to*" any monetary relief. *Id.* at 581 (emphasis added). Specifically, while the plaintiff sought a declaration that the bar to his re-enlistment in the Army was improper, he sought damages (five months of back pay) based not on his inability to re-enlist but on the Army's separate refusal to extend his prior term of enlistment. *Id.* Accordingly, in that case "there would be no need to consider" the propriety of the re-enlistment bar in order to decide the plaintiff's claim for money damages. *Id.* Here, by contrast, the materiality of the government's contractual breaches is not "entirely unrelated to" Chevron's claims for damages. Indeed, as shown above, the materiality, character, and scope of the government's breaches are plainly relevant to Chevron's damages claim.

to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a).

By the statute's terms, where Tucker Act jurisdiction exists, it exists over a "claim" as a whole, and such jurisdiction over a "claim" is conferred wherever the "claim" is "founded" on breach of a contract involving the government. *Id.* In keeping with this plain statutory meaning, under which the "claim" is the relevant unit of analysis for purposes of ascertaining Tucker Act jurisdiction, this Court's cases have recognized that the presence of non-contract elements within a claim cannot defeat jurisdiction over that claim, so long as the claim as a whole is supported by a sufficient contractual basis to ground jurisdiction under the statute.

For example, in *Morris v. United States*, 33 Fed. Cl. 733 (1995), a purchaser of real property from the government at an auction sued the government, alleging that the government had made misrepresentations regarding the property during the negotiations that constituted breaches of contract and of the duty of good faith and fair dealing. *See id.* at 740. The government moved to dismiss, arguing that the "claim sound[ed] in tort and [wa]s, therefore, beyond the ken of [this Court's] Tucker Act jurisdiction." *Id.* Because the plaintiff's alleged breach of contract was premised on misrepresentations, the government argued that it was, "in substance, a tort claim for misrepresentation." *Id.* at 742.

This Court rejected that argument, and explained that it had Tucker Act jurisdiction over the plaintiff's claims, because the claim as a whole alleged a breach of contract, and that determination was not affected by the presence of extracontractual allegations within those jurisdictionally supported claims. It explained that "[w]here a valid contract is alleged, the fact that the alleged breach is also tortious does not foreclose Tucker Act jurisdiction." *Id.* (internal quotation marks omitted). Thus, the Court explained that its role in ascertaining jurisdiction

merely involved "examin[ing] the complaint for any allegation(s) of a breach of a contractual obligation, *notwithstanding any tort elements that might also be present in the allegations*." *Id.* (emphasis added). The Court thus held that, even though there was no Tucker Act jurisdiction over tort claims, the presence of such extra-jurisdictional tort allegations *within* a cognizable contract claim would not be subject to a motion to dismiss.

Of particular significance, the Court in *Morris* observed that "the complaint also contain[ed] allegations unrelated to any contract obligations." *Id.* at 743 n.8. Even though those allegations appeared to have no valid relationship to the asserted contract claims, the Court merely "note[d]" their inadequacy "[a]t this juncture," *id.*, and nonetheless "h[e]ld[] that this court ha[d] jurisdiction over plaintiffs' complaint."[2] *Id.* at 743. The Court thus expressly recognized that even the genuine presence of extra-jurisdictional provisions in a claim does not support dismissal on a Rule 12(b)(1) motion.

In *Kline v. Cisneros*, 76 F.3d 1236 (D.C. Cir. 1996), the United States Court of Appeals for the District of Columbia Circuit applied similar reasoning in finding jurisdiction over a claim for breach of contract under the Little Tucker Act, a statute that generally tracks the Tucker Act's jurisdictional provision in conferring district court jurisdiction over entire "claim[s]" of certain kinds. 28 U.S.C. § 1346(a)(2) (conferring district court jurisdiction over a "civil action or claim . . . founded . . . upon any express or implied contract with the United States"). *See Kline*, 76 F.3d at 1237. The Court rejected a jurisdictional challenge based upon the tortious character of the underlying claims: "While some of th[e] language [in the complaint] undoubtedly suggests a tort

[2] The Federal Circuit has suggested that *Morris* erred in a different aspect of its decision, namely, by assuming jurisdiction in order to evaluate the government's motion to dismiss for failure to state a claim. *See Moden v. United States*, 404 F.3d 1335, 1340 (Fed. Cir. 2005). This is wholly unrelated to the propriety of *Morris*'s decision regarding the effect of non-contract elements within a claim upon the Court's Tucker Act jurisdiction over that claim. *Moden* did not in any way question the propriety of this latter aspect of the decision in *Morris*.

