IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

DEC 1987

ROBERT D. DENNIS
CLERK, U. S. DISTRICT COURT
BY ______ DEPUTY

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) CIV-83-1805-P
KEN MAR ASSOCIATES, LTD., *et al.*, )
Defendants. ) ORDER

DOCKETED

This matter comes before the Court for consideration of the imposition of sanctions upon plaintiff's counsel for the late filing of a Motion to Dismiss for lack of subject matter jurisdiction. On October 27, 1987, the Court ordered counsel for defendant Enterprise Industries to provide an affidavit to the Court showing the fees and costs reasonably incurred in responding to plaintiff's Motion to Dismiss. The Court ordered this affidavit, stating that it would consider imposing upon plaintiff's counsel the costs incurred by defense counsel in responding to this motion. On November 6, 1987, pursuant to Court order, counsel filed the requested affidavit. On November 23, 1987, counsel for plaintiff filed an objection to the imposition of sanctions and attorney fees, contending that the Motion to Dismiss was well supported, the late filing was substantially justified under the circumstances, and the imposition of monetary sanctions is unwarranted in this case. The government further objects to the attorney fees of defendant's counsel as wholly unreasonable. The objection is hereby SUSTAINED in part.

176

Upon review of plaintiff's response, the Court finds that no monetary sanctions shall be imposed. Although the Court continues to be troubled by the filing of the Motion to Dismiss on the eve of trial, especially in light of the fact plaintiff's counsel admitted knowing of the existence of this defense as early as May 1987, it is the opinion of this Court that the reprimand sanctions issued by the Court on October 27, 1987, serves as a sufficient sanction and no further sanction is necessary.

In its October 27 Order, the Court expressed in detail its concerns regarding plaintiff's counsel's noncompliance with the pretrial orders and sees no need to reiterate these concerns. This case, however, will serve as notice to the government of the Court's intention to impose monetary sanctions for future noncompliance with the scheduling orders of this Court. See In Re Baker, 744 F.2d 1438, 1441-1442 (10th Cir. 1984). American Medical Systems v. Picker International, No. 85-1619, slip op. (10th Cir. March 30, 1987); Albert O. Roy v. American Professional Marketing, Inc., CIV-84-305-P (W.D. Ok. October 21, 1987). In short, there is no "government counsel" exception to Rule 16 of the Federal Rules of Civil Procedure, or the Local Rules of this district.

The Court finds that Mr. Bradford (government's new trial counsel) was not responsible for the government's previous noncompliance with the scheduling orders of this Court; that the untimely filing, although late, contributed to judicial

efficiency in that the motion was dispositive of the case; and that the government's noncompliance with the scheduling orders was not substantially different from opposing counsel's noncompliance, for which no monetary sanctions were imposed. Accordingly, it is this Court's view that further sanctions are unwarranted. Plaintiff's objections to the reasonableness of opposing counsel's fee affidavit are rendered moot.

IT IS SO ORDERED this 18th day of December, 1987

LAYN R. PHILLIPS
United States District Judge