claim, we need not consider whether it had any possible existence as such." *Id.* at 1238. The Court held that the relevant question "was whether [the plaintiff's] *claim* had enough potential life as a claim 'founded' on contract to support jurisdiction." *Id.* (emphasis added). It observed that, "regardless of whether [the plaintiff] set forth facts possibly supporting a tort claim, the issue [wa]s whether [the] *claim* . . . [wa]s 'founded upon' [a] contract for the purposes of Little Tucker Act jurisdiction." *Id.* (emphasis added).[3]

In this case, the Court has previously ruled that both of the claims in the complaint fall within the scope of its Tucker Act jurisdiction. *See Chevron U.S.A., Inc.*, 71 Fed. Cl. at 255-71 (denying jurisdictional challenges). The present motion does not ask the Court to revisit this settled law of the case. Rather, the government merely attacks the availability of a particular remedy that – in the government's erroneous view – is requested as a component of the relief *within* these jurisdictionally supported claims, without challenging the Court's jurisdiction over any claim as a whole. For this reason, even if the government were correct that the complaint requested declaratory relief outside the scope of this Court's jurisdiction to issue, this would be a premature remedies question, not a valid ground for a motion to dismiss. *See* 28 U.S.C. § 1491(a) (conferring jurisdiction over entire "claim[s]"); *Morris*, 33 Fed. Cl. at 743 n.8 (noting that even where components of claims are not jurisdictionally supported, this does not support the granting of a motion to dismiss based on lack of jurisdiction). The government does not even attempt to address this fatal defect in its motion.

[3] *See also Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 554 (3d Cir. 1983) (holding that "inclusion of an alternate theory cannot deprive the federal court of . . . jurisdiction to decide a claim properly brought"); *Asher v. Reliance Insurance Co.*, 308 F. Supp. 847, 850 (N.D. Cal. 1970) ("That certain elements or forms of relief might be unavailable under a stated cause of action does not render that cause of action susceptible to a motion to dismiss."); *Smith v. Argent Mortgage Co.*, 447 F. Supp. 2d 1194, 1200 (D. Colo. 2006) (rejecting defendants' motion to dismiss on the basis that the nature of the relief requested by plaintiffs was unclear, because court was "not deciding whether to provide declaratory relief" but "merely determining whether the claim can survive a motion to dismiss").

Indeed, the government fails to cite a single case in which this Court has granted a Rule 12(b)(1) dismissal of a request for declaratory relief where the plaintiff sought money damages on the same claim. The Government cites *Brown v. United States*, 105 F.3d 621 (Fed. Cir. 1997), for the proposition that "[t]he Tucker Act does not provide the Court of Federal Claims with '*independent* jurisdiction' over claims for equitable relief, such as declaratory relief." Gov. Br. at 10 (quoting *Brown*, 105 F.3d at 624) (emphasis added). However, *Brown* is easily distinguishable because in that case, unlike in this one, there was *no* claim for money damages over which this Court had jurisdiction. *See Brown*, 105 F.3d at 623-24. In that case, the Federal Circuit affirmed the dismissal of the plaintiff's damages claim, leaving no such claim to which declaratory relief could be subsidiary. *See id.* at 623; *see also Austin v. United States*, 206 Ct. Cl. 719, 723 (1975) (no jurisdiction over challenge to discharge from Navy where plaintiff unentitled to money judgment regardless of discharge's validity), *abrogation recognized by Claude E. Atkins Enters., Inc. v. United States*, 15 Cl. Ct. 644, 647 & n.4 (1988). As a result, the Court could not exercise jurisdiction over the plaintiffs' claims for declaratory or injunctive relief unless it had "independent" jurisdiction over such claims – which it did not. *Brown*, 105 F.3d at 624. *Brown* cited the Supreme Court's holding in *United States v. King*, 395 U.S. 1 (1969), that this Court cannot exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes declaratory relief "whether or not further relief is or could be sought."

Here, however, the Court indisputably has jurisdiction over Chevron's breach-of-contract claims. Chevron therefore clearly is not asking this Court to exercise jurisdiction under the Declaratory Judgment Act, or otherwise to exercise "independent jurisdiction" over a claim for declaratory relief. In that regard, this case is just like another cited by the government, where a jurisdictional challenge was *rejected* because "plaintiffs explicitly [sought] a monetary remedy"

and were "not asking for a simple declaration of rights . . . which may or may not [have] resulted in a subsequent payment of money outside of the court's processes." *Pauley Petroleum Inc. v. United States*, 219 Ct. Cl. 24, 38, 591 F.2d 1308, 1315 (1979). Similarly, because Chevron brings claims for damages that are within this Court's jurisdiction, the cases cited by the government in which this Court dismissed complaints in their entirety (Gov. Br. at 10 n.7) are inapposite.[4]

The government's argument that a particular form of relief requested in the complaint is unavailable cannot give rise to a valid motion to dismiss under the foregoing authorities. Even if the government were right that the Complaint requests declaratory relief and that such relief is outside the Court's Tucker Act jurisdiction, this would constitute a remedies issue not susceptible to a pre-trial motion to dismiss. The motion should be denied on this basis alone, although, as shown above, the government is also wrong on the merits of its contention that the Complaint requests relief that is unavailable.

## III. THE GOVERNMENT'S DILATORY AND WASTEFUL CONDUCT IN BRINGING THIS MOTION IS IMPROPER

Finally, the government's conduct in raising the issues in this motion, for the first time, years after moving to dismiss for lack of subject matter jurisdiction, and after the Court's initial deadline for filing Rule 12 motions, is improper and wasteful. Courts have sanctioned the government for similar conduct in other cases. And the lack of any meritorious ground for this

[4] The government also cites *James v. Caldera*, 159 F.3d 573 (Fed. Cir. 1998), discussed in note 1 above, as an example of a case in which this Court lacked authority to grant declaratory relief. However, the requested declaratory relief was based on alleged wrongdoing (barring the plaintiff from re-enlistment) that was distinct from the alleged wrongdoing (refusing to extend the plaintiff's prior term of enlistment) for which the plaintiff sought money damages. Furthermore, the issue of this Court's authority to award declaratory relief arose only because the plaintiff filed suit in federal district court under the Administrative Procedure Act, and the district court, in order to grant a motion to transfer, had to determine that the relief being sought by the plaintiff was available in this Court. *See id.* at 575. Thus, *James* did not even involve a Rule 12(b)(1) challenge to this Court's jurisdiction.

belated motion, as demonstrated in the preceding sections, makes the government's conduct in filing it all the more improper.

Courts have long recognized that a party's conduct in delaying its assertion of jurisdictional challenges "cause[s] a gross waste of judicial time and effort" and "cannot be too strongly condemned." *DiLuigi v. Kafkalas*, 437 F. Supp. 863, 869-70 (M.D. Pa. 1977) (criticizing defendant for bringing a motion to dismiss for lack of jurisdiction belatedly), *vacated on other grounds*, 584 F.2d 22 (3d Cir. 1978). Thus, this Court has noted that when the government fails to assert jurisdictional challenges until shortly before trial, "the court and the plaintiff are entitled to assume that the defendant has decided to proceed to trial as scheduled." *Computer Prods. Int'l, Inc. v. United States*, 26 Ct. Cl. 518, 523 (1992). Thus, one court faced with conduct by the government belatedly asserting jurisdictional challenges never timely raised in the course of motion practice responded by ordering the government to pay the fees and costs incurred by the other party in having to respond to such a belated motion to dismiss for lack of jurisdiction. *See United States v. Ken Mar Assocs., Ltd.*, 697 F. Supp. 400, 404-05 (W.D. Okla. 1987).

Here, the government failed to include the grounds of this motion in its original challenges to the Court's subject matter jurisdiction in its motions to dismiss in 2004 and 2005. *See Chevron U.S.A., Inc.*, 71 Fed. Cl. at 261-62 (resolving government's rule 12(b)(1) motion). Moreover, the government offers no justification, or even explanation, for failing to adhere to the Court's scheduling order and raising its jurisdictional challenge only now, for the first time. The government's unexplained dilatory and wasteful conduct is plainly improper, and the complete baselessness of the motion, as shown in the previous sections, shows the egregiousness of this improper conduct.

## CONCLUSION

For the foregoing reasons, Chevron respectfully requests that the Court deny the government's motion to dismiss in part.

Dated: June 17, 2008

Respectfully submitted,

/s/ Lawrence D. Rosenberg

Donald B. Ayer
Lawrence D. Rosenberg
*Counsel of Record*
Michael S. Fried
Louis K. Fisher
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
Tel.: 202-879-3939
Fax: 202-626-1700

*Counsel for Chevron U.S.A. Inc.